UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

3M INNOVATIVE PROPERTIES COMPANY

and

MINNESOTA MINING AND MANUFACTURING COMPANY,

Plaintiffs,

v.

AVERY DENNISON CORPORATION,

Defendant.

Civil No. 01-CV-1781 (DSD/FLN)

# JOINT STIPULATED PROTECTIVE ORDER

WHEREAS, it appears that certain documents, information and tangible objects which may be produced in discovery in this proceeding may contain trade secrets or other confidential research, development, or commercial information, the public disclosure of which would cause injury;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED BY AND BETWEEN THE PARTIES TO THIS ACTION, THROUGH THEIR RESPECTIVE COUNSEL, SUBJECT TO APPROVAL OF THE COURT, THAT:

1. This Stipulation and Order governs the treatment of documents,[1] tangible items, transcripts of and exhibits to depositions, interrogatory answers, responses to requests for admissions, information learned pursuant to a Request for Entry Upon Land, and any written, recorded, or graphic material, including all copies, excerpts, abstracts, or summaries thereof (collectively, "Discovery Material"), produced, filed with the

FILED 2-20-02
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

[1] The term "document" as used herein shall include any "writings, drawings, graphs, charts, photographs, phonorecords, and other data compilations from which information can be obtained." See Federal Rules of Civil Procedure 34(a).

Court, served, or obtained by any party or non-party in this action (collectively, "Person(s)").

2. Any Person shall have the right, before disclosure to other parties, to designate as "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL -- COUNSEL ONLY" any Discovery Material it produces or provides that an attorney or legal assistant on behalf of the party believes constitutes, reflects or discloses its trade secrets or other confidential research, development, or commercial information within the scope of Fed. R. Civ. P. 26(c)(7).

3. Discovery Material designated as "CONFIDENTIAL" shall be limited to Material that the designating Person believes in good faith must be held confidential to protect business or commercial interests.

4. Discovery Material designated as "RESTRICTED CONFIDENTIAL –COUNSEL ONLY" shall be limited to Material that the designating Person believes in good faith is so commercially sensitive or confidential that the disclosure to non-attorney employees of another party, even under the restricted terms and conditions applicable to material designated "CONFIDENTIAL," would not provide adequate protection to the interests of the producing Person.

5. All Discovery Material designated as either "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL –COUNSEL ONLY," and all information derived there from, shall be referred to in this Stipulation and Order as "Designated Material" and shall be handled in strict accordance with the terms of this Stipulation and Order. Specifically, absent an order by this Court, such Designated Material shall be used by the parties to this action solely in connection with this action or any appeal there from, and not for any business, patent prosecution, competitive, or governmental

purpose or function, and such Designated Material shall not be disclosed to anyone except as provided herein. Designated Material may be disclosed only under the circumstances and to the persons specifically provided for in this Stipulation and Order or any subsequent Court order, or with the explicit written consent of the designating Person with respect to specifically identified Designated Material.

6. Discovery Material designated as "CONFIDENTIAL" or information derived therefrom may be disclosed, shown, or made available, or communicated in any way only to the following persons:

   a. Outside attorneys for the parties to this litigation, including persons working solely in secretarial, clerical, and paralegal capacities, and who are providing assistance to outside counsel in this action;

   b. qualified persons taking testimony involving Designated Material, and necessary stenographic, videographic, and clerical personnel thereof;

   c. consultants or experts and their staff who are employed for the purposes of this litigation, provided that the provisions of Paragraphs 16 and 17 of this Stipulation and Order are complied with prior to any disclosure of any Designated Material to such an expert or consultant;

   d. the Court and the Court's staff pursuant to Paragraph 20 of this Stipulation and Order;

   e. the below identified in-house counsel for the parties, including persons working solely in secretarial, clerical and paralegal capacities, and who are providing assistance to in-house counsel in this action, and provided that the Provisions of Paragraph 16 of this Stipulation and Order is complied with before any disclosure of any Designated Material to such individuals:

(i) For Plaintiff 3M: Gary Griswold, Carolyn Peters, Carolyn Bates and Kevin Rhodes.

(ii) For Defendant Avery Dennison: Robert van Schoonenberg, Richard Randall, Arthur Moore and John Cornell;

f. two non-attorney employees of the parties, but only to the extent necessary to participate in, assist in and monitor the progress of this action and for no other purpose, and provided that the Provisions of Paragraph 16 of this Stipulation and Order is complied with before any disclosure of any Designated Material to such employee;

g. third-parties specifically retained to assist outside counsel in copying, imaging, and/or coding of documents but for that purpose only, provided that all such confidential documents are kept and maintained in a separate and secure place and that the third party retained to copy, image, or code confidential documents is not currently performing any services, either as an employee, consultant, or otherwise for any competitor of either party to this action or for one having any interest adverse to either party to this action;

h. witnesses deposed in this action or who are called as witnesses at any hearing in this action, but only as set forth in Paragraph 14 of this Stipulation and Order.

7. Discovery Material designated as "RESTRICTED CONFIDENTIAL –COUNSEL ONLY" or information derived therefrom may be disclosed, shown, or made available, or communicated in any way only to the persons identified in paragraphs 6(a)-6(e), and 6(g)-6(h) of this Stipulation and Protective Order.

8. Designated Material shall be so designated by marking or stamping such material "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL –COUNSEL ONLY" at such time the material is disclosed, or as soon thereafter as the person or entity seeking the protection becomes aware of the nature of the material disclosed and sought to be protected.

9. Where Discovery Material is produced for inspection before being sent to the receiving party, the producing party shall have the right to have persons present in the inspection room at all times during the receiving party's inspection of such Discovery Material. If the producing party does have a person present in the inspection room during inspection by the receiving party, another room nearby shall be set aside for the receiving party's counsel to confer. All Discovery Material produced for inspection and the information contained therein shall be treated by the receiving party as "RESTRICTED CONFIDENTIAL –COUNSEL ONLY" prior to the receiving party's receipt of copies of the material. Upon such receipt of copies, the designation indicated on the copy, if any, shall be the operative designation.

10. A designating Person that inadvertently fails to mark Designated Material as "CONFIDENTIAL" and/or "RESTRICTED CONFIDENTIAL -- COUNSEL ONLY" at the time of the production shall have ten (10) days from discovery of the oversight to correct its failure. Such correction and notice thereof shall be made in writing, accompanied by substitute copies of each Discovery Material appropriately marked as "CONFIDENTIAL" and/or "RESTRICTED CONFIDENTIAL -- COUNSEL ONLY." Within five (5) days of receipt of the substitute copies, the receiving party shall return or destroy the previously unmarked materials and all copies thereof. For a minimum of ten (10) days from

the date copies are delivered to the receiving party, all documents, materials, or items produced shall be considered and treated as "RESTRICTED CONFIDENTIAL –COUNSEL ONLY."

11. All Discovery Material designated "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL -- COUNSEL ONLY" shall be kept in secure facilities, and access to those facilities shall be permitted only to those persons set forth in Paragraphs 6 and/or 7 of this Stipulation and Order.

12. Any deposition testimony may be classified as Designated Material by indicating on the record at the deposition, or within ten (10) business days after receipt of the transcript of such deposition, that the examination or testimony discloses Designated Material under the terms of this Stipulation and Order. The portions of the original deposition transcript, exhibits, and all copies of exhibits thereto that contain material so designated shall be separately bound and prominently marked with the appropriate designation on the cover thereof and, if and when filed with the Court, the confidential portions of such transcripts shall be filed pursuant to Paragraph 15 of this Stipulation and Order. Counsel attending a deposition who inadvertently fails to designate any portion of the transcript as "CONFIDENTIAL" and/or "RESTRICTED CONFIDENTIAL -- COUNSEL ONLY" on the record at the deposition shall have ten (10) days following mailing of the transcript by the court reporter in which to correct his or her failure. Such correction and notice thereof shall be made in writing to the reporter, with copies to all other counsel, designating the portion(s) of the transcript that contain confidential information and directing the reporter to mark that portion of the

transcript accordingly. The transcript shall be treated as "Restricted Confidential" for ten (10) days from delivery to allow for designations per this Paragraph.

13. If a party or its representative is authorized to inspect another party's facilities, or process of product manufacture, any documents or things generated as a consequence of any such inspection shall be deemed without any further designation by the Designating Party to be "RESTRICTED CONFIDENTIAL – COUNSEL ONLY."

14. A party may in good faith request that no one be present for a portion of a deposition in which trial counsel reasonably anticipates that "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL -- COUNSEL ONLY" information will be disclosed or discussed except the deponent, trial counsel, officers of the court and other persons otherwise permitted access to such "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL -- COUNSEL ONLY" information under this Protective Order who have agreed in writing, or under oath in a deposition or at trial, to be bound by this Protective Order. Counsel shall make appropriate arrangements to insure that only such persons are present during such portions of the depositions. Failure to make such a good faith request shall not be deemed a waiver by any party to designate any portion of the deposition transcript or exhibits as "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL -- COUNSEL ONLY" information.

15. Witnesses deposed in this action or who are called as witnesses at any hearing in this action may be shown Designated Material by an attorney but only (1) in preparation for the deposition or hearing, or (2) during the deposition or hearing, and only under the following circumstances:

a. any witness may be shown Designated Material in which the witness is identified as a originator, signatory, author, addressee, or recipient of the original or a copy;

b. a current officer, director, or employee of a designating Person may be shown that party's Designated Material;

c. any witness selected by a designating Person to provide testimony pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure may be shown that party's Designated Material;

d. a former officer, director, or employee of a designating Person may be shown that party's Designated Material if it appears from the face of the Designated Material that the witness previously had access to the Designated Material while employed by the designating Person, provided that counsel making such disclosure shall inform the witness that the matter is confidential and may not be disclosed or used except as provided in this Stipulation and Order.

e. Any witness who fits the definitions set out in Paragraphs 6(a), 6(c), 7(b) if an Exhibit A Undertaking has been signed.

16. Except for persons described in Paragraph 6(a), 6(b), 6(d), 6(g) or 6(h) of this Stipulation and Order, all persons to whom Designated Material is disclosed or by whom Designated Material is used, including parties, non-parties, and their representatives, shall be informed of and agree to be bound by the terms of this Stipulation and Order and shall take all necessary precautions to prevent any disclosure or use of Designated Material other than as authorized by this Stipulation and Order, as follows:

a. Prior to disclosing Designated Material to any person, other than persons described in Paragraph 6(a), 6(b), 6(d), 6(g) and 6(h) of this Stipulation and

Order, the disclosing party shall obtain from such person a written acknowledgment, substantially in the form of Exhibit A annexed hereto, that such person has reviewed a copy of this Stipulation and Order, will comply with its terms in all respects, and will submit to the jurisdiction of this Court for adjudication of any dispute about whether such person has complied with the terms of this Stipulation and Order. In addition, prior to dissemination by a receiving party, or its counsel of record, of any Designated Material to any person, other than persons described in Paragraph 6(a), 6(b), 6(d), 6(g), or 6(h) of this Stipulation and Order, the disseminating party shall obtain and maintain a copy of this acknowledgement evidencing that such person has executed the undertaking set out in this Paragraph 15.

b. Individuals who are authorized to review Designated Material pursuant to this Stipulation and Order shall hold the Designated Material and its contents in confidence and shall not divulge the Designated Material or its contents, either verbally or in writing, except as expressly permitted by this Stipulation and Order, unless authorized to do so by a further Order of this Court or as specifically required by law.

17. Designated Material may be disclosed to a non-party consultant or testifying expert in the preparation, trial or appeal of this action under the following conditions:

a. Before any disclosure of the Designated Material of another party is made to any non-party assisting counsel in the preparation, trial or appeal of this action, such non-party shall be furnished with a copy of this Protective Order and shall execute a written statement under oath, in the form appended hereto as Exhibit A,

acknowledging that the non-party is familiar with the provisions of this Protective Order and will abide by them, and such statement shall be kept by the assisted counsel until ninety days following the entry of final judgment of this lawsuit including all appeals. For non-party individuals, the name of each such individual or business shall be filed with the Court under seal upon request of another party. For a non-party business, the statement shall be signed by a person authorized to bind the business organization who shall advise any other personnel of such business to whom Designated Material is disclosed of the obligations imposed by this Order. The receiving party who wishes to make disclosure to a non-party shall make reasonable inquiry of that non-party to determine whether that non-party is an employee or agent of or consultant to any non-party competitor of the Designating Party. Each such non-party known or reasonably believed to be an employee or agent of or consultant to any non-party competitor of the Designating Party shall be identified to the Designating Party prior to making any such disclosure, and within fourteen days of such notice the Designating Party may object and seek further protection should it deem that necessary. In the event of such an objection, no disclosure shall be made to such non-party until the issue is resolved.

18. Before any disclosure of Designated Materials of another party is made to mock jurors, focus group members and the like selected by trial consultants, jury consultants or by counsel in preparation for trial, any such person shall execute a confidentiality agreement in the form attached as Exhibit B and such statement shall be kept by counsel for reference should such be necessary. No documents or physical things embodying "CONFIDENTIAL" or "RESTRICTED

CONFIDENTIAL -- COUNSEL ONLY" information of another party shall be left in the possession of any such person.

19. When any third party produces documents or testimony pursuant to a request from a party in this matter:

a. Such third parties may designate their testimony or documents as "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL - COUNSEL ONLY" pursuant to this Order;

b. Any party receiving such documents or testimony from a third party may designate any such documents or testimony as "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL - COUNSEL ONLY" pursuant to this order, provided that the designating party has a direct interest in placing such documents or testimony under the confidentiality provisions of this Order as defined in paragraphs 3 and 4;

c. Subparagraphs 6(h) and 7(c) shall apply to any designation as "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL - COUNSEL ONLY" by any defendant party of any documents or testimony received from third parties.

20. During the course of this action, a party may be requested to produce to another party Discovery Material subject to contractual or other obligations of confidentiality owed to a non-party by the party receiving the request. The party subject to such contractual or other obligation of confidentiality shall timely contact the non-party to determine whether such non-party is willing to permit disclosure of the confidential document or information under the terms of this Stipulation and Order. If the non-party is willing to permit the disclosure of the subject material to the requesting party, the documents shall be produced in

accordance with this Order. If the non-party is not willing to permit disclosure of the confidential document or information under the terms of this Stipulation and Order, the demanding party in the litigation shall be notified and any documents withheld on the basis of such contractual or other confidentiality obligation shall be identified on a separate index stating the reason for withholding the document and the person to whom the obligation of confidentiality is owed. This Stipulation and Order shall not preclude any party from moving the Court for an order compelling production of such material.

21. Discovery Material designated "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL -- COUNSEL ONLY" where filed with the Court as part of any pleading or as evidence, shall be delivered sealed to the Clerk of the Court and shall not be available to public inspections. Envelopes used to seal such documents shall carry the notation: "CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER -- THIS ENVELOPE IS NOT TO BE OPENED NOR THE CONTENTS REVEALED EXCEPT BY COURT ORDER OR BY THE AGREEMENT OF THE PARTIES," and shall specify whether the information contained within is "CONFIDENTIAL" and/or "RESTRICTED CONFIDENTIAL -- COUNSEL ONLY" and whose confidential information is contained therein.

22. If Designated Material is disclosed to any person other than in the manner authorized herein, the party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of all interested parties and the Court, and without prejudice to other rights and remedies of the

designating party, shall make every effort to prevent further disclosure by it or by the person who was the recipient of such information.

23. If a party inadvertently discloses any document or thing containing information that it deems confidential without designating it as "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL -- COUNSEL ONLY" information, the disclosing party shall promptly upon discovery of such inadvertent disclosure inform the receiving party in writing and the receiving party shall thereafter treat the information as "RESTRICTED CONFIDENTIAL -- COUNSEL ONLY" information under this Order. To the extent such information may have been disclosed to persons other than authorized persons described in this document, the receiving party shall make every reasonable effort to retrieve the information promptly from such persons and to avoid any further disclosure to nonauthorized persons. If a producing party inadvertently discloses to a receiving party information that is privileged, said producing party shall promptly upon discovery of such disclosure so advise the receiving party in writing and request that the item or items of information be returned, and no party to this action shall thereafter assert that such disclosure waived any privilege. It is further agreed that the receiving party will return such inadvertently produced item or items of information and all copies thereof within ten (10) days of the earliest of receiving a written request for the return of such item or items of information, except that one copy may be retained by counsel for the sole purpose of seeking discovery of the document pursuant to a motion to compel. The party having returned such inadvertently produced item, or items of information may thereafter, without

asserting waiver of privilege because of inadvertent production, seek production of any such documents.

24. If at any time during the pendency or trial of this action, counsel for any party claims that Designated Material is not appropriately so designated, objecting counsel may serve a captioned notice of objection on all parties and affected entities, identifying with particularity the Designated Material as to which the designation is challenged, stating the basis for each challenge, and proposing a new designation for such materials. If the designating Person does not redesignate the materials within five (5) business days after service, the objecting entity may file and serve a motion seeking an order that such materials be redesignated, in which case the designating Person shall have the burden of proving that the original designation was appropriate. The original designation shall remain effective until three (3) business days after entry of an order redesignating the materials. The failure of any party to challenge any designation by any other party shall not constitute a waiver of the right to challenge the designation at a later time nor an admission of the correctness of the designation.

25. Whenever a party intends to offer Designated Material into evidence or otherwise communicate such material to the Court, the party intending to offer into evidence or otherwise communicate such Designated Material shall notify the designating Person in advance and shall take all steps reasonably available to preserve the confidentiality of such Designated Material, which may include offering such Designated Materials outside the presence of persons other than Court personnel and trial counsel.

26. Unless the parties stipulate otherwise, evidence of the existence or nonexistence of a designation under this Stipulation and Order shall not be admissible for any purpose, nor shall the designation or acceptance of any information designated pursuant to this Stipulation and Order constitute an admission or acknowledgment that the material so designated is in fact proprietary, confidential, or a trade secret.

27. Notwithstanding any other provision of this Stipulation and Order to the contrary, the confidentiality obligations of this Stipulation and Order shall not apply or shall cease to apply to any information that:

a. at the time of disclosure hereunder, was already in the public domain by publication or otherwise;

b. since the time of disclosure hereunder, has become, through no act or failure on the part of the receiving party or agent thereof, part of the public domain by publication or otherwise;

c. at the time of disclosure, was already in the possession of the receiving party and was not acquired directly or indirectly from the designating Person or from any third party under obligation of confidence to the designating Person;

d. after disclosure hereunder, was acquired by the receiving party from a third party lawfully possessing the same and having no obligation to the designating Person hereunder; or,

e. the designating Person agrees may be disclosed to a third party under no obligation of confidentiality.

f. the party claiming that he or she is relieved of the obligations of this Stipulation and Order by operation of any of Paragraphs 26(a)-(d) shall have the burden of proving that any of the provisions of Paragraphs 26(a)-(d) apply.

28. Upon the termination of this proceeding, this Stipulation and Order shall continue to be binding upon the parties hereto, and upon all persons to whom Designated Material has been disclosed or communicated, and this Court shall retain jurisdiction to enforce this Stipulation and Order.

29. Subject to final order of the Court upon completion of all matters relating to this case, within sixty (60) days after entry of any final and unappealable judgment in this litigation, any and all Discovery Material and all copies thereof shall be returned to the producing Person or, at the option of the producing Person, destroyed, provided however, counsel for each party shall be permitted to retain and archive Discovery Material that is contained in files ordinarily maintained in the course of litigation. If Discovery Material is destroyed pursuant to this paragraph, the party destroying such Discovery Material shall certify in writing to the producing Person that such destruction has taken place.

30. Nothing in this Stipulation and Order shall limit or restrict the manner in which any party shall handle its own Discovery Material.

31. This order is being entered without prejudice to the right of any party to move to the Court for modification of or relief from any of its terms.

32. Each person, by executing a copy of this Protective Order, undertakes to abide by and be bound by its provisions and to use due care to see that its provisions are known and adhered to by those under its supervision or control.

Dated: January 28, 2002

FISH & RICHARDSON P.C.

By: John C. Adkisson

R.J. Zayed (#309849)
John C. Adkisson (#266358)
FISH & RICHARDSON P.C., P.A.
3300 Dain Rauscher Plaza
60 South Sixth Street
Minneapolis, MN 55402
Tel: (612) 335-5070
Fax: (612) 288-9696

OF COUNSEL:
Frank P. Porcelli
Kurt L. Glitzenstein
Timur S. Engin
FISH & RICHARDSON P.C., P.A.
225 Franklin Street
Boston, Massachusetts 02110-2804

Carolyn V. Peters
3M Innovative Property Company
3M Center
P.O. Box 33427
St. Paul, MN 55133

Attorneys for Plaintiffs
3M INNOVATIVE PROPERTIES COMPANY
AND
MINNESOTA MINING AND
MANUFACTURING COMPANY

Dated: Feb 19, 2002

WINTHROP & WEINSTINE

By: [signature]

David P. Pearson
3000 Dain Rauscher Plaza
60 South Sixth Street
Minneapolis, MN 55402
Telephone: 612-347-0700

OF COUNSEL:
Roderick G. Dorman
Hennigan, Bennett & Dorman
601 S. Figueroa Street, Suite 3300
Los Angeles, CA 90017
Telephone: 213-694-1200

Jay R. Campbell
Renner, Otto, Boisselle & Sklar, PLL
1621 Euclid Avenue
Cleveland, OH 44114
Telephone: 216-621-1113

Attorneys for Defendant AVERY DENNISON CORPORATION

**O R D E R**

IT IS SO ORDERED.

Dated: February 19, 2002

United States District Judge

EXHIBIT "A"

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| 3M INNOVATIVE PROPERTIES COMPANY<br><br>and<br><br>MINNESOTA MINING AND MANUFACTURING COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>AVERY DENNISON CORPORATION,<br><br>Defendant. | Civil No. 01-CV-1781 (DSD/FLN) |

My name is __________________________. My home address is _____________________________________________________________________. I am employed as (state position) _______________________________ at (state name and address of employer) ___________________________________________________________________________________________________________.

1. I have read the Stipulation and Protective Order Regarding Confidential Information and a copy of it has been given to me. I understand the provisions of this Order, and agree to comply with and to be bound by its provisions.

2. I further agree to submit to the jurisdiction of this Court for adjudication of any dispute regarding my compliance with the terms of this Stipulation and Order.

I declare under penalty of perjury under the law of the United States of America that the foregoing is true and correct.

Executed this ______ day of _________________, 2000, at ______________________, ______________________.

____________________________________

EXHIBIT "B"

AGREEMENT TO PROTECT
CONFIDENTIAL INFORMATION

1. This Agreement is between ________(Consultant)________________

and ____(Name)________________, residing at _______(Address)________________

________________________________.

2. I understand that I will receive information that is confidential and is not to be disclosed to anyone (including my family members) outside the research group I am participating in today.

3. I agree not to disclose any Information that I learn today or to use such information outside the research group I am participating in today.

Signed: ____________________

Date: ______________________

60068590.doc

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 708
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.