UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 01-1781(DSD/FLN)

3M Innovative Properties Company and Minnesota Mining and Manufacturing Company,

Plaintiffs,

v. **ORDER**

Avery Dennison Corporation,

Defendant.

Carolyn V. Peters, Esq., 3M Company, P.O. Box 33427, St. Paul, MN 55133; Frank P. Porcelli, Esq., Kurt L. Glitzenstein, Esq. and Fish & Richardson, Suite 3100, 225 Franklin Street, Boston, MA 02110; John C. Adkisson, Esq., R.J. Zayed, Esq. and Fish & Richardson, 3300 Dain Bosworth Plaza, 60 South Sixth Street, Minneapolis, MN 55402, counsel for plaintiffs.

David P. Pearson, Esq. and Winthrop & Weinstine, 3200 Minnesota World Trade Center, 30 East Seventh Street, St. Paul, MN 55101; Jay R. Campbell, Esq. and Renner, Otto, Boisselle & Sklar, 1621 Euclid Avenue, Cleveland, OH 44114; Roderick G. Dorman, Esq., Lawrence M. Hadley, Esq. and Hennigan, Bennett & Dorman, 601 Figueroa Street South, Suite 3300, Los Angeles, CA 90017, counsel for defendant.

This matter is before the court upon the motion of defendant Avery Dennison Corporation ("Avery") for a declaration of exceptional case warranting an award of attorneys' fees pursuant to 35 U.S.C. § 285. Based upon a review of the file, record and proceedings herein, and for the reasons stated, the court denies Avery's motion.

FILED 3-14-03
Richard D. Sletten, CLERK
Judgment Ent'd. ______
Deputy Clerk's Initials ______

## BACKGROUND

This action involves the alleged infringement of a patent relating to advanced commercial adhesive products. Plaintiff 3M Innovative Properties Company ("3M") produces, develops and markets adhesive-based products for the commercial graphics industry. Defendant Avery is a leading competitor in this market. 3M asserted that Avery's "EZ Series Fleet Marketing Films" ("EZ Films") infringed upon 3M's Comply product, specifically United States Patent No. 5,897,930 (the "'930 patent").

3M filed a motion for a preliminary injunction. In its preliminary injunction order, the court defined the disputed terms "multiple embossed pattern" and "embossed." 3M Innovative Properties Co., 185 F. Supp. 2d 1031, 1040 (D. Minn. 2002). Based upon those definitions, the court denied 3M's motion for a preliminary injunction. Avery then brought a motion for summary judgment of noninfringement, which Avery withdrew and re-filed after the close of discovery. The court granted that motion. Avery now brings a motion for a declaration of exceptional case warranting an award of attorneys' fees pursuant to 35 U.S.C. § 285. After careful review, the court denies that motion.

## DISCUSSION

35 U.S.C. § 285 provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party."

The trial court may exercise discretion in awarding attorneys' fees. See, e.g., L.E.A. Dynatech, Inc. v. Allina, 49 F.3d 1527, 1531 (Fed. Cir. 1995); Revlon, Inc. v. Carson Prods. Co., 803 F.2d 676, 679 (Fed. Cir. 1986); Kartarik v. Remote Transaction Tech., 812 F. Supp. 910, 916 (D. Minn. 1993). The prevailing party must show by clear and convincing evidence that exceptional circumstances exist. Shim-A-Line, Inc. v. Northstar Mfg Co., Inc., 1994 WL 549517 (D. Minn. April 19, 1994); Kartarik, 812 F. Supp. at 916. An award of attorneys' fees is an exception, not the rule. Shim-A-Line, Inc., 1994 WL 549517.

Courts have awarded attorneys' fees upon a showing that the losing party engaged in "vexatious or unjustified litigation," or "other misfeasant behavior." Multiform Desiccants, Inc. v. Medzam, Ltd., 133 F.3d 1473, 1481 (Fed. Cir. 1998); Revlon, Inc., 803 F.2d at 679 ("trial judge may exercise his discretion to award attorney fees and costs because of ... misconduct during litigation."). A filing of a "frivolous case" may entitled a party to attorneys' fees. Haynes Int'l, Inc. v. Jessop Steel Co., 8 F.3d 1573 (Fed. Cir. 1993). The award of attorneys' fee is also appropriate upon a showing of "gross negligence" or "wrongful intent." Shim-A-Line, Inc., 1994 WL 549517; Kartarik, 812 F. Supp. at 916 (quoting Multi-Tech, Inc. v. Components, Inc., 708 F. Supp. 615, 620 (D. Del. 1989); L.E.A. Dynatech, Inc., 49 F.3d at 1530 (attorneys' fees appropriate "when a party acts in bad faith, vexatiously, want

only, or for oppressive reasons."); Revlon, Inc., 803 F.2d at 679 (attorneys' fees justified to avoid "gross injustice.").

In this case, Avery moves for a declaration of exceptional case under 35 U.S.C. § 285 in order to recover attorneys' fees. Avery argues that this case is exceptional for two primary reasons. Avery claims that 3M's pre-filing infringement position was baseless and that 3M's maintenance of this lawsuit after denial of its motion for a preliminary injunction was baseless and intended solely to prolong and increase the cost of the litigation. The court disagrees and concludes that this is not an exceptional case under 35 U.S.C. § 285.

**A. 3M's Pre-Filing Position**

First, Avery asserts that it is entitled a declaration of exception case and an award of attorneys' fees because 3M's pre-filing position was baseless. As stated, a frivolous case can be "exceptional." Haynes Int'l, Inc., 8 F.3d at 1579. A frivolous case "is one which the patentee knew or, on reasonable investigation, should have known, was baseless." Id. Courts have found that a patent suit is frivolous when the accuser conducted no investigation of the merits of the claims. See Eltech Sys. Corp. v. PPG Indus., Inc., 903 F.2d 805, 811 (Fed. Cir. 1990)("Where, as here, the patentee is manifestly unreasonable in assessing

infringement, while continuing to assert infringement in court, an inference is proper of bad faith, whether grounded in or denominated wrongful intent, recklessness, or gross negligence.").

Here, Avery fails to satisfy its burden because it puts forth no persuasive evidence that 3M's pre-filing investigation was baseless. In fact, the evidence indicates that 3M conducted substantial pre-litigation investigation into the legal and factual merits of its case by taking the following steps: (1) Dr. Michael Kesti, a Product Development Senior Specialist at 3M, led a group of 3M scientists who conducted an analysis of Avery's EZ Product; (2) 3M's in-house patent counsel reviewed the merits of 3M's position; (3) 3M hired counsel to investigate whether Avery's EZ Product infringed upon one or more claims of 3M's United States Patent No. 5,897,930; (4) 3M's in-house counsel met several times with outside counsel to discuss the merits of 3M's infringement claim prior to initiation of the lawsuit and (5) 3M's outside counsel met separately with both named inventors of the patent-in-suit, Dr. Kesti and his team of scientists and the individuals in 3M's commercial graphics division most knowledgeable about Avery's product. (Adkisson Decl. ¶ 2-6.) Accordingly, the court does not find the case to be exceptional based upon 3M's pre-filing position.

**B. 3M's Conduct After the Preliminary Injunction Motion**

Avery contends that 3M's decision to continue litigating the case after the court's preliminary injunction ruling makes this case exceptional. Specifically, Avery claims that the decision was baseless and intended solely to prolong and increase the cost of the litigation. The court, however, does not find 3M's decision after the preliminary injunction motion to be exceptional.

3M's position was reasonable because 3M had not yet engaged in any discovery of Avery's manufacturing process in the preliminary injunction stage and this case involves high-stakes complex patent litigation. "Indeed, it is far from unreasonable that a party to such a financially significant lawsuit would want to explore multiple theories of recovery and defense and engage in the discovery necessary to support these theories." See Merck & Co. v. Mylan Pharms., Inc., 79 F. Supp. 2d 552, 556 (E.D. Pa. 2000).

Moreover, 3M consulted with experts who concluded that the process of manufacturing the accused product was different than what Avery had represented at the preliminary injunction stage and that the accused product infringed upon the patent-in-suit. Avery did not take action indicating that it had effectively won the litigation after the denial of 3M's preliminary injunction motion. While the court ultimately may have rejected 3M's position, 3M's position did not evince bad faith or an intention to prolong or

delay the litigation and was proportionate to the high-stakes litigation involved. See Merck, 79 F. Supp. 2d at 556-58.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that defendant's motion for a declaration of exceptional case warranting an award of attorneys' fees pursuant to 35 U.S.C. § 285 [Docket No. 133] is denied.

Dated: March ___, 2003

David S. Doty, Judge
United States District Court