UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

3M INNOVATIVE PROPERTIES COMPANY

and

MINNESOTA MINING AND MANUFACTURING COMPANY,

Plaintiffs,

v.

AVERY DENNISON CORPORATION,

Defendant.

Civil Action No. 01-CV-1781 JRT/FLN

**3M'S OPPOSITION TO AVERY'S MOTION TO SET ASIDE PORTIONS OF MAGISTRATE JUDGE NOEL'S APRIL 21, 2004 ORDER**

In appealing Magistrate Judge Noel's April 21, 2004 Order barring further discovery and dispositive motions, Avery Dennison Corporation ("Avery") is attempting to renege on its stipulated agreement with Plaintiffs (collectively "3M") that neither further discovery nor supplemental expert reports would be permitted on remand absent a showing of good cause. That stipulation should be the beginning and the end of this dispute. Instead of showing good cause, Avery offers the same arguments and relies on the same authorities it did when it argued this issue unsuccessfully before Magistrate Judge Noel. Avery's after-the-fact arguments fall well short of establishing good cause, and they should not deprive 3M of the benefit of the bargain it struck with Avery when the parties entered into the stipulation.

## I. BACKGROUND

On September 27, 2001, 3M brought this patent infringement suit to stop Avery from infringing 3M's United States Patent No. 5,897,930 ("the '930 Patent"). Shortly after filing suit, 3M sought a preliminary injunction on the basis that Avery was likely to be found to infringe Claim 1 of the '930 Patent. In denying the motion on February 19, 2002, the District Court largely accepted Avery's proposed claim construction rather than 3M's proposed construction. Discovery then proceeded for the next five months.

In those five months, 3M made sure that it developed a factual and expert discovery record both on its proposed claim construction and on the preliminary construction adopted by the District Court. For example, 3M submitted the expert report of Dr. A. Brent Strong, who concluded that Avery's EZ Film infringed under 3M's proposed claim construction, Avery's proposed claim construction, and the preliminary claim construction adopted by the District Court. Avery, however, took a different tact. Rather than explore discovery on 3M's position, as was its right, Avery chose instead to ignore it entirely, for reasons known only to Avery.

After fact and expert discovery closed, Avery moved for summary judgment of noninfringement in July, 2002. 3M argued that the District Court's preliminary claim construction should be changed and that summary judgment was not warranted even under that construction, but the District Court granted Avery's motion on October 19, 2002.

Both parties then sought a final judgment so that the summary judgment decision could be appealed to the Federal Circuit. Avery sought a voluntary dismissal, as is shown by the correspondence Avery attached to its appeal. (Avery Exs. 1, 2.) In an email from its counsel, 3M specifically raised the issue of post-remand discovery and proposed that the parties address it in the stipulation. (Avery Ex. 3.)

Although Avery initially did not agree to 3M's proposal (Avery Ex. 4), Avery nonetheless ultimately agreed to the stipulation, including 3M's proposed post-remand discovery provision, which was filed with and signed by the District Court (Avery Ex. 5). That stipulation provides,

> In the event of a remand to this Court following any appeal, absent an order from this Court based upon a showing of good cause, neither party shall be entitled to engage in new fact or expert discovery, or to supplement or provide additional expert disclosures or reports.

(*Id.* at 2.)

On December 2, 2003, the Federal Circuit reversed the District Court's claim construction and grant of summary judgment of noninfringement, remanding the case for further proceedings consistent with its decision. *See generally 3M Innovative Props. Co. v. Avery Dennison Corp*., 350 F.3d 1365 (Fed. Cir. 2003). Avery petitioned for rehearing and rehearing en banc of the Federal Circuit's decision, but Avery's petition was denied on January 21, 2004.

On remand, the case was reassigned to Judge Tunheim and Magistrate Judge Noel, who both held pretrial status conferences on April 21, 2004, following the parties' submission of case summaries and proposed trial plans. Contrary to Avery's repeated statements otherwise (Avery

Mem. at 1, 5), both parties briefed the issues Avery is raising and discussed them at length with Magistrate Judge Noel during a two-hour status conference. Avery raised the same arguments at the status conference with this Court, where this Court noted that, because this case was filed in 2001, it would be given a high priority on this Court's trial calendar.

Undeterred by Magistrate Judge Noel's explicit rulings that "[n]o further supplementation of expert reports" nor "further dispositive motions will be permitted" (Avery Ex. 6), Avery has attached two "redlined" supplemental expert reports to its present motion (Avery Exs. 7, 8), and has summarized the summary judgment motions it wishes to bring (Avery Mem. at 9-10). The Court should reject Avery's transparent attempt to present as a *fait accompli* the reports and motions Avery was ordered not to make.

## II. ARGUMENT

"The standard of review applicable to an appeal of a magistrate judge's order on a nondispositive issue is extremely deferential." *Reko v. Creative Promotions, Inc.*, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999). A district judge may not modify or set aside a magistrate judge's order on a non-dispositive matter unless the order is clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

### A. Magistrate Judge Noel's Decision Barring Further Supplementation of Expert Reports Is Not Clearly Erroneous or Contrary to Law.

Magistrate Judge Noel's decision that further supplementation of expert reports would not be permitted was based on the parties' binding agreement and is consistent with the case law.

#### 1. The Parties' Stipulation Is Binding on Avery.

The Court should not allow Avery to renege on its agreement that, if this case were remanded following appeal, supplementation of expert reports would not be permitted absent a showing of good cause. The Federal Rules provide that parties may limit discovery procedures

by written stipulation. *See* Fed. R. Civ. P. 29. The parties decided to do so in this case, and they are now bound by this decision. As 3M emphasized at the status conference before Magistrate Judge Noel, it is black letter law that a stipulation is binding on the parties. *See, e.g.*, *Gaworski v. ITT Commercial Fin. Corp.*, 17 F.3d 1104, 1112 (8th Cir. 1994). Therefore, "[a] party to a stipulation is not entitled to withdraw from its agreement unilaterally." *Reilly v. New England Teamsters & Trucking Ind. Pension Fund*, 737 F.2d 1274, 1278 (2d Cir. 1984).

Yet Avery attempts to withdraw from its agreement and escape this law by claiming that it only agreed to the stipulation because of 3M's representations that the stipulation "simply intended what the case law already allowed for post-appeal activities" and that "'good case [sic]' would be met if the existing case law allowed for further pretrial discovery, supplementation, or disclosures following remand." (Avery Mem. at 3, 4, 7.) Avery's claim is as false as it is immaterial.

First, 3M made no such representations. Instead, as is readily apparent from the correspondence Avery cites, 3M merely stated that the proposed provision to the stipulation prohibiting post-remand discovery "is consistent with the caselaw." (Avery Ex. 3.) Moreover, Avery's self-serving statements that it agreed to the stipulation based on its flawed understanding (Avery Mem. at 4) are beside the point. There is no question that 3M demanded the provision barring post-remand discovery and that Avery agreed to it. The stipulation carried the day—both parties signed it and filed it with the District Court.

Avery cannot now undo its agreement by claiming it intended something different. "Stipulations are entered into in a bargaining process. . . . Perhaps [Avery] miscalculated, but such miscalculations are a part of the litigation process." *Fed. Deposit Ins. Corp. v. St. Paul Fire & Marine Ins. Co.*, 942 F.2d 1032, 1038 (6th Cir. 1991). As Avery itself points out, "Avery

ultimately agreed to a stipulation incorporating a 'good cause' standard for reopening discovery or engaging in further expert activities in exchange for 3M's agreement to use the Rule 58 procedure." (Avery Mem. at 4.) Avery enjoyed the upside of this exchange; Avery cannot now avoid its downside. Just like Avery, 3M struck a bargain; it agreed to the voluntary stipulated dismissal in exchange for Avery's agreement that discovery would not be reopened on remand absent a showing of good cause. This agreement governs the present dispute.

**2. Avery Has Not Shown "Good Cause" for Reopening Discovery.**

Avery failed to make any showing of "good cause" to Magistrate Judge Noel and has added nothing to make such a showing in its appeal of his Order. When Avery agreed to the stipulation, Avery was fully aware of 3M's proposed claim construction. Avery also agreed to the stipulation fully aware that, if the Federal Circuit reversed the District Court's claim construction and adopted 3M's proposed construction, the case would be remanded, which is exactly what happened. In fact, remand would have occurred *only if* the Federal Circuit modified the District Court's claim construction and, thus, also reversed its summary judgment decision, or if the Federal Circuit left the District Court's claim construction intact, but reversed its summary judgment decision for other reasons. Therefore, one of the two expected decisions by the Federal Circuit that would result in remand—a changed claim construction—cannot constitute the good cause required to abrogate the parties' agreement that discovery would not be reopened upon remand.

Magistrate Judge Noel's decision does not unfairly prejudice Avery. Avery was fully on notice of 3M's proposed claim construction and had a full and fair opportunity to develop a record supporting its defenses, but made a strategic decision not to do so. In addition, Avery agreed to foreclose reopening discovery in this situation in exchange for 3M's agreement to

stipulate to a voluntary dismissal. The fact that the Federal Circuit adopted 3M's proposed construction, rather than some other unexpected meaning, not advocated by either party, was considered and found persuasive by Magistrate Judge Noel, in concluding that Avery showed no good cause.

Avery's argument that expert discovery about alternative claim constructions was "unnecessary and inappropriate" because the Court had already made a preliminary claim construction (Avery Mem. at 8 n.5) flies in the face of the law and the facts of this case. As Avery is aware, a claim construction adopted in the preliminary injunction setting is not binding at trial. *See Quickie Mfg. Corp. v. Libman Co.*, 180 F. Supp. 2d 636, 641 (D.N.J. 2002) (citing *Ill. Tool Works, Inc. v. Grip-Pak, Inc.*, 906 F.2d 679, 681 (Fed. Cir. 1990)). Thus, it would have been entirely proper for the District Court to revisit the claim construction it had reached at the preliminary injunction stage. *See Int'l Communication Materials, Inc. v. Ricoh Co., Ltd.*, 108 F.3d 316, 318 (Fed. Cir. 1997). In fact, in accord with this law, *both parties* asked the District Court to change its claim construction when Avery moved for summary judgment of noninfringement. (Ex. A at 12; Ex. B at 26-27.) For its part, Avery asked the District Court to modify its construction of "embossed." (Ex. A at 12.) In sum, Avery had ample opportunity to prepare for a changed claim construction before discovery closed and well before remand.

Moreover, 3M would be unfairly prejudiced by allowing further supplementation of expert reports. First, 3M would be denied the benefit of the bargain it struck in agreeing to stipulate to the voluntary dismissal of this case. 3M agreed to the specific procedure that Avery wanted to obtain a final, appealable judgment only upon the condition that there would not be further discovery, and hence further delay, on remand.

Second, further delay is certain should Avery's motion be granted. While Avery claims no delay will result (Avery Mem. at 9), Avery's own filings undercut that position. Avery has improperly submitted two "redlined" supplemental expert reports to its present motion in defiance of Magistrate Judge Noel's ruling. (Avery Exs. 7, 8.) These reports are not only improper, but also demonstrate how allowing such reports would result in further delay. For example, Avery's proffered supplemental expert report on validity adds three new prior art references in support of Avery's invalidity contention. (Avery Ex. 10 at 4.) Avery has never provided claim charts or other detailed contentions to 3M explaining how these references allegedly anticipate the '930 patent. Thus, Avery's "supplementation" would necessitate additional fact and expert discovery beyond Avery's proffered supplemental report, including additional depositions and supplemental expert rebuttal reports, resulting in further delay.

**3. Barring Further Supplementation of Expert Reports Is Consistent with the Case Law.**

Just as Avery already argued in its status conference statement and during its appearance before Magistrate Judge Noel, Avery claims the law requires that supplementation of expert reports be permitted in this case. Avery is wrong.

Avery rests its claim on *Johns Hopkins University v. CellPro, Inc.*, 152 F.3d 1342 (Fed. Cir. 1998), but this case simply does not apply. First and foremost, *there was no stipulation* in that case. In *Johns Hopkins*, the Federal Circuit explained that the district court's original pretrial order did not govern what evidence was admissible during a new trial because "[n]othing in Rule 16(e) indicates that a pretrial order from a first trial controls the range of evidence to be considered in a second trial." *Id.* at 1357. In contrast, in this case, the parties' stipulation does govern whether additional discovery should be permitted because the stipulation applies in this

exact circumstance—remand from the Federal Circuit. Thus, *Johns Hopkins* does nothing to change the clear law that a stipulation is binding on parties who have agreed to it.

In addition, even if the parties had not stipulated to the contrary, *Johns Hopkins* would not require that supplemental discovery be permitted in this case. That case held that a district court erred when it determined a party had waived its right to rely on a new prior art reference after the district court reversed its claim construction and ordered a new trial. *Id*. at 1357. Future court decisions have understood *Johns Hopkins* to stand for nothing more than the proposition that parties are allowed to change their arguments after a district court construes the claims in a patent case. *See Becton Dickinson & Co. v. Syntron Bioresearch, Inc*., 51 U.S.P.Q.2d 1722, 1734-35 (S.D. Cal. 1998) (citing *Johns Hopkins* as support for the fact that there was nothing improper about the plaintiff amending its infringement contentions after the district court issued its claim construction order). Unlike *Johns Hopkins* and *Becton Dickinson*, the present dispute is not about waiver or a district court's own claim construction during the pendency of its proceedings. Instead, this dispute is about reopening discovery after it has closed following remand from the Federal Circuit, and nothing in *Johns Hopkins* requires that this be permitted.

Indeed, a recent decision from the District of Delaware rejected the exact same argument for reopening discovery Avery makes, including the contention that the rules of the game had changed, the precise language from *Johns Hopkins*:

> Defendants argue that they just want a level playing field. When the Federal Circuit changed the court's claim construction, it changed the rules of the game and defendants should be entitled to submit evidence on new defenses it now has as a result of the new claim construction. It argues that it will be prejudiced if the materials are not admitted.

*Union Carbide Chems. & Plastics Tech. Corp. v. Shell Oil Co*., 270 F. Supp. 2d 519, 524 (D. Del. 2003). The court disposed of this argument and did not permit defendants to supplement

expert reports in order to address the Federal Circuit's claim construction:

> [D]efendants were on notice of plaintiff's proposed construction . . . and had the opportunity to prepare for the fact that the court may adopt plaintiff's construction. . . . Defendants now, with the benefit of hindsight and the Federal Circuit's ruling, want to completely reopen discovery on the issue and start over. The court concludes that this exercise is improper. Defendants had adequate opportunity during the first trial to conduct discovery based on plaintiff's proposed construction and are not prejudiced by being precluded from introducing its voluminous new discovery at this stage. Despite its assertion, defendants are not entitled on remand to reopen discovery.

*Id*.

Like the *Union Carbide* court, this Court should reject the argument that the Federal Circuit's claim construction ruling "changed the rules of the game" thereby necessitating further discovery. In *Union Carbide*, just as in the present case, the Federal Circuit had reversed the district court's claim construction and "adopted the construction proffered by plaintiff in the first instance." *Id.* at 523-24. Like the defendants in *Union Carbide,* Avery has been on notice of 3M's proposed construction since the beginning of the case. Discovery has closed in this case, as it had in *Union Carbide*. In fact, this case goes one step beyond *Union Carbide*, because Avery stipulated to a position that it now wants to ignore. Like the defendants in *Union Carbide*, Avery is not entitled to reopen discovery at this late date.

**B. Magistrate Judge Noel's Decision Prohibiting Further Dispositive Motions Is Not Clearly Erroneous or Contrary to Law.**

There is no real dispute that Magistrate Judge Noel's decision barring further dispositive motions was proper. Avery has apparently raised this issue solely to preview its desired invalidity and noninfringement summary judgment motions, because Avery does not even argue that this decision is clearly erroneous or contrary to law. Instead, Avery ignores the applicable standard of review, and suggests that this Court should consider whether new dispositive motions are warranted because of "[c]ommon sense and a practical approach to case management."

(Avery Mem. at 9.) Magistrate Judge Noel has already decided, however, as a matter of common sense and practical case management, that further dispositive motions will not be permitted. As Magistrate Judge Noel recognized, permitting these motions would result in further delay and expense. Therefore, Avery's request to review Magistrate Judge Noel's decision barring dispositive motions should be denied. Avery should not be permitted to disregard the parties' agreement about reopening discovery on remand or their agreement about the scheduling of this case.

Dated: May 21, 2004

FISH & RICHARDSON P.C., P.A.

By: s/John C. Adkisson

Jonathan E. Singer (#283459)
John C. Adkisson (#266358)
Katherine A. Moerke (#312277)
FISH & RICHARDSON P.C., P.A.
3300 Dain Rauscher Plaza
60 South Sixth Street
Minneapolis, MN 55402
Tel: (612) 335-5070
Fax: (612) 288-9696

Juanita R. Brooks (Admitted Pro Hac Vice)
FISH & RICHARDSON, P.C.
12390 El Camino Real
San Diego, CA 92130-2081
Tel: (858) 678-5070
Fax: (858) 678-5099

Kevin H. Rhodes
3M Innovative Properties Company
Office of Intellectual Property Counsel
3M Center
P.O. Box 33427
St. Paul, MN 55133

Attorneys for Plaintiffs 3M INNOVATIVE PROPERTIES COMPANY AND MINNESOTA MINING AND MANUFACTURING COMPANY

60218634