2

**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NUMBER | FILING/RECEIPT DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO./TITLE |
|---|---|---|---|
| 08/775,766 | 12/31/96 | | |

B262/0314

3M OFFICE OF INTELLECTUAL PROPERTY
P O BOX 33427
ST PAUL MN 55133-3427

1615

**DATE MAILED:** 03/14/97

## NOTICE TO FILE MISSING PARTS OF APPLICATION
***Filing Date Granted***

An Application Number and Filing Date have been assigned to this application. However, the items indicated below are missing. The required items and fees identified below must be timely submitted ALONG WITH THE PAYMENT OF A SURCHARGE for items 1 and 3-6 only of $ 130 for a ☒ large entity ☐ small entity in compliance with 37 CFR 1.27. The surcharge is set forth in 37 CFR 1.16(e). Applicant is given TWO MONTHS FROM THE DATE OF THIS NOTICE within which to file all required items and pay any fees required above to avoid abandonment. Extensions of time may be obtained by filing a petition accompanied by the extension fee under the provisions of 37 CFR 1.136(a).

***If all required items on this form are filed within the period set above, the total amount owed by applicant as a ☒ large entity ☐ small entity (verified statement filed), is $ ______.***

☐ 1. The statutory basic filing fee is:
- ☐ missing.
- ☐ insufficient.

*Applicant must submit $ ______ to complete the basic filing fee and/or file a verified small entity statement claiming such status (37 CFR 1.27).*

☐ 2. Additional claim fees of $ ______, including any multiple dependent claim fees, are required. *Applicant must either submit the additional claim fees or cancel additional claims for which fees are due.*

☒ 3. The oath or declaration:
- ☒ is missing.
- ☐ does not cover the newly submitted items.
- ☐ does not identify the application to which it applies.
- ☐ does not include the city and state or foreign country of applicant's residence.

*An oath or declaration in compliance with 37 CFR 1. 63, including residence information and identifying the application by the above Application Number and Filing Date is required.*

☐ 4. The signature(s) to the oath or declaration is/are:
- ☐ missing.
- ☐ by a person other than inventor or person qualified under 37 CFR 1.42, 1.43, or 1.47.

*A properly signed oath or declaration in compliance with 37 CFR 1.63, identifying the application by the above Application Number and Filing Date, is required.*

☐ 5. The signature of the following joint inventor(s) is missing from the oath or declaration:

______

*An oath or declaration listing the names of all inventors and signed by the omitted inventor(s), identifying this application by the above Application Number and Filing Date, is required.*

☐ 6. A $ ______ processing fee is required since your check was returned without payment (37 CFR 1.21(m)).

☐ 7. Your filing receipt was mailed in error because your check was returned without payment.

☐ 8. The application does not comply with the Sequence Rules. *See attached "Notice to Comply with Sequence Rules 37 CFR 1.821-1.825."*

☐ 9. OTHER:

Direct the response and any questions about this notice to "Attention: Box Missing Parts."

***A copy of this notice MUST be returned with the response.***

Customer Service Center
Initial Patent Examination Division (703) 308-1202

**A 0091**

FORM PTO-1533 (REV.7-96) **PART 3 - OFFICE COPY** *U.S. GPO: 1996-404-486/40615

3

69652 U.S. PTO
03/24/97

Patent
Docket No.: 52773USA5A

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of:

Clyde D. Calhoun and David C. Koskenmaki
Serial No.: 08/775,736
Filed: December 31, 1996

For: MULTIPLE EMBOSSED WEBS

**ATTN: CUSTOMER SERVICE CENTER, INITIAL PATENT EXAMINATION DIVISION**

Group Art Unit: 1315
Examiner:

## LATE SUBMISSION OF DECLARATION UNDER 37 C.F.R. § 1.53(d)

08775736.032497

Assistant Commissioner for Patents
Washington, D.C. 20231

Dear Sir:

Enclosed herewith is a copy of the "Notice to File Missing Parts of Application," and a duly executed Declaration, Power of Attorney and Petition.

Please charge the $130.00 surcharge fee to Deposit Account No. 13-3723. Please charge any additional fees or credit any overpayment to Deposit Account No. 13-3723.

Respectfully Submitted By:

March 20, 1997
Date

John H. Hornickel
Registration No. 29,393

3M Office of Intellectual Property Counsel
P.O. Box 33427
St. Paul, Minnesota 55133-3427
Telephone: (612) 733-4998

Enclosures

210 SR 13-3723 04/25/97 08775736

I hereby certify that this correspondence is being deposited with the United States Postal Service as First Class Mail in an envelope addressed to: Assistant Commissioner for Patents; Washington, D.C. 20231 on:

March 20, 1997
Date

Signed
John H. Hornickel, Reg. No. 29,393

Docket No. 52773USA5A

## DECLARATION, POWER OF ATTORNEY, AND PETITION

I, a below named inventor, depose and say that: (1) my residence, citizenship, and mailing address is indicated below; (2) I have reviewed and understand the contents of my patent application, including the claims, as amended by any amendment specifically referred to herein, which is identified as U.S. Patent Application Serial No. 08/775,736, filed December 31, 1996; (3) I believe that the other below named inventors and I are the original, first, and joint inventors or discoverers of the invention or discovery in

**Multiple Embossed Webs**

described and claimed therein and for which a patent is sought; and (4) I hereby acknowledge my duty to disclose to the Patent and Trademark Office all information known to me to be material to the patentability as defined in Title 37, Code of Federal Regulations, §1.56.*

I hereby appoint Gary L. Griswold (Reg. No. 25,396), Walter N. Kirn (Reg. No. 21,196), Terryl K. Qualey (Reg. No. 25,148), Warren R. Bovee (Reg. No. 26,434), Gerald F. Chernivec (Reg. No. 26,537), Douglas B. Little (Reg. No. 28,439), David R. Cleveland (Reg. No. 29,524), and John H. Hornickel (Reg. No. 29,393) my attorneys and/or agents with full powers (including the powers of appointment, substitution, and revocation) to prosecute this application and any division, continuation, continuation-in-part, reexamination, or reissue thereof, and to transact all business in the Patent and Trademark Office connected therewith; the mailing address and the telephone number of the above-mentioned attorneys and/or agents are

Attention: John H. Hornickel
3M Office of Intellectual Property Counsel
P.O. Box 33427
St. Paul, Minnesota 55133-3427
Telephone No. (612) 733-1500

The undersigned petitioner declares further that all statements made herein of his own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code and that such willful false statements may jeopardize the validity of the application or any patent issuing thereon.

Wherefore, I pray for grant of Letters Patent for the invention or discovery described and claimed in the attached specification and we hereby subscribe our names to the foregoing specification and claims, oath, power of attorney, and this petition, on the day set forth below.

Witness 100 — Clyde D. Calhoun — 3/20/97 Date
Residence: Grant, Minnesota MN
Citizenship: United States of America
Post Office Address: P.O. Box 33427, St. Paul, Minnesota 55133-3427

Witness

Witness 200 — David C. Koskenmaki — 3/20/97 Date
Residence: St. Paul, Minnesota MN
Citizenship: United States of America
Post Office Address: P.O. Box 33427, St. Paul, Minnesota 55133-3427

Witness

08775736



*Title 37, Code of Federal Regulations, §1.56 is reproduced on the back of this page.
This form may be executed only when attached to the specification (including claims) as the last page thereof.

D.Jnt/061096

**§1.56 Duty to disclose information material to patentability.**

(a) A patent by its very nature is affected with a public interest. The public interest is best served, and the most effective patent examination occurs when, at the time an application is being examined, the Office is aware of and evaluates the teachings of all information material to patentability. Each individual associated with the filing and prosecution of a patent application has a duty of candor and good faith in dealing with the Office, which includes a duty to disclose to the Office all information known to that individual to be material to patentability as defined in this section. The duty to disclose information exists with respect to each pending claim until the claim is cancelled or withdrawn from consideration, or the application becomes abandoned. Information material to the patentability of a claim that is cancelled or withdrawn from consideration need not be submitted if the information is not material to the patentability of any claim remaining under consideration in the application. There is no duty to submit information which is not material to the patentability of any existing claim. The duty to disclose all information known to be material to patentability is deemed to be satisfied if all information known to be material to patentability of any claim issued in a patent was cited by the Office or submitted to the Office in the manner prescribed by §§ 1.97(b)-(d) and 1.98. However, no patent will be granted on an application in connection with which fraud on the Office was practiced or attempted or the duty of disclosure was violated through bad faith or intentional misconduct. The Office encourages applicants to carefully examine:

(1) prior art cited in search reports of a foreign patent office in a counterpart application, and

(2) the closest information over which individuals associated with the filing or prosecution of a patent application believe any pending claim patentably defines, to make sure that any material information contained therein is disclosed to the Office.

(b) Under this section, information is material to patentability when it is not cumulative to information already of record or being made of record in the application, and

(1) It establishes, by itself or in combination with other information, a prima facie case of unpatentability of a claim; or

(2) It refutes, or is inconsistent with, a position the applicant takes in:

(i) Opposing an argument of unpatentability relied on by the Office, or

(ii) Asserting an argument of patentability.

A prima facie case of unpatentability is established when the information compels a conclusion that a claim is unpatentable under the preponderance of evidence, burden-of-proof standard, giving each term in the claim its broadest reasonable construction consistent with the specification, and before any consideration is given to evidence which may be submitted in an attempt to establish a contrary conclusion of patentability.

(c) Individuals associated with the filing or prosecution of a patent application within the meaning of this section are:

(1) Each inventor named in the application;

(2) Each attorney or agent who prepares or prosecutes the application; and

(3) Every other person who is substantively involved in the preparation or prosecution of the application and who is associated with the inventor, with the assignee or with anyone to whom there is an obligation to assign the application.

(d) Individuals other than the attorney, agent or inventor may comply with this section by disclosing information to the attorney, agent, or inventor.

UNITED STATES DEPARTMENT OF COMMERCE
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NUMBER | FILING/RECEIPT DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO./TITLE |
|---|---|---|---|
| 08/775,736 | 12/31/96 | R | 52773USA5A |

5-14-97

0262/0314

3M OFFICE OF INTELLECTUAL PROPERTY
P O BOX 33427
ST PAUL MN 55133-3427

NOT ASSIGNED

1315

DATE MAILED: 03/14/97

## NOTICE TO FILE MISSING PARTS OF APPLICATION

*Filing Date Granted*

An Application Number and Filing Date have been assigned to this application. However, the items indicated below are missing. The required items and fees identified below must be timely submitted ALONG WITH THE PAYMENT OF A SURCHARGE for items 1 and 3-6 only of $ 130 for a ☒ large entity ☐ small entity in compliance with 37 CFR 1.27. The surcharge is set forth in 37 CFR 1.16(e). Applicant is given TWO MONTHS FROM THE DATE OF THIS NOTICE within which to file all required items and pay any fees required above to avoid abandonment. Extensions of time may be obtained by filing a petition accompanied by the extension fee under the provisions of 37 CFR 1.136(a).

***If all required items on this form are filed within the period set above, the total amount owed by applicant as a ☒ large entity ☐ small entity (verified statement filed), is $ 130.***

☐ 1. The statutory basic filing fee is:
- ☐ missing.
- ☐ insufficient.

*Applicant must submit $ ____ to complete the basic filing fee and/or file a verified small entity statement claiming such status (37 CFR 1.27).*

☐ 2. Additional claim fees of $ ____, including any multiple dependent claim fees, are required. *Applicant must either submit the additional claim fees or cancel additional claims for which fees are due.*

☒ 3. The oath or declaration:
- ☒ is missing.
- ☐ does not cover the newly submitted items.
- ☐ does not identify the application to which it applies.
- ☐ does not include the city and state or foreign country of applicant's residence.

*An oath or declaration in compliance with 37 CFR 1. 63, including residence information and identifying the application by the above Application Number and Filing Date is required.*

☐ 4. The signature(s) to the oath or declaration is/are:
- ☐ missing.
- ☐ by a person other than inventor or person qualified under 37 CFR 1.42, 1.43, or 1.47.

*A properly signed oath or declaration in compliance with 37 CFR 1.63, identifying the application by the above Application Number and Filing Date, is required.*

☐ 5. The signature of the following joint inventor(s) is missing from the oath or declaration:

*An oath or declaration listing the names of all inventors and signed by the omitted inventor(s), identifying this application by the above Application Number and Filing Date, is required.*

☐ 6. A $ ____ processing fee is required since your check was returned without payment (37 CFR 1.21(m)).

☐ 7. Your filing receipt was mailed in error because your check was returned without payment.

☐ 8. The application does not comply with the Sequence Rules.
*See attached "Notice to Comply with Sequence Rules 37 CFR 1.821-1.825."*

☐ 9. OTHER:

Direct the response and any questions about this notice to "Attention: Box Missing Parts."

***A copy of this notice MUST be returned with the response.***

G. Washington

Customer Service Center
Initial Patent Examination Division (703) 308-1202

A 0095

FORM PTO-1533 (REV.7-95)

PART 2-COPY TO BE RETURNED WITH RESPONSE

*U.S. GPO: 1995-404-498/40515

69652 U.S. PTO
03/24/97

Patent
Docket No.: 52773USA5A

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re Application of: Clyde D. Calhoun, David C. Koskenmaki | |
| Serial No.: 08/775,736 | Group Art Unit: 1315 |
| Filed: December 31, 1996 | Examiner: Unknown |
| For: MULTIPLE EMBOSSED WEBS | |

## INFORMATION DISCLOSURE STATEMENT

Hon. Assistant Commissioner for Patents
Washington, D.C. 20231

Dear Sir:

Pursuant to 37 C.F.R. § 1.56 and § 1.97-1.98, copies of the documents listed on the attached form PTO-FB-A820 are enclosed for consideration by the Examiner.

Applicants also advise the Office of co-pending, co-assigned applications Serial No. 08/775,844, filed December 31, 1996.

Respectfully submitted by:

March 20, 1997
Date

John H. Hornickel
Registration No. 29,393

3M Office of Intellectual Property Counsel
P.O. Box 33427
St. Paul, Minnesota 55133-3427
Telephone: (612) 733-4998

52773USA-IDS
Enclosures

I hereby certify that this correspondence is being deposited with the United States Postal Service as First Class Mail in an envelope addressed to: Assistant Commissioner for Patents; Washington, D.C. 20231 on:

March 20, 1997
Date

Signed
John H. Hornickel, Reg. No. 29,393

OMB No. 0651-0011

| INFORMATION DISCLOSURE STATEMENT | Atty. Docket No.: 52773USA5A | Serial No.: 08/775,736 |
|---|---|---|
| | Applicant(s): Clyde D. Calhoun, David C. Koskenmaki | |
| | Filing Date: December 31, 1996 | Group: ~~Unknown~~ 1643 |

**U.S. PATENT DOCUMENTS**

| Examiner Initial | | Document Number | Date | Name | Class | SubClass | Filing Date If Appropriate |
|---|---|---|---|---|---|---|---|
| [initials] | | 4,045,153 | 08/30/77 | Maurino et al. | 425 | 440 | |
| [initials] | | 4,551,297 | 11/05/85 | Botcher et al. | 264 | 224 | |
| [initials] | | 5,141,790 | 08/25/92 | Calhoun et al. | 428 | 40 | |
| [initials] | | 5,229,186 | 07/20/93 | Tribble et al. | 428 | 156 | |
| [initials] | | 5,296,277 | 03/22/94 | Wilson et al. | 428 | 40 | |
| [initials] | | 5,344,681 | 09/06/94 | Calhoun et al. | 428 | 42 | |
| [initials] | | 5,362,516 | 11/08/94 | Wilson et al. | 427 | 207.1 | |
| [initials] | | 5,449,540 | 09/12/95 | Calhoun et al. | 428 | 42 | |

**FOREIGN PATENT DOCUMENTS**

| | | Document Number | Date | Country | Class | SubClass | Translation Yes | Translation No |
|---|---|---|---|---|---|---|---|---|

**OTHER DOCUMENTS (Including Authors, Title, Date, Pertinent Papers, etc.)**

| EXAMINER [signature] | Date Considered 4/23/98 |
|---|---|

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609; Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

Based on Form PTO-FB-A820
(Also form PTO-1449)

Patent and Trademark Office, U.S. Department of Commerce

4

UNITED STATES DEPARTMENT OF COMMERCE
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 08/775,736 | 12/31/96 | CALHOUN | C | 52773USA5A |

18M1/1020

JOHN H HORNICKEL
3M OFFICE OF INTELLECTUAL PROP COUNSEL
P O BOX 33427
ST PAUL MN 55133-3427

| EXAMINER | |
|---|---|
| LEE, D | |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1815 | |

DATE MAILED: 10/20/97

**Please find below and/or attached an Office communication concerning this application or proceeding.**

Commissioner of Patents and Trademarks

**A 0098**

PTO-90C (Rev. 2/95)

☆U.S.GOVERNMENT PRINTING OFFICE 1996-411-616/40275

1- File Copy

| **Office Action Summary** | Application No. 08/775,736 | Applicant(s) Calhoun et al |
|---|---|---|
| | Examiner Danny Lee | Group Art Unit 1815 |

[X] Responsive to communication(s) filed on 3/14/97, 3/24/97

[ ] This action is **FINAL.**

[ ] Since this application is in condition for allowance except for formal matters, **prosecution as to the merits is closed** in accordance with the practice under *Ex parte Quayle* 1935 C.D. 11; 453 O.G. 213.

A shortened statutory period for response to this action is set to expire 3 month(s), or thirty days, whichever is longer, from the mailing date of this communication. Failure to respond within the period for response will cause the application to become abandoned. (35 U.S.C. § 133). Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

**Disposition of Claim**

[X] Claim(s) 1-17 is/are pending in the applicat

Of the above, claim(s) ______ is/are withdrawn from consideration

[ ] Claim(s) ______ is/are allowed.

[X] Claim(s) 1-17 is/are rejected.

[ ] Claim(s) ______ is/are objected to.

[ ] Claims ______ are subject to restriction or election requirement.

**Application Papers**

[X] See the attached Notice of Draftsperson's Patent Drawing Review, PTO-948.

[ ] The drawing(s) filed on ______ is/are objected to by the Examiner

[ ] The proposed drawing correction, filed on ______ is [ ] approved [ ] disapproved

[ ] The specification is objected to by the Examiner.

[ ] The oath or declaration is objected to by the Examiner

**Priority under 35 U.S.C. § 119**

[ ] Acknowledgement is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

[ ] All [ ] Some* [N] None of the CERTIFIED copies of the priority documents have been

[ ] received.

[ ] received in Application No. (Series Code/Serial Number) ______

[ ] received in this national stage application from the International Bureau (PCT Rule 17.2(a))

*Certified copies not received: ______

[ ] Acknowledgement is made of a claim for domestic priority under 35 U.S.C. § 119(e)

**Attachment(s)**

[X] Notice of References Cited, PTO-892

[ ] Information Disclosure Statement(s), PTO-1449, Paper No(s) ______

[ ] Interview Summary, PTO-413

[X] Notice of Draftsperson's Patent Drawing Review, PTO-948

[ ] Notice of Informal Patent Application, PTO-152

A 0099

*— SEE OFFICE ACTION ON THE FOLLOWING PAGES —*

U S Patent and Trademark Office
PTO-326 (Rev. 9-95) **Office Action Summary** Part of Paper No 4

The Group and/or Art Unit location of your application in the PTO has changed. To aid in correlating any papers for this application, all further correspondence regarding this application should be directed to **Group Art Unit 1815**.

1. There are two claims 11, the second claim 11 has been renumbered 12. Claims 12-17 have been renumbered 13-18.

2. Claims 1-2 are rejected under the judicially created doctrine of obviousness-type double patenting as being unpatentable over claim 1 of U.S. Patent No. 5,585,178. Although the conflicting claims are not identical, they are not patentably distinct from each other because .

Calhoun et al ('178) claim a pressure sensitive adhesives releasable from the carrier web comprising mixture of two adhesives that has a first and second planar surfaces and adhesives with different viscoelastic properties.

The claim is broad and the combination of different adhesives is interpreted as "can be used for one purpose while the depression from another pattern of embossing can be used for a different purpose".

3. Claims 1-18 are rejected under 35 U.S.C. § 112, second paragraph, as the claimed invention is not described in such full, clear, concise and for failing to particularly point out and distinctly claim the subject matter which applicant regards as the invention.

Claim 1 is confusing in the recitation of "one surface that is multiple, sequentially embossed". What is the intent of applicant?

Claim 1 recites the limitation "prior embossing pattern". There is insufficient antecedent basis for this limitation in the claim. The claim is vague and indefinite in the recitation of "substantially" since the term fails to define the metes and bounds of claim 1.

Claim 2 is confusing. How can a depression have purpose or purposes? What is the intent of applicant? How does claim 2 and 9 further limit claim 1.

Claim 7 and 15 are confusing in the recitation of "wherein ridges form from material moved from depressions during embossing'. The claim lack clear antecedent basis and what is the intent of applicant?

Claim 17-18 are vague because the claims require a positive recitation of steps.

4. Claims 1-2 and 8-11 are rejected under 35 U.S.C. 102(b) as being anticipated by Calhoun et al (U.S. Patent 5,344,681).

Calhoun et al ('681) teaches two adhesives can be combined to get utility not possible from either of the adhesives when used alone (column 7, lines 50-60). Calhoun teaches that the two or more adhesives having different properties may be coated into the same recesses (column 7, lines 55-57).

5. Claims 1-10 and 13-18 are rejected under 35 U.S.C. 102(b) as being anticipated by Calhoun et al (U.S. Patent 5,462,765).

Calhoun et al ('765) teaches a carrier web and recesses having a depth of at least 2µm, preferably a uniform depth of 5 to 100µm and that the walls of the recesses at least 20° with the plane of the carrier web. Calhoun teaches the flexible carrier web can serve as a permanent backing or a disposable release liner. Calhoun teaches that the recesses are of uniform shape and uniformly spaced in an orderly array of square or hexagonal to afford uniform release values (column 4, line 57 to column 5, line 2). Calhoun teaches that the depth of the recesses can be 0.12mm in diameter at the surface and 0.1mm in diameter at the depth of 17µm (column 8, lines 11-14).

The claims are broad and the combination of different adhesives is interpreted as "can be used for one purpose while the depression from another pattern of embossing can be used for a different purpose".

The limitations recited in claims 3-4, 9, 12 and 13 are deemed inherently taught by Calhoun ('765). The reference teaches a carrier web and recesses having a depth of at least 2µm, preferably a uniform depth of 5 to 100µm and that the walls of the recesses at least 20° with the plane of the carrier web.

6. Claim 18 is rejected under 35 U.S.C. 102(b) as being anticipated by Calhoun et al (U.S. Patent 5,449,540).

Calhoun et al ('540) teaches a carrier web with recesses or pockets containing pressure sensitive adhesive, and that the recesses in the carrier web maintain the adhesive in a discrete pattern (abstract). The claim is broad, thus the disclosure by the ('540) reference in that the 'recesses in the carrier web maintain the adhesive in a discrete pattern' is interpreted as the method of using the carrier web 'as a final article for storage of another material". The other material is the 'adhesive' and the article for storage is the 'recesses in a discrete pattern'

7. Claims 1-18 are rejected under 35 U.S.C. 103(a) as being unpatentable over Calhoun ('765), Calhoun ('540) in view of Calhoun ('681).

Calhoun et al ('681) teaches two adhesives can be combined to get utility not possible from either of the adhesives when used alone (column 7, lines 50-60). Calhoun teaches the depth of the recesses is not critically limited but is normally less than 0.25mm as are the thickness of typical transfer adhesives (column 8, lines 10-13). Calhoun teaches that the three dimensional shape of the recesses can be controlled and tailored to specific applications and that the three dimensional shape have a cross section which may be oval, circular, polygonal, or rectangular (column 8, lines 16-22). Calhoun teaches that the two or more adhesives having different properties may be coated into the same recesses (column 7, lines 55-57).

Moreover, absent some allegations that a embossing depth, depression depth, surface area is critical in defining the disclosed invention over the prior art of record, the selection of a particular embossing depth, depression depth, surface area is deemed to be a result-effective parameter routinely optimized by the artisan of ordinary skill. Thus, the limitations recited in claims 3-7 and 10-15 are deemed obvious under 35 U.S.C. §103.

It would have been obvious to one of ordinary skill in the art to obtain the carrier web and method of embossing as taught by Calhoun ('765) and Calhoun ('540) for the purpose of combining adhesives with different properties and utility as taught by Calhoun ('681). It would further have been obvious to one of ordinary skill in the art to optimize the method of making the carrier web and the property of the carrier web, for purposes such as maximizing the adhesive property and enhancing the overall binding property of the adhesive. The invention as a whole is therefore prima facie obvious, absent unexpected results.

No claims are allowed.

Papers relating to this application may be submitted to Group 1800 by facsimile transmission. Papers should be faxed to Group 1800 located in Crystal Mall 1. The Fax number for Art Unit 1815 is (703) 305-3014. All Group 1800 Fax machines will be available to receive transmissions 24 hrs/day, 7 days/wk. Please note that the faxing of such papers must conform with the Notice published in the Official Gazette, 1096 OG 30, (November 15, 1989).

Any inquiry concerning this communication or earlier communications from the Examiner should be directed to ***Danny Lee*** whose telephone number is ***(703) 305-7245.*** The Examiner can normally be reached on Monday-Friday from 8:00 AM-4:30 PM.

**A 0104**

If attempts to reach the Examiner by telephone are unsuccessful, the Examiner's supervisor, ***Marian Knode***, can be reached at ***(703) 308-4311.***

Any inquiry of a general nature or relating to the status of this application should be directed to the Group receptionist whose telephone number is (703) 308-0196.

Danny Lee
October 15, 1997

Marian Knode

MARIAN C. KNODE
SUPERVISORY PATENT EXAMINER
GROUP 1800

A 0105

| *Notice of References Cited* | Application No. 08/775,736 | Applicant(s) Calhoun et al | |
|---|---|---|---|
| | Examiner Danny Lee | Group Art Unit 1815 | Page 1 of 1 |

**U.S. PATENT DOCUMENTS**

| | DOCUMENT NO. | DATE | NAME | CLASS | SUBCLASS |
|---|---|---|---|---|---|
| A | 5,565,178 | 12/17/96 | Calhoun et al | 428 | 343 |
| B | 5,300,340 | 04/05/94 | Calhoun et al | 428 | 40 |
| C | 5,462,765 | 10/31/95 | Calhoun et al | 427 | 198 |
| D | 5,449,540 | 09/12/95 | Calhoun et al | 428 | 42 |
| E | ~~5,344,681~~ dup. | ~~09/06/94~~ | ~~Calhoun et al~~ | ~~428~~ | ~~42~~ |
| F | | | | | |
| G | | | | | |
| H | | | | | |
| I | | | | | |
| J | | | | | |
| K | | | | | |
| L | | | | | |
| M | | | | | |

**FOREIGN PATENT DOCUMENTS**

| | DOCUMENT NO. | DATE | COUNTRY | NAME | CLASS | SUBCLASS |
|---|---|---|---|---|---|---|
| N | | | | | | |
| O | | | | | | |
| P | | | | | | |
| Q | | | | | | |
| R | | | | | | |
| S | | | | | | |
| T | | | | | | |

**NON-PATENT DOCUMENTS**

| | DOCUMENT (including Author, Title, Source, and Pertinent Pages) | DATE |
|---|---|---|
| U | | |
| V | | |
| W | | |
| X | | |

A 0106

U.S. Patent and Trademark Office
PTO-892 (Rev. 9-95)

Notice of References Cited

Part of Paper No. 4

5

OIPE
OCT 14 1997
PATENT & TRADEMARK OFFICE

GP 3.5

Patent
Docket No.: 52773USA5A

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re Application of:<br><br>Clyde D. Calhoun, David C. Koskenmaki<br><br>Serial No.: 08/775,736<br>Filed: December 31, 1996<br><br>For: MULTIPLE EMBOSSED WEBS | Group Art Unit:<br><br>Examiner: Unknown |

## INFORMATION DISCLOSURE STATEMENT

RECEIVED
OCT 21 1997

Assistant Commissioner for Patents
Washington, D.C. 20231

Dear Sir:

Pursuant to 37 C.F.R. § 1.56 and § 1.97-1.98, copies of the documents listed on the attached form PTO-FB-A820 are enclosed for consideration by the Examiner.

Respectfully submitted by:

8 October 1997
Date

John H. Hornickel
Registration No. 29,393

3M Office of Intellectual Property Counsel
P.O. Box 33427
St. Paul, Minnesota 55133-3427
Telephone: (612) 733-4998

52773USA-IDS
Enclosures

I hereby certify that this correspondence is being deposited with the United States Postal Service as First Class Mail in an envelope addressed to: Assistant Commissioner for Patents; Washington, D.C. 20231 on:

8 October 1997
Date

Signed

John H. Hornickel, Reg. No. 29,393