OIPE OCT 1 4 1997 PATENT & TRADEMARK OFFICE

OMB No. 0651-0011

| INFORMATION DISCLOSURE STATEMENT | Atty. Docket No. 52773USA5A | Serial No.: 08/775,736 |
|---|---|---|
| | Applicant(s): Clyde D. Calhoun, David C. Koskenmaki | |
| | Filing Date: December 31, 1996 | Group: 1643 |

**U.S. PATENT DOCUMENTS**

| Examiner Initial | | Document Number | Date | Name | Class | SubClass | Filing Date If Appropriate |
|---|---|---|---|---|---|---|---|
| [initialed] | | 3,887, 678 | 06/03/75 | W.J. Lewicki, Jr. | 264 | 284 | |

RECEIVED OCT 2 1 1997

**FOREIGN PATENT DOCUMENTS**

| Examiner Initial | | Document Numbers | Date | Country | Class | SubClass | Translation Yes | Translation No |
|---|---|---|---|---|---|---|---|---|
| [initialed] | | 1 543 977 | 04/11/79 | EPO | B44C | 1/22 | | |
| [initialed] | | 2 055 677 A | 03/11/81 | GB | B29D | 17/00 | | |
| [initialed] | | 0 313 766 | 03/05/89 | EPO | A41B | 13/02 | | |
| [initialed] | | 2 290 629 A | 03/01/96 | GB | G02F | 1/1337 | | |

**OTHER DOCUMENTS (Including Authors, Title, Date, Pertinent Papers, etc.)**

| Examiner Initial | Document |
|---|---|
| [initialed] | Patent Abstracts of Japan for Kokai 5717871 8 "Embossing Apparatus" 04/11/82 |

| EXAMINER | Date Considered |
|---|---|
| [signature] | 3/30/98 |

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609; Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

Based on Form PTO-FB-A820 (Also form PTO-1449) — Patent and Trademark Office, U.S. Department of Commerce

OMB No. 0651-0011

| INFORMATION DISCLOSURE STATEMENT | Atty. Docket No.: 52773USA5A | Serial No.: 08/775,736 |
|---|---|---|
| | Applicant(s): Clyde D. Calhoun, David C. Koskenmaki | |
| | Filing Date: December 31, 1996 | Group: ~~Unknown~~ 1643 |

**U.S. PATENT DOCUMENTS**

| Examiner Initial | | Document Number | Date | Name | Class | SubClass | Filing Date If Appropriate |
|---|---|---|---|---|---|---|---|
| [initialed] | | 4,045,153 | 08/30/77 | Maurino et al. | 425 | 440 | |
| [initialed] | | 4,551,297 | 11/05/85 | Botcher et al. | 264 | 224 | |
| [initialed] | | 5,141,790 | 08/25/92 | Calhoun et al. | 428 | 40 | |
| [initialed] | | 5,229,186 | 07/20/93 | Tribble et al. | 428 | 156 | |
| [initialed] | | 5,296,277 | 03/22/94 | Wilson et al. | 428 | 40 | |
| [initialed] | | 5,344,681 | 09/06/94 | Calhoun et al. | 428 | 42 | |
| [initialed] | | 5,362,516 | 11/08/94 | Wilson et al. | 427 | 207.1 | |
| [initialed] | | 5,449,540 | 09/12/95 | Calhoun et al. | 428 | 42 | |

**FOREIGN PATENT DOCUMENTS**

| | | Document Number | Date | Country | Class | SubClass | Translation Yes | Translation No |
|---|---|---|---|---|---|---|---|---|

**OTHER DOCUMENTS (Including Authors, Title, Date, Pertinent Papers, etc.)**

| EXAMINER | Date Considered |
|---|---|
| [signature] | 4/23/98 |

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609; Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

Based on Form PTO-FB-A820 (Also form PTO-1449)

Patent and Trademark Office, U.S. Department of Commerce

A 0108-a

6

01/20/98 TUE 15:48 FAX 9087888737 R D ATRIUM 001

10CI, LEE, DATQUAN
11/18/97

6/a
B. Denny
1/22/98

Patent
Docket No.: 52773USA5A

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re Application of: Clyde D. Calhoun, David C. Koskenmaki | Group Art Unit: 1815 |
| Serial No.: 08/775,736 Filed: December 31, 1996 | Examiner: Danny Lee |
| For: MULTIPLE EMBOSSED WEBS | VIA FAX: 703-305-3014 |

RECEIVED 1-20-98

Please charge to Deposit Account 13-3723 any fees for any extension of time under 37 CFR 1.136(a) that may be necessary. To the extent any such extension should become necessary it is hereby requested.

**RESPONSE**

Assistant Commissioner for Patents
Washington, D.C. 20231

Dear Sir:

In response to the Office Action mailed October 20, 1997, Applicants present amendments and remarks and request reconsideration of their application as amended.

IN THE SPECIFICATION:

On page 5, line 7; page 6, line 16 and page 7, line 18, please replace "________________" with --08/775,844--.

IN THE CLAIMS:

Please amend Claim 1 as follows:

I hereby certify that this paper is being facsimile transmitted to the United States Patent and Trademark Office on the date shown below:

20 January 1998 Signed [signature]
Date John H. Hornickel, Reg. No. 29,393

A 0109

01/20/98 TUE 15:54 [TX/RX NO 7305] 001

01/20/98 TUE 15:48 FAX 9087888737 R D ATRIUM 002

G.A.U. 1815, Danny Lee
Serial No. 08/775,736
Page 2

a1

1. (Amended) A carrier web, comprising:

at least one surface that has a multiple embossed pattern having a first embossed pattern and a second embossed pattern, [is multiple, sequentially embossed with a pattern,] wherein depressions of [created from] the first embossed [prior embossing] pattern are [pattern(s) are substantially preserved during] in the second [subsequent embossing pattern(s)] embossed pattern [even though the subsequent embossing pattern(s) are superimposed on the depressions from the prior embossing patterns(s)].

Please cancel Claim 2 without bias or prejudice.

Please amend Claim 7 as follows:

a2

7. (Amended) The web according to Claim 1, further comprising [wherein] ridges on the surface between [form from material moved from] depressions [during embossing(s)].

Please cancel Claim 9 without bias or prejudice.

In Claim 10, line 1, please replace "9" with --8--.

Please cancel Claim 16 without bias or prejudice.

Please amend Claim 17 as follows:

a3

12 17. (Amended) A method of using a web of Claim 1 as a release liner for a pressure sensitive adhesive, comprising the step of filling the multiple embossed pattern with a pressure sensitive adhesive.

[Please amend Claim 18 as follows:]

-2-

A 0110

01/20/98 TUE 15:54 [TX/RX NO 7305] 002

a3

18. (Amended) A method of using a web of Claim 1 as a final article for storage of another material comprising the step of filling the multiple embossed pattern with a liquid.

## REMARKS

Applicants request reconsideration of their application as amended. Applicants address the numerous rejections made by the Office to place their application in condition for allowance.

§112 Rejection

Applicants have appreciated the renumbering of the claims 12-18 by the Office. Applicants have amended Claim 1 to recite defined terms: "multiple embossed" and "pattern" (Page 2, lines 18-23) and added text from Claim 8 to identify a first pattern and a second pattern, removing any reference to "prior", "subsequent" etc. that could be unclear. Applicants have canceled Claims 2, 9, and 16 without bias or prejudice. Applicants have amended Claims 7 and 15 to emphasize the web of Claim 1 and the method of Claim 8 further comprise ridges, without seeking to identify the formation of such ridges. Claims 17 and 18 have been amended to recite positive steps: from Claim 10 for Claim 17 and from Page 3, line 12 for Claim 18. Applicants have overcome the §112 rejection.

Obviousness-Type Double Patenting

Applicants traverse the rejection for obviousness-type double patenting of Claim 1 (Claim 2 being canceled) applying Claim 1 of U.S. Pat. No. 5,585,178 (Calhoun et al.) claiming an adhesive tape. Applicants' Claim 1 now clearly claims a surface with a multiple embossed pattern with two different sets of depressions. There are no adhesives claimed in Applicants' Claim 1, just as there are no multiple embossed patterns in Claim 1 of Patent '178. There is nothing in Claim 1 of Patent '178 that render obvious a multiple embossed web that "creates a complex pattern of differing depths of

embossing". (Page 2, lines 22-24 where the definition of "multiple embossed" resides in Applicants' specification). Claim 1 is patentable over Claim 1 of Patent '178.

§102 Rejection Applying U.S. Pat. No. 5,344,681 (Calhoun et al.)

Applicants traverse the rejection of Claims 1, 8, 10-11 because Patent '681 does not disclose the creation of a multiple embossed pattern having a first embossed pattern and a second embossed pattern where depressions of the first embossed pattern are in the second embossed pattern. The Office has correctly stated that two different adhesives are possible according to the teachings of Patent '681. That is true. But Applicants here are claiming two different embossed patterns where the first embossed pattern survives the embossing of the second pattern. See Fig. 2, for an illustration of this patentable point. In Patent '681, there is only one embossed pattern, that can be filled with the same or different adhesives. There are not two embossed patterns as Applicants require in Claims 1 and 8. Therefore, Claims 1, 8, 10-11 are novel over Patent '681.

§102 Rejection Applying U.S. Pat. No. 5,462,765 (Calhoun et al.)

Applicants' Claims 1, 3-8, 10, 13-15, 17 and 18 are also novel over Patent '765. Again, Applicants are claiming a multiple embossed pattern, whereas Patent '765 discloses only a single embossed pattern, regardless of how many different materials occupy different levels of that single embossed pattern. There is nothing in Patent '765 that teaches that one can have two different embossed patterns, where the first pattern survives the embossing of the second pattern to create a complex pattern of differing depths of embossing.

§102 Rejection Applying U.S. Pat. No. 5,449,540 (Calhoun et al.)

Claim 18 is also novel over Patent '540. Claim 18 relies on Claim 1 to provide the structure of the multiple embossed patterns of the surface of the web and provides a method of using where that complex pattern of differing depths of embossing is used by filling such depressions with a liquid. Nothing in Patent '540 (which shares

the same parent specification as Patent '681) discloses multiple embossed patterns in a web.

<u>§103 Rejection Applying Patent '765 and Patent '540 in view of Patent '681</u>

As stated above, Patent '540 and Patent '681 share the same specification because the former is a division of, and the latter is a continuation of Application Serial No. 758,744 filed Sept. 12, 1991, now abandoned. Therefore, Applicants have understood this rejection to be Patent '765 in view of Patent '681.

Neither Patent '765 nor Patent '681 disclose or suggest the construction of a web that has multiple embossed patterns, where the first embossed pattern is in the second embossed pattern, nor the unexpected benefits that result from the ability to form two different sets of depressions. These prior disclosures of inventor Calhoun with others are single-embossed products, even though one or more materials can occupy depressions formed from the single embossing.

This invention unexpectedly has found that the depressions formed during the first embossing step are not lost when the second embossing step is performed. The specification is filled with a variety of possibilities, features, and advantages that result from this unexpected combination of embossed patterns. There are three examples provided beginning at page 12 to rebut any prima facie case of obviousness, which Applicants traverse has been met by citation of single-embossed pattern prior art.

Finally, the Office is invited to review Fig. 3, described on page 7 of the specification and in the Examples, to see how Applicants provide both a pattern 24 of interconnected embossings and a second pattern 26 of embossings. Applicants' invention as claimed in Claims 1, 3-8, 10-15, 17 and 18 are patentable over the combination of Patent '765 and Patent '540 in view of Patent '681.

Applicants have submitted an Information Disclosure Statement as of October 8, 1997 and would appreciate an initialed copy of the cited references in the next mailing to the undersigned.

Applicants have placed their application in condition for allowance.

Applicants request a Notice of Allowance for Claims 1, 3-8, 10-15, 17 and 18.

Respectfully submitted by:

20 January 1998
Date

John H. Hornickel
Registration No. 29,393

3M Office of Intellectual Property Counsel
P.O. Box 33427
St. Paul, Minnesota 55133-3427
Telephone: (612) 733-4998

7

**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, DC 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. |
|---|---|---|---|
| | 96 | CALHOUN | |

HM21/0430

JOHN H HORNICKEL
3M OFFICE OF INTELLECTUAL PROP COUNSEL
P O BOX 33427
ST PAUL MN 55133-3427

| EXAMINER |
|---|
| LEE, L |

| ART UNIT | PAPER NUMBER |
|---|---|
| | |

DATE MAILED: 04/30/98

**Please find below and/or attached an Office communication concerning this application or proceeding.**

Commissioner of Patents and Trademarks

A 0115

PTO-90C (REV. 2/95)

1-File C

U.S. GOVERNMENT PRINTING OFFICE 1995-

| Office Action Summary | Application No. 08/775,736 | Applicant(s) Calhoun et al |
|---|---|---|
| | Examiner Danny Lee | Group Art Unit 1643 |

[X] Responsive to communication(s) filed on *10/14/97, 1/20/98*

[ ] This action is **FINAL.**

[ ] Since this application is in condition for allowance except for formal matters, **prosecution as to the merits is closed** in accordance with the practice under *Ex parte Quayle* 1935 C.D. 11; 453 O.G. 213.

A shortened statutory period for response to this action is set to expire *3* month(s), or thirty days, whichever is longer, from the mailing date of this communication. Failure to respond within the period for response will cause the application to become abandoned. (35 U.S.C. § 133). Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

**Disposition of Claim**

[X] Claim(s) *1, 3-8, 10-15, and 17* is/are pending in the applicat

Of the above, claim(s) ______ is/are withdrawn from consideration

[ ] Claim(s) ______ is/are allowed.

[X] Claim(s) *1, 3-8, 10-15, and 17* is/are rejected.

[ ] Claim(s) ______ is/are objected to.

[ ] Claims ______ are subject to restriction or election requirement.

**Application Papers**

[ ] See the attached Notice of Draftsperson's Patent Drawing Review, PTO-948.

[ ] The drawing(s) filed on ______ is/are objected to by the Examiner.

[ ] The proposed drawing correction, filed on ______ is [ ] approved [ ] disapproved

[ ] The specification is objected to by the Examiner.

[ ] The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. § 119**

[ ] Acknowledgement is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

[ ] All [ ] Some* [ ] None of the CERTIFIED copies of the priority documents have been

[ ] received.

[ ] received in Application No. (Series Code/Serial Number) ______

[ ] received in this national stage application from the International Bureau (PCT Rule 17.2(a))

*Certified copies not received: ______

[ ] Acknowledgement is made of a claim for domestic priority under 35 U.S.C. § 119(e).

**Attachment(s)**

[X] Notice of References Cited, PTO-892

[X] Information Disclosure Statement(s), PTO-1449, Paper No(s). *5*

[ ] Interview Summary, PTO-413

[ ] Notice of Draftsperson's Patent Drawing Review, PTO-948

[ ] Notice of Informal Patent Application, PTO-152

**A 0116**

*— SEE OFFICE ACTION ON THE FOLLOWING PAGES —*

U. S. Patent and Trademark Office
PTO-326 (Rev. 9-95) **Office Action Summary** Part of Paper No *7*

The Group and/or Art Unit location of your application in the PTO has changed. To aid in correlating any papers for this application, all further correspondence regarding this application should be directed to **Group Art Unit 1643 (formerly Art Unit 1815)**.

The Group and/or Art Unit FAX NUMBER has changed to **703-308-3014, 703-305-4242 as of July 7, 1997**. To aid in correlating any papers for this application, all further correspondence regarding this application should be directed to *Group Art Unit 1643*.

Proposed correspondence for Examiner Lee should be faxed to the unofficial number **(703-305-7401-unofficial)**.

1. Receipt is acknowledged of applicant's amendment of Paper No. 6, filed 1/20/98 wherein claims are amended, claims 1, 7, 10, 17, 18, claims 2, 9, 16 are canceled and no new claims are presented. Accordingly, claims 1, 3-8, 11-15, 17 are under consideration in the present application.

2. Claim 18 is rejected under 35 U.S.C. 112, first paragraph, as containing subject matter which was not described in the specification in such a way as to reasonably convey to one skilled in the relevant art that the inventor(s), at the time the application was filed, had possession of the claimed invention. (New Matter)

original claim 18 is drawn to a method of using a web of claim 1 as a final article for storage of another material. Amended claim 18 is drawn to a method of using a web of claim 1 as

a final article for storage of another material comprising the step of filling multiple embossed pattern. The two methods are patentably distinct because original claim 18 can be classified in class 427 or 428 and amended claim 18 can be classified in class 156 or 264. These inventions are distinct for the reasons given above and have acquired a separate status in the art as shown by their different classification. Claim 18 is withdrawn from consideration.

3. The rejection of claims 1 under the judicially created doctrine of obviousness-type double patenting as being unpatentable over claim 1 of U.S. Patent No. 5,585,178 is withdrawn.

4. The rejection of claims 1 and 8, 10-11 under 35 U.S.C. 102(b) as being anticipated by Calhoun et al (U.S. Patent 5,344,681) is withdrawn.

5. The rejection of claims 1, 3-8, 10 and 13-15, 17-18 under 35 U.S.C. 102(b) as being anticipated by Calhoun et al (U.S. Patent 5,462,765) is withdrawn.

6. The rejection of claim 18 is rejected under 35 U.S.C. 102(b) as being anticipated by Calhoun et al (U.S. Patent 5,449,540) is withdrawn.

7. The rejection of claims 1-18 under 35 U.S.C. 103(a) as being unpatentable over Calhoun('765), Calhoun ('540) in view of Calhoun ('681) is withdrawn.

8. It is noted that this application appears to claim subject matter disclosed in prior copending Application No.08/135,915, filed 10/13/93 now U.S. Patent 5,449,540 and Application No.08/5,344,681, filed 10/13/93 now U.S. Patent 5,344,681. A reference to the prior application must be inserted as the first sentence of the specification of this application if applicant intends to rely on the filing date of the prior application under 35 U.S.C. 119(e) or 120. See 37 CFR 1.78(a). Also, the current status of all nonprovisional parent applications referenced should be included.

An application in which the benefits of an earlier application are desired must be copending with the prior application or with an application similarly entitled to the benefit of the filing date of the prior application.

If applicant intends for claim for priority a new oath and amendment to the first line of the specification is required.

Without a claim for priority all of the Calhoun references are available as prior art under 102(e) or 102(b).

9. Claims 1, 3-6, 8, 12-15 are rejected under 35 U.S.C. 102(b) as being anticipated by Lewicki (U.S. Patent 3,887,678).

Lewicki teaches a method and a sheet or web comprising at least one surface (wear layer 26) that has a multiple embossed pattern having a first and second embossed pattern. Lewicki teaches a deeply mechanically embossed region 31 (second embossed pattern) and other minute

textures can be applied to portions of the embossed material, such as texturing 34 (first embossed in area 31 (column 5, lines 52-55). embossing the major area (34) and a minor area (31) wherein the depth can be in the range of 0-12 mils (column 5, lines 46-55; figure II). The examiner is interpreting the texturing of Lewicki as a micro-embossing technique. Lewicki teaches printed pattern, interpreted as polygonal shapes (column 2, lines 14-15).

10. Claim 7 is rejected under 35 U.S.C. 103(a) as being unpatentable over Lewicki et al. Webster define a ridge as a long narrow upper section or crest.

The deep embossing process of Lewicki is made by embossing roll 18, so depending on the gear/pattern on the roll the deep indentation will be repeated (not only the raised areas, but also the depressed areas of the embossed pattern on the embossing roll engaging the wear area of the sheet material: column 4, lines 56-62). The area between the repeated deeply embossed area 31 appear to be a ridge, which Lewicki refers to as a raised area. Lewicki teaches that the raise area can be textured (surface texturing 32) and the texturing 34 in deeply embossed area 31. The examiner is interpreting the texturing process of Lewicki as a micro-embossing technique. Thus, Lewicki teach an embossing pattern in an embossing pattern.

Wilson is relied upon for teaching a ridge which Wilson refers to as a peg (figure 6-7, labeled as 28 and 16, respectively).

It would have been obvious to one of ordinary skill in the art at the time of applicant's invention to obtain the web of Lewicki comprising at least one surface (wear layer 26) that has a

multiple embossed pattern having a first and second embossed pattern. It would have been obvious to one of ordinary skill in the art at the time of applicant's invention to employ a micro-embossing or a secondary embossing roll to create texturing within or in the deeply embossed pattern of Lewicki. The invention is therefore prima facie obvious, absent unexpected results.

11. Claims 1, 3-7 are rejected under 35 U.S.C. 102(b) as being anticipated by EP 0 313766 A2.

EP 0 313766 teaches a film or web wherein the film is first subjected to macro embossing followed by a micro embossing step (column 2, lines 34-55). Claims 1, 3-7 are drafted in the product-by-process format. However, the recitation of a process limitation in claims 1, 3-7 are not viewed as positively limiting the claimed product web comprising a multiple embossed pattern absent a showing that the process of making recited in claims 1, 3-7 impart a novel or unexpected property to the claimed product, as it is assumed that equivalent products are obtainable by multiple routes. The burden is upon the applicants to establish a patentable distinction between the claimed and referenced products. The pattern, shape and width recitation in claims 3-7 are inherent in the micro-embossing technique and the polygonal shape is inherent in the Schreiner pattern (column 5, line 24).

12. Claims 1, 3-7 are rejected under 35 U.S.C. 102(b) as being anticipated by GB 1 543 977.

GB 1 543 977 teaches a sheet or web wherein the sheet is first subjected to shallow emboss followed by a deep emboss step (page 1, column 1, lines 35-41). The pattern, shape and width recitation in claims 3-7 are inherent in the micro-embossing technique and the polygonal shape is inherent in the pattern (figure 4).

13. Claims 8, 12-15 are rejected under 35 U.S.C. 102(b) as being anticipated by GB 1 543 977.

GB 1 543 977 teaches a sheet or web wherein the sheet is first subjected to shallow emboss followed by a deep emboss step (claims 1-2, 5-6). The pattern, shape and width recitation in claims 12-15 are inherent in the micro-embossing technique and the polygonal shape is inherent in the pattern (figure 4).

14. Claims 8, 12-15 are rejected under 35 U.S.C. 102(b) as being anticipated by EP 0 313766 A2.

EP 0 313766 teaches a process of embossing a film or web wherein the film is first subjected to macro embossing followed by a micro embossing step (claims 1, 8-10). The pattern, shape and width recitation in claims 12-15 are inherent in the micro-embossing technique and the polygonal shape is inherent in the Schreiner pattern (column 5, line 24).

15. Claims 10-11, 17 are rejected under 35 U.S.C. 103(a) as being unpatentable over EP 0 313766 as applied to claims 8, 12-15 or GB 1 543 977 as applied to claims 8, 12-15 above, and further in view of Calhoun et al ('681).

Calhoun et al ('681) teaches two adhesives can be combined to get utility not possible from either of the adhesives when used alone (column 7, lines 50-60). Calhoun teaches the depth of the recesses is not critically limited but is normally less than 0.25mm as are the thickness of typical transfer adhesives (column 8, lines 10-13). Calhoun teaches that the three dimensional shape of the recesses can be controlled and tailored to specific applications and that the three dimensional shape have a cross section which may be oval, circular, polygonal, or rectangular (column 8, lines 16-22). Calhoun teaches that the two or more adhesives having different properties may be coated into the same recesses (column 7, lines 55-57). The limitations of claims 10-11 are inherent in the coating step of Calhoun ('681).

It would have been obvious to one of ordinary skill in the art at the time of applicant's invention to utilize the method of GB 1 543 977 or EP 0 313766 for the purpose of texturing the web. It would have been obvious to one of ordinary skill in the art at the time of applicant's invention to fill in the recesses with different substances as taught by Calhoun ('681). The invention as a whole is therefore prima facie obvious, absent unexpected results.

16. Claims 1, 3-4, 8, 12-13 are rejected under 35 U.S.C. 102(b) as being anticipated by Thomas ('919) or Ruppel et al ('464) or Schulz('162)

Claims 1, 8 are silent on the two emboss patterns being on the same ply, thus the examiner is interpreting the claims broadly to include multiple plies brought together such that the multiple embossed pattern can be in-phase or out-of-phase with respect to the primary embossed pattern.

Thomas ('919) teaches two or more embossing station forming repetitive superimposed continuous embossments in the web (claim 1).

Ruppel ('464) teaches big 'bosses' alternating with 'little bosses' are positioned in congruent and tip-to-tip relation with the bosses of the second embossed ply while the big bosses of the first ply are simultaneously positioned between two bosses of the second ply (column 2, lines 15-26; figures 2-5).

Schulz('162) teaches a web having multiple embossed pattern having a first embossed pattern and a second embossed pattern wherein the first pattern is in the second pattern (figures 3, 6, 8; columns 2-4; claims 1-18).

No claims are allowed.

Papers relating to this application may be submitted to Group 1600 by facsimile transmission. Papers should be faxed to Group 1600 located in Crystal Mall 1. The Fax number for Art Unit 1643 is (703) 305-3014. All Group 1600 Fax machines will be available to receive transmissions 24 hrs/day, 7 days/wk. Please note that the faxing of such papers must conform with the Notice published in the Official Gazette, 1096 OG 30, (November 15, 1989).

Any inquiry concerning this communication or earlier communications from the Examiner should be directed to ***Danny Lee*** whose telephone number is ***(703) 305-7245.*** The Examiner can normally be reached on Monday-Friday from 8:00 AM-4:30 PM.

If attempts to reach the Examiner by telephone are unsuccessful, the Examiner's supervisor, ***Marian Knode***, can be reached at ***(703) 308-4311.***

Any inquiry of a general nature or relating to the status of this application should be directed to the Group receptionist whose telephone number is (703) 308-0196.

Danny Lee
April 29, 1998

Marian C Knode

MARIAN C. KNODE
SUPERVISORY PATENT EXAMINER
GROUP ~~1800~~ 16

A 0125

| *Notice of References Cited* | Application No. 08/775,736 | Applicant(s) Calhoun et al | |
|---|---|---|---|
| | Examiner Danny Lee | Group Art Unit 1643 | Page 1 of 1 |

**U.S. PATENT DOCUMENTS**

| | | DOCUMENT NO. | DATE | NAME | CLASS | SUBCLASS |
|---|---|---|---|---|---|---|
| | A | 3,611,919 | 10/12/71 | Thomas | 101 | 23 |
| | B | 5,382,464 | 01/17/95 | Ruppel et al | 428 | 172 |
| | C | 4,320,162 | 03/16/82 | Schultz | 428 | 154 |
| | D | | | | | |
| | E | | | | | |
| | F | | | | | |
| | G | | | | | |
| | H | | | | | |
| | I | | | | | |
| | J | | | | | |
| | K | | | | | |
| | L | | | | | |
| | M | | | | | |

**FOREIGN PATENT DOCUMENTS**

| | | DOCUMENT NO. | DATE | COUNTRY | NAME | CLASS | SUBCLASS |
|---|---|---|---|---|---|---|---|
| | N | | | | | | |
| | O | | | | | | |
| | P | | | | | | |
| | Q | | | | | | |
| | R | | | | | | |
| | S | | | | | | |
| | T | | | | | | |

**NON-PATENT DOCUMENTS**

| | | DOCUMENT (Including Author, Title, Source, and Pertinent Pages) | DATE |
|---|---|---|---|
| | U | | |
| | V | | |
| | W | | |
| | X | | |

**A 0126**

U.S. Patent and Trademark Office
PTO-892 (Rev. 9-95)

Notice of References Cited

Part of Paper No 7

8

UNITED STATES DEPARTMENT OF COMMERCE
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO |
|---|---|---|---|
| 08/775,736 | | | |

| EXAMINER |
|---|
| |

| ART UNIT | PAPER NUMBER |
|---|---|
| | 8 |

DATE MAILED:

## INTERVIEW SUMMARY

All participants (applicant, applicant's representative, PTO personnel):

(1) John Hornickel (3) Danny Lee

(2) Gerald O McGlothlen (4) Marihan Knode

Date of Interview 7/30/98

Type: ☐ Telephonic ☒ Personal (copy is given to ☐ applicant ☐ applicant's representative).

Exhibit shown or demonstration conducted: ☒ Yes ☐ No If yes, brief description: The application of the claimed final article onto the plastic surface - & removal of air bubbles

Agreement ☐ was reached. ☒ was not reached.

Claim(s) discussed: all pending

Identification of prior art discussed: Calhoun et al

Description of the general nature of what was agreed to if an agreement was reached, or any other comments: Applicant's representative will amend claims to put in additional limitation to distinguish over the prior art.

(A fuller description, if necessary, and a copy of the amendments, if available, which the examiner agreed would render the claims allowable must be attached. Also, where no copy of the amendments which would render the claims allowable is available, a summary thereof must be attached.)

1. ☐ It is not necessary for applicant to provide a separate record of the substance of the interview.

Unless the paragraph above has been checked to indicate to the contrary, A FORMAL WRITTEN RESPONSE TO THE LAST OFFICE ACTION IS NOT WAIVED AND MUST INCLUDE THE SUBSTANCE OF THE INTERVIEW. (See MPEP Section 713.04). If a response to the last Office action has are ready been filed, APPLICANT IS GIVEN ONE MONTH FROM THIS INTERVIEW DATE TO FILE A STATEMENT OF THE SUBSTANCE OF THE INTERVIEW.

2. ☐ Since the Examiner's interview summary above (including any attachments) reflects a complete response to each of the objections, rejections and requirements that may be present in the last Office action, and since the claims are now allowable, this completed form is considered to fulfill the response requirements of the last Office action. Applicant is not relieved from providing a separate record of the interview unless box 1 above is also checked.

Examiner Note: You must sign this form unless it is an attachment to another form.

FORM PTOL-413 (REV.1-96)

[signature]

A 0127

9

8.4.98

Patent
Docket No.: 52773USA5A

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re Application of: Clyde D. Calhoun and David C. Koskenmaki | |
| Serial No.: 08/775,736<br>Filed: December 31, 1996 | Group Art Unit: 1643<br>Examiner: D. Lee |
| For: MULTIPLE EMBOSSED WEBS | VIA FAX: 703-305-3014 |

14C1

**AMENDMENT, RESPONSE AND REQUEST FOR EXTENSION OF TIME**

Assistant Commissioner for Patent
Washington D.C. 20231

Dear Sir:

In response to the Office Action mailed April 30, 1998, Applicants amend their claims, submit remarks, and request reconsideration of their application as amended.

Applicants also request a One Month Extension of Time to respond to the Office Action until August 30, 1998 and request the Office to charge Deposit Account 13-3723 in the amount of $110 to cover the fee for such extension.

<u>In the Claims</u>

Please amend Claim 1 as follows:

1. (Twice Amended) A carrier web, comprising:

I hereby certify that this paper is being facsimile transmitted to the United States Patent and Trademark Office on the date shown below:

Date: 3 August 1998 Signed: John H. Hornickel
John H. Hornickel, Reg. No. 29,393

08/12/1998 BFRIESON 00000001 133723 08775736
01 FC:115 110.00 CH

A 0128

at least one surface that has a multiple embossed pattern having a first embossed pattern and a second embossed pattern, wherein the first embossed pattern forms an array of depressions, wherein the depressions of the first embossed pattern are in the second embossed pattern, wherein the second embossed pattern comprises lands and ridges between the lands, and wherein the height of the ridges over the lands ranges from about 3 to about 45 µm.

Please cancel Claim 7 without bias or prejudice.

Please amend Claim 8 as follows:

10 8. (Amended) A method of embossing, comprising the steps of:

(a) embossing a carrier web having at least one surface with a first pattern, to create a first pattern of depressions;

(b) embossing the surface with a second pattern, to create a second pattern of depressions comprising lands and ridges;

wherein the depressions created from the first embossing step are substantially preserved during the second embossing step even though the second embossing step superimposes the second pattern on the depressions created by the first embossing step, and wherein the height of the ridges over the lands ranges from about 3 to about 45 µm.

Please cancel the second Claim 11 appearing on page 17.

In Claim 13, line 2, after "radius of", please add -- curvature -- .

Please cancel Claim 18 without bias or prejudice.

**Remarks**

The Undersigned appreciated the opportunity with Mr. McGlothlen to meet with the Examiners on July 30, 1998. The Interview Summary correctly describes the discussion and the presentation of a comparison between a sample of commercially

available adhesive-backed graphic material that can lead to trapped bubbles of air with a sample of a carrier web of the present invention that forms patterns of air egress on adhesive-backed graphic material that can easily dissipate trapped bubbles of air. A piece of the latter sample was provided for the Office file for further review.

Independent Claim 1 has been amended by incorporating the subject matter of Claim 7, now cancelled and from the specification at page 7, lines 23-27 and page 9, lines 19-20. Independent Claim 8 has been similarly amended. Claim 18 has been cancelled because it has been withdrawn from consideration.

Applicants reiterate their position taken during the Interview that there is no interest or opportunity to claim copendency with the various co-assigned Calhoun et al. patents, upon which prior rejections had been withdrawn.

Amendments to Claims 1 and 8 overcome the rejections citing Lewicki, EP 0 313 766 publication, and GB 1 543 977 publication. Each of these three references are concerned with a series of multiple depressions where the larger surface area depressions are almost an order of magnitude larger than the height range claimed between ridges and lands that comprise the result of the second embossing pattern or step, respectively, of Claims 1 and 8: from about 3 to about 45 micrometers.

Expressed in micrometers, Lewicki teaches depressions of a minimum of 254 micrometers (10 mils) at Col. 5, line 51; EP 0 313 766 teaches projections of at least 300 micrometers (0.3 mm) at Col. 4, line 40; and GB 1,543,977 teaches a minimum of 381 micrometers (0.015 inches) at Page 3, line 45. Even the teaching of Calhoun et al. '681 used as a secondary reference for the rejection of some claims in Col. 8, line 12 is normally not less than 250 micrometers (0.25 mm).

Applicants have found two Claims numbered 11 and cancelled the second one. Applicants have also amended Claim 13 to correct a missing word.

As now claimed, Applicants' pending Claims 1, 3-6, 8, 11-15, and 17 are in condition for allowance. Applicants request a Notice of Allowance. If there are any matters that prevent a Notice of Allowance, the Examiner is invited to contact the Undersigned by telephone.

08/775,736
Calhoun et al.
GAU: 1643 (D. Lee)

Respectfully submitted by:

3 August 1998
Date

John H. Hornickel
Registration No. 29,393

3M Office of Intellectual Property Counsel
P.O. Box 33427
St. Paul, Minnesota 55133-3427
Telephone: (651) 733-4998

10

| Notice of Allowability | Application No. 08/775,736 | Applicant(s) Calhoun et al |
| --- | --- | --- |
| | Examiner Danny Lee | Group Art Unit 1643 |

All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance and Issue Fee Due or other appropriate communication will be mailed in due course.

☒ This communication is responsive to 8/4/98

☒ The allowed claim(s) is/are 1, 3-6, 8, 10, 11, 13-15, and 17, renumbered claims 1-12, respectively

☐ The drawings filed on ______ are acceptable.

☐ Acknowledgement is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

☐ All ☐ Some* ☐ None of the CERTIFIED copies of the priority documents have been

☐ received.

☐ received in Application No. (Series Code/Serial Number) ______

☐ received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

*Certified copies not received: ______

☐ Acknowledgement is made of a claim for domestic priority under 35 U.S.C. § 119(e).

A SHORTENED STATUTORY PERIOD FOR RESPONSE to comply with the requirements noted below is set to EXPIRE THREE MONTHS FROM THE "DATE MAILED" of this Office action. Failure to timely comply will result in ABANDONMENT of this application. Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

☐ Note the attached EXAMINER'S AMENDMENT or NOTICE OF INFORMAL APPLICATION, PTO-152, which discloses that the oath or declaration is deficient. A SUBSTITUTE OATH OR DECLARATION IS REQUIRED.

☒ Applicant MUST submit NEW FORMAL DRAWINGS

☐ because the originally filed drawings were declared by applicant to be informal.

☒ including changes required by the Notice of Draftsperson's Patent Drawing Review, PTO-948, attached hereto or to Paper No. 10.

☐ including changes required by the proposed drawing correction filed on ______, which has been approved by the examiner.

☐ including changes required by the attached Examiner's Amendment/Comment.

**Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the reverse side of the drawings. The drawings should be filed as a separate paper with a transmittal letter addressed to the Official Draftsperson.**

☐ Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

Any response to this letter should include, in the upper right hand corner, the APPLICATION NUMBER (SERIES CODE/SERIAL NUMBER). If applicant has received a Notice of Allowance and Issue Fee Due, the ISSUE BATCH NUMBER and DATE of the NOTICE OF ALLOWANCE should also be included.

**Attachment(s)**

☐ Notice of References Cited, PTO-892

☐ Information Disclosure Statement(s), PTO-1449, Paper No(s). ______

☒ Notice of Draftsperson's Patent Drawing Review, PTO-948

☐ Notice of Informal Patent Application, PTO-152

☐ Interview Summary, PTO-413

☐ Examiner's Amendment/Comment

☐ Examiner's Comment Regarding Requirement for Deposit of Biological Material

☒ Examiner's Statement of Reasons for Allowance

U.S. Patent and Trademark Office
PTO-37 (Rev. 9-95)

Notice of Allowability

Part of Paper No. 10

A 0132

1. The application having been allowed, formal drawings are required in response to this Office action. See attached PTO-948.

2. The following is an examiner's statement of reasons for allowance:

This application was reviewed to determine whether the rejections remain tenable in view of recent court decisions and examination guidelines promulgated by the PTO. During the course of the review, it was determined that allowable subject matter is present. The reasons for withdrawing the rejections of record are as follows: The prior art does not suggest or teach a carrier web with ridges and land that ranges from about 3 to 45 µm.

Any comments considered necessary by applicant must be submitted no later than the payment of the issue fee and, to avoid processing delays, should preferably accompany the issue fee. Such submissions should be clearly labeled "Comments on Statement of Reasons for Allowance."

Papers relating to this application may be submitted to Group 1600 by facsimile transmission. Papers should be faxed to Group 1600 located in Crystal Mall 1. The Fax number for Art Unit 1643 is (703) 305-3014. All Group 1600 Fax machines will be available to receive transmissions 24 hrs/day, 7 days/wk. Please note that the faxing of such papers must conform with the Notice published in the Official Gazette, 1096 OG 30, (November 15, 1989).

Any inquiry concerning this communication or earlier communications from the Examiner should be directed to ***Danny Lee*** whose telephone number is ***(703) 305-7245.*** The Examiner can normally be reached on Monday-Friday from 8:30AM-5:00 PM.

If attempts to reach the Examiner by telephone are unsuccessful, the Examiner's supervisor, ***Lynette Smith***, can be reached at ***(703) 308-3909.***

Any inquiry of a general nature or relating to the status of this application should be directed to the Group receptionist whose telephone number is (703) 308-0196.

Danny Lee
October 17, 1998
C:\STUFF\AMEND\08775736.ALW

L.F. Smith
LYNETTE F. SMITH
PRIMARY EXAMINER
GROUP 1800

UNITED STATES DEPARTMENT OF COMMERCE
Patent and Trademark Office

## NOTICE OF ALLOWANCE AND ISSUE FEE DUE

HM21/1029

JOHN H HORNICKEL
3M OFFICE OF INTELLECTUAL PROP COUNSEL
P O BOX 33427
ST PAUL MN 55133-3427

| APPLICATION NO. | FILING DATE | TOTAL CLAIMS | EXAMINER AND GROUP ART UNIT | | DATE MAILED |
|---|---|---|---|---|---|
| 08/775,736 | 12/31/96 | 012 | LEE, D | 1643 | 10/29/98 |

First Named Applicant: CALHOUN, 35 USC 154(b) term ext. = 0 Days.

TITLE OF INVENTION: MULTIPLE EMBOSSED WEBS

| ATTY'S DOCKET NO. | CLASS-SUBCLASS | BATCH NO. | APPLN. TYPE | SMALL ENTITY | FEE DUE | DATE DUE |
|---|---|---|---|---|---|---|
| 1 52773USA5A | 428-041.800 | L03 | UTILITY | NO | $1320.00 | 01/29/99 |

***THE APPLICATION IDENTIFIED ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT. <u>PROSECUTION ON THE MERITS IS CLOSED.</u>***

***THE ISSUE FEE MUST BE PAID WITHIN <u>THREE MONTHS</u> FROM THE MAILING DATE OF THIS NOTICE OR THIS APPLICATION SHALL BE REGARDED AS ABANDONED. <u>THIS STATUTORY PERIOD CANNOT BE EXTENDED.</u>***

### *HOW TO RESPOND TO THIS NOTICE:*

I. Review the SMALL ENTITY status shown above.

If the SMALL ENTITY is shown as YES, verify your current SMALL ENTITY status:

A. If the status is changed, pay twice the amount of the FEE DUE shown above and notify the Patent and Trademark Office of the change in status, or

B. If the status is the same, pay the FEE DUE shown above.

If the SMALL ENTITY is shown as NO:

A. Pay FEE DUE shown above, or

B. File verified statement of Small Entity Status before, or with, payment of 1/2 the FEE DUE shown above.

II. Part B-Issue Fee Transmittal should be completed and returned to the Patent and Trademark Office (PTO) with your ISSUE FEE. Even if the ISSUE FEE has already been paid by charge to deposit account, Part B Issue Fee Transmittal should be completed and returned. If you are charging the ISSUE FEE to your deposit account, section "4b" of Part B-Issue Fee Transmittal should be completed and an extra copy of the form should be submitted.

III. All communications regarding this application must give application number and batch number. Please direct all communications prior to issuance to Box ISSUE FEE unless advised to the contrary.

***IMPORTANT REMINDER: Utility patents issuing on applications filed on or after Dec. 12, 1980 may require payment of maintenance fees. It is patentee's responsibility to ensure timely payment of maintenance fees when due.***

A 0135

PATENT AND TRADEMARK OFFICE COPY

PTOL-85 (REV. 10/96) Approved for use through 06/30/99. (0651-0033)

*U.S. GPO: 1998-437-639/80023

Form PTO 948 (Rev. 10-94) U.S. DEPARTMENT OF COMMERCE - Patent and Trademark Office Application No. 775736

# NOTICE OF DRAFTSPERSON'S PATENT DRAWING REVIEW

PTO Draftpersons review all originally filed drawings regardless of whether they are designated as formal or informal. Additionally, patent Examiners will review the drawings for compliance with the regulations. Direct telephone inquiries concerning this review to the Drawing Review Branch, 703-305-8404.

The drawings filed (insert date) 12/31/96 are
A. ___ not objected to by the Draftsperson under 37 CFR 1.84 or 1.152.
B. ✓ objected to by the Draftsperson under 37 CFR 1.84 or 1.152 as indicated below. The Examiner will require submission of new, corrected drawings when necessary. Corrected drawings must be submitted according to the instructions on the back of this Notice.

1. DRAWINGS. 37 CFR 1.84(a): Acceptable categories of drawings: Black ink. Color.
   - ___ Not black solid lines. Fig(s) ___
   - ___ Color drawings are not acceptable until petition is granted. Fig(s) ___
2. PHOTOGRAPHS. 37 CFR 1.84(b)
   - ✓ Photographs are not acceptable until petition is granted. Fig(s) 3
   - ___ Photographs not properly mounted (must use brystol board or photographic double-weight paper). Fig(s) ___
   - ___ Poor quality (half-tone). Fig(s) ___
3. GRAPHIC FORMS. 37 CFR 1.84 (d)
   - ___ Chemical or mathematical formula not labeled as separate figure. Fig(s) ___
   - ___ Group of waveforms not presented as a single figure, using common vertical axis with time extending along horizontal axis. Fig(s) ___
   - ___ Individuals waveform not identified with a separate letter designation adjacent to the vertical axis. Fig(s) ___
4. TYPE OF PAPER. 37 CFR 1.84(e)
   - ___ Paper not flexible, strong, white, smooth, nonshiny, and durable. Sheet(s) ___
   - ___ Erasures, alterations, overwritings, interlineations, cracks, creases, and folds copy machine marks not accepted. Fig(s) ___
   - ___ Mylar, velum paper is not acceptable (too thin). Fig(s) ___
5. SIZE OF PAPER. 37 CFR 1.84(f): Acceptable sizes:
   - 21.6 cm. by 35.6 cm. (8 1/2 by 14 inches)
   - 21.6 cm. by 33.1 cm. (8 1/2 by 13 inches)
   - 21.6 cm. by 27.9 cm. (8 1/2 by 11 inches)
   - 21.0 cm. by 29.7 cm. (DIN size A4)
   - ___ All drawing sheets not the same size. Sheet(s) ___
   - ___ Drawing sheet not an acceptable size. Sheet(s) ___
6. MARGINS. 37 CFR 1.84(g): Acceptable margins:

Paper size

| | 21.6 cm. X 35.6 cm. (8 1/2 X 14 inches) | 21.6 cm X 33.1 cm. (8 1/2 X 13 inches) | 21.6 cm. X 27.9 cm. (8 1/2 X 11 inches) | 21.0 cm. X 29.7 cm. (DIN Size A4) |
|---|---|---|---|---|
| T | 5.1 cm. (2") | 2.5 cm. (1") | 2.5 cm. (1") | 2.5 cm. |
| L | .64 cm. (1/4") | .64 cm. (1/4") | .64 cm. (1/4") | 2.5 cm. |
| R | .64 cm. (1/4") | .64 cm. (1/4") | .64 cm. (1/4") | 1.5 cm. |
| B | .64 cm. (1/4") | .64 cm. (1/4") | .64 cm. (1/4") | 1.0 cm. |

Margins do not conform to chart above.
Sheet(s) ___
___ Top (T) ✓ Left (L) ___ Right (R) ___ Bottom (B)

7. VIEWS. 37 CFR 1.84(h)
   REMINDER: Specification may require revision to correspond to drawing changes.
   - ___ All views not grouped together. Fig(s) ___
   - ___ Views connected by projection lines or lead lines. Fig(s) ___
   - Partial views. 37 CFR 1.84(h) 2
   - ___ View and enlarged view not labled separatly or properly. Fig(s) ___
   - Sectional views. 37 CFR 1.84 (h) 3
   - ___ Hatching not indicated for sectional portions of an object. Fig(s) ___
   - ___ Cross section not drawn same as view with parts in cross section with regularly spaced parallel oblique strokes. Fig(s) ___
8. ARRANGEMENT OF VIEWS. 37 CFR 1.84(i)
   - ___ Words do not appear on a horizontal, left-to-right fashion when page is either upright or turned so that the top becomes the right side, except for graphs. Fig(s) ___
9. SCALE. 37 CFR 1.84(k)
   - ___ Scale not large enough to show mechanism with crowding when drawing is reduced in size to two-thirds in reproduction. Fig(s) ___
   - ___ Indication such as "actual size" or scale 1/2" not permitted. Fig(s) ___
10. CHARACTER OF LINES, NUMBERS, & LETTERS. 37 CFR 1.84(l)
    - ✓ Lines, numbers & letters not uniformly thick and well defined, clean, durable, and black (except for color drawings). Fig(s) 1-3
11. SHADING. 37 CFR 1.84(m)
    - ✓ Solid black shading areas not permitted. Fig(s) 1-2
    - ___ Shade lines, pale, rough and blurred. Fig(s) ___
12. NUMBERS, LETTERS, & REFERENCE CHARACTERS. 37 CFR 1.84(p)
    - ✓ Numbers and reference characters not plain and legible. 37 CFR 1.84(p)(1) Fig(s) 1-3
    - ___ Numbers and reference characters not oriented in same direction as the view. 37 CFR 1.84(p)(1) Fig(s) ___
    - ___ English alphabet not used. 37 CFR 1.84(p)(2) Fig(s) ___
    - ___ Numbers, letters, and reference characters do not measure at least .32 cm. (1/8 inch) in height. 37 CFR(p)(3) Fig(s) ___
13. LEAD LINES. 37 CFR 1.84(q)
    - ___ Lead lines cross each other. Fig(s) ___
    - ___ Lead lines missing. Fig(s) ___
14. NUMBERING OF SHEETS OF DRAWINGS. 37 CFR 1.84(t)
    - ___ Sheets not numbered consecutively, and in Arabic numerals, beginning with number 1. Sheet(s) ___
15. NUMBER OF VIEWS. 37 CFR 1.84(u)
    - ___ Views not numbered consecutively, and in Arabic numerals, beginning with number 1. Fig(s) ___
    - ___ View numbers not preceded by the abbreviation Fig. Fig(s) ___
16. CORRECTIONS. 37 CFR 1.84(w)
    - ___ Corrections not made from prior PTO-948. Fig(s) ___
17. DESIGN DRAWING. 37 CFR 1.152
    - ___ Surface shading shown not appropriate. Fig(s) ___
    - ___ Solid black shading not used for color contrast. Fig(s) ___

COMMENTS:

A 0136

10 REVIEWER Tang DATE 5/9/97

11

OFFICE OF PUBLICATIONS
NOTICE OF ALLOWANCE MAILED
ISSUE BATCH NO. I03

Patent
Docket No. 52773USA5A

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of:

Clyde D. Calhoun; David C. Koskenmaki

Serial No.: 08/775,736
Filed: December 31, 1996
For: MULTIPLE EMBOSSED WEBS

Group Art Unit 1643
Examiner: Danny Lee

RECEIVED JAN 04 1999

**SUBMISSION OF FORMAL DRAWINGS**

Assistant Commissioner for Patents
Washington, D.C. 20231

Dear Sir:

In response to the Notice of Allowability mailed October 29, 1998 applicants submit formal drawings for consideration and approval by the Office.

Respectfully submitted by:

28 December 1998
Date

John H. Hornickel
Registration No. 29,393

3M Office of Intellectual Property Counsel
P.O. Box 33427
St. Paul, Minnesota 55133-3427
Telephone: (651) 733-4998

Enclosures

I hereby certify that this correspondence is being deposited with the United States Postal Service as First Class Mail in an envelope addressed to: Assistant Commissioner for Patents, Washington, D.C. 20231 on:

28 December 1998
Date

Signed
John H. Hornickel, Reg. No. 29,393

A 0137

5897930

775, 73.




FIG. 1




FIG. 2




FIG.3

PART B—ISSUE FEE TRANSMITTAL

Complete and mail this form, together w... fees, to: Box ISSUE FEE, Assistant Commissioner for Patents, Washington, D.C. 20231

MAILING INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE. Blocks 1 through 4 should be completed where appropriate. All further correspondence including the Issue Fee Receipt, the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Legibly mark-up with any corrections or use Block 1)

Note: The certificate of mailing below can only be used for domestic mailings of the Issue Fee Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing.

RECEIVED ... 1999

**Certificate of Mailing**

I hereby certify that this Issue Fee Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Box Issue Fee address above on the date indicated below.

Indira Suri (Depositor's name)

Indira Suri (Signature)

12/28/98 (Date)

| APPLICATION NO. | FILING DATE | TOTAL CLAIMS | EXAMINER AND GROUP ART UNIT | DATE MAILED |
|---|---|---|---|---|
| 08/776,736 | 12/31/96 | 012 | LEE, R | |

First Named Applicant: CALHOUN, Clyde D.

TITLE OF INVENTION: MULTIPLE EMBOSSED WEBS

| ATTY'S DOCKET NO. | CLASS-SUBCLASS | BATCH NO. | APPLN. TYPE | SMALL ENTITY | FEE DUE | DATE DUE |
|---|---|---|---|---|---|---|
| ...1855A | 428-041.000 | | | | | |

1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363). Use of PTO form(s) and Customer Number are recommended, but not required.

☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.

☐ "Fee Address" indication (or "Fee Address" indication form PTO/SB/47) attached.

2. For printing on the patent front page, list (1) the names of up to 3 registered patent attorneys or agents OR, alternatively, (2) the name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1 Gary L. Griswold
2 John H. Hornickel
3

3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. Inclusion of assignee data is only appropriate when an assignment has been previously submitted to the PTO or is being submitted under separate cover. Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE

Minnesota Mining And Manufacturing Company

(B) RESIDENCE: (CITY & STATE OR COUNTRY)

St Paul Minnesota

Please check the appropriate assignee category indicated below (will not be printed on the patent) ☐ individual ☐ corporation or other private group entity ☐ government

4a. The following fees are enclosed (make check payable to Commissioner of Patents and Trademarks):

☐ Issue Fee

☐ Advance Order - # of Copies ______

4b. The following fees or deficiency in these fees should be charged to:

DEPOSIT ACCOUNT NUMBER 13-3723

(ENCLOSE AN EXTRA COPY OF THIS FORM)

☒ Issue Fee

☒ Advance Order - # of Copies 10

The COMMISSIONER OF PATENTS AND TRADEMARKS IS requested to apply the Issue Fee to the application identified above.

(Authorized Signature) John H. Hornickel/29,393 (Date) 12/28/98

01/12/1999 TLUU11 00000064 133723 08775736

01 FC:142 1210.00 CH
02 FC:561 30.00 CH

NOTE: The Issue Fee will not be accepted from anyone other than the applicant; a registered attorney or agent; or the assignee or other party in interest as shown by the records of the Patent and Trademark Office.

Burden Hour Statement: This form is estimated to take 0.2 hours to complete. Time will vary depending on the needs of the individual case. Any comments on the amount of time required to complete this form should be sent to the Chief Information Officer, Patent and Trademark Office, Washington, D.C. 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND FEES AND THIS FORM TO: Box Issue Fee, Assistant Commissioner for Patents, Washington D.C. 20231

Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

TRANSMIT THIS FORM WITH FEE

PTOL-85B (REV.10-96) Approved for use through 06/30/99. OMB 0651-0033

Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE

A 0140

12

PTO UTILITY GRANT

Paper Number 12

# The United States of America

## The Commissioner of Patents and Trademarks

*Has received an application for a patent for a new and useful invention. The title and description of the invention are enclosed. The requirements of law have been complied with, and it has been determined that a patent on the invention shall be granted under the law.*

*Therefore, this*

## United States Patent

*Grants to the person(s) having title to this patent the right to exclude others from making, using, offering for sale, or selling the invention throughout the United States of America or importing the invention into the United States of America for the term set forth below, subject to the payment of maintenance fees as provided by law.*

*If this application was filed prior to June 8, 1995, the term of this patent is the longer of seventeen years from the date of grant of this patent or twenty years from the earliest effective U.S. filing date of the application, subject to any statutory extension.*

*If this application was filed on or after June 8, 1995, the term of this patent is twenty years from the U.S. filing date, subject to any statutory extension. If the application contains a specific reference to an earlier filed application or applications under 35 U.S.C. 120, 121 or 365(c), the term of the patent is twenty years from the date on which the earliest application was filed, subject to any statutory extension.*

Bruce Lehman

Commissioner of Patents and Trademarks

Attest [signature]

Form PTO-1584 (Rev. 3/97)

A 0141

PATENT APPLICATION SERIAL NO. 08/775736

U.S. DEPARTMENT OF COMMERCE
PATENT AND TRADEMARK OFFICE
FEE RECORD SHEET

250 WJ 13-3723 02/05/97 08775736
25012 101 950.00CH 52730B050

PTO-1556
(5/87)

A 0141-a

STAPLE AREA

U.S. GOVERNMENT PRINTING OFFICE

| PATENT NUMBER | ORIGINAL CLASSIFICATION | | JP AU 1771 |
|---|---|---|---|
| | CLASS 428 | SUBCLASS 41.8 | |

APPLICATION SERIAL NUMBER
08/775736

APPLICANT'S NAME (PLEASE PRINT)
Calhoun et al

IF REISSUE, ORIGINAL PATENT NUMBER

INTERNATIONAL CLASSIFICATION

**CROSS REFERENCE(S)**

| CLASS | SUBCLASS (ONE SUBCLASS PER BLOCK) | | | |
|---|---|---|---|---|
| 428 | 156 | 220 | | |

GROUP ART UNIT: 1643

ASSISTANT EXAMINER (PLEASE STAMP OR PRINT FULL NAME): DATQUAN LEE

PRIMARY EXAMINER (PLEASE STAMP OR PRINT FULL NAME): Lynette F. Smith

PTO 270 (REV. 5-91) ISSUE CLASSIFICATION SLIP

U.S. DEPARTMENT OF COMMERCE
PATENT AND TRADEMARK OFFICE

A 0142

Form PTO 1130

U.S. DEPARTMENT OF COMMERCE
Patent and Trademark Office

## PACE DATA ENTRY CODING SHEET

| 1ST EXAMINER | G.W. | DATE | 3-13 |
|---|---|---|---|
| 2ND EXAMINER | [illegible] | DATE | 4-22-97 |

| APPLICATION NUMBER | TYPE APPL | FILING DATE (MONTH DAY YEAR) | SPECIAL HANDLING | GROUP ART UNIT | CLASS | SHEETS OF DRAWING |
|---|---|---|---|---|---|---|
| 08/775736 | 1 | 12 31 96 | U | 1315 | 428 | - - 2 |

| TOTAL CLAIMS | INDEPENDENT CLAIMS | SMALL ENTITY? | FILING FEE | FOREIGN LICENSE | ATTORNEY DOCKET NUMBER |
|---|---|---|---|---|---|
| 18 | 4 | 0 | -98Ø | Y | 52773US A5A |

### CONTINUITY DATA

| CONT CODE | STATUS CODE | PARENT APPLICATION SERIAL NUMBER | PCT APPLICATION SERIAL NUMBER | PARENT PATENT NUMBER | PARENT FILING DATE (MONTH DAY) |
|---|---|---|---|---|---|
| | | | PCT/ / | | |
| | | | PCT/ / | | |
| | | | PCT/ / | | |
| | | | PCT/ / | | |
| | | | PCT/ / | | |

### PCT/FOREIGN APPLICATION DATA

| FOREIGN PRIORITY CLAIMED | COUNTRY CODE | PCT/FOREIGN APPLICATION SERIAL NUMBER | FOREIGN FILING DATE (MONTH DAY YEAR) |
|---|---|---|---|
| | | | |

A 0143

## PATENT APPLICATION FEE DETERMINATION RECORD

Effective October 1, 1996

Application or Docket Number: 08/775 736

### CLAIMS AS FILED - PART I

| FOR | NUMBER FILED (Column 1) | | NUMBER EXTRA (Column 2) | SMALL ENTITY RATE | SMALL ENTITY FEE | OR | OTHER THAN SMALL ENTITY RATE | OTHER THAN SMALL ENTITY FEE |
|---|---|---|---|---|---|---|---|---|
| BASIC FEE | | | | | 385.00 | OR | | 770.00 |
| TOTAL CLAIMS | 18 | minus 20 = | * | x$11= | | OR | x$22= | |
| INDEPENDENT CLAIMS | 4 | minus 3 = | * 1 | x40= | | OR | x80= | 80 |
| MULTIPLE DEPENDENT CLAIM PRESENT | | | | +130= | | OR | +260= | |
| | | | | TOTAL | | OR | TOTAL | 850 |

* If the difference in column 1 is less than zero, enter "0" in column 2

### CLAIMS AS AMENDED - PART II

**AMENDMENT A**

| | CLAIMS REMAINING AFTER AMENDMENT (Column 1) | | HIGHEST NUMBER PREVIOUSLY PAID FOR (Column 2) | PRESENT EXTRA (Column 3) | SMALL ENTITY RATE | ADDITIONAL FEE | OR | OTHER THAN SMALL ENTITY RATE | ADDITIONAL FEE |
|---|---|---|---|---|---|---|---|---|---|
| Total | * 14 | Minus | ** 20 | = | x$11= | | OR | x$22= | |
| Independent | * 2 | Minus | *** 4 | = | x40= | | OR | x80= | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | | +130= | | OR | +260= | |
| | | | | | TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

**AMENDMENT B**

| | CLAIMS REMAINING AFTER AMENDMENT (Column 1) | | HIGHEST NUMBER PREVIOUSLY PAID FOR (Column 2) | PRESENT EXTRA (Column 3) | SMALL ENTITY RATE | ADDITIONAL FEE | OR | OTHER THAN SMALL ENTITY RATE | ADDITIONAL FEE |
|---|---|---|---|---|---|---|---|---|---|
| Total | * | Minus | ** | = | x$11= | | OR | x$22= | |
| Independent | * | Minus | *** | = | x40= | | OR | x80= | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | | +130= | | OR | +260= | |
| | | | | | TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

**AMENDMENT C**

| | CLAIMS REMAINING AFTER AMENDMENT (Column 1) | | HIGHEST NUMBER PREVIOUSLY PAID FOR (Column 2) | PRESENT EXTRA (Column 3) | SMALL ENTITY RATE | ADDITIONAL FEE | OR | OTHER THAN SMALL ENTITY RATE | ADDITIONAL FEE |
|---|---|---|---|---|---|---|---|---|---|
| Total | * | Minus | ** | = | x$11= | | OR | x$22= | |
| Independent | * | Minus | *** | = | x40= | | OR | x80= | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | | +130= | | OR | +260= | |
| | | | | | TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20."
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3."
The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

FORM PTO-875 (Rev. 10/96) *U.S. Government Printing Office: 1996 - 413-288/49191 Patent and Trademark Office, U.S. DEPARTMENT OF COMMERCE

A 0144

## SEARCHED

| Class | Sub. | Date | Exmr. |
|---|---|---|---|
| 428 | 42, 202<br>343, 345<br>352, 354<br>40, 173<br>200, 214<br>906, 144<br>148, 317.5 | 9/4/97 | DL |
| 427 | 198, 199<br>276<br>208.6<br>271, 276 | ↓ | ↓ |
| 428 | 355, 198 | 9/24/97 | DL |
| update | | 3/30/98 | DL |
| 156 | 209 | 4/23/98 | DL |
| 264 | 293, 294 | ↓ | ↓ |
| update | | 10/15/98 | DL |
| 428 | 156, 220<br>41.8 | | |

## SEARCH NOTES

| | Date | Exmr. |
|---|---|---|
| STIC - APS Dialogue | 9/4/97 | DL |
| APS update | 9/24/97 | DL |
| updating APS | 3/30/98 | DL |
| spoke to R. Crispino ridge, macro-micro embossing texturing | 4/23/98 | DL |
| Jenna Davis | 10/15/98 | DL |

## INTERFERENCE SEARCHED

| Class | Sub. | Date | Exmr. |
|---|---|---|---|
| 428 | 418, 40<br>42, 156 173<br>144, 148, 317.5<br>906, 200<br>214, 352<br>354, 343<br>202, 220 | 10/16/98 | DL |
| 156 | 209 | | |
| 264 | 293, 294 | | |
| 427 | 198, 199<br>276, 208.6<br>271, 276 | ↓ | ↓ |

(RIGHT OUTSIDE)

A 0145

| POSITION | | ID NO. | DATE |
|---|---|---|---|
| CLASSIFIER | | 45 | 2-25-97 |
| EXAMINER | | 244 | 3-13-97 |
| TYPIST | | 357 | 05/06/97 |
| VERIFIER | | | |
| CORPS CORR. | | | |
| SPEC. HAND | | 4·2 | 11-22-97 |
| FILE MAINT. | | am | 3/13 |
| DRAFTING | | | |

## INDEX OF CLAIMS

| Claim Final | Claim Original | Date 7/8/97 | Date 3/31/97 | Date 10/17/97 | Date | Date | Date | Date | Date |
|---|---|---|---|---|---|---|---|---|---|
| 1 | (1) | ✓ | ✓ | = | | | | | |
| | ~~2~~ | | | | | | | | |
| 2 | 3 | | ✓ | = | | | | | |
| 3 | 4 | | | | | | | | |
| 4 | 5 | | | | | | | | |
| 5 | 6 | | | | | | | | |
| | ~~7~~ | | | | | | | | |
| 6 | (8) | | ✓ | = | | | | | |
| | ~~9~~ | | | | | | | | |
| 7 | 10 | | ✓ | = | | | | | |
| 8 | 11 | | | = | | | | | |
| | ~~12~~ | | | | | | | | |
| 9 | 13 | | | = | | | | | |
| 10 | 14 | | | = | | | | | |
| 11 | 15 | | | = | | | | | |
| | ~~16~~ | | | | | | | | |
| 12 | 17 | | ✓ | = | | | | | |
| | ~~18~~ | | | | | | | | |
| | 19 | | | | | | | | |
| | 20 | | | | | | | | |
| | 21 | | | | | | | | |
| | 22 | | | | | | | | |
| | 23 | | | | | | | | |
| | 24 | | | | | | | | |
| | 25 | | | | | | | | |
| | 26 | | | | | | | | |
| | 27 | | | | | | | | |
| | 28 | | | | | | | | |
| | 29 | | | | | | | | |
| | 30 | | | | | | | | |
| | 31 | | | | | | | | |
| | 32 | | | | | | | | |
| | 33 | | | | | | | | |
| | 34 | | | | | | | | |
| | 35 | | | | | | | | |
| | 36 | | | | | | | | |
| | 37 | | | | | | | | |
| | 38 | | | | | | | | |
| | 39 | | | | | | | | |
| | 40 | | | | | | | | |
| | 41 | | | | | | | | |
| | 42 | | | | | | | | |
| | 43 | | | | | | | | |
| | 44 | | | | | | | | |
| | 45 | | | | | | | | |
| | 46 | | | | | | | | |
| | 47 | | | | | | | | |
| | 48 | | | | | | | | |
| | 49 | | | | | | | | |
| | 50 | | | | | | | | |

SYMBOLS

- ✓ ............ Rejected
- = ............ Allowed
- \- (Through numeral) Canceled
- \+ ............ Restricted
- N ............ Non-elected
- I ............ Interference
- A ............ Appeal
- O ............ Objected

| Claim Final | Claim Original | Date | Date | Date | Date | Date | Date | Date | Date |
|---|---|---|---|---|---|---|---|---|---|
| | 51 | | | | | | | | |
| | 52 | | | | | | | | |
| | 53 | | | | | | | | |
| | 54 | | | | | | | | |
| | 55 | | | | | | | | |
| | 56 | | | | | | | | |
| | 57 | | | | | | | | |
| | 58 | | | | | | | | |
| | 59 | | | | | | | | |
| | 60 | | | | | | | | |
| | 61 | | | | | | | | |
| | 62 | | | | | | | | |
| | 63 | | | | | | | | |
| | 64 | | | | | | | | |
| | 65 | | | | | | | | |
| | 66 | | | | | | | | |
| | 67 | | | | | | | | |
| | 68 | | | | | | | | |
| | 69 | | | | | | | | |
| | 70 | | | | | | | | |
| | 71 | | | | | | | | |
| | 72 | | | | | | | | |
| | 73 | | | | | | | | |
| | 74 | | | | | | | | |
| | 75 | | | | | | | | |
| | 76 | | | | | | | | |
| | 77 | | | | | | | | |
| | 78 | | | | | | | | |
| | 79 | | | | | | | | |
| | 80 | | | | | | | | |
| | 81 | | | | | | | | |
| | 82 | | | | | | | | |
| | 83 | | | | | | | | |
| | 84 | | | | | | | | |
| | 85 | | | | | | | | |
| | 86 | | | | | | | | |
| | 87 | | | | | | | | |
| | 88 | | | | | | | | |
| | 89 | | | | | | | | |
| | 90 | | | | | | | | |
| | 91 | | | | | | | | |
| | 92 | | | | | | | | |
| | 93 | | | | | | | | |
| | 94 | | | | | | | | |
| | 95 | | | | | | | | |
| | 96 | | | | | | | | |
| | 97 | | | | | | | | |
| | 98 | | | | | | | | |
| | 99 | | | | | | | | |
| | 100 | | | | | | | | |

(LEFT INSIDE)

A 0146