# EXHIBIT E

UNITED STATES DEPARTMENT OF COMMERCE
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 08/775,736 | 12/31/96 | CALHOUN | C | 52773USA5A |

18M1/1020

JOHN H HORNICKEL
3M OFFICE OF INTELLECTUAL PROP COUNSEL
P O BOX 33427
ST PAUL MN 55133-3427

| EXAMINER | |
|---|---|
| LEE, D | |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1815 | |

DATE MAILED: 10/20/97

**Please find below and/or attached an Office communication concerning this application or proceeding.**

**Commissioner of Patents and Trademarks**

| **Office Action Summary** | Application No. 08/775,736 | Applicant(s) Calhoun et al |
| --- | --- | --- |
| | Examiner Danny Lee | Group Art Unit 1815 |

[X] Responsive to communication(s) filed on 3/14/97, 3/24/97

[ ] This action is **FINAL.**

[ ] Since this application is in condition for allowance except for formal matters, **prosecution as to the merits is closed** in accordance with the practice under *Ex parte Quayle* 1935 C.D. 11; 453 O.G. 213.

A shortened statutory period for response to this action is set to expire 3 month(s), or thirty days, whichever is longer, from the mailing date of this communication. Failure to respond within the period for response will cause the application to become abandoned. (35 U.S.C. § 133). Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

**Disposition of Claim**

[X] Claim(s) 1-17 is/are pending in the applicat

Of the above, claim(s) ______ is/are withdrawn from consideration

[ ] Claim(s) ______ is/are allowed.

[X] Claim(s) 1-17 is/are rejected.

[ ] Claim(s) ______ is/are objected to.

[ ] Claims ______ are subject to restriction or election requirement.

**Application Papers**

[X] See the attached Notice of Draftsperson's Patent Drawing Review, PTO-948.

[ ] The drawing(s) filed on ______ is/are objected to by the Examiner.

[ ] The proposed drawing correction, filed on ______ is [ ] approved [ ] disapproved.

[ ] The specification is objected to by the Examiner.

[ ] The oath or declaration is objected to by the Examiner

**Priority under 35 U.S.C. § 119**

[ ] Acknowledgement is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

[ ] All [ ] Some* [ ] None of the CERTIFIED copies of the priority documents have been

[ ] received.

[ ] received in Application No. (Series Code/Serial Number) ______

[ ] received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

*Certified copies not received: ______

[ ] Acknowledgement is made of a claim for domestic priority under 35 U.S.C. § 119(e).

**Attachment(s)**

[X] Notice of References Cited, PTO-892

[ ] Information Disclosure Statement(s), PTO-1449, Paper No(s) ______

[ ] Interview Summary, PTO-413

[X] Notice of Draftsperson's Patent Drawing Review, PTO-948

[ ] Notice of Informal Patent Application, PTO-152

*— SEE OFFICE ACTION ON THE FOLLOWING PAGES —*

The Group and/or Art Unit location of your application in the PTO has changed. To aid in correlating any papers for this application, all further correspondence regarding this application should be directed to **Group Art Unit 1815**.

1. There are two claims 11, the second claim 11 has been renumbered 12. Claims 12-17 have been renumbered 13-18.

2. Claims 1-2 are rejected under the judicially created doctrine of obviousness-type double patenting as being unpatentable over claim 1 of U.S. Patent No. 5,585,178. Although the conflicting claims are not identical, they are not patentably distinct from each other because .

Calhoun et al ('178) claim a pressure sensitive adhesives releasable from the carrier web comprising mixture of two adhesives that has a first and second planar surfaces and adhesives with different viscoelastic properties.

The claim is broad and the combination of different adhesives is interpreted as "can be used for one purpose while the depression from another pattern of embossing can be used for a different purpose".

3. Claims 1-18 are rejected under 35 U.S.C. § 112, second paragraph, as the claimed invention is not described in such full, clear, concise and for failing to particularly point out and distinctly claim the subject matter which applicant regards as the invention.

Claim 1 is confusing in the recitation of "one surface that is multiple, sequentially embossed". What is the intent of applicant?

Claim 1 recites the limitation "prior embossing pattern". There is insufficient antecedent basis for this limitation in the claim. The claim is vague and indefinite in the recitation of "substantially" since the term fails to define the metes and bounds of claim 1.

Claim 2 is confusing. How can a depression have purpose or purposes? What is the intent of applicant? How does claim 2 and 9 further limit claim 1.

Claim 7 and 15 are confusing in the recitation of "wherein ridges form from material moved from depressions during embossing'. The claim lack clear antecedent basis and what is the intent of applicant?

Claim 17-18 are vague because the claims require a positive recitation of steps.

4. Claims 1-2 and 8-11 are rejected under 35 U.S.C. 102(b) as being anticipated by Calhoun et al (U.S. Patent 5,344,681).

Calhoun et al ('681) teaches two adhesives can be combined to get utility not possible from either of the adhesives when used alone (column 7, lines 50-60). Calhoun teaches that the two or more adhesives having different properties may be coated into the same recesses (column 7, lines 55-57).

5. Claims 1-10 and 13-18 are rejected under 35 U.S.C. 102(b) as being anticipated by Calhoun et al (U.S. Patent 5,462,765).

Calhoun et al ('765) teaches a carrier web and recesses having a depth of at least 2µm, preferably a uniform depth of 5 to 100µm and that the walls of the recesses at least 20° with the plane of the carrier web. Calhoun teaches the flexible carrier web can serve as a permanent backing or a disposable release liner. Calhoun teaches that the recesses are of uniform shape and uniformly spaced in an orderly array of square or hexagonal to afford uniform release values (column 4, line 57 to column 5, line 2). Calhoun teaches that the depth of the recesses can be 0.12mm in diameter at the surface and 0.1mm in diameter at the depth of 17µm (column 8, lines 11-14).

The claims are broad and the combination of different adhesives is interpreted as "can be used for one purpose while the depression from another pattern of embossing can be used for a different purpose".

The limitations recited in claims 3-4, 9, 12 and 13 are deemed inherently taught by Calhoun ('765). The reference teaches a carrier web and recesses having a depth of at least 2µm, preferably a uniform depth of 5 to 100µm and that the walls of the recesses at least 20° with the plane of the carrier web.

6. Claim 18 is rejected under 35 U.S.C. 102(b) as being anticipated by Calhoun et al (U.S. Patent 5,449,540).

Calhoun et al ('540) teaches a carrier web with recesses or pockets containing pressure sensitive adhesive, and that the recesses in the carrier web maintain the adhesive in a discrete pattern (abstract). The claim is broad, thus the disclosure by the ('540) reference in that the 'recesses in the carrier web maintain the adhesive in a discrete pattern' is interpreted as the method of using the carrier web 'as a final article for storage of another material". The other material is the 'adhesive' and the article for storage is the 'recesses in a discrete pattern'

7. Claims 1-18 are rejected under 35 U.S.C. 103(a) as being unpatentable over Calhoun ('765), Calhoun ('540) in view of Calhoun ('681).

Calhoun et al ('681) teaches two adhesives can be combined to get utility not possible from either of the adhesives when used alone (column 7, lines 50-60). Calhoun teaches the depth of the recesses is not critically limited but is normally less than 0.25mm as are the thickness of typical transfer adhesives (column 8, lines 10-13). Calhoun teaches that the three dimensional shape of the recesses can be controlled and tailored to specific applications and that the three dimensional shape have a cross section which may be oval, circular, polygonal, or rectangular (column 8, lines 16-22). Calhoun teaches that the two or more adhesives having different properties may be coated into the same recesses (column 7, lines 55-57).

Moreover, absent some allegations that a embossing depth, depression depth, surface area is critical in defining the disclosed invention over the prior art of record, the selection of a particular embossing depth, depression depth, surface area is deemed to be a result-effective parameter routinely optimized by the artisan of ordinary skill. Thus, the limitations recited in claims 3-7 and 10-15 are deemed obvious under 35 U.S.C. §103.

It would have been obvious to one of ordinary skill in the art to obtain the carrier web and method of embossing as taught by Calhoun ('765) and Calhoun ('540) for the purpose of combining adhesives with different properties and utility as taught by Calhoun ('681). It would further have been obvious to one of ordinary skill in the art to optimize the method of making the carrier web and the property of the carrier web, for purposes such as maximizing the adhesive property and enhancing the overall binding property of the adhesive. The invention as a whole is therefore prima facie obvious, absent unexpected results.

No claims are allowed.

Papers relating to this application may be submitted to Group 1800 by facsimile transmission. Papers should be faxed to Group 1800 located in Crystal Mall 1. The Fax number for Art Unit 1815 is (703) 305-3014. All Group 1800 Fax machines will be available to receive transmissions 24 hrs/day, 7 days/wk. Please note that the faxing of such papers must conform with the Notice published in the Official Gazette, 1096 OG 30, (November 15, 1989).

Any inquiry concerning this communication or earlier communications from the Examiner should be directed to ***Danny Lee*** whose telephone number is ***(703) 305-7245.*** The Examiner can normally be reached on Monday-Friday from 8:00 AM-4:30 PM.

If attempts to reach the Examiner by telephone are unsuccessful, the Examiner's supervisor, ***Marian Knode***, can be reached at ***(703) 308-4311.***

Any inquiry of a general nature or relating to the status of this application should be directed to the Group receptionist whose telephone number is (703) 308-0196.

Danny Lee
October 15, 1997

Marian Knode

MARIAN C. KNODE
SUPERVISORY PATENT EXAMINER
GROUP 1800

| *Notice of References Cited* | Application No. 08/775,736 | Applicant(s) Calhoun et al | |
|---|---|---|---|
| | Examiner Danny Lee | Group Art Unit 1815 | Page 1 of 1 |

**U.S. PATENT DOCUMENTS**

| | DOCUMENT NO. | DATE | NAME | CLASS | SUBCLASS |
|---|---|---|---|---|---|
| A | 5,585,178 | 12/17/96 | Calhoun et al | 428 | 343 |
| B | 5,300,340 | 04/05/94 | Calhoun et al | 428 | 40 |
| C | 5,462,765 | 10/31/95 | Calhoun et al | 427 | 198 |
| D | 5,449,540 | 09/12/95 | Calhoun et al | 428 | 42 |
| E | ~~5,344,681~~ dup. | ~~09/06/94~~ | ~~Calhoun et al~~ | ~~428~~ | ~~42~~ |
| F | | | | | |
| G | | | | | |
| H | | | | | |
| I | | | | | |
| J | | | | | |
| K | | | | | |
| L | | | | | |
| M | | | | | |

**FOREIGN PATENT DOCUMENTS**

| | DOCUMENT NO. | DATE | COUNTRY | NAME | CLASS | SUBCLASS |
|---|---|---|---|---|---|---|
| N | | | | | | |
| O | | | | | | |
| P | | | | | | |
| Q | | | | | | |
| R | | | | | | |
| S | | | | | | |
| T | | | | | | |

**NON-PATENT DOCUMENTS**

| | DOCUMENT (including Author, Title, Source, and Pertinent Pages) | DATE |
|---|---|---|
| U | | |
| V | | |
| W | | |
| X | | |