CV 01-1781 JRT/FLN

#3

# FISH & RICHARDSON P.C.,P.A.

3300 Dain Rauscher Plaza
60 South Sixth Street
Minneapolis, Minnesota
55402

Telephone
612 335-5070

Facsimile
612 288-9696

Web Site
www.fr.com

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

BOSTON
DALLAS
DELAWARE
NEW YORK
SAN DIEGO
SILICON VALLEY
TWIN CITIES
WASHINGTON, DC

July 5, 2005

RECEIVED
JUL - 6 2005
JUDGE TUNHEIM
CHAMBERS

**VIA MESSENGER**

Honorable John R. Tunheim
U. S. District Court
U.S. Courthouse, Suite 13E
300 South 4th Street
Minneapolis, MN 55415

Re: *3M Innovative Properties Co. v. Avery Dennison Corp.*
Civil Action No. 01-1781 JRT/FLN

Dear Judge Tunheim:

On behalf of plaintiffs 3M Innovative Properties Company and 3M Company ("3M"), I write in response to Mr. Hadley's letter of June 30, 2005 requesting reconsideration of this Court's June 20, 2005 Memorandum and Opinion Construing Disputed Claims.

This patent case has been pending for nearly four years. In that time, Avery has been afforded every opportunity to make—and remake—its claim construction arguments. It has made those arguments to this Court, to the Federal Circuit, and even to the Supreme Court. Four hearings have been held, and Avery has filed six briefs on the subject, including three briefs addressing the meaning of the word "depressions" in Claim 1.

3M respectfully suggests that Avery has been given enough chances to make its arguments and that the time has come to try this case. In counsel's letter of June 30, Avery raises no new facts or arguments in its request for reconsideration, and has pointed to no "compelling circumstances" supporting reconsideration. See L.R. 7.1(g). Instead, Avery simply rehashes the same arguments that it made in its opening brief and its reply brief regarding dependent Claim 12. (*See* Avery's Claim Construction Brief at 12, Avery's Reply Claim Construction Brief at 5, 6).

This reargument is not grounds for reconsideration. This Court was absolutely correct in rejecting Avery's invitation to read the word "empty" into Claim 1 to limit the term "depressions" to "empty depressions." As 3M pointed out in its response brief, Claim 1 encompasses depressions that are filled or empty – it certainly does not ***require*** that those depressions be empty. If the depressions are empty, then they can

SCANNED
JUL 11 2005
U.S. DISTRICT COURT MPLS

be filled, in accordance with the method of Claim 12. Avery's argument that this somehow renders Claim 1 a "nullity" betrays a fundamental misunderstanding of basic concepts of dependent claiming.

Moreover, Avery has not even attempted to distinguish any of the authority cited by 3M in its original brief for the proposition that there must be compelling reasons for a Court to adopt a construction of a term that excludes a preferred embodiment in the specification (in this case, Example 2, which discusses "filled depressions."). Avery cannot cite any such compelling reasons here.

3M respectfully requests that this Court deny Avery's request for reconsideration and set this case for trial.

Sincerely,

John C. Adkisson

JCA/mla

cc: Lawrence M. Hadley, Esq. (via facsimile)
David P. Pearson, Esq. (via facsimile)

60303044.doc