# EXHIBIT C

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| 3M Innovative Properties Company and Minnesota Mining and Manufacturing Company, | File No. 01cv1781 (JRT/FLN) |
| Plaintiffs, | |
| vs. | Minneapolis, Minnesota August 30, 2004 9:25 A.M. |
| Avery Dennison Corporation, | |
| Defendant. | |

---

BEFORE THE HONORABLE JOHN R. TUNHEIM
UNITED STATES DISTRICT COURT JUDGE
(**CLAIM CONSTRUCTION HEARING**)

APPEARANCES

For the Plaintiffs: JUANITA BROOKS, ESQ.
JONATHAN E. SINGER, ESQ.
JOHN C. ADKISSON, ESQ.
GREGORY MADERA, ESQ.
KEVIN H. RHODES, ESQ.

For the Defendant: RODERICK G. DORMAN, ESQ.
LAWRENCE M. HADLEY, ESQ.
DAVID P. PEARSON, ESQ.

Court Reporter: KRISTINE MOUSSEAU, CRR-RPR
1005 United States Courthouse
300 Fourth Street South
Minneapolis, Minnesota 55415
(612) 664-5106

Proceedings recorded by mechanical stenography; transcript produced by computer.

well settled that a Court can adopt claim constructions that are not advanced by either party. It would put experts in a very difficult situation if that were the law.

3M also points to the *Union Carbide* case where a district court in Delaware disallowed supplementing expert reports. That case is distinguishable on a number of levels that are all described in our papers, which I think explains very well why the court, the district court in that case, did not allow supplementing expert reports.

It wasn't just a matter of supplementing expert reports. It was a matter of taking extensive, new discovery, offering new testing, new data, new experts, no opinions. Here we're not seeking to offer new experts, new testing, new data, new opinions.

We simply want the opportunity to revise the expert reports to reflect not only what the federal circuit said about claim construction but what this Court will ultimately decide regarding claim construction of the terms that are before the Court now.

One other large difference I think between the *Union Carbide* case and this situation is that in this situation the Court gave us the claim constructions at the preliminary -- following the preliminary injunction stage. What Avery did was simply give the Court's decision to the expert and tell the expert to write an expert report, which

he did, and he relied on what the district court told the expert about the claim constructions.

In the *Union Carbide* case, you had a different situation. The experts there, some of them did opine in the alternative or give various opinions based on different possibilities of claim construction because the experts had no guidance from the district court before they prepared their expert reports.

In other words, at the time those expert reports were prepared, the Court had not ruled dispositively on what the claim terms meant. The second reason we think that experts should be supplemented, expert reports should be supplemented is that Avery would be extremely prejudiced if it were not allowed to do so.

As, again, Dr. McHugh relied on this Court's claim constructions as opposed to in the *Union Carbide* case where there were no claim constructions given, that reliance was entirely proper. Indeed, at the preliminary injunction stage when the Court construed those claim terms, in 3M's moving papers for the preliminary injunction, 3M told this Court that the ordinary meanings of embossed applied and in this case did not require special claim constructions, and so Dr. McHugh applied the ordinary meaning of embossed.

Now, later, when it was clear to 3M that the

ordinary meaning was going to lead to a summary judgment against them, they adopted the view that the definition of embossed in the specification had a meaning different than the ordinary meaning and that they had acted, the inventors had acted as their own lexicographers in coming up with that definition that was different than the ordinary meaning.

Still, Dr. McHugh was proper in relying on what 3M said at the initial stage, that the ordinary meaning applied, and the bottom line about the prejudice is that procedural gamesmanship should not control what evidence is presented by the experts in this case.

The experts should be allowed to opine at trial if this case proceeds to trial based on what the Court says the claims mean, not on what the Court at one time earlier had said the claims mean. They should not be allowed to do new testing. New experts shouldn't be allowed, but this case simply cannot be tried fairly to both sides unless the experts can give opinions based on the law of the case.

And then the final reason is that 3M will not be prejudiced. 3M's argument completely ignores the prejudice that Avery will suffer if it's not allowed to have an expert opine based on what the law is. On the other hand, 3M claims that it will be prejudiced because of delay.

Well, we have tendered to the Court a -- new

as possible, recognizing that this case, even though this Court just received it, it has been around for a while, and we will put it on as fast a track as possible, and the Court intends to do that relative to trial if we get to that point.

With respect to the appeals from the magistrate judge, the Court is going to overrule the magistrate judge and will permit revision of the expert report to reflect the federal circuit's and this Court's claim construction. The Court intends just simply to allow the supplementation in the manner in which it has been proposed and not to start this whole process anew.

As to the dispositive motion issue, the Court will following its claim construction allow a letter brief of five pages or less with a response of the same length due one week later as to whether a dispositive motion would be useful in this case or not.

Then the Court will promptly make a decision whether to permit that motion.

MR. DORMAN: Your Honor, I have one question.

THE COURT: Yes.

MR. DORMAN: We have to admit to the possibility that the Court in ruling on the claim constructions before it may have a different view than anybody does or has a different view than we have asserted. Do I understand your

order to allow us to file a supplemental expert report that takes into account anything that you say in connection with that order so that -- using the document that we have now?

THE COURT: If the Court adopts a construction that was not anticipated, the Court will permit that. Okay?

MR. DORMAN: Okay.

THE COURT: Thank you, everyone. The Court is in recess.

* * *

I, Kristine Mousseau, certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

Certified by: ______________________________
Kristine Mousseau, CRR-RPR

Dated: September 10, 2004