IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| 3M INNOVATIVE PROPERTIES COMPANY and MINNESOTA MINING AND MANUFACTURING COMPANY, | : | |
| Plaintiffs, | : | Civil Action No. 01-CV-1781 (JRT/FLN) |
| vs. | : | |
| AVERY DENNISON CORPORATION, | : | |
| Defendant. | : | |

**DECLARATION OF LAWRENCE M. HADLEY IN SUPPORT OF AVERY DENNISON CORPORATION'S OPPOSITION TO 3M'S MOTION TO STRIKE SUPPLEMENTAL AND REVISED EXPERT REPORT OF DR. ANTHONY J. MCHUGH REGARDING INVALIDITY OF U.S. PATENT NO. 5,987,930**

I, Lawrence M. Hadley, declare and state as follows:

1. I am an attorney with the law firm of Hennigan, Bennett & Dorman, counsel for Avery Dennison Corporation ("Avery") in this matter. I make this Declaration in support of Avery Dennison Corporation's Opposition to 3M's Motion to Strike Avery's Supplemental and Revised Expert Report of Dr. Anthony J. McHugh. I have personal knowledge of the facts set forth herein, and if called upon to testify, I could and would competently testify as to these facts.

2. On August 30, 2004, Judge Tunheim issued an Order permitting both parties to supplement expert reports once the Court issued final claim construction rulings: A true and correct copy of Judge Tunheim's August 30, 2004 Order is attached as Exhibit 1.

3. On June 1, 2004, Avery notified 3M that the breadth of the claim construction positions it had advocated could not be distinguished from reflective sheeting developed long ago. A true and correct copy of Avery's June 1, 2004 letter is attached as Exhibit 2.

4. On October 5, 2004, Magistrate Judge Noel held a short telephonic conference to discuss the case status. The parties informed Magistrate Judge Noel that the District Court had

taken the claim construction issues under submission, that the Court would allow the experts to supplement their reports after the claim construction decision (without new experts, experimentation, or discovery), and that the Court would consider whether to allow new summary judgment motions after its claim construction rulings. Later that day, Magistrate Judge Noel prepared Minutes of the conference. A true and correct copy of Magistrate Judge Noel's Court Minutes is attached as Exhibit 3.

5. On or about June 21, 2005, I received by email a copy of Judge Tunheim's claim construction rulings dated June 20, 2005. After reading the rulings, I check the files that our law firm maintains for this case to see if any orders pertained to next steps or deadlines. Approximately 10 months had passed since any significant activity in this case, and I did not recall the status of discovery or expert matters. Upon checking our files, I located Judge Tunheim's August 30 Order and noted that the Court had allowed supplemental expert reports, but that the Court did not set a deadline for supplementing. I check the file further, and it did not contain Magistrate Judge Noel's October 5 Court Minutes. Nor did I recall that Magistrate Judge Noel had either held the telephonic conference eight months earlier or set a two week time period for supplementing expert reports.

6. Over the next 10 days, Avery's counsel evaluated the claim construction ruling with the client. Ultimately, Avery decided to ask the Court for reconsideration on two issues in the claim construction decision. On June 30, 2005, Avery filed, pursuant to Local Rule 7.1(g) a request for permission to seek reconsideration. A true and correct copy of Avery's request for reconsideration is attached as Exhibit 4.

7. On July 6, 2005, the Court held a Status Conference. Following the conference, I spoke with 3M's counsel regarding supplemental expert reports. 3M's counsel stated that Magistrate Judge Noel had set dates for two weeks after the Court's claim construction rulings. I responded that I had not seen Judge Noel's Order in our files, and did not recall a two week deadline. Consequently, I asked 3M's counsel to send a copy of the order.

8. Upon returning to Los Angeles the next day, I saw that 3M's counsel had emailed to me Magistrate Judge Noel's Court Minutes. After reviewing Magistrate Judge Noel's Court Minutes, I send an email to 3M's counsel stating that the supplemental invalidity report would be provided as soon as possible. I also offered 3M the opportunity to provide a further supplementation of its infringement expert report and to extend the service of any rebuttal to Avery's supplemental expert report. A true and correct copy of my email to 3M's counsel is attached as Exhibit 5.

9. I then proceeded to contact Dr. McHugh to work on preparing the supplemental rebuttal report. Dr. McHugh was out of town, so it took me a day to locate him. I did not provide 3M's supplemental expert report on infringement to Dr. McHugh until he had signed and we had served his supplemental invalidity report on July 11, 2005.

10. During the meet and confer on this motion, I told 3M's counsel that Avery had no objection to 3M's expert, in rebutting, Dr. McHugh's citation to the Wood and McKenzie Patents, examining 3M's tests of reflective materials made according to those patents.

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 8th day of August, 2004, in Los Angeles, California.

/S/ Lawrence M. Hadley
Lawrence M. Hadley