# EXHIBIT 2

HENNIGAN, BENNETT & DORMAN LLP
LAWYERS
601 SOUTH FIGUEROA STREET
SUITE 3300
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 694-1200
FACSIMILE (213) 694-1234

DIRECT PHONE (213) 694-1135
HADLEYL@HBDLAWYERS.COM

June 1, 2004

**VIA FACSIMILE AND U.S. MAIL**

Jonathan E. Singer, Esq.
John C. Adkisson, Esq.
Fish & Richardson P.C., P.A.
3300 Dain Rauscher Plaza
60 South Sixth Street
Minneapolis, Minnesota 55402

Juanita R. Brooks, Esq.
Fish & Richardson P.C.
12390 El Camino Real
San Diego, California 92130-2081

**Re:** ***3M v. Avery Dennison***

Dear Counsel:

I write to bring to your attention two prior art references. We believe these references conclusively anticipate 3M's '930 patent based on the claim construction positions advocated by 3M based upon the Federal Circuit's December 2, 2003 opinion.

3M has asserted broad constructions for the terms used in claim 1 of the '930 patent. For example, 3M has argued that an "embossed" surface includes a surface with one material embedded into another. Similarly, 3M has argued that a "depression" exists in a surface even when that surface contains no open cavities, but rather has another material embedded into it flush. Finally, 3M has asserted (and the Federal Circuit has ruled) that the "first" and "second" embossed patterns recited in claim 1 of the '930 patent can be formed simultaneously. Absent these broad constructions, Avery's EZ Film cannot infringe the '930 patent for the reasons stated in Judge Doty's October 19, 2002 decision granting Avery summary judgment.

If 3M's claim construction positions were adopted, the '930 patent would be anticipated by at least two United States patents—U.S. patent 4,025,159 (assigned to 3M) and U.S. patent 3,989,775. The '159 patent discloses a sheeting with a pattern of square, intersecting ridges between 4 and 120 microns in height. Embedded microspheres are interspersed between the ridges. Similarly, the '775 patent discloses an embossed sheet

material with embedded retro-reflective spheres. In several of the disclosed embodiments, the height of the embossed ridges is less than 73.5 microns.

The following claim charts show that both the '159 and '775 patents, using 3M's constructions, read on each limitation of claim 1of 3M's '930 patent:

| '930 Patent | 3M's Proposed Construction | '159 Patent | '775 Patent |
|---|---|---|---|
| 1. A carrier web, comprising: | A web that carries or that has carried another material, or that is capable of carrying another material, such as pressure sensitive adhesive; a web is generally planar or sheet material. | Base sheet material 11 meets 3M's definition. | The plastics matrix sheet 21 meets 3M's definition. |
| at least one surface that has a multiple embossed pattern having a first embossed pattern and a second embossed pattern, | "multiple embossed" refers to the web structure and includes embossed patterns formed separately and simultaneously.<br><br>"embossed" refers to the web structure and includes any "three-dimensional topography." A surface is embossed when another material is embedded into it.<br><br>"pattern" means any formation of | Disclosed structure meets 3M's definition. Area beneath embedded spheres 17 form first embossed pattern. Intersecting ridges 13 form second embossed pattern. Patterns are formed separately. | Disclosed structure meets 3M's definition. Area beneath embedded spheres 24 form first embossed pattern. Figure 7 shows three-dimensional topography of the embossed second pattern. Patterns are formed simultaneously. |

| '930 Patent | 3M's Proposed Construction | '159 Patent | '775 Patent |
|---|---|---|---|
| | embossings that can utilize any theory of geometry, including without limitation, Euclidian geometry and fractal geometry. | | |
| wherein the first embossed pattern forms an array of depressions, | "depression" means any reduction in surface height or lowering of one region of the carrier web relative to surrounding regions of the carrier web. An area beneath an embedded material is a depression in the web.<br><br>"array" means arranged in regular order. | Spheres 16 are partially embedded into the web.<br><br>Spheres are arranged in regular order. | Spheres 23 are partially embedded into the web.<br><br>Spheres are arranged in regular order. |
| wherein the depressions of the first embossed pattern are in the second embossed pattern, | Applying term "superimposed" from the definition of "multiple embossed," the two patterns must be in the "same region" of the carrier web. | Spheres are located in the "embossed" pattern. | Spheres are located in the "embossed" pattern. |
| wherein the second embossed pattern comprises lands and ridges | A "land" is a lower region of the carrier web. | Intersecting lines 13 meet 3M's definition of ridges. Areas between lines | Peaks shown in figure 7 meet 3M's definition of ridges. Areas between peaks |

| '930 Patent | 3M's Proposed Construction | '159 Patent | '775 Patent |
|---|---|---|---|
| between the lands, | A "ridge" is a crest or a relatively long, relatively narrow raised region of the carrier web, located between lands. | 13 meet 3M's definition of lands. | meet 3M's definition of lands. |
| and wherein the height of the ridges over the lands ranges from about 3 to about 45 μm. | None offered | Ridge height equals distance from web surface to bottom of cover film 12. Distance between top of microspheres and cover film 12 is as thin as a monomolecular layer of air. Spheres are embedded into web surface 40% to 60% of their diameter. Spheres range from 10 to 200 microns. Thus, ridge height ranges from about 4 to 120 microns. | Embossing may be superficial, preferably deep enough to change angle of incidence of spheres 35 to 80 degrees from line vertical through sphere center. Examples describe embossing to a "maximum" depth of 73.5 microns. |

Both the '159 and '775 patents disclose the remaining limitations of dependent claims 2-5 as well.

In view of these prior art references, 3M can no longer maintain its patent infringement action against Avery in good faith. If you have any reason to believe that the '930 patent is valid despite the prior art references discussed in this letter, and that Avery, at the same time, still infringes the '930 patent, I ask that you provide a detailed explanation prior to June 7, 2004 (one week before Avery's opening claim construction brief is due). Otherwise, Avery demands that 3M immediately dismiss the action. I

would be happy to discuss with you the terms under which the action might be dismissed without further litigation or legal proceedings.

Please be advised that failure to dismiss an action maintained in bad faith can have significant consequences. First, maintaining a patent infringement suit on a knowingly invalid patent for anticompetitive reasons violates antitrust laws. Handgards, Inc. v. Ethicon, Inc., 743 F.2d 1282 (9th Cir. 1985). Second, submitting pleadings to a court advocating a position that, based on information learned during the case, knowingly cannot be sustained exposes the client and its counsel to sanctions under Fed. R. Civ. P. 11. Third, continuing a patent infringement case in bad faith may entitle the prevailing party to attorneys fees under section 285 of the Patent Act. Finally, under California law, attorneys and their client face liability for malicious prosecution if they continue prosecuting a lawsuit after discovering during litigation that the action lacks probable cause. Zamos v. Stroud, 32 Cal. 4th 958, 12 Cal. Rptr. 3d 54 (2004).

Sincerely,

Lawrence M. Hadley

401227