# EXHIBIT 4

HENNIGAN, BENNETT & DORMAN LLP
LAWYERS
601 SOUTH FIGUEROA STREET
SUITE 3300
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 694-1200
FACSIMILE (213) 694-1234

DIRECT PHONE (213) 694-1135
HADLEYL@HBDLAWYERS.COM

June 30, 2005

**VIA HAND DELIVERY**

The Honorable John R. Tunheim
United States District Court
13E U.S. Courthouse, 300 South Fourth Street
Minneapolis, Minnesota 55415

**Re:** ***3M Innovative Properties Co. v. Avery Dennison Corp., Case No. 01-1781 JRT/FLN***

Dear Judge Tunheim:

Pursuant to Local Rule 7.1(g), defendant Avery Dennison Corporation ("Avery") respectfully seeks permission to file a limited motion for reconsideration of the Court's June 20, 2005 Memorandum and Opinion Construing Disputed Claims ("Opinion"). Avery's proposed motion would seek reconsideration on a very narrow issue that, without correction, would result in reversible error on appeal.

The Court's Opinion defined "depressions" as "lower, sunken, or depressed areas of the carrier web" and declined to adopt Avery's proposed additional limitation, "which is capable of being filled." In reaching this decision, the Court addressed Avery's argument that dependent claim 12 requires "open" depressions in independent claim 1. (Op. at 7-9.) The Court found Avery's argument regarding "open" depressions similar to Avery's earlier argument that 3M wrote claim 1 in the "product-by-process" format. As the Court correctly noted, the Federal Circuit rejected this argument, finding claim 1 to be entirely structural, and not written in the product by process format. *3M Innovative Props. Co. v. Avery Dennison Corp.*, 350 F.3d 1365, 1372 (Fed. Cir. 2003).

The fact that the Federal Circuit found claim 1 to be entirely structural and not a product-by-process claim is legally irrelevant to whether the structure of the depressions described in claim 1 are empty or filled. The Federal Circuit never addressed that issue. We know from the Federal Circuit's ruling that claim 1 was not written in "product-by-process" format, and that the serial embossing clearly present in

method claim 6 cannot be read into product claim 1. Claims 1 and 6 of the '930 patent are both independent. It is well settled that limitations in one independent claim cannot be read into another independent claim. *Forest Labs, v. Abbott Labs.*, 239 F.3d 1305 (Fed. Cir. 2001). Independent claims are considered separately, and Avery never argued otherwise.

Claim 12 differs. It is not an independent claim. Rather, it is ***dependent*** on claim 1. In other words, the elements of claim 1 must be read in conjunction with claim 12, as if they were all in one claim. 35 U.S.C. § 112(4). Indeed, the elements of both claims must be read into each other when considering the meaning of claim 12. Thus, the Federal Circuit's statements regarding the relationship between claims 1 and 6 – both independent claims – are irrelevant to the relationship between claim 1 and its dependent claim 12.

Considered together as we must, the elements of claim 1 in conjunction with the elements of claim 12 create a "hybrid" product-by-process claim. In accordance with the Federal Circuit's decision, the claim 1 elements recite a web structure. The elements of claim 12 undisputedly recite a process step grafted onto the web structure of claim 1 – namely, filling the embossed pattern (including the depressions) with an adhesive. It is equally undisputable that the claim 12 and 1 combination includes a method step of filling the depressions after they are made. Nothing in the earlier Federal Circuit decisions concerning claim 6 requires a contrary conclusion. The "filling" step, of course, is not part of claim 1 standing alone. But as explained in Avery's claim construction brief, if the structural depressions of claim 1 must be filled in claim 12 (as the express language of claim 12 mandates), then they must be "open" in the recited structure of claim 1.

Finally, footnote 4 of the Opinion correctly notes that the patent specification discloses embodiments of the invention with both empty and filled depressions. But that disclosure does not determine how 3M elected to claim its invention. 3M could (and did) claim the "empty" depression embodiment in claim 1 and the "filled" depression embodiment in dependent claim 12.

For the foregoing reasons, Avery respectfully asks that the Court allow it to bring a motion for reconsideration on this limited, single issue.

Sincerely,

Lawrence M. Hadley

492270