# EXHIBIT 5

**Larry Hadley**

**From:** Larry Hadley
**Sent:** Thursday, July 07, 2005 1:27 PM
**To:** 'John Adkisson'
**Cc:** Roderick G. Dorman
**Subject:** RE: 3M/Avery: Judge Noel's October 5, 2004 Order

John:
I was going from Judge Tunheim's August 30, 2004 order, which did not set deadlines. Since we filed a request for reconsideration within the time period (and our experts are both university professors currently on summer break), I had assumed we would agree to a schedule that makes sense once we know whether the court will reconsider. Also, Judge Noel's order is unclear as to what is considered initial and what is considered rebuttal, and how a request for reconsideration affects the timing.
Any event, I don't think either party should be prejudiced. Our supplemental report will be substantially the same as the redlined report we already served last August. Nothing in Strong's supplemental infringement report will be considered in Dr. McHugh's supplemental invalidity report. However, if there is anything in the supplemental invalidity report that you believe requires further supplementation from Dr. Strong, we will not object to you filing an additional infringement document, and we agree that you should have two weeks from service of the supplemental invalidity report to respond to that report. Our supplemental report will be served on you tomorrow or Monday. Rod has to review it, and he is out of the office following his Wednesday chemotherapy treatment.

-----Original Message-----
From: John Adkisson [mailto:Adkisson@fr.com]
Sent: Wednesday, July 06, 2005 1:57 PM
To: Larry Hadley; Roderick G. Dorman
Cc: Jonathan Singer
Subject: 3M/Avery: Judge Noel's October 5, 2004 Order

Larry:

I have attached Judge Noel's Order of 10/5/04, which sets a date for Avery to provide its supplemental expert report on invalidity "two weeks after Judge Tunheim rules on claim construction issues." While we served our supplemental invalidity report on Avery yesterday, July 5, we did not receive a supplemental report from Avery as required by the Court's schedule. When we talked about this issue after today's conference with Judge Tunheim, you told me that you did not recall the above order, and that you would attempt to provide us with Avery's supplemental expert report shortly.

We are troubled by Avery's noncompliance with the Court's Order, especially because Avery's noncompliance with the Court's Order gives Avery the opportunity to review 3M's submissions (including Dr. Strong's
report) in advance of filing its expert report, when the Court and the parties had contemplated a mutual exchange. As such, we reserve the right to move to strike Avery's supplemental expert report on invalidity as untimely.

JCA