IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| 3M INNOVATIVE PROPERTIES COMPANY and MINNESOTA MINING AND MANUFACTURING COMPANY, | : | |
| Plaintiffs, | : | Civil Action No. 01-CV-1781 (JRT/FLN) |
| vs. | : | |
| AVERY-DENNISON CORPORATION, | : | |
| Defendant. | : | |

**AVERY DENNISON CORPORATION'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER GRANTING IN PART 3M'S MOTION TO STRIKE SUPPLEMENTAL AND REVISED EXPERT REPORT OF DR. ANTHONY J. MCHUGH**

Pursuant to Federal Rule of Civil Procedure 72 and Local Rule 72.2, Defendant Avery-Dennison Corporation ("Avery") respectfully submits these objections to Magistrate Judge Noel's August 24, 2005 Order granting in part Plaintiff's Motion to Strike Avery's Supplemented and Revised Expert Report of Dr. Anthony McHugh.

## I. INTRODUCTION

Avery objects to Magistrate Judge Noel's Order striking the portions of its expert's supplemented invalidity report that references additional invalidating prior art and preexisting photographs of that prior art.

After the Federal Circuit (in a 2-1 decision) reversed this Court's order granting Avery summary judgment and changed the meanings of several claim terms this Court had adopted, Avery sought permission to supplement expert reports. Avery based its request to supplement on well-settled authority allowing supplementation after Courts either construe claim terms or change the definitions for previously-construed terms. But Magistrate Judge Noel disallowed any supplementation. In appealing Magistrate Judge Noel's ruling to this Court, Avery not only recited the settled law allowing supplementation, but provided an exemplar of a supplemental invalidity report to illustrate the type of new prior art that its expert – Dr. Anthony McHugh – might rely upon if the Court allowed supplementation. Moreover, during argument on Avery's objections to Magistrate Judge Noel's Order, held on the same day as the Court's further claim construction hearing, Avery's counsel stressed the need for its expert to rely on prior art reflecting the claim constructions that the Federal Circuit had recently adopted, and the new constructions that this Court would adopt.

Consistent with the settled authorities, this Court, in an August 30, 2004 Order, reversed Magistrate Judge Noel and expressly allowed new supplemental reports once this Court resolved the remaining claim construction disputes. After this Court resolved the remaining claim construction disputes, Dr. McHugh provided a supplemental report that largely tracked the draft exemplar report that Avery had provided nearly a year earlier. Dr. McHugh discussed the "McGrath" prior art reference, which Avery had included in the exemplar report. Additionally, Dr. McHugh cited two new prior art references (Wood and McKenzie), and referred to existing photographs of 3M products made in accordance with that art. Dr. McHugh explained in the supplemental report that the Wood and McKenzie references, along with the photographs, supported his previously-offered invalidity opinions.

Effectively overturning this Court's August 30, 2004 Order, Magistrate Judge Noel struck Dr. McHugh's reference to the Wood and McKenzie patents, along with his reference to the photographs. In effect, Magistrate Judge Noel limited Dr. McHugh's supplemental report to just the exemplar that Avery filed in support of its original motion for supplementation.

Magistrate Judge Noel's Order is clearly erroneous and contrary to law. First, it conflicts with the well-settled authority allowing supplementation after courts construe claims. Indeed, this Court relied on that authority in allowing supplementation (including citation to new prior art) in the first placed. Second, it directly conflicts with the express terms of this Court's August 30, 2004 Order allowing supplementation. Limiting Dr. McHugh's supplemental report to the exemplar that Avery provided even before this Court resolved the remaining claim construction disputes cannot be squared with either

Avery's argument in support of supplementation or the express terms of this Court's August 30 Order. Thus, Avery respectfully request that Magistrate Judge Noel's Order be reversed.

## II. STATEMENT OF FACTS

This lawsuit was originally assigned to United States District Court Judge David Doty. Judge Doty presided over fact discovery and interpreted the claims of the patent-in-suit. Fact discovery was conducted in the context of Judge Doty's decision regarding the proper interpretation of the patent claims. After Judge Doty rendered summary judgment in favor of Avery, 3M appealed that decision to the Federal Circuit Court of Appeals. The Federal Circuit (in a 2-1 decision) reversed, finding that Judge Doty had erred in construing two terms in the '930 patent. In reversing, the Federal Circuit provided new interpretations of these terms, which fundamentally altered the way experts for both parties had read the '930 patent when rendering their opinions on infringement and invalidity issues.

After this case returned from the Federal Circuit, Avery proposed that experts for both parties be allowed to supplement their expert reports. Avery based its request for supplemental expert reports on the fact that the Federal Circuit had changed this Court's prior claim construction rulings. Additionally, Avery pointed out that this Court had agreed to resolve disputes over the meaning of the remaining claim terms. Thus, Avery argued that, under settled authority, both parties' experts should be allowed consider the new constructions provided in by the Federal Circuit, along with this Court's constructions once issued, in their opinions.

Magistrate Judge Noel denied Avery's request without explanation. Avery appealed Magistrate Judge Noel's decision to this Court. As part of its objections to Magistrate Judge Noel's decision, Avery provided draft, unsigned supplemental infringement and invalidity reports of Dr. McHugh as exemplars so the Court could see they type of supplementation Avery proposed. Dr. McHugh's draft supplemental invalidity report cited an example of new prior art that he found relevant in light of the new claim constructions. This new prior art reference – the McGrath patent – showed an embossed web with embedded spheres. According to Dr. McHugh, if the Court's claim constructions read the phrase "embossed depressions" broadly enough to encompass embedded spheres – a reading not possible under Judge Doty's claim constructions – then 3M's patent could not be valid over embedding prior art such as McGrath.

During argument on Avery's objections to Magistrate Judge Noel's decision disallowing supplemental reports, Avery's counsel explained that Avery "want[ed] the opportunity to revise the expert reports to reflect not only what the federal circuit said about claim construction but what this Court will ultimately decide regarding claim construction of the terms that are before the Court." (Declaration of David P. Pearson ("Pearson Dec.,") Ex. 1 at 18:15-19.) Avery's counsel further explained that its supplementation, if allowed, would include the citation of additional prior art that rendered 3M's patent invalid in light of the new claim construction:

> What happens is, when you have a different claim construction, that creates legally relevant differences as to what prior art now causes their claims to be invalid, and our position is, if you're going to now argue that embedding ink dots creates depressions, that just embedding creates surface depressions, then we're going to use your own art to show that this patent is invalid . . .

(Pearson Dec., Ex. 1 at 50:21-51:7.) Because the interpretation of important claim terms had changed following the decision by the Federal Circuit, Dr. McHugh had necessarily reevaluated his opinions on non-infringement and invalidity, including his opinions on the scope of prior art relevant to the claims in 3M's patent.

On August 30, 2004, the Court issued its order granting Avery's motion for supplementation. The Order permitted both parties to supplement expert reports once the Court issued final claim construction rulings:

> The parties will be permitted to file supplemental expert reports reflecting the claim constructions provided by the Federal Circuit and this Court. However, no new experts, experimentation, or other discovery will be permitted.

(Declaration of Lawrence M. Hadley ("Hadley Dec.,"), Ex. 1.) While the Court's August 30, 2004 Order disallowed new experts, new experimentation, and new discovery, the Court imposed no limitation on any expert to cite new prior art or reference existing photographs.

The Court issued its Memorandum and Order Construing Disputed Claims on June 20, 2005. On July 11, 2005,[1] Avery served upon 3M Dr. McHugh's supplemental and revised expert report on invalidity. (Pearson Dec., Ex. 2.) Dr. McHugh's supplemental report largely repeated both his initial report and the unsigned exemplar that Avery provided in August 3004. In fact, Dr. McHugh's final supplemental invalidity report differs from the draft report in just two ways. First, Dr. McHugh cited two additional

---

[1] There was some confusion as to the due date for the supplemented report due to the lapse of time between the Magistrate Judge's minute order setting forth due dates and the time of Court's claim construction ruling. Avery explained this situation in opposing 3M's motion to strike the report, and Magistrate Judge Noel denied 3M's motion to strike

"embedding" prior art patents—the Wood and McKenzie Patents (both belonging to 3M and both involving the same reflective webs as the McGrath patent cited in Dr. McHugh's exemplar)—in support of his already-expressed opinion that 3M's '930 patent cannot be valid under the claim constructions 3M proposed and the Federal Circuit adopted.[2] Id. Second, in support of his opinion about the structure of the webs disclosed in the reflective web prior art patents, Dr. McHugh references photographs of 3M's reflective materials embodying the prior art patents that Avery took years ago unrelated to this case. Id.

When 3M's counsel objected to this supplementation, Avery's counsel offered to provide to 3M's expert the photographs of 3M's reflective materials made according to the Wood and McKenzie patents. (Hadley Dec., ¶ 10.) 3M declined that invitation. On July 26, 2005, 3M served the supplemented report of its own expert, Dr. Strong, which addressed Dr. McHugh's supplemented report. (Pearson Dec., Ex. 3.)

Though Dr. McHugh's report conformed to the Court's August 30, 2004 Order, 3M nevertheless moved to strike the report and its supplementation. On August 24, 2005, Magistrate Judge Noel granted 3M's motion in part, striking the supplemented portions of the report not previously cited in the exemplar provided a year earlier, before this Court ruled on the meaning of additional claim terms. Thus, Magistrate Judge Noel allowed Dr. McHugh's discussion of the McGrath patent, which had been included in the

---

the supplemented report as untimely. (Pearson Dec., Ex. 4.)

[2] The McKenzie Patent is discussed in the McGrath Patent (which Avery disclosed to 3M last year), and discloses the same reflective structure as shown in the McGrath patent. The Wood patent discloses a very similar reflective structure. (See Pearson Dec., Ex. 2.)

draft exemplar report, but disallowed any reference to the Wood or McKenzie patents, or to the preexisting photographs of 3M's product. (Pearson Dec., Ex. 4).

## III. ARGUMENT

### A. Dr. McHugh's Identification Of Two Additional Prior Art References In His Supplemental Report Complies With The Court's August 30 Order Allowing Supplementation To Address Subsequent Claim Construction.

Magistrate Judge Noel's order striking the portion of Dr. McHugh's supplemental report that relies on the Wood and McKenzie patents is clearly erroneous and contrary to law.

First, settled case law (which Avery relied on in appealing Magistrate Judge Noel's prior order) expressly allows supplemental expert reports when a court either changes claim constructions or adopts new claim constructions.. For example, the Federal Circuit has held that parties must be allowed to supplement contentions, including invalidity contentions based on prior art, when a district court modifies the interpretation of claim terms because the "rules of the game" change. John Hopkins Univ. v. Cellpro, Inc., 152 F.3d 1342, 1356-57 (Fed. Cir. 1998) (district court committed reversible error in not allowing defendant to present new prior art during a new trial when the district court construed claims after the first trial; the district court's new construction "changed the rules of the game."). See also Becton Dickinson & Co. v. Syntron Bioresearch, Inc., 1998 U.S. Dist. LEXIS 22082, *46, *50, 51 U.S.P.Q. 2d 1722 (S. D. Cal. 1998) ("[A]fter a court has construed the claims in a patent case, the 'rules of the game' change, thereby allowing for amendment of the arguments in the case."); Donnelly Corp. v. Gentex Corp., 37 U.S.P.Q. 2d 1146, 1995 U.S. Dist. LEXIS 20525 (W.D. Mich. Aug. 23, 1995) (defendant allowed to "supplement" motion for summary judgment of

invalidity with new prior art because plaintiff "can be provided the opportunity to rebut…."). Excluding evidence based on new contentions after a change in claim construction is reversible error. Cellpro, 152 F.3d at 1357.

Additionally, the Federal Rules of Civil Procedure expressly allow supplementation of expert reports. Fed. R. Civ. P. 26(e). In accordance with Rule 26(e) the District Court of Minnesota rejected a motion to strike supplemental prior art contained in a Rule 26(e) expert report. 3M Innovative Prop. v. Nelson, Inc., 59 Fed. R. Serv. 3d (Callaghan) 300, 2004 U.S. Dist. LEXIS 15435 at 8-9 (D. Minn. Aug. 8, 2004). In Nelson, the district court concluded that the disclosure of new prior art did not amount to "asserting a new contention, but rather providing additional facts to support a previously asserted contention." Id.

Second, Magistrate Judge Noel's Order directly conflicts with, and effectively overturns, this Court's August 30, 2004 Order allowing "supplemental reports reflecting claim construction provided by the Federal Circuit and this Court." (Hadley Dec., Ex. 1.) Dr. McHugh's supplemental invalidity report contains nothing beyond the express terms of the Court's August 30, Order. Dr. McHugh accepted the claim constructions provided by the Federal Circuit and this Court, and affirmed his prior invalidity opinions. In further support of those opinions, Dr. McHugh cited two new prior art references—Wood and McKenzie. These references were not relevant before the Federal Circuit's opinion and this Court's claim constructions, but were relevant after those events. This is precisely the supplementation that the terms of the August 30, 2004 Order allowed.

Third, in placing no limits on Dr. McHugh's ability to cite new prior art, the Court's August 30 Order reflects the position that Avery took in seeking

supplementation. During argument on Avery's objections to Magistrate Judge Noel's prior order, Avery's counsel explained that additional prior art references would be needed to address the new claim constructions. Avery also provided a draft "exemplar" supplemental invalidity report showing that Dr. McHugh intended to cite new prior art relevant to the new claim constructions. Referring to the draft exemplar, Avery's counsel explained that it was merely illustrative of the final supplementation it requested to do after the Court's claim construction ruling:

> [I]n submitting to you and lodging with you a proposed supplemental expert report in the context of our motion to overturn [Magistrate Judge Noel's] ruling [prohibiting the supplementation of expert reports], it was to indicate to you how simple this was, that it was not burdensome . . .

(Pearson Dec., Ex. 1 at 50:21-51:7.) Thus, Avery could not have been more clear that it intended to supplement Dr. McHugh's expert report with additional prior art references.

Fourth, limiting Dr. McHugh's supplemental invalidity report to the draft exemplar that Avery provided nearly a year ago (which is the effective result of Magistrate Judge Noel's Order) would unfairly deny Avery the ability to fully contest the validity of 3M's patent at trial. At the time Avery submitted the draft exemplar report, this Court had not ruled that Avery could supplement its expert reports, and Avery did not believe, understand or represent that the draft supplemental report limited the scope of supplementation by Avery's experts. If the Court had limited supplemental reports to what Avery provided in the draft exemplar, it would have defeated the very purpose of seeking supplementation not then, but ***after*** this Court issued its new claim construction rulings.

Finally, 3M cannot credibly argue that it is prejudiced by allowing Dr. McHugh to rely on two prior art references in the exemplar filed with the Court when Avery objected to Magistrate Judge Noel's earlier Order. First, 3M's expert—Dr. Strong—has been allowed to rebut Dr. McHugh's statements regarding the Wood and McKenzie patents in the supplemental expert report he served more than two weeks later. (Pearson Dec., Ex. 3.) Second, 3M cannot complain about its inability to conduct discovery regarding the Wood and McKenzie patents, as the Court already struck that balance in its August 30, 2004 Order by allowing only supplementation of expert reports but no discovery. In fact, 3M never conducted any discovery regarding any other prior art that Avery previously cited. And because the Wood and McKenzie patents belong to 3M, it can examine those patents, their histories and even their inventors without invoking format discovery procedures.

**B. Dr. McHugh's Reference To Existing Photographs In His Supplemental Report Complies With The Court August 30 Order.**

Magistrate Judge Noel also struck the portions of Dr. McHugh's supplemental report that discussed photographs that Avery took well before any issue of supplementation arose. In seeking to strike the photographs, 3M wrongly characterized them as "new tests." They are not. Rather, the photographs simply show 3M products that embody the inventions described in the McGrath and McKenzie prior art patents. In this regard, the photographs are prior art just like the McGrath patent itself, which Magistrate Judge Noel did not strike. Dr. McHugh's citation to the photographs falls within the express terms of the supplementation allowed in this Court's August 30, 2004

Order. Thus, Magistrate Judge Noel's Order regarding the photographs is clearly erroneous and contrary to law.

In contrast to new experiments or testing, Dr. McHugh cites the photographs merely to support a conclusion that he reaches about the McGrath and McKenzie prior art patents. Specifically, at pages 15-17 of his supplemental invalidity report, Dr. McHugh explains how the McGrath and McKenzie patents (using 3M's view of embossed depressions) disclose each limitation of 3M's '930 patent. (Pearson Dec., Ex. 2.) Both the McKenzie and McGrath patents disclose the same reflective sheeting structure, which include embossed ridges. To establish that these patents anticipate the '930 patent, the ridges disclosed in McKenzie/McGrath must fall within the 3-45 micron height range claimed in the'930 patent. 35 U.S.C. § 102(a). Dr. McHugh refers to passages in the McKenzie/McGrath specifications from which the ridge height can be determined. (Pearson Dec. Ex. 2 at 16-17.) In support of his reading of the McKenzie/McGrath patents, Dr. McHugh examined preexisting photographs of 3M's reflecting sheeting made in accordance with the McKenzie/McGrath method, and reported what he saw:

> "Tests of 3M reflective materials confirm that the ridge height will not exceed the diameter of the microspheres, and generally extend less than 90% of the sphere diameter."

(Pearson Dec., Ex. 2 at 17.)

The Court's August 30, 2004 Order states that "no **new** experts, experimentation, or other discovery will be permitted." (Hadley Dec., Ex. 1) (emphasis added.) Dr. McHugh followed this instruction and did not do new experimentation. He simply looked at previously-taken photographs and reported what he saw. 3M's argument that Dr. McHugh did new "testing" is simply untrue, and his examination of photographs, just

like his examination of new prior art patents, is well within the scope of permissible supplementation under the August 30, 2004 Order.

## IV. CONCLUSION

For the foregoing reasons, Avery respectfully asks that Magistrate Judge Noel's August 24, 2005 Order be reversed to the extent it strikes the portions of Dr. Anthony McHugh's Supplemental and Revised Expert Report that relate to the Wood and McKenzie patents and photographs of 3M's reflective sheeting.

DATED: September 12, 2005

Respectfully submitted,

s/David P. Pearson

David P. Pearson
WINTHROP & WEINSTINE, P.A.
225 South Sixth Street, Suite 3500
Minneapolis, Minnesota 55402
(612) 347-0700 - Telephone
(612) 347-0600 - Facsimile

Of Counsel:

Roderick G. Dorman
Lawrence M. Hadley
HENNIGAN, BENNETT & DORMAN LLP
601 South Figueroa Street, Suite 3300
Los Angeles, California 90017
(213) 694-1200 - Telephone
(213) 694-1234 - Facsimile

Jay R. Campbell
RENNER OTTO BOISSELLE & SKLAR
1621 Euclid Avenue, 19th Floor
Cleveland, Ohio 44115
(216) 621-1113 - Telephone
(216) 621-1260 - Facsimile

**CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(c), the undersigned hereby certifies, as counsel for Defendant, that this memorandum of law complies with the type-volume limitation as there are 3,113 words of proportional space type in this memorandum of law. This memorandum of law was prepared using Microsoft Word 2000. I have relied upon the word count of this word processing program and certify that it has been applied specifically to include all text, including headings, footnotes, and quotations.

DATED: September 12, 2005

Respectfully submitted,

s/David P. Pearson

David P. Pearson
WINTHROP & WEINSTINE, P.A.
225 South Sixth Street, Suite 3500
Minneapolis, Minnesota 55402
(612) 347-0700 - Telephone
(612) 347-0600 - Facsimile

2465856v1