**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

| | |
|---|---|
| 3M INNOVATIVE PROPERTIES COMPANY and MINNESOTA MINING AND MANUFACTURING COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>AVERY-DENNISON CORPORATION,<br><br>Defendant. | Civil No. 01-1781 (JRT/FLN)<br><br>**ORDER AFFIRMING AUGUST 24, 2005 ORDER OF MAGISTRATE JUDGE** |

Jonathan E. Singer, John C. Adkisson, and Katherine A. Moerke, **FISH & RICHARDSON P.C.**, 3300 Dain Rauscher Plaza, 60 South Sixth Street, Minneapolis, MN 55402; Juanita R. Brooks, **FISH & RICHARDSON P.C.**, 12390 El Camino Real, San Diego, CA 92130; Frank P. Porcelli, Gregory A. Madera, Kurt L. Glitzenstein, and Timur Engin, **FISH & RICHARDSON P.C.**, 225 Franklin Street, Suite 3100, Boston, MA 02110; and Kevin H. Rhodes, **3M INNOVATIVE PROPERTY COMPANY**, 3M Center, Post Office Box 33427, St. Paul, MN 55133, for plaintiffs.

David P. Pearson and Tiffany A. Blofield, **WINTHROP & WEINSTINE, P.A.**, 225 South Sixth Street, Suite 3500, Minneapolis, MN 55402; Roderick G. Dorman, Lawrence M. Hadley, and Armand F. Ayazi, **HENNIGAN, BENNETT & DORMAN LLP**, 601 South Figueroa Street, Suite 3300, Los Angeles, CA 90017; and Jay R. Campbell, **RENNER OTTO BOISSELLE & SKLAR**, 1621 Euclid Avenue, 19th Floor, Cleveland, OH 44115, for defendant.

This matter is before the Court on defendant's objections to the August 24, 2005 Order of Magistrate Judge Franklin L. Noel, granting in part plaintiffs' motion to strike portions of defendant's supplemental expert report. An order of a magistrate judge on nondispositive pretrial matters may be reversed only if it is clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a). For the following reasons, the Court overrules defendant's objections.

To address defendant's objections, it is necessary to summarize some of the long procedural history of this patent infringement case. After the District Court granted summary judgment in defendant's favor, the Federal Circuit reversed, and in so doing, changed the meanings of certain claim terms. *3M Innovative Prop. Co. v. Avery Dennison Corp.*, 350 F.3d 1365 (Fed. Cir. 2003). Defendant sought permission to supplement its expert reports based on the changed meanings, which this Court granted, reversing the Magistrate Judge's earlier denial. (Tr. of Aug. 30, 2004 Hearing at 54.) As part of its motion, defendant submitted a supplemental expert report based on the Federal Circuit's new claim constructions. Defendant represented to the Court that it did not seek to reopen discovery or conduct new tests and experiments. The Court ruled that it "will permit revision of the expert report to reflect the federal circuit's and this Court's claim construction. The Court intends just simply to allow the supplementation in the manner in which it has been proposed and not to start this whole process anew." *Id*. At that time, the Court had not yet construed certain disputed terms. During the hearing, defendant sought clarification of this order, querying whether, if the Court adopted a claim construction different from the parties', it would be allowed to supplement its expert report further. The Court responded, "If the Court adopts a construction that was not anticipated, the Court will permit that." *Id*. at 55.

After the Court issued its Memorandum Opinion and Order Construing Certain Disputed Claims, dated June 20, 2005, defendant submitted a new supplemental expert report, containing material that was not a part of its previous supplemental report. Specifically, the new report included two previously-undisclosed prior art references and

previously-undisclosed testing of 3M products. Plaintiffs moved to strike the new material. During the hearing before the Magistrate Judge, defendant admitted that both the new prior art references and the undisclosed testing were relevant to the Federal Circuit's claim construction, not this Court's.

This Court clearly stated, however, that it intended to allow changes to defendant's supplemental report only if it adopted a construction that was not anticipated. Defendant admits that did not happen, but argues that its earlier supplemental report was only an exemplar and was not intended to be the final report. Defendant points out that its new material does not consist of any new contentions, but merely new support for its existing arguments. Defendant cites *3M Innovative Prop. Co. v. Barton Nelson, Inc.*, 2004 WL 1774528 (D. Minn. Aug. 8, 2004) for the proposition that it is permissible to submit new facts when those facts are simply additional support for a previously asserted contention. Nothing in that case, however, requires the Court to allow the new material. Defendant argues that it is reversible error not to allow a supplemental report when the construction of a term has changed. *Johns Hopkins Univ. v. Cellpro, Inc.*, 152 F.3d 1342, 1349-50 (Fed. Cir. 1998). Unlike in *Johns Hopkins*, here there is no reason why defendant could not have included this material in its previous supplemental report. Defendant already admitted that the new material is not responsive to anything in the Court's June 20, 2005 Order.

The Court therefore finds nothing suggesting that the Magistrate Judge's Order is clearly erroneous or contrary to law.

**ORDER**

Based on the foregoing, all the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that the Magistrate Judge's Order of August 24, 2005 [Docket No. 201] is **AFFIRMED.**

DATED: October 21, 2005
at Minneapolis, Minnesota.

s/ John R. Tunheim
JOHN R. TUNHEIM
United States District Judge