IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| 3M INNOVATIVE PROPERTIES COMPANY and MINNESOTA MINING AND MANUFACTURING COMPANY, | : | |
| Plaintiffs, | : | Civil Action No. 01-CV-1781 (JRT/FLN) |
| vs. | : | |
| AVERY-DENNISON CORPORATION, | : | |
| Defendant. | : | |

**AVERY DENNISON CORPORATION'S
MEMORANDUM IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS
RE PLAINTIFFS' CLAIM FOR CONTRIBUTORY INFRINGEMENT AND
INDUCEMENT OF INFRINGEMENT**

# I. INTRODUCTION

In its complaint, Plaintiffs 3M Innovative Properties Company and Minnesota Mining and Manufacturing (collectively "3M") accused Avery Dennison Corporation ("Avery") of infringing U.S. Patent 5,897,930 ("the '930 patent). Besides alleging direct infringement, 3M purports to state causes of action for contributory patent infringement and inducement of patent infringement. But 3M's contributory and inducement claim consists of a single sentence: "Avery has been and is . . . actively inducing others to infringe, and /or contributing to the infringement of the '930 patent…." This single, conclusory allegation falls well short of even the notice pleading standard for contributory and inducing infringement because it lacks several essential elements. In the four years since the commencement of this suit, 3M has never sought to amend its pleadings to correct these deficiencies. 3M's claims of contributory infringement and inducing infringement should therefore be dismissed and 3M should not be given leave to amend just weeks before trial.

Contributory infringement under 35 U.S.C. §271(c) arises when a person makes a component that a third party incorporates with other parts to create an infringing product. To state a claim for contributory infringement against the component maker, a plaintiff must, at a minimum, allege: (1) direct infringement by the third party, (2) that the component constitutes a material part of the infringing product, (3) knowledge by defendant that the component was especially made or adapted for use in an infringing matter, (4) the component is not a staple item of commerce, and (5) the component is not suitable for non-infringing use. 3M's complaint fails to make any of these necessary allegations.

Similarly, 3M fails to make allegations sufficient to support its claim for inducement of infringement under 35 U.S.C. §271(b). To support a claim for inducing infringement, 3M needed to plead at least the following elements:

- Avery had specific intent to cause the acts which constitute infringement
- Avery knew or should have known that its actions would induce actual infringements

- Direct infringement by a third party.

But these essential allegations are absent from 3M's complaint. Accordingly, 3M has also failed to state a claim that Avery induced the infringement of the patent-in-suit.

Any attempt by 3M to seek leave to amend its complaint at this late stage should be denied. 3M filed its original complaint over four years ago. During that time, 3M never sought to amend its complaint to assert the requisite allegations. Discovery is closed and trial is weeks away. Avery would be greatly prejudiced by any amendments to the pleading now, and entitled to a continuation of the trial date to prepare a defense to the belated allegations. Thus, Avery is entitled to judgment on the pleadings for 3M's contributory and inducing infringement claims.

## II. BACKGROUND

3M filed its complaint in this lawsuit on September 27, 2001. 3M's claim for relief for patent infringement consisted of the following allegations:

> 8. On April 27, 1999, United States Patent No. 5,897,930 ("the '930 patent") entitled "Multiple Embossed Webs," was duly and legally issued by the United States Patent and Trademark Office. 3M IPC owns the '930 patent by assignment. 3M is the exclusive licensee of the '930 patent. A true and correct copy of the '930 patent is attached as Exhibit A to this Complaint.
>
> 9. Defendant Avery has been and is directly infringing, actively inducing others to infringe, and/or contributing to the infringement of the '930 patent in this District and elsewhere.
>
> 10. Upon information and belief, Avery will continue to infringe the '930 patent unless and until it is enjoined by this Court.
>
> 11. Upon information and belief, Avery's infringement of the '930 patent is taking place with knowledge of the '930 patent and is willful. By continuing to commit acts of infringement with full knowledge of the '930 patent, Avery has failed to meet the required standard of care to avoid a finding of willful infringement.
>
> 12. Avery has caused and will continue to cause Plaintiffs irreparable injury and damage by infringing the '930 patent. Plaintiffs will suffer further irreparable injury, for which Plaintiffs have no adequate remedy at law, unless and until Avery is enjoined from infringing the '930 patent.

(Declaration of Lawrence Hadley ("Hadley Decl."), Exhibit 1) At no time during this lawsuit has 3M sought to amend its complaint. Further, discovery is closed, and trial is set to begin December 12, 2005.

## III. LEGAL STANDARD FOR JUDGMENT ON THE PLEADINGS

Rule 12(c) of the Federal Rules of Civil Procedure allows a party to move for judgment on the pleadings: "After the pleadings are closed…any party may move for judgment on the pleadings." "A rule 12(c) motion is governed by the same standard as a motion to dismiss under Rule 12(b)(6)." Serpico v. Menard, Inc., 927 F. Supp. 276, 279 (N.D.Ill. 1996). A motion for judgment on the pleadings under Rule 12(c) is proper where "plaintiff failed to state a claim upon which relief can be granted." Jones v. Tennessee Eastman Co., Etc., 397 F. Supp. 815 (E.D. Tenn. 1974); Fed. R. Civ. P. 12(h)(2) ("A defense for failure to state a claim upon which relief can be granted…may be made…by motion for judgment on the pleadings…").

In deciding a motion for judgment on the pleadings, "[t]he court may consider only matters presented in the pleadings and must view the facts in the light most favorable to the nonmoving party." National Fidelity Insurance Co. v. Karaganis, 811 F.2d 357, 358 (7th Cir. 1987); U.S. v. $244,320.00, 295 F. Supp.2d 1050, 1055 (S.D. Iowa 2003) ("When considering a motion for judgment on the pleadings, a court generally must consider only those materials in the pleading."); Serpico, 927 F. Supp. at 279 ("The court considers only the matters presented in pleadings…") (emphasis added); Catapano v. Wyeth Ayerst Pharmaceuticals, Inc, 88 F. Supp.2d 27, 28 (E.D.N.Y. 2000) ("The court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken.").

To survive a motion for judgment on the pleadings, the nonmoving party must make allegations in its complaint sufficient to support its cause of action. "Despite the liberal notice pleading standards embodied in the Federal Rules of Civil Procedure, a plaintiff is 'nonetheless required to set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." MacNeill Engineering Co., Inc. v. Trisport, Ltd., 59 F. Supp.2d 199, 201 (D.Mass. 1999) (citing Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988)). When those elements are not plead after the close of pleadings, a defendant is entitled to judgment on the pleadings. Id.

## IV. 3M'S ALLEGATIONS OF CONTRIBUTORY INFRINGEMENT ARE DEFICIENT AND SHOULD BE DISMISSED AS A MATTER OF LAW.

### A. Required Allegations for Claim of Contributory Infringement

35 U.S.C. §271(c) governs contributory infringement claims:

> [w]hoever offers to sell or sells within the United States or imports into the United States a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use, shall be liable as a contributory infringer.

"A claim of contributory infringement requires first that, that there be direct infringement by a party other than the defendant who is actually using the device. Next, the device sold by defendant must constitute a material part of the invention. Third, the defendant must have known that the device was especially made or adapted for use in infringing the patent. Finally, the device is not suitable for non-infringing use." Scientronic Corp. v. AT&T Incorporated Corp., Case No. 91 CV 1148 (SJ), 1993 U.S. Dist. LEXIS 20456, *9 (E.D.N.Y. 1993) (dismissing complaint for contributory infringement); MacNeill Engineering, 59 F.Supp. at 201 ("The material elements of contributory infringement under section 271(c) are (1) knowledge that an article is being used as a material element in an infringing product and (2) a showing that the article being used is not a staple item of commerce with no substantial noninfringing uses.") (citing *Lummus Ind., Inc. v. D.M. & E. Corp.*, 862 F.2d 267, 272 (Fed. Cir. 1988)).

In MacNeil Engineering, the court denied the Plaintiff's motion to amend its complaint to allege contributory infringement, because those allegations "would…not survive a motion to dismiss for failure to state a claim…". MacNeil Engineering, 59 F. Supp.2d at 201 The court explained that "[a]t the very least, [patentee]'s allegations of contributory infringement should roughly describe the 'component' or 'material part' that [Defendant] knowingly is offering, selling, or importing into the United States and which is enabling direct infringement." Id. The court further explained that "the only factual support [patentee] provides to support its clam of

contributory infringement is that, upon information and belief, some type of contributory infringement activity took place in Massachusetts. ***Without more, such allegations are deficient***." Id. (emphasis added).

Similarly, in Hewlett Packard, the Plaintiff alleged that Defendant's acts were "willful" and that Defendant "committed acts of infringement in this District, for example, by selling infringing products to Calpine Corporation, which is headquartered in this District." Hewlett-Packard, 2003 WL 23884794 at *2. The court dismissed Plaintiff's complaint because "Plaintiff fail[ed] to allege that Defendant offered to sell or sold any particular component or that such component was a material part of an infringing device." Id. The court stated that Plaintiff's complaint was "***not sufficient to state a claim for contributory infringement***." Id. (emphasis added).

**B. 3M Fails to State a Claim for Contributory Infringement.**

3M's complaint fails to make allegations sufficient to support 3M's claim for contributory infringement. In its Complaint, 3M makes only the following allegations regarding Avery's alleged contributory infringement: "Defendant Avery has been and is directly infringing, actively inducing others to infringe, and/or contributing to the infringement of the '930 patent in this District and elsewhere." (Hadley Decl. Ex. 1, ¶ 9.)

3M's single sentence allegation is completely conclusory and lacks any of the elements required to support a claim for contributory infringement. Specifically, 3M's pleading lacks at least the following elements required to withstand judgment on its claim of contributory infringement:

- That Avery had knowledge that an article is being used as a material element in an infringing product.
- That Avery's article is not a staple item of commerce.
- That Avery's article has no substantial noninfringing use.
- Direct infringement by a third party.

The pleading deficiencies in 3M's complaint are indistinguishable from the complaints

dismissed as a matter of law in both Hewlett-Packard and MacNeil Engineering. In Hewlett-Packard, "the complaint simply allege[d]: Defendant in violation of 35 U.S.C. §271, has been and is currently infringing, contributorily infringing, or inducing infringement of the patents-in-suit by, among other things, making, using offering to sell and/or selling infringing software and hardware products without authority or license from Plaintiff." The Hewlett-Packard court dismissed plaintiff's allegations of contributory infringement as deficient. Likewise, in MacNeil Engineering, the district court found that similar allegations lacked any factual support for a contributory infringement claim. 59 F. Supp.2d at 201. Because 3M's complaint does not allege any more than the complaints at issue in these cases, Avery must be granted judgment on 3M's contributory infringement claim.

## V. 3M'S ALLEGATIONS OF INDUCING INFRINGEMENT ARE DEFICIENT AND SHOULD BE DISMISSED AS A MATTER OF LAW.

### A. Required Allegations for Claim of Inducement of Infringement

35 U.S.C. §271(b) provides that "[w]hoever actively induces infringement of a patent shall be liable as an infringer." "An inducement claim requires allegations of (1) specific intent and (2) direct infringement by someone other than the inducer." Hewlett-Packard Co., 2003 WL 23884794, *2 (citing Hewlett Packard Co. v. Bausch & Lomb, 909 F.2d 1464, 1449 (Fed. Cir. 1990) ("proof of actual intent to cause the acts which constitute infringement is a necessary prerequisite to finding active inducement); Met-Coil Systems v. Korners Unlimited, Inc., 803 F.2d 684, 687 (Fed. Cir. 1987)). "Induced infringement under §271(b) occurs where a party is 'actively and knowingly aiding and abetting another's direct infringement.'" Catapano, 88 F. Supp.2d at 30. "A plaintiff alleging inducement of infringement must establish that the defendant possessed specific intent to encourage another's infringement and that he knew or should have known his actions would induce actual infringements." Id. Thus, pleading a cause of action for inducing infringement requires, at the very least allegations of (1) specific intent by the accused infringer to cause the acts which constitute infringement, (2) that the accused infringer knew or should have known that his actions would induce actual infringements and (3)

direct infringement by someone other than the inducer. 35 U.S.C. §102(b); Hewlett-Packard Co., 2003 WL 23884794, *2; Catapano, 88 F. Supp.2d at 30.

For example, the Hewlett-Packard court dismissed a conclusory inducing infringement claim, much like the claim 3M pleads here, finding that the complaint lacked any "allegations of direct infringement by a third-party." Hewlett-Packard, 2003 WL 23884794 at *2. The court further explained that "the alleged sales of 'infringing products'…[are] insufficient to state a claim for inducing infringement." Id. Similarly, the Catapano court dismissed conclusory inducement claims where the patentee's "complaint fail[ed] to allege that the Defendants specifically intended to encourage this behavior." Id.

### B. 3M Fails to State a Claim for Inducement of Infringement.

3M's inducing infringement claim recites only the same conclusory statement of inducement that courts repeatedly reject as insufficient to plead a sustainable cause of action. 3M simply pleads that "Defendant Avery has been and is directly infringing, actively inducing others to infringe, and/or contributing to the infringement of the '930 patent in this District and elsewhere." (Hadley Decl. Ex. 1, ¶ 9) This allegation fails to state any of the elements required to support a claim for inducement of infringement, including specific intent to cause infringing actions, knowledge that Avery's actions would induce actual infringements, and direct infringement by a third party. Therefore, Avery is entitled to judgment on the pleadings.

## VI. 3M SHOULD NOT BE GIVEN LEAVE TO AMEND.

Any request by 3M for leave to amend its deficient complaint should be denied. Denying 3M leave to amend is within this Court's discretion. Doe v. Sch. Dist. of the City of Norfolk, 340 F.3d 605, 615 (8th Cir. 2003). "There is no absolute right to amend." Becker v. University of Nebraska, 191 F.3d 904, 908 (8th Cir. 1999). Proper bases for denying leave to amend include 1) undue delay, 2) dilatory motive or 3) undue prejudice to the opposing party. Id. at 907-8. The Eight Circuit has held that denial of leave to amend two years after the filing of the original complaint is proper. Becker v. Univ. of Nebraska, 191 F.3d 904, 908 (8th Cir. 1999) (affirming trial court's denial of leave to amend complaint). The Eighth Circuit has also held

that leave to amend is denied properly when it is sought weeks before trial. Bell v. Allstate Ins. Co., 160 F.2d 1452, 454 (8th Cir. 1998) (denying a motion to amend filed five weeks before trial). Denial of leave to amend is appropriate "[w]hen a considerable amount of time has passed since the filing of a complaint and the motion to amend is made on the eve of trial and will cause prejudice…" Thompson-El v. Jones, 876 F.2d 66, 67 (8th Cir. 1989).

Any attempt by 3M to amend its complaint should be rejected based on 3M's undue delay and resulting prejudice to Avery. This suit was filed over four years ago. Discovery has long been closed and trial is weeks away. Avery should not be forced to face new allegations regarding 3M's theory for contributory infringement and inducement of infringement at this late a stage. Thompson-El v. Jones, 876 F.2d 66, 67 (8th Cir. 1989). If 3M were allowed to amend its complaint to provide factual bases for insufficiently plead contributory and inducing infringement claims, Avery would be entitled to further discovery and a continuance of the trial date to prepare a defense to these new claims.

## VII. CONCLUSION

For the foregoing reasons, Avery is entitled to judgment on the pleadings as to 3M's contributory and inducing infringement claims.

DATED: November 14, 2005

Respectfully submitted,

/S/ Lawrence M. Hadley

David P. Pearson
WINTHROP & WEINSTINE, P.A.
225 South Sixth Street, Suite 3500
Minneapolis, Minnesota 55402
(612) 347-0700 - Telephone
(612) 347-0600 - Facsimile

Of Counsel:

Roderick G. Dorman
Lawrence M. Hadley
HENNIGAN, BENNETT & DORMAN LLP
601 South Figueroa Street, Suite 3300
Los Angeles, California 90017
(213) 694-1200 - Telephone
(213) 694-1234 - Facsimile

Jay R. Campbell
RENNER OTTO BOISSELLE & SKLAR
1621 Euclid Avenue, 19th Floor
Cleveland, Ohio 44115
(216) 621-1113 - Telephone
(216) 621-1260 - Facsimile

## CERTIFICATE OF SERVICE

On November 14, 2005, I served a copy of the within document described as **AVERY DENNISON CORPORATION'S MEMORANDUM IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS RE PLAINTIFFS' CLAIM FOR CONTRIBUTORY INFRINGEMENT AND INDUCEMENT OF INFRINGEMENT** by transmitting via United States District Court for the District of Minnesota Electronic Case Filing Program the document listed above by uploading the electronic files for each of the above listed document on this date, addressed as set forth below.

Jonathan E. Singer
John C. Adkisson
Fish & Richardson, P.C.
60 South Sixth Street, Suite 3300
Minneapolis, Minnesota 55402

Juanita R. Books
Fish & Richardson, P.C.
12390 El Camino Real
San Diego, California 92130-2081

/S/ Lawrence M. Hadley
Lawrence M. Hadley