IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| 3M INNOVATIVE PROPERTIES COMPANY and MINNESOTA MINING AND MANUFACTURING COMPANY, | : | |
| Plaintiffs, | : | Civil Action No. 01-CV-1781 (JRT/FLN) |
| vs. | : | |
| AVERY-DENNISON CORPORATION, | : | |
| Defendant. | : | |

# AFFIDAVIT OF JOHN W. CORNELL IN SUPPORT OF AVERY DENNISON CORPORATION'S REPLY MEMORANDUM OF LAW IN OPPOSITION TO 3M'S MOTION TO STRIKE AVERY'S SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 14

I, John W. Cornell, being first duly sworn upon oath, depose and state:

1. I am Associate Patent Counsel for Avery Dennison Corporation ("Avery") and have been employed by Avery since 2000. In that capacity, I am both an attorney for my employer and a client of outside law firms which are engaged to represent Avery in legal matters, including this one. I am responsible for providing legal assistance to Avery's management in the Graphics Division.

2. I received my Bachelor of Arts degree in Chemistry from Eisenhower College in 1977. I received my Juris Doctor degree from the University of Pittsburgh in 1980. I am licensed to practice law in the states of Pennsylvania, New York, and Illinois and before the United States Patent and Trademark Office.

3. I am familiar with the claims and issues raised by Plaintiff in this case, as well as the defenses to these claims, as I have been involved with the case from its commencement and I supervise the litigation on Avery's behalf. Throughout the course of the litigation I personally

became increasingly knowledgeable of all the claims and defenses in this case, and I formed personal, professional opinions concerning the strengths and merits based on extensive knowledge and analysis of those claims and defenses by me, and all the evidence in this case. In forming my legal opinions regarding Avery's defenses in this case, I have reviewed and considered the expert report and the revised expert report of Dr. McHugh and his opinions regarding Avery's non-infringement and invalidity defenses.

4. Since prior to the Federal Circuit opinion in this case through today, Avery management has consistently relied on me to advise it whether Avery has a good faith basis to continue to manufacture and sell the alleged infringing product. Throughout the period from the date of the Federal Circuit opinion until today, whenever I have been asked by Avery's management, I have informed management that Avery has defenses to this patent infringement case that I believe are meritorious. Those communications have been oral, not written, since there has been no need or request of me to put them in writing. Further, I have not requested any outside law firm following the Federal Circuit opinion to prepare a written legal opinion concerning non-infringement or invalidity because I already know and understand those issues. Following the issuance of the Federal Circuit's decision in this case and the Trial Court's decision construing disputed claims on June 20, 2005, I undertook another review of the evidence and issues in this case for the purpose of assessing whether Avery's non-infringement and invalidity claims are meritorious. This review took place in or about early July, 2005. I assessed the Federal Circuit's decision as well as the decision of the Trial Court regarding claim construction matters and I assessed the merits of Avery's invalidity defense. As a result of this review I reaffirmed my prior analysis and confirmed that Avery continued to have meritorious defenses to 3M's infringement claim, and I further confirmed my opinion that 3M's patent was

invalid and therefore Avery was lawfully manufacturing and selling the alleged infringing product because 3M did not have a lawful and enforceable patent. In or about late September and early October, 2005 I had discussions with Avery management regarding the status of this case. I understood that Avery and 3M were to engage in court-ordered mediation in October, 2005, and I further knew this case was scheduled for trial in December, 2005. In light of these events, I provided Avery management with my legal opinion regarding the merits of Avery's defenses to 3M's infringement claims, including the merits of Avery's non-infringement defenses and the merits of Avery's invalidity defense. In my discussions with Avery management during this time period, I confirmed what I had told Avery management on prior occasions, that is, that it was my legal opinion that Avery had meritorious defenses to 3M's patent infringement claim against Avery.

5. Based upon my review, I have concluded that Avery has a valid, good faith defense to this action. Specifically, I have advised Avery that the '930 patent is invalid based on the following:

(a). The inventors of the '930 patent have not been properly named;

(b). At least claim 1 of the '930 patent is invalid as anticipated under section 102(a) and section 102(b) by Sawka '675 (U.S.P.N. 5,405,675);

(c). If the jury accepts 3M's contention that the embedded ink in Avery's liner forms an "embossed patterns of depressions," claims 1-5 of the '930 patent are invalid as anticipated under section 102(a) and section 102(b) by U.S. Patents 3,190,178 (McKenzie '178), 4,025,159 (McGrath '159), 4,075,049 (Wood '049), and 3,989,775 (Jack '775), as well as retro-reflective sheets made according to these patents; and

(d). The subject matter of claims 1-5 of the '930 patent would have been obvious to a person of ordinary skill in the art, and thus, claims 1-5 of the '930 patent are invalid under 35 U.S.C. § 103. The prior art that renders claims 1-5 obvious is set forth in Dr. McHugh's report.

6. I have also advised Avery management that the accused Avery product does not, in my opinion, infringe the '930 patent because it does not have a first embossed pattern of depressions as required by each of the asserted patent claims against Avery.

7. I gave this legal advice regarding the good faith position of Avery to Avery management in early October 2005. Thereafter I informed Avery's trial counsel of these facts.

FURTHER YOUR AFFIANT SAITH NOT.

s/John W. Cornell__________
John W. Cornell

Subscribed and sworn to
before me this 14 day
of November, 2005.

s/Barbara J. Lord____________
Barbara J. Lord
Notary Public

2541395v2