IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| 3M INNOVATIVE PROPERTIES COMPANY and MINNESOTA MINING AND MANUFACTURING COMPANY, | : | |
| Plaintiffs, | : | Civil Action No. 01-CV-1781 (JRT/FLN) |
| vs. | : | |
| AVERY DENNISON CORPORATION, | : | |
| Defendant. | : | |

**DECLARATION OF LAWRENCE M. HADLEY IN SUPPORT OF AVERY DENNISON CORPORATION'S OPPOSITION TO 3M'S MOTION TO STRIKE SUPPLEMENTAL RESPONSE TO 3M'S INTERROATORY NO. 14**

I, Lawrence M. Hadley, declare and state as follows:

1. I am an attorney with the law firm of Hennigan, Bennett & Dorman LLP, counsel for Avery Dennison Corporation ("Avery") in this matter. I make this Declaration in support of Avery Dennison Corporation's Opposition to 3M's Motion to Strike Avery's Supplemental Response to 3M's interrogatory no. 14. I have personal knowledge of the facts set forth herein, and if called upon to testify, I could and would competently testify as to these facts.

2. 3M filed its Complaint in this action on September 27, 2001. Paragraph 11 of the Complaint asserted that Avery willfully infringed the '930 patent. During discovery, 3M made clear that its claim for willful infringement dated from Avery's first sales of the accused EZ Series Fleet Marking Film ("EZ Film"). In defense to 3M's willfulness claim, Avery elected to waive the attorney-client privilege and raise an advice of counsel defense. Avery produced all documents reflecting its advice of counsel and provided for deposition the two attorneys (William Tritt and John Cornell) who gave that advice.

3. On October 19, 2002, the District Court granted summary judgment of non-infringement to Avery in this action. The District Court based its decision on the construction of two claim terms – "embossed" and "multiple embossed." In so doing, the District Court largely agreed with the advice Avery's attorneys had provided on these two issues. On December 2, 2003, the Federal Circuit (in a 2-1 decision) reversed in part, finding that the District Court erred in its construction of "embossed" and "multiple embossed." The Federal Circuit remanded the case to this Court for trial. On June 20, 2005, this Court construed the remaining claim terms at issue, which need to be construed before a trial could take place.

4. In or about October 2005, I had a conference with John Adkisson, counsel for 3M in this matter. During the call, I discussed 3M's willfulness claim and inquired whether 3M would continue to assert that Avery willfully infringed 3M's patent. I explained to Mr. Adkisson my belief that a willfulness claim could not be properly maintained, especially when the District Court judge and one Federal Circuit judge had agreed with the advice Avery's counsel had provided. Under these circumstances, I suggested to Mr. Adkisson that Avery's sale of the accused EZ Film had to be done with a good faith believe that its product did not infringe.

5. While Mr. Adkisson neither agreed nor disagreed with my analysis, he said that Avery's continued sales of the accused EZ Film after the Federal Circuit's decision in 2003 and after this Court's claim construction rulings in 2005 could be considered willful infringement. This was the first time 3M had suggested that its claim for willful infringement would be based on events taking place as part of the litigation in this case. Mr. Adkisson further asked whether either Mr. Dorman (Avery's lead trial counsel) or me would seek to testify at trial regarding the advice we have provided to Avery during the course of the litigation as a defense to 3M's newly raised "willfulness" theory. I told Mr. Adkisson that neither Mr. Dorman or I planned to testify. I also pointed out that Avery's in-house counsel in charge of this litigation, John Cornell, had certainly provided ongoing legal advice to Avery regarding the merits of Avery's defenses in this action. I also pointed out that 3M had already deposed Mr. Cornell in this case regarding the advice given up to that time. Mr. Adkisson responded that Avery had not supplemented its

interrogatory response asking for the facts supporting any defense to 3M's willfulness claim with any new advice Mr. Cornell had given to Avery. Absent such supplementation Mr. Adkisson indicated that 3M would seek to exclude Mr. Cornell from testifying at trial regarding his continued advice to Avery in response to 3M's new willfulness theory for sales of EZ Film following the Federal Circuit's decision and this Court's claim construction decision. I indicated to Mr. Adkisson that I thought such supplementation was unnecessary since 3M knew what advice had been given to Avery from simply looking at Avery's expert reports and the pleadings filed in this case. However, I said I would consider his request.

6. On November 4, 2005, I provided the supplemental interrogatory response that Mr. Adkisson requested. On November 7, 2005, Mr. Adkisson called me. During the conversation, Mr. Adkisson said that he did not believe the November 4 supplemental interrogatory response contained sufficient detail. That same day, I provided a second supplemental response with even greater detail.

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 14th day of November, 2004, in Los Angeles, California.

Lawrence M. Hadley