IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| 3M INNOVATIVE PROPERTIES COMPANY and MINNESOTA MINING AND MANUFACTURING COMPANY, | : | |
| Plaintiffs, | : | Civil Action No. 01-CV-1781 (JRT/FLN) |
| vs. | : | |
| AVERY-DENNISON CORPORATION, | : | |
| Defendant. | : | |

**AVERY DENNISON CORPORATION'S MEMORANDUM IN SUPPORT OF MOTION IN LIMINE (NO. 1) TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING 35 U.S.C. § 256**

# I. INTRODUCTION

Avery Dennison Corporation ("Avery") seeks an order in limine precluding Plaintiffs 3M Innovative Properties Company and Minnesota Mining and Manufacturing (collectively "3M") from offering any evidence or argument that 3M can seek correction of any misjoinder of inventors to the patent-in-suit under 35 U.S.C §256. As a defense to 3M's claim that Avery infringes its '930 patent, Avery alleges that the patent-in-suit is invalid for misjoinder of inventors under 35 U.S.C. §102(f). Misjoinder of inventors is a fact issue for the jury. While the Patent Act allows patentees to seek judicial correction of errors regarding the proper naming of inventors on a patent (35 U.S.C. §256), the Federal Circuit has made clear that an underlying disputed fact issue of misjoinder first must be decided by the jury. Because the determination of invalidity for incorrect inventors under §102(f) must be decided separately from whether the patent may be saved from invalidity under §256, 3M has no legitimate reason to inform the jury of the possibility of correction under §256. Accordingly, there is no probative value in referring the jury to §256.

Aside from the lack of any probative value, reference to §256 may confuse the jury and would prejudice Avery. First, the jury may be mislead into believing that its decision regarding invalidity under §102(f) is inconsequential in view of the correcting procedure under §256. But the Patent Act allows for the correction of named inventors only in the absence of deceptive intent, which is not a matter for the jury. If the jury thinks that 3M can correct named inventors regardless of any deceptive intent, it may not give serious consideration to the underlying factual question. Second, reference to §256 may confuse the jury into believing that it must find the patent uncorrectable under §256 in addition to invalid under §102(f). Alternatively, the jury may be confused into believing that Avery must show deceptive intent on the part of 3M in misjoining the inventors. These potential confusions are compounded by the fact that the jury will not be instructed regarding the law of correction under §256. Thus, the prejudice to Avery of allowing 3M's counsel to offer evidence or argument regarding the correcting procedure far outweighs any probative value.

## II. EVIDENCE AND ARGUMENT REGARDING THE POSSIBLIITY OF CORRECTING INVENTORSHIP UNDER 35 U.S.C. §256 SHOULD BE EXCLUDED.

Avery has alleged that the patent-in-suit is invalid under 35 U.S.C. §102(f). That statute provides that "[a] person shall be entitled to a patent unless…he did not himself invent the subject matter sought to be patented." "Since the word 'he' refers to the specific inventive entity named on the patent, this subsection mandates that a patent accurately list the correct inventors of a claimed invention…" *Pannu v. Iolab Corp.*, 155 F.3d 1344, 1349 (Fed. Cir. 1998) (citations omitted). "Accordingly, if nonjoinder of an actual inventor is proved by clear and convincing evidence, a patent is rendered invalid." *Id.* (citations omitted).

35 U.S.C. §256 provides:

> Whenever through error a person is named in an issued patent as the inventor, or through error an inventor is not named in an issued patent and such error arose without any deceptive intention on his part, the Director may, on application of all the parties and assignees, with proof of the facts and such other requirements as may be imposed, issued a certificate correcting such error.
>
> The error of omitting inventors or naming persons who are not inventors shall not invalidate the patent in which such error occurred if it can be corrected as provided in this section. The court before which such matter is called in question may order correction of the patent on notice and hearing of all parties concerned and the Director shall issue a certificate accordingly.

35 U.S.C. §256 is a saving provision wherein "[i]f a patentee demonstrates that inventorship can be corrected as provided for in section 256, a district court must order correction of the patent, thus saving it from being rendered invalid." *Pannu*, 155 F.3d at 1350.

The determination of whether a patent is invalid under §102(f), however, is separate and apart from a determination of whether the patent can be saved from invalidity by §256. "When a party asserts invalidity under §102(f) due to nonjoinder, a district court should ***first*** determine whether there exists clear and convincing proof that the alleged unnamed inventors was in fact a co-inventor. ***Upon such a finding of incorrect inventorship***, a patentee may invoke section 256 to save the patent from invalidity." *Pannu*, 155 F.3d at 1350 (emphasis added). "[A] patent with improper inventorship does not avoid invalidation simply because it might be corrected under

section 256." *Id.* at 1350. Thus, whether 3M is able to correct the misjoinder of inventors under §256 is irrelevant to the determination of whether the patent is invalid under 35 U.S.C. §102(f).

Allowing 3M to inform the jury of the possibility of saving the patent from invalidity under §256 poses a serious potential for confusion and prejudice. For example, the jury may be confused into believing that finding invalidity under §102(f) is pointless given that such invalidity can be saved under §256. Any such belief by the jury, of course, would be untrue. "[A] patent with improper inventorship does not avoid invalidation simply because it might be corrected under section 256." *Pannu*, 155 F.3d at 1350.

Further, the jury may be confused into believing that Avery must show that 3M is not entitled to correction under §256 by clear and convincing evidence. Any such confusion by the jury would also be false. *Pannu*, 155 F.3d at 1348 ("according to Iolab, the district court erred by requiring the accused infringer to prove by clear and convincing evidence that the patent was uncorrectable under section 256…We agree with Iolab…"). Further, such a belief by the jury would greatly prejudice Avery, because once Avery has established invalidity under §102(f), the burden is then on 3M to seek correction under §256. *Pannu*, 155 F.3d at 1350 ("the patentee must claim entitlement to relief under the statute…").

Moreover, the jury may be confused into believing that Avery must prove deceptive intent to establish invalidity under 35 U.S.C. §102(f). Avery does not need to make such a showing. *Paradigm Sales Weber Marking Sys.*, 880 F.Supp. 1242, 1244 (N.D.Ind. 1994) ("Deceptive intent relates to improper inventorship ***only if and when the patent's owner attempts to remedy the mistake***…Weber's burden in asserting the affirmative defense would only be to prove by clear and convincing evidence that the patent contains improper inventorship.") (emphasis added).

Each of these potential confusions by the jury would severely prejudice Avery, as it would alter the jury's correct understanding of 35 U.S.C. §102(f). Further, given that there is no legitimate probative value to referencing the jury to 35 U.S.C. §256, references to §256 should be excluded under Rule 403 of the Federal Rules of Evidence.

## III. CONCLUSION

For the foregoing reasons, Avery respectfully asks that this Court Order, in limine, that 3M is precluded from offering any evidence or argument that a failure to name all correct inventors on the '930 patent may be corrected under 35 U.S.C. §256.

DATED: November 14, 2005

Respectfully submitted,

/S/ Lawrence M. Hadley

David P. Pearson
WINTHROP & WEINSTINE, P.A.
225 South Sixth Street, Suite 3500
Minneapolis, Minnesota 55402
(612) 604-6400 - Telephone
(612) 604-6892 - Facsimile

Of Counsel:

Roderick G. Dorman
Lawrence M. Hadley
HENNIGAN, BENNETT & DORMAN LLP
601 South Figueroa Street, Suite 3300
Los Angeles, California 90017
(213) 694-1200 - Telephone
(213) 694-1234 - Facsimile

Jay R. Campbell
RENNER OTTO BOISSELLE & SKLAR
1621 Euclid Avenue, 19th Floor
Cleveland, Ohio 44115
(216) 621-1113 - Telephone
(216) 621-1260 - Facsimile

**CERTIFICATE OF SERVICE**

On November 14, 2005, I served a copy of the within document described as **AVERY DENNISON CORPORATION'S MEMORANDUM IN SUPPORT OF MOTION IN LIMINE (NO. 1) TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING 35 U.S.C. § 256** by transmitting via United States District Court for the District of Minnesota Electronic Case Filing Program the document listed above by uploading the electronic files for each of the above listed document on this date, addressed as set forth below.

Jonathan E. Singer
John C. Adkisson
Fish & Richardson, P.C.
60 South Sixth Street, Suite 3300
Minneapolis, Minnesota 55402

Juanita R. Books
Fish & Richardson, P.C.
12390 El Camino Real
San Diego, California 92130-2081

/S/ Lawrence M. Hadley
Lawrence M. Hadley