IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| 3M INNOVATIVE PROPERTIES COMPANY and MINNESOTA MINING AND MANUFACTURING COMPANY, | : | |
| Plaintiffs, | : | Civil Action No. 01-CV-1781 (JRT/FLN) |
| vs. | : | |
| AVERY-DENNISON CORPORATION, | : | |
| Defendant. | : | |

**AVERY DENNISON CORPORATION'S MEMORANDUM OF LAW IN OPPOSITION TO 3M'S MOTION IN LIMINE TO EXCLUDE EVIDENCE REGARDING AVERY'S WILLFULNESS DEFENSE**

## I. INTRODUCTION

Repeating the arguments in its motion to somehow "strike" Avery's supplemented interrogatory answer regarding its willfulness defense, 3M now seeks to exclude such evidence from trial. On November 21, 2005, Magistrate Judge Noel ruled from the bench and denied 3M's motion to strike, which was based upon the identical arguments that 3M makes in its instant motion *in limine*. (Doc. No. 256.) 3M's motion *in limine* should be denied just as its motion to strike was denied.

3M's motion is nothing but a misguided attempt to disable Avery from presenting its compelling defenses to a new claim that 3M recently concocted and did not disclose until the middle of October 2005. Specifically, under 3M's new willfulness theory, even if Avery acted in good faith by obtaining advice of counsel prior to bringing its accused EZ Film to market, its various other defenses raised during the course of litigation in this

matter cannot be asserted as defenses to willful infringement after the Federal Circuit adopted claim constructions differing from the original advice of counsel. 3M's new legal theory lacks any legal support. But aside from the lack of legal support, Avery elected to put any issue to rest by making clear that Avery continued to rely on the advice of its counsel and its experts for this case even after the Federal Circuit issued its claim construction ruling. Avery's disclosure in this regard was far from untimely – it was made promptly after 3M belatedly disclosed its novel willfulness theory on Avery. Likewise, it is nonsense to suggest that 3M is either surprised or prejudiced by allowing Avery to cite that advice in defense to 3M's assertion that Avery could not continue, in good faith, to deny infringement and validity of 3M's patent after the Federal Circuit's decision.

3M's prejudice argument is clearly without merit since discovery in this case closed years ago, and 3M would have been barred from re-deposing Avery's counsel regardless of when Avery was able to "supplement" its interrogatory answers. When facts arise after the close of discovery, they can be tested at trial—but they are not reasons to reopen discovery. Otherwise, discovery would never end. In any event, the basis for the advice-of-counsel defense that Avery disclosed was hardly a surprise to 3M; it was based on evidence that had been disclosed to 3M in prior discovery, and in a supplemented expert report that had been served on 3M months prior.

In short, as Avery has previously explained in obtaining the denial of 3M's motion to strike its interrogatory answer, there is no reason to exclude Avery's defense to 3M's novel, recently asserted charge of "post-remand" willful infringement. That important

evidence must be considered as a part of Avery's defense to 3M's claim of willful infringement.

## II. FACTUAL BACKGROUND

At the commencement of this patent infringement lawsuit, 3M claimed "willful" infringement against Avery. Avery waived the applicable attorney-client privilege and allowed 3M to conduct discovery about Avery's advice-of-counsel defense to 3M's claim of willful infringement. Since the Federal Circuit had not interpreted the claims of the '930 patent, neither 3M's willfulness theory nor Avery's advice-of-counsel defense included the yet-to-be-issued Federal Circuit decision or its implications for this lawsuit.

As 3M concedes in its motion papers, it conducted full discovery regarding this defense as it existed prior to the Federal Circuit's decision, including depositions of Mr. William C. Tritt, a patent attorney with the law firm of Renner, Otto, Boisselle & Sklarr, L.L.P., and Mr. John Cornell, Avery's in-house patent counsel. (3M's Memorandum of Law at 2.)

The Federal Circuit issued its decision overturning the trial court's grant of summary judgment in favor of Avery and interpreting the claims of the '930 patent on December 2, 2003. *See 3M Innovative Props. Co. v. Avery Dennison Corp.*, 350 F.3d 1365 (Fed. Cir. 2003). This Court then considered the proper construction of disputed claims following remand from the Federal Circuit, and the Court issued its decision construing disputed claims on June 20, 2005. *See* "Memorandum and Opinion and Order Construing Disputed Claims" (Doc. No. 181). Thus, the adjudication process for

interpreting the proper construction of the claims of the '930 patent, which began with the trial court's summary judgment decision, was not concluded until June 20, 2005. *Id.*

Throughout the course of this litigation Avery's in-house counsel, Mr. John Cornell, monitored the litigation and the legal and factual bases for Avery's defense to 3M's patent infringement claims. (Cornell Aff. at ¶ 4) (previously filed at Doc. No. 225.) Mr. Cornell is personally familiar with the claims and issues raised by 3M in this litigation because he has been involved with the case since its commencement. (*Id.* at ¶ 3.) Throughout this litigation Mr. Cornell personally formed professional opinions concerning the strengths and the merits of 3M's claims and Avery's defenses based on his extensive analysis of such claims and defenses, as well as his analysis of all the evidence in the case prior to and subsequent to the issuance of the Federal Circuit's decision. (*Id* at ¶ 4.) Mr. Cornell informed Avery's management about his legal opinions on an ongoing basis. Avery's management has relied upon those opinions to determine whether Avery has a good faith basis to continue to manufacture and sell the alleged infringing product. (*Id.* at ¶ 4.)

Mr. Cornell has personally formed an opinion that Avery has a valid, good faith defense to this action (*Id.* at ¶¶ 5-6.). Mr. Cornell has advised Avery the '930 patent is invalid for a variety of reasons. Following the issuance of the Federal Circuit's decision and this Court's final decision regarding claim construction, Mr. Cornell reaffirmed his invalidity opinion. This involved reviewing again Avery's defenses to 3M's infringement claims and also Avery's invalidity defenses. Mr. Cornell considered the prior art references which were basis for Avery's anticipation and obviousness defenses,

including prior art references which had been discussed by Dr. McHugh in his expert report. (*Id.* at ¶ 3.) In reaching a conclusion about whether Avery had good faith defenses to 3M's claims, Mr. Cornell did not just rely on the fact that Dr. McHugh had issued an expert report which supported Avery's position; Mr. Cornell himself reviewed and assessed the significance of relevant prior art, and he reassessed Avery's position after this Court issued its final claim construction decision on June 20, 2005. (*Id.* at ¶¶ 3, 4.) The prior art he considered included the Woods and McKenzie patents. (*Id.* at ¶ 5.) He concluded that prior art renders the '930 patent invalid, and consequently Avery has a legal right to sell the alleged infringing product because 3M does not have a legal, valid patent. (*Id.* at ¶¶ 4, 5.) Mr. Cornell continues to hold that opinion. (*Id.* at ¶ 4.)

In view of the fact that 3M and Avery were to engage in court-ordered mediation in October 2005 and that this case was proceeding to trial in December 2005, Mr. Cornell again evaluated Avery's defenses to 3M's claims. (*Id.* at ¶ 4.) Based on that review, Mr. Cornell continued to believe that Avery had a valid, good faith defense, based in part on the invalidity of the '930 patent. (*Id.* at ¶ 6.) As settlement discussions with 3M approached in late September and early October 2005, Mr. Cornell gave legal advice to Avery management regarding Avery's good faith position. (*Id.* at ¶ 7.)

While Mr. Cornell had provided ongoing legal advice to Avery regarding the good faith nature of its non-infringement and invalidity defenses, Avery had not supplemented its interrogatory answer regarding the advice-of-counsel defense because 3M had not disclosed, and Avery did not understand, that 3M had developed a new theory of willfulness predicated on the Federal Circuit's decision and the claim construction

opinions issued by the Federal Circuit. (*See* Larry Hadley Aff. at ¶¶ 4-5) (previously filed at Doc. No. 224.) Prior to the issuance of the Federal Circuit decision, there was no need to update Avery's prior interrogatory answer.

It was not until October 2005 that 3M informed Avery about its willfulness theory based on Avery's conduct after the Federal Circuit's decision. (Hadley Aff. at ¶ 5.) Once Avery became aware of 3M's new willfulness theory and in response to 3M's request, 3M specifically asked Avery if it was going to update its interrogatory answer regarding the advice-of-counsel defense. Avery seasonably disclosed the substance of this opinion and the fact that Avery would be relying on Mr. Cornell's legal opinion as part of its advice-of-counsel defense on November 4, 2005, just a few weeks later, and supplemented that disclosure with additional detail on November 7, 2005 (as set forth in the letter 3M's counsel wrote to the Court on November 9, 2005). (*Id.* at ¶ 6.)

Fact discovery in this case ended on May 1, 2002. (Doc. No. 57.) When this lawsuit was remanded to this Court, the Court ruled, in part based on 3M's urging, that no additional fact discovery, including deposition discovery, would be permitted. (*See* Doc. No. 154.) The only exception to this was two depositions conducted by agreement of the parties after the case was remanded to the trial court, (*see* Doc. No. 154), but neither party has sought to, or has been allowed to, conduct any further depositions.

Prior to bringing the motion *in limine* at hand, 3M brought a motion to strike Avery's November supplementation to its answer to Interrogatory No. 14 regarding its advice-of-counsel defense to 3M's claim of willfulness. (Doc. No. 213.) The memorandum of law supporting motion was almost identical to the memorandum of law

supporting its motion *in limine*. (*Compare* Doc. No. 215 *with* Doc. No. 249.) On November 21, 2005, Magistrate Judge Noel ruled from the bench and denied 3M's motion to strike. (Doc. No. 256.)

## III. ARGUMENT

The evidence shows that each purported justification for 3M's motion is without any basis in fact or law. There is simply no justification to strike Avery's defense to 3M's claim of willful infringement.

### A. The Unrebutted Evidence Shows That Avery Promptly Disclosed The Basis For Its Post-Remand Willfulness Defense

3M's motion is based upon its naked speculation that Avery waited years to disclose to 3M the basis for its willfulness defense as it pertains to Avery's conduct after the Federal Circuit's decision in this case. In fact, Avery disclosed the legal opinion supporting its defense within weeks of receiving notice that 3M had changed the theory of its willfulness claim in light of the Federal Circuit's opinion in this case and in a good faith response to 3M's request for an updated interrogatory answer. (See Hadley Aff. ¶¶ 4-5.)

At the outset of this litigation, Avery's in-house counsel, Mr. Cornell, provided Avery with his opinion that it did not infringe 3M's patent. That opinion, along with the opinion of outside patent counsel, was fully tested in discovery. After the Federal Circuit changed the landscape with its appellate decision, Mr. Cornell continued to monitor the litigation, analyze the Federal Circuit's opinion, study 3M's contentions and Avery's defenses, and investigate additional facts and evidence such as those set forth in the

reports of Avery's experts, including prior art references which formed the basis for Avery's invalidity defense. Throughout that process, Mr. Cornell continued to inform Avery's management of his legal opinion that 3M's patent was invalid and that Avery had good faith defenses to 3M's claims. Mr. Cornell reassessed Avery's defenses to 3M's claims in early July, 2005 after this Court issued its final claim construction decision. In the fall of 2005, in view of the fact that 3M and Avery were to engage in court-ordered mediation in October 2005 and that this case was proceeding to trial in December 2005, Mr. Cornell again personally evaluated Avery's defenses to 3M's claims. He concluded that he continued to believe that Avery had valid, good faith defenses, based in part on the invalidity of the '930 patent. As settlement discussions with 3M approached, Mr. Cornell rendered legal advice to Avery management regarding Avery's good faith position in late September and early October 2005.

While Mr. Cornell had provided ongoing legal advice to Avery regarding the good faith nature of its non-infringement and invalidity defenses, Avery had not supplemented its interrogatory answer regarding the advice-of-counsel defense because 3M had not disclosed, and Avery did not understand, that 3M had developed a new theory of willfulness predicated on the Federal Circuit's decision and the claim construction opinions issued by the Federal Circuit. Prior to the issuance of the Federal Circuit decision, there was no need to update Avery's prior interrogatory answer.

It was not until October 2005 that 3M informed Avery about its willfulness theory based on Avery's conduct after the Federal Circuit's decision. Once Avery became aware of 3M's new willfulness theory, it promptly disclosed the facts relating to its

advice-of-counsel defense based on Avery's conduct after the Federal Circuit's decision. This disclosure was timely under reason and under the Rules of Civil Procedure. *See* Fed. R. Civ. P. 26(e) advisory committee's note—1993 ("Supplementation need not be made as each new item of information is learned but should be made at appropriate intervals during the discovery period, and with special promptness as the trial date approaches."). Avery responded promptly to the changing circumstances – this Court's final claim interpretation order of June 20, 2005, 3M's disclosure of its new willfulness theory in October 2005, and the impending trial in December 2005 – by supplementing its interrogatory answer with facts about which 3M was already aware. Indeed, courts have frequently recognized that when the circumstances of a case change, disclosure after a prior deadline is still timely. *See Engineered Prods. Co v. Donaldson Co.*, 313 F. Supp. 2d 951, 1005-06 (N.D. Iowa 2004) (finding that, in a patent case, a party was "substantially justified" in failing to disclose expert report on the issue of double patenting because the need for an expert only arose after the district court's summary judgment order on the double patenting issue, and the late disclosure was harmless because the subsequent report was consistent with a previous affidavit and the opposing party would not be surprised at trial); *Anchor Wall Sys. v. Rockwood Retaining Walls, Inc.*, No. Civ. 99-1356 (JRT/FLN), 2004 WL 2066823 (D. Minn. Sept. 7, 2004) at *4 (allowing defendants to introduce evidence of the defense of invalidity based on plaintiff's own product, even though the defense was not raised in a prior summary judgment motion, because the defense was disclosed "as soon as practicable" and was convinced that plaintiff was not caught "flat-footed" by the defense), *cited in* 3M's

Memorandum at 8; *EZ Dock, Inc. v. Schafer Sys., Inc.*, No. 98-2364 (RHK/AJB), 2003 WL 1610781 (D. Minn. March 8, 2003) (holding that legal opinion revised after re-examination certificate and change in Federal Circuit law was just as admissible as legal opinion provided at outset of case). Under no stretch of the imagination can it be argued that 3M has been caught "flat-footed" here.

Not only was Mr. Cornell's opinion promptly communicated to 3M, it was also based on facts with which 3M was already familiar. Mr. Cornell has advised, prior to and subsequent to the Federal Circuit's opinion, that the '930 patent is invalid because it was anticipated and obvious in light of prior art. Mr. Cornell's legal opinion that Avery has not infringed the '930 patent is predicated, in part, upon Mr. Cornell's own review of the prior art cited on the non-infringement and invalidity reports of Dr. McHugh. The factual underpinnings of Mr. Cornell's legal opinion are therefore no surprise to 3M—both Dr. McHugh's initial and revised reports, as well as the prior art references upon which Dr. McHugh (and hence Mr. Cornell) have relied, were disclosed to 3M long ago. A draft of Dr. McHugh's revised report was provided to 3M on August 30, 2004, and the final revised report was submitted to 3M on July 11, 2005. Both the draft report and the final revised expert report of Dr. McHugh set forth in detail the prior art references which, in part, form the basis for Mr. Cornell's legal opinion that Avery has a meritorious invalidity defense. (Cornell Aff. ¶¶ 5-6.) Therefore, 3M has had knowledge about substantive basis for Mr. Cornell's opinion for over a year, with the exception of two prior art references disclosed in July 2005. This is not the case where a witness or other discovery materials were disclosed at the "eleventh hour" to surprise the opposing party

at trial. *See ELCA Enters., Inc. v. Sisco Equip. Rental & Sales, Inc.*, 53 F.3d 186, 190 (8th Cir. 1995) (finding that a plaintiff did not candidly respond to a defendant's discovery questions and excluding evidence because plaintiff throughout discovery stated it did was not seeking a certain category of damages, but had a "change of heart" after discovery closed); *accord Klonoski v. Mahlab*, 156 F.3d 255, 269-72 (1st Cir. 1998) (reversing trial court's admission of letters not disclosed until after the cross-examination of the witness with knowledge of them). Avery disclosed these facts with reasonable promptness after 3M informed Avery about 3M's new willfulness theory, and 3M's shrill arguments about "severe prejudice" are hollow and baseless.

Avery has a valid advice-of-counsel defense to 3M's new willfulness claim. The factual bases for Mr. Cornell's legal opinion rendered to Avery were disclosed long ago, and Mr. Cornell's legal opinion was disclosed to 3M promptly upon learning that 3M's willfulness theory had changed such that Avery's ongoing advice of counsel was now relevant. Accordingly, 3M has no basis to claim that Avery failed to seasonably provide the basis for its advice-of-counsel defense to 3M.

**B. There Is No Basis To Exclude Avery's Willfulness Defense Grounds of Prejudice To 3M.**

3M now complains that it is prejudiced because it cannot conduct discovery regarding Avery's post-remand willfulness defense. The fact that 3M could not and cannot depose Mr. Cornell has nothing at all to do with the timing of Avery's disclosure. Instead, this is the inevitable result when facts arise after the close of discovery. Fact discovery in this case ended on May 1, 2002. (Doc. No. 57.) Avery could not have

supplemented its interrogatory answer regarding its advice-of-counsel defense as it relates to the Federal Circuit's decision until after the Federal Circuit issued its opinion, by which time discovery was closed. Further, the Court's decision interpreting disputed claims following the Federal Circuit's remand was not issued until June 20, 2005. (Doc. No. 181). Moreover, when this lawsuit was remanded to this Court, the Court ruled, in part based on 3M's urging, that no additional fact discovery, including deposition discovery, would be permitted. (*See* Doc. No. 154.) Under these facts, there could have been no discovery regarding Avery's post-remand advice-of-counsel defense because such discovery was barred by court order. When, as here, the circumstances of a case change, requiring disclosure of new facts after a deadline that "late" disclosure is substantially justified. *Engineered Prods. Co. v. Donaldson Co.*, 313 F. Supp. 2d 951, 1005-06 (N.D. Iowa 2004).

In short, trials which involve ongoing claims necessarily involve events that post-date the close of discovery. While a party has a duty to amend its discovery responses to disclose those facts, an opposing party does not have the right to reopen discovery every time new facts develop.

Finally, even if the Court should conclude that there was somehow a failure to seasonably disclose on Avery's part, the appropriate sanction would not be exclusion of the evidence. "Exclusion of evidence is a harsh penalty, and should be used sparingly." *Schwing GmbH v. Putzmeister, Inc.*, 168 F. Supp. 2d 1023, 1025 (D. Minn. 2001) (quotations omitted), *overruled on other grounds*, 305 F.3d 1318 (Fed. Cir. 2002); *Engineered Prods. Co.*, 313 F. Supp. 2d at 1005 (refusing to exclude "very important"

evidence which became most relevant after a previous summary judgment ruling); *Heartland Bank v. Heartland Home Fin. Inc.*, 335 F.3d 810, 817 (8th Cir. 2003) (noting the responsibility of the district court to consider alternative sanctions when the sanction of striking evidence is "tantamount to the dismissal" of a party's claims or defenses). Exclusion or other sanction is warranted only when the failure to follow the discovery schedule was not substantially justified or not harmless. *See, e.g.*, *Davis v. U.S. Bancorp.*, 393 F.3d 761 (8th Cir. 2004) (affirming district court's refusal to strike affidavit in support of summary judgment motion because there was no "unfair surprise" to plaintiff of the affiant's role and defendant was unaware of the affiant until late in the process).

Under well-established legal precedent, this evidence should be allowed at trial. Courts in the Eighth Circuit have used four factors to analyze the question of whether "late disclosure" justifies precluding the evidence at trial, including (1) the reason the party failed to disclose the evidence, (2) the importance of the evidence (3) the amount of time the opposing party needs to properly prepare or respond to the evidence, and (4) whether a continuance would be useful. *Tomlin v. Holeck*, 158 F.R.D 132, 136 (D. Minn. 1994) (analyzing whether to exclude a witness not properly disclosed in a pretrial order). An analysis of these factors show why exclusion is simply not warranted.

First, Avery's disclosure after the close of discovery was substantially justified because the new advice of counsel it disclosed only became necessary upon the Federal Circuit's decision and upon this Court's June 20, 2005 decision, both of which were issued well after the close of discovery. Furthermore, Avery's disclosure came almost

immediately after it learned that 3M was modifying its willfulness charge to center upon Avery's conduct after the Federal Circuit's decision.

Second, the evidence sought to be excluded is important because it is a substantial basis for Avery's defense against 3M's newly-developed claim of willful infringement.

Third, 3M will not be prejudiced if the evidence is admitted; as stated above, the factual basis for Avery's advice-of-counsel defense has been revealed to 3M throughout this litigation, including in Dr. McHugh's supplemented report served in July 2005. 3M cannot be surprised by Avery's defense, nor the facts and opinions underlying the defense. Thus, even if a disclosure occurred after the discovery deadline, the lateness is harmless. *Engineered Prods. Co.*, 313 F. Supp. 2d at 1006 (noting that late disclosure of double-patenting defense raised after a court's ruling on a motion for summary judgment was harmless because the evidence of the defense was consistent with an expert's affidavit in support of summary judgment, so the opposing party was not surprised, and the opposing party had the affidavit and expert report for an extended period of time to prepare to respond). Because 3M had a general base of knowledge regarding the evidence, and would not be unfairly prejudiced by its introduction, any exclusion would be "more draconian than the situation calls for." *Neupack v. Ideal Mf'g & Sales Corp.*, 168 F. Supp. 2d 1012, 1016 (D. Minn. 2001).

Finally, though a continuance is not requested by either party, it is not necessary considering 3M's longstanding notice of the grounds for Avery's advice-of-counsel defense, and its delay in providing Avery notice of the changed grounds for its willfulness claim.

There is simply no support for 3M's proposal to gag Avery's witnesses on the issue of Avery's defenses to 3M's willfulness claim. Mr. Cornell's testimony on the advice-of-counsel defense is critical. Avery will be prejudiced if it is not allowed.

### C. 3M Has No Basis To Argue That Mr. Cornell's Legal Advice Is Insufficient For an Advice-of-Counsel Defense.

3M turns the law on its head in arguing that Mr. Cornell's legal opinion regarding Avery's post-remand conduct is "irrelevant and prejudicial to 3M."

3M ignores that the reliance upon the advice of counsel is the quintessential defense to a claim of patent infringement. "Whether infringement is 'willful' is by definition a question of the infringer's intent." *Ortho Pharm. Corp. v. Smith*, 959 F.2d 936, 944 (Fed. Cir. 1992) (quoting *Gustafson, Inc. v. Intersystems Indus. Prods.*, 897 F.2d 508, 510-11 (Fed. Cir. 1990)). In that inquiry, an opinion of counsel is a critically important factor in determining intent with respect to willful infringement. *Graco, Inc. v. Binks Mfg. Co.*, 60 F.3d 785, 794 (Fed. Cir. 1995) (quoting *Ortho*, 959 F.2d at 944); *Pioneer Hi-Bred Int'l, Inc. v. Ottawa Plant Food, Inc.*, 219 F.R.D. 135, 146-47 (N.D. Iowa 2003) ("It is clear that an opinion of counsel is relevant to the issue of 'willful' infringement, even if it is not the only way of avoiding a finding of 'willfulness.'"). If a party obtained and reasonably relied upon opinions rendered by counsel, that fact is a sufficient basis to defeat a claim of willful infringement. *Ortho*, 959 F.2d at 944. Avery's legal opinion from Mr. Cornell, a trained patent attorney familiar with the product and patent at issue, is precisely the type of evidence that must be considered in weighing 3M's claim of willful infringement. *BIC Leisure Prods., Inc. v. Windsurfing*

*Int'l., Inc.*, 1 F.3d 1214, 1223 (Fed. Cir. 1993); *Studiengellschaft Kohle, m.b.H v. Dart Indus., Inc.*, 862 F.2d 1564, 1579 (Fed. Cir. 1988).

Oddly, 3M cites authority stating that "defenses prepared for a trial are not equivalent to the competent legal opinion of non-infringement or invalidity which qualify as 'due care' before undertaking any infringing activity" before arguing that, as a matter of law, Avery's "trial defenses" cannot support a finding that Avery exercised due care. 3M's Memorandum at 10 (quoting *Crystal Semiconductor Corp. v. TriTech Microelecs. Int'l, Inc.*, 246 F.3d 1336, 1351-52 (Fed. Cir. 2001). Yet that case only supports Avery's defense.

First, 3M simply misapplies the language of *Crystal Semiconductor* when 3M asserts that non-frivolous "trial defenses" cannot support due care as a matter of law. In fact, the true holding of *Crystal Semiconductor* is that non-frivolous defenses "are not automatically dispositive of a willfulness claim;" but it does not "preclude the possibility that non-frivolous defenses *could* be dispositive." *Eolas Tech., Inc. v. Microsoft Corp.*, 2003 WL 1903989, *4 (N.D. 111. Apr. 17, 2003) (emphasis in original). *Cf. State Contracting & Eng'g Corp. v. Condotte Am., Inc.*, 346 F.3d 1057, 1064-65 (Fed. Cir. 2003) ("we have not held that obtaining the advice of counsel is the only means to avoid a finding of willfulness"). Thus, even if Avery's defenses were non-frivolous "trial defenses" without accompanying opinion of counsel, they are relevant and competent to defeat 3M's allegations of willfulness.

Second, *Crystal Semiconductor* is inapposite because Avery *did* receive and rely upon a competent legal opinion of non-infringement and invalidity prior to undertaking

any allegedly infringing sales of the accused EZ Film.[1] Where, as here, a defendant undertakes "due care" by obtaining advice of counsel before selling any allegedly infringing products, neither *Crystal Semiconductor* nor any other authority holds that the defendant cannot rely on the continuing advice of its trial and in-house counsel during the course of litigation to avoid willful infringement, even as circumstances change during litigation (as the inevitably do). Any other rule would produce absurd results: A company accused of patent infringement, even after obtaining competent legal counsel before selling the accused product, would be forced to pay for a meaningless opinion letter following every ruling or other event during the course of litigation to protect itself from charges of willful infringement based on litigation-related circumstances. That cannot be the rule. 3M's newly-concocted willfulness theory fails under close scrutiny, and if allowed, Avery must be permitted to counter with the legal advice and defenses that certainly come as no surprise to 3M because Avery has argued them from the outset.

Further, the advice-of-counsel defense and willfulness are fact-intensive issues. Whether Mr. Cornell's legal advice is sufficient to establish an advice-of-counsel defense

[1] In *Crystal Semiconductor*, the defendant infringer failed to obtain a competent legal opinion of non-infringement or invalidity after plaintiff gave notice of potential infringement by filing suit. 246 F.3d at 1351. On appeal, the defendant sought to vacate the jury's verdict of willful infringement on grounds that its defenses to infringement were not frivolous. *Id*. The Federal Circuit held that, in the absence of having obtained an exculpatory legal opinion prior to undertaking the potentially infringing activity, the defendant's infringement defenses prepared by trial counsel were not "equivalent to the competent legal opinion of non-infringement or invalidity" which would have qualified as "due care" for the purposes of evaluating willfulness. *Id*. at 1352. Here, of course, Avery obtained non-infringement and invalidity opinions from competent counsel at the outset of the case, and then supplemented that opinion as circumstances changed with the Federal Circuit's decision. 3M's argument is completely off-point.

to willful infringement is a fact question to be decided at trial as part of the totality of the circumstances. *BIC Leisure Prods.*, 1 F.3d at 1222; *see also Graco v. Brinks Mf'g Co.*, 60 F.3d 785, 792-93 (Fed. Cir. 1995) (recognizing that willful infringement is to be determined by evaluating the totality of the circumstances and reversing the district court's finding of willfulness based on an opinion of counsel providing a "detailed infringement analysis" that was "well-supported and believable"). Whether Mr. Cornell provided a timely and competent legal opinion to Avery, whether Mr. Cornell had a sufficient basis for his opinion, whether Avery acted in response to his opinion, and other similar issues, are all properly the subject of testimony at trial and should be evaluated together with other fact issues.

Certainly, 3M does not have any basis for its proposal to exclude evidence of Mr. Cornell's opinion because it has not probed the timing of Avery's advice from its counsel, or Avery's reliance upon that advice, in discovery. As stated above, this is simply a function 3M's regret that it did not seek to reopen discovery after remand, and actually urged that discovery remain closed.

In short, there is absolutely no basis for 3M to seek to limit Avery's ability to present relevant facts at trial which post-date the close of discovery, such as Mr. Cornell's post-remand legal opinion regarding Avery's post-remand conduct.

## IV. CONCLUSION

For all the reasons stated herein, Avery respectfully requests that the Court deny 3M's Motion to exclude Avery's willfulness defense, just as Magistrate Judge Noel

denied 3M's nearly identical motion to strike Avery's discovery supplementation on this issue.

DATED: November 21, 2005

Respectfully submitted,

/S/ David P. Pearson
David P. Pearson
Matthew D. Spohn
WINTHROP & WEINSTINE, P.A.
225 South Sixth Street, Suite 3500
Minneapolis, Minnesota 55402
(612) 347-0700 - Telephone
(612) 347-0600 - Facsimile

Of Counsel:

Roderick G. Dorman
Lawrence M. Hadley
HENNIGAN, BENNET & DORMAN
601 South Figueroa Street, Suite 3300
Los Angeles, California 90017
(216) 694-1200 - Telephone
(216) 621-1234 - Facsimile

2545729v2