IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| 3M INNOVATIVE PROPERTIES COMPANY and MINNESOTA MINING AND MANUFACTURING COMPANY, | |
| Plaintiffs, | Civil Action No. 01-CV-1781 (DSD/FLN) |
| vs. | |
| AVERY DENNISON CORPORATION, | |
| Defendant. | |

**AVERY DENNISON CORPORATION'S OPPOSITION TO 3M'S MOTION IN LIMINE TO EXCLUDE ANY TESTIMONY AND ARGUMENT BY AVERY CONTRARY TO CLAIM CONSTRUCTIONS BY THE FEDERAL CIRCUIT AND THIS COURT**

Avery Dennison Corporation ("Avery") hereby opposes 3M Innovative Properties Company and Minnesota Mining and Manufacturing Company's ("3M") Motion in Limine to Exclude any Testimony and Argument by Avery Contrary to Claim Constructions by the Federal Circuit and This Court ("Motion").

## I. <u>INTRODUCTION</u>

The ultimate issue of infringement involves two steps: (1) construing the claims, which has been done by the Court, and (2) comparing the construed claims with the accused products, which is being put to the jury at trial. This Court has provided the legal definitions, which Avery accepts and its expert will apply at trial. Avery will not argue to the jury how the claims should have been construed.

If 3M simply sought an order preventing each side from making such arguments, Avery would have agreed. But that is not what 3M's Motion seeks. Rather, 3M requests a broad and vague order precluding Avery from presenting any arguments or evidence which 3M unilaterally characterizes as "contrary" to or "inconsistent with" the claim constructions rendered in this case. Such evidence and argument go to the second step of the infringement analysis – *i.e.*, the "compare" step – which is the ultimate issue for the jury. In other words, if granted, 3M would prevent Avery from presenting its non-infringement arguments regarding the comparison of the construed claims to the accused products. Such relief is proper only in a motion for summary judgment, not in a Motion *in limine*. 3M's Motion should be denied.

Indeed, 3M openly concedes that the real purpose of its Motion is to prevent Avery from arguing that an ink dot, embedded flush into the surface of a carrier web, differs from an "embossed pattern . . . forming an array of depressions," as claimed in the '930 patent. Of course, whether the ink embedded into the surface of Avery's accused liner falls within the scope of the claims, as construed by this Court, is the issue the jury

must decide. Likewise, Avery should not be barred from making any indefiniteness arguments as contrary to the "law of the case" when there has been no legal ruling on indefiniteness or any other defense under 35 U.S.C. § 112.

3M's motion must be denied for an additional reason. 3M's proposed order would preclude Avery from offering evidence regarding how it interpreted the '930 patent before it began selling the accused EZ Film. Avery's interpretation of the '930 patent claims, which this Court adopted in granting Avery summary judgment, is highly relevant to 3M's claims that Avery willfully infringes the '930 patent. Avery should not be precluded from presenting evidence regarding its good faith and reasonable belief that at no time did its products infringe the '930 patent.

## II. <u>ARGUMENT</u>

### A. 3M's Motion Would Exclude Legitimate Non-Infringement Arguments

3M seeks to have this Court preclude Avery's non-infringement positions through a motion *in limine*, effectively granting summary adjudication of infringement. But Avery does not seek to argue anything contrary to this Court's or the Federal Circuit's claim constructions. Rather, accepting the Court's claim constructions, Avery seeks only to argue that the liner used with its accused EZ Film product lacks certain limitations of the asserted claims. Because the step of comparing the accused product to the properly construed claims falls to the jury, this Court should not preempt this jury issue by ruling in advance (on a motion *in limine*) that Avery's arguments are "inconsistent" with the Court's constructions. *Bai v. L&L Wings, Inc.*, 160 F.3d 1350, 1353 (Fed. Cir. 1998) ("The second step, determination of infringement, whether literal or under the doctrine of equivalents, is a question of fact.").

In its Motion, 3M falsely portrays the non-infringement opinion of Avery's expert – Dr. Anthony McHugh. Dr. McHugh's opinions do no reject the Court's claim

constructions. To the contrary, Dr. McHugh expressly adopts those constructions. For example, Dr. McHugh, in his supplemental expert report on Non-Infringement, states: "I have been instructed to use the claim construction definitions set forth in the Court's June 20, 2005 Memorandum Opinion and Order Construing Disputed Claims." (Doc. No. 252, November 14, 2005 Declaration of Katherine A. Moerke at Ex. R, p. 5.) Dr. McHugh then specifically recites the Court's definition of "embossed" and "depressions" among others. (*Id.*)

3M's attempt to preclude Avery's non-infringement arguments focuses on the terms "depressions" and "embossed." 3M agrees that the Court has defined "depressions" as "lower, sunken, or depressed areas of the carrier web." As part of this Motion, 3M seeks to expand on that construction by preventing Avery from arguing that the "depressions" recited in claim 1 can be "filled" or "open." Yet 3M sought this language as part of its claim construction contentions, and this Court declined to expand the definition of "depressions" as broadly as 3M encouraged. Rather, this Court explained that "depressions" ***may*** be empty or filled, leaving the jury to decide whether the depressions in claim 1 must be "open," "filled," or can include both.

In any event, Dr. McHugh's opinions do not turn on whether depressions are "open" or "filled." 3M mischaracterizes Avery's and Dr. McHugh's opinion as follows: "In other words, Dr. McHugh and Avery contend…that a depression is not a depression when filled…" (3M's Memorandum at p. 3.) But in his expert report, Dr. McHugh expressly states that is not his opinion: "Even if the term 'depressions' included 'filled' depressions, there are no filled depressions on the surface of Avery's carrier web….In my examination of Avery's EZ liner, I have found no evidence of depressions, filled or not filled." (Doc. No. 252, November 14, 2005 Declaration of Katherine A. Moerke at Ex. R, p. 9.) Thus, Dr. McHugh's non-infringement opinions are true to this Court's

construction of the claims, and the Court should not exclude Dr. McHugh's opinions based on 3M's mischaracterization of those opinions.

Likewise, 3M states that Avery intends to argue that the definition of "embossed" is vague or indefinite. Avery has raised all validity defenses under 35 U.S.C. § 112, and 3M offers no basis for claiming that indefiniteness is contrary to the law of the case. No court has ruled on whether the claims in the '930 patent are indefinite or invalid for any other reason, and Avery should not be denied the ability to present defenses in the context of a motion *in limine*.

**B. 3M's Authority Does Not Support its Motion**

3M primarily relies on *EZ Dock, Inc. v. Schafer Sys., Inc.*, No. Civ. 98-2364 (RHK/AJB), 2003 WL 1610781, *11-12 (D.Minn. March 8, 2003) for the order it seeks. According to 3M, the *EZ Dock* court "precluded argument contrary to [the district court judge's] prior claim construction." (Motion, p. 4). But 3M misstates the holding of the *EZ Dock* case. Specifically, the *EZ Dock* court limited its ruling to only preclude the defendant "from arguing to the jury how the claims of the patents-in-suit should be construed." The court explained that "[n]othing in this ruling shall prevent Defendants from presenting evidence that is properly relevant to issues other than claim construction." *Id.* at *12.

3M's proposed order would sweep far more broadly, well beyond anything that the *EZ Dock* court ordered. More importantly, unlike the *EZ Dock* case, 3M has not identified a single instance where Avery seeks to argue to the jury how the claims of the '930 patent should be construed. Indeed, Avery will propose jury instructions that recite the Court's and Federal Circuit's construction of claim 1 of the '930 patent. Thus, 3M's effort to preclude Avery's non-infringement arguments by claiming that they are somehow contrary to the Court's claim construction should be denied.

### C. 3M's Proposed Order Is Vague and Impossible to Understand

3M's asks the Court to enter a broad order excluding "all argument and testimony contrary to the to claim constructions by the Federal Circuit and this Court." Determining which evidence and arguments are excluded under such a vague order would be impossible. 3M cannot be allowed to seek, through an *in limine* motion, the preclusion of all arguments that it deems contrary to the construction of the claims. Every time Avery or its expert argue why the claims, as construed, differ from the accused EZ Film product, 3M would undoubtedly complain that Avery and its expert were running afoul of the Court's claim constructions.

Evidence should be excluded *in limine* "only when evidence is clearly inadmissible on all potential grounds. Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Keys v. City of Harvey*, Case No. 92 C 2177, 1996 WL 34422, *1 (N.D.Ill. Jan. 26, 1996). By this Motion, 3M has demonstrated its intent to mischaracterize Avery's arguments and object to every non-infringement position as "inconsistent" with the Court's claim constructions. But whether 3M's infringement arguments or Avery's non-infringement arguments are consistent or inconsistent with the legal meaning of the claims is the ultimate issue for the jury. Avery should not be precluded from presenting its non-infringement arguments based simply on 3M's arguments mischaracterizing them as "inconsistent" with claim constructions.

### D. Avery's Prior Interpretations of the Claims are Relevant to the Issue of Willfulness.

Aside from the difference between non-infringement arguments and claim construction, Avery is entitled to explain how it first read 3M's patent in defense to 3M's

willful infringement claim. Despite the fact that this Court granted Avery summary judgment by reading 3M's '930 patent the same way Avery read it, 3M continues to assert that Avery has engaged in "willful infringement." Accordingly, Avery must be allowed to submit evidence regarding its understanding of the claims of the '930 patent, including Avery's beliefs regarding the ambiguity of the claims. *Tenax Corp. v. Tensar Corp.*, 19 U.S.P.Q.2d 1881, 1886, 1892 (D. Md. 1991) ("The proper focus for an issue of willfulness is on the state of mind of the infringers when they began their infringing activities, and not on their state of mind after legal proceedings had been commenced.") Avery's understanding of those claims provided, in part, its basis for reasonably believing that it did not infringe the '930 patent. Even though the Federal Circuit eventually did not agree with some of Avery's constructions, those beliefs may still provide a basis for defending against 3M's charge of willfulness. *Studiengesellschaft Kohle, m.b.H. v. Dart Industries, Inc*, 862 F.2d 1564, 1579 (Fed. Cir. 1988) ("[O]pinion, although later shown to be incorrect, contained significant, scientifically based *objective* factors to justify…conclusion of no infringement."). Thus, Avery cannot be precluded from introducing evidence that its understanding of the claims and its corresponding belief that it did not infringe those claims were reasonable and in good faith.

## III. CONCLUSION

For the foregoing reasons, Avery respectfully requests that the Court deny 3M's Motion *in Limine* to Exclude All Any Testimony and Argument Contrary to Claim Constructions by the Federal Circuit and This Court.

DATED: November 21, 2004

Respectfully submitted,

s/David P. Pearson ____________________

David P. Pearson
WINTHROP & WEINSTINE, P.A.
Suite 3500
225 South Sixth Street
Minneapolis, Minnesota 55402
(612) 604-6400 - Telephone
(612) 604-6800 - Facsimile

Of Counsel:

Roderick G. Dorman
Lawrence M. Hadley
Armand F. Ayazi
HENNIGAN, BENNETT & DORMAN
601 South Figueroa Street, Suite 3300
Los Angeles, California 90017
(213) 694-1200 - Telephone
(213) 694-1234 - Facsimile

Jay R. Campbell
RENNER OTTO, BOISSELLE & SKLAR, P.L.L.
1621 Euclid Avenue, 19th Floor
Cleveland, Ohio 44115
(216) 621-1113 - Telephone
(216) 621-6155 - Facsimile

2553941v1