IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| 3M INNOVATIVE PROPERTIES COMPANY and MINNESOTA MINING AND MANUFACTURING COMPANY, Plaintiffs, | Civil Action No. 01-CV-1781 (JRT/FLN) |
| vs. | |
| AVERY-DENNISON CORPORATION, Defendant. | |

**AVERY DENNISON CORPORATION'S MEMORANDUM OF LAW IN RESPONSE TO 3M'S MOTION IN LIMINE TO EXCLUDE ALL EVIDENCE AND ARGUMENT ON PRIOR ART REFERENCES THAT AVERY DISCLOSED AFTER THE COURT'S DEADLINE OR MERELY IDENTIFIED IN DISCOVERY**

## I. ARGUMENT

3M moves *in limine* to exclude prior art references that were first disclosed in Avery's November 10, 2005 filing, or that were identified in discovery but not made the subject of a claim chart or other explanation. 3M's motion in this regard is unnecessary because Avery and 3M agree on the scope of prior art Avery can introduce into evidence to support its claims of patent invalidity (both anticipation and obviousness).

As set forth in 3M's brief, Avery agrees that the following prior art references are properly part of the upcoming trail as anticipatory references pursuant to 35 U.S.C. § 102:

- U.S. Patent No. 5,405,675 (Sawka)
- U.S. Patent No. 4,025,159 (McGrath)
- U.S. Patent No. 3,989,775 (Jack)

Likewise, in addition to these three references, Avery agrees that the following prior art references are properly part of the upcoming trial as obviousness references pursuant to 35 U.S.C. § 103:

- JP 2587198
- JP 59-78285
- U.S. Patent No. 4,713,273
- U.S. Patent No. 3,301,741
- U.S. Patent No. 5,141,790
- U.S. Patent No. 5,296,277
- U.S. Patent No. 5,362,516
- U.S. Patent No. 3,887,678
- U.S. Patent No. 5,229,186
- EP 0313766 B1
- GB 1543977
- U.S. Patent No. 3,611,919
- U.S. Patent No. 4,320,162
- U.S. Patent No. 5,382,464

Avery will not seek to introduce other prior art references in support of its claims that the '930 patent is invalid as anticipated or obvious. However, as explained in Avery's opposition to 3M's motion in limine to exclude evidence stricken from Avery's expert report, Avery will be introducing the Wood and McKenzie references as part of its defense to 3M's claim of willfulness.

## II. CONCLUSION

For these reasons, Avery respectfully requests that the Court deny 3M's motion in limine regarding prior art references as moot.

DATED: November 21, 2005

Respectfully submitted,

/S/ David P. Pearson
David P. Pearson
Matthew D. Spohn
WINTHROP & WEINSTINE, P.A.
225 South Sixth Street, Suite 3500
Minneapolis, Minnesota 55402
(612) 347-0700 - Telephone
(612) 347-0600 - Facsimile

Of Counsel:

Roderick G. Dorman
Lawrence M. Hadley
HENNIGAN, BENNET & DORMAN
601 South Figueroa Street, Suite 3300
Los Angeles, California 90017
(216) 694-1200 - Telephone
(216) 621-1234 - Facsimile

2549121v1