IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| 3M INNOVATIVE PROPERTIES COMPANY and MINNESOTA MINING AND MANUFACTURING COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>AVERY DENNISON CORPORATION,<br><br>Defendant. | Civil Action No. 01-1781 JRT/FLN |

**3M'S MEMORANDUM OF LAW IN OPPOSITION TO AVERY'S MOTION FOR JUDGMENT ON THE PLEADINGS RE PLAINTIFFS' CLAIM FOR CONTRIBUTORY INFRINGEMENT AND INDUCEMENT OF INFRINGEMENT**

As a dispositive motion under Rule 12(c), Avery's motion for judgment on the pleadings is too late and too little. The Court's deadline for filing dispositive motions in this case passed more than three years ago—on August 1, 2002. After remand from the Federal Circuit, Avery sought leave to file further dispositive motions, but the Court denied that request. But then on the deadline for filing motions in limine, Avery brought this dispositive motion in violation of the Court's prior orders. By itself, Avery's extreme and inexcusable delay in bringing this motion should lead to its denial.

Even if Avery's motion were timely, it fails to set forth any basis for judgment on 3M's pleadings of contributory and inducement of infringement by Avery. Indeed, the pleadings that Avery, after four years of litigation, now claims are inadequate are routinely pled in almost every patent infringement case. In fact, Avery itself pled nearly

identical allegations of contributory infringement and inducement of infringement against 3M in a case filed in Delaware the very same year that 3M brought this case. Avery had adequate notice of 3M's claims and cannot fairly complain of any surprise from them now.

## I. Background

### A. 3M's Complaint and Avery's Answer

More than four years ago, on September 27, 2001, 3M brought this patent infringement suit against Avery. (Doc. No. 1.) As Avery recognizes, 3M's complaint alleged both contributory infringement and inducement of infringement by Avery. (*Id*. at 2, ¶ 9.) 3M's complaint also alleged that Avery's infringement was both knowing and willful:

> Upon information and belief, Avery's infringement of the '930 patent is taking place *with knowledge* of the '930 Patent and is willful. By continuing to commit acts of infringement *with full knowledge* of the '930 patent, Avery has failed to meet the required standard of care to avoid a finding of willful infringement.

(*Id*. at 3, ¶ 11 (emphasis added).)

In response to 3M's complaint, Avery filed its "Answer, Affirmative Defenses, and Counterclaims to Complaint" on November 7, 2001. (Doc. No. 17.) Therein, Avery denied 3M's claims of infringement. (*Id*. at 2, ¶ 9.) Avery also brought a counterclaim seeking a declaratory judgment of noninfringement. (*Id*. at 4, ¶ 22 ("In this action, Avery seeks (a) declaratory judgment of noninfringement, invalidity, and unenforceability pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 of 3M's '930 Patent . . .").)

This counterclaim by Avery explicitly extended to 3M's claims for contributory infringement and inducement of infringement:

> 37. In its Complaint, 3M alleges that it is the owner of the '930 patent, and that Avery has infringed, has induced infringement, and has contributed to the infringement of the patent. Avery denies those allegations. Avery contends, among other things, that it does not infringe the '930 patent literally or under the doctrine of equivalents, or by inducing or contributing to infringement. A justiciable controversy therefore exists between Avery and 3M.
>
> 38. By this counterclaim, Avery seeks a declaratory judgment that it has not committed any act of infringement of the '930 patent.
>
> 39. A judicial declaration is necessary and appropriate at this time in order that Avery may ascertain its rights and duties with respect to activities that 3M alleges infringe the '930 patent.

(*Id*. at 6, ¶¶ 37-39.) Avery's prayer for relief also called out inducing infringement specifically: "Avery prays for judgment . . . [t]hat a declaratory judgment be entered adjudging that Avery has not committed any act of infringement, or any act of inducing infringement, of United States Letters Patent No. 5,897,930." (*Id*. at 8, ¶ 4.)

Finally, Avery's responsive pleading also made specific and repeated reference to its EZ Film as the product accused of infringement in this suit. (*See id.* at 7, ¶¶ 42-49.)

**B. Court Orders and Dispositive Motions**

The Court's original scheduling order in this case created a deadline of August 1, 2002 for the parties to bring all dispositive motions. (Doc. No. 57 at 2 ("All dispositive motions shall be served and filed by the parties prior to August 1, 2002.").) This order also provided that "[t]he schedule may be modified only upon formal motion and a showing of good cause as required by Local Rule 16.3." (*Id*. at 1.)

After the case returned to the District of Minnesota on remand from the Federal Circuit, Magistrate Judge Noel ordered that "[n]o further dispositive motions will be permitted." (Doc. No. 154, ¶ 4.) After Avery appealed this order, the Court ruled that Avery would "be permitted to request the Court's permission to file a motion for summary judgment" in a letter brief "submitted within one week of this Court's order on claim construction." (Doc. No. 172.)

The Court issued its claim construction order on June 20, 2005. (Doc. No. 181.) Avery then sought the Court's permission to file a motion for summary judgment of invalidity in a letter dated June 30, 2005 (Doc. No. 184), but on July 8, 2005 the Court denied Avery's request to bring the motion (Doc. No. 183). The Court instead set a firm trial date of December 12, 2005. (Doc. No. 182.)

On November 14, 2005, the date set by the Court for filing motions in limine, Avery filed two motions in limine and supporting papers. (*See* Doc. Nos. 234, 237, 238.) Without seeking leave of the Court, Avery also filed this motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (*See* Doc. No. 220.) Avery noticed all of these motions for hearing on November 28, 2005. (*See* Doc. Nos. 254, 255.)

## II. Argument

Avery's motion for judgment on the pleadings should be denied. By bringing this motion, Avery has simply chosen to ignore the Court's scheduling orders and the Local Rules governing the bringing of dispositive motions. Moreover, 3M's pleadings are sufficient, as shown by Avery's almost identical pleading of such claims against 3M in

another lawsuit. Nor can Avery fairly claim that it lacked adequate notice of 3M's claims given Avery's declaratory judgment counterclaim. Finally, these claims are supported by the evidence of record.

### A. Avery's Dispositive Motion Violates the Court's Scheduling Orders and the Local Rules.

Although it was noticed for the hearing date that the Court scheduled for motions in limine, Avery's motion for judgment on the pleadings is not a motion in limine, in either name or substance. Rather, Avery's motion for judgment on the pleadings is plainly a dispositive motion. *See, e.g.*, Local Rule 7.1(b) ("*Motions for* injunctive relief, *judgment on the pleadings*, summary judgment, to dismiss, and to certify a class action *are considered dispositive motions* . . . ." (emphasis added)). As such, Avery's motion violates the Court's scheduling orders in this case as well as the Local Rules for the District of Minnesota.

The original deadline for bringing dispositive motions was more than three years ago, in August of 2002. (Doc. No. 57 at 2.) Moreover, the Court's scheduling order provided that the schedule could be "modified only upon formal motion and a showing of good cause as required by Local Rule 16.3." (*Id.*) Avery did not make a request of any sort, let alone bring a formal motion, asking to modify the Court's scheduling order in order to allow Avery to bring this motion for judgment on the pleadings at this late, and incredibly tardy, date. Indeed, the only request that Avery did make—to bring a dispositive summary judgment motion based on the Court's claim construction rulings issued after remand from the Federal Circuit—was denied on July 8, 2005. At that time,

Avery said nothing about seeking leave to file a belated motion for judgment on the pleadings.

Nor did Avery even try to show any cause, let alone good cause, for modifying the Court's order to allow Avery to bring a dispositive motion three years after the deadline for doing so had passed. Because Avery's motion seeks judgment on the *pleadings*, nothing prevented Avery from bringing this motion soon after 3M filed its complaint in September of 2001. But Avery did not bring this motion during those eleven months when it would have been timely.

In addition to violating this Court's scheduling orders, Avery also violated the Local Rules for the District of Minnesota that set forth the procedures for filing dispositive motions. A party may bring a dispositive motion by first obtaining a hearing date from the Court. Local Rule 7.1(b) ("Hearings may be scheduled by contacting the calendar clerk of the appropriate judge."). Then, the party must file its moving papers "at least 45 days prior to the hearing," Local Rule 7.1(b)(1), and the responding party must file its responsive papers "at least 20 days prior to the hearing," Local Rule 7.1(b)(2).

Here, Avery filed its motion for judgment on the pleadings 14 days before the hearing date of November 28, 2004 that Avery noticed for the motion. Obviously, this does not allow 3M the requisite 20 days to respond to this dispositive motion.

There is simply no excuse for Avery's blatant violations of the Court's orders and the Local Rules, and Avery has offered none. Accordingly, the Court should deny Avery's motion for judgment on the pleadings as untimely and improperly filed.

### B. 3M's Pleading of Contributory Infringement and Inducement of Infringement Is Sufficient.

Even if the Court were to consider Avery's motion on the merits, 3M's pleading of contributory infringement and inducement of infringement is sufficient. The handful of cherry-picked nonbinding district court cases relied on by Avery do not show that 3M's pleading is susceptible to adverse judgment. To the extent that these cases lend any minimal support to Avery's motion, this Court should not follow their example because they are contrary to the notice pleading standard of the Federal Rules. *See, e.g.*, *Sony Elecs., Inc. v. Soundview Techs., Inc.*, 157 F. Supp. 2d 190, 197 (D. Conn. 2001) (quoting *Am. Technical Machinery Corp. v. Masterpiece Enters.*, 235 F. Supp. 917 (M.D. Pa. 1964) and citing *Conley v. Gibson*, 355 U.S. 41, 46 (1957)) ("All that is usually required in the complaint is a generalized statement of the facts from which the defendant may form a responsive pleading; thus if a bona fide complaint is filed that charges every element necessary to recover, summary dismissal for failure to set out evidential facts is not justified.").

First, unlike the accused infringers in the *MacNeil* and *Hewlett-Packard* district court cases on which it relies, Avery did not lack adequate notice of 3M's claims. In *MacNeil*, the plaintiff's complaint was not "dismissed as a matter of law," as Avery wrongly claims. (*See* Doc. 221 at 5-6.) Instead, the district court considered (and denied) a motion to amend to add a claim for contributory infringement, but did not consider a 12(c) motion for judgment on such a claim. *See generally MacNeil Eng'g Co. v. Trisport, Ltd.*, 59 F. Supp. 2d 199 (D. Mass. 1999). The court denied the motion to

amend because an amendment would be futile without some allegation of the component or material part that the alleged infringer was supplying, i.e., the accused product. *Id.* at 201-02. Similarly, in *Hewlett-Packard*, the court granted a 12(b)(6) motion to dismiss because the complaint was not limited to a single "type" of allegedly infringing product and did not specify a "particular component." *Hewlett-Packard Co. v. Intergraph Corp.*, No. C 03-2517, 2003 WL 23884794, at *1 (N.D. Cal. Sep. 6, 2003). Thus, the court concluded that "Plaintiff's allegations do not provide Defendant with 'fair notice' of what Plaintiff's claim or claims are and therefore, fails to satisfy Rule 8(a)(2)." *Id.*

Here, unlike in those cases, there can be no question that 3M's allegations gave Avery fair notice of 3M's infringement claims and Avery's accused product—in fact, Avery's answer and counterclaim were replete with references to its allegedly infringing EZ Film product. (*See* Doc. No. 17 at 7, ¶¶ 42-49.) Avery's denials of infringement and counterclaim explicitly extended to both contributory infringement and inducement of infringement by its accused product. (*See id.* at 2, ¶ 9.) Thus, it is clear that Avery had actual notice of the substance of 3M's infringement claims, which satisfies the notice pleading requirement of the Federal Rules. As even the *Hewlett-Packard* case recognized, the notice pleading requirement of Rule 8(a)(2) is satisfied when the complaint gives a "defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47-48 (1957), cited in *Hewlett-Packard Co.*, 2003 WL 23884794, at *1. Based on Avery's responsive pleading, there can be no doubt that 3M's complaint meets that test.

Second, unlike the complaint brought in the *Catapano* district court case, 3M's allegations of inducing infringement in this case also gave Avery adequate notice of 3M's claim. In *Catapano*, like *Hewlett-Packard*, the court granted a 12(b)(6) motion to dismiss. *See generally Catapano v. Wyeth Ayerst Pharms., Inc*., 88 F. Supp. 2d 27 (E.D.N.Y. 2000). The plaintiff had failed to identify whether direct, contributory, or inducing infringement was claimed and, with respect to inducing infringement, the plaintiff had "not alleged that the Defendants have claimed or recommended to anyone, implicitly or explicitly, that the vaccine can be used for immune system stimulation." *Id*. at 30. The lack of this allegation was a problem because the vaccine had intended uses beyond the allegedly infringing use. *See id*.

That reasoning, however, does not apply here. Even if Avery's noninfringement argument that its attached liner does not have depressions were permitted and accepted, the liner and film are detached in the only and obvious intended use of Avery's EZ Film. (*See* Ex. A.) The *Catapano* case recognized this critical distinction: "[A] manufacturer who actively marketed a product with instructions on how to use it in a manner that infringed on the plaintiff's patent was liable for inducement of infringement." *See id.* (citing *Biacore v. Thermo Bioanalysis Corp*., 79 F. Supp. 2d 422, 459 (D. Del. 1999)). Avery cannot dispute that it marketed its EZ Film with instructions to the user to detach the film from the liner. (Ex. A.)

With respect to Avery's knowledge, 3M's pleading of contributory infringement and inducement of infringement is sufficient. Even the *Hewlett-Packard* case on which Avery relies held that an "allegation of willfulness is sufficient to satisfy the state of mind

requirement necessary for inducement."[1] *Hewlett-Packard Co.*, 2003 WL 23884794, at *2; *see also id.* (explaining that an allegation of willful infringement implies the knowledge required for contributory infringement).

Not only are the decisions Avery cites distinguishable from this case, but Avery fails to mention the myriad of cases that squarely reject Avery's argument. In *Sony Electronics*, for example, the district court considered and denied a 12(b)(6) motion to dismiss a claim for inducing infringement, explaining that the moving party misconstrued the Federal Rules' standard for "notice pleading" by trying to require "fact pleading" instead. *See Sony Elecs., Inc.*, 157 F. Supp. 2d at 197.

Indeed, Avery *itself* has brought contributory infringement and inducement of infringement claims against 3M without any more specificity than 3M's claims in this case. On February 23, 2001, just seven months before 3M filed its complaint in this case, Avery brought suit against 3M in the District of Delaware. (Ex. B.) Avery's complaint included claims of both contributory infringement and inducement of infringement:

> Avery alleges on information and belief that 3M has infringed and continues to infringe the '363 patent by making, using, advertising, or selling in the United States products or devices that embody or otherwise practice one or more of the claims of the '363 patent, or by otherwise contributing to infringement or inducing others to infringe said patent.

---

[1] This case also held that, although this allegation was sufficient, there was no allegation of direct infringement by a third party. *Hewlett-Packard Co. v. Intergraph Corp.*, No. C 03-2517, 2003 WL 23884794, at *2 (N.D. Cal. Sep. 6, 2003). Although no infringement by a third party is directly alleged here either, no such allegation is required under the Federal Rules or Federal Circuit infringement. Moreover, because Avery argues that its liner does not have depressions until it is removed, and Avery knows that the user removes the liner—and in fact instructs the user to so—Avery cannot fairly claim lack of notice.

(*Id*. at 2, ¶ 7; *see also id*. at 3-4, ¶ 14 (making the same allegation with respect to the other patent asserted in the suit).) Thus, Avery has no cause to complain about 3M's complaint either under the law or based on its own complaint.[2]

**C. 3M's Claims of Indirect Infringement Are Supported by the Evidence.**

As shown, Avery's motion is both untimely and unsupported. In addition, 3M's claims are supported by the evidence of record. As 3M will show at trial, Avery's EZ Film release liner infringes the '930 patent both when it is attached and detached from the film. Under the Court's claim construction order it is clear that Avery's release liner has "depressions" as required by the '930 patent from the moment the polyurethane is pushed into the liner to create them. (*See* Doc. No. 181 at 9 ("The Court therefore concludes that the term 'depressions,' as used in claim 1, may be either empty or filled . . .").)

Avery appears determined, however, to subvert the Court's order, and argue to the jury that its attached liner does not have depressions because the depressions are filled. (*See* Doc. 238 at 2 ("The release liner is comprised of a paper layer and a layer consisting of two polymers – a polyethylene plastic with embedded polyurethane dots. Additionally, the polyethylene/polyurethane contains an embossed pattern forming surface ridges. . . Avery contends that no such embossed pattern of depressions exists on

---

[2] Even if 3M's complaint were deficient, which it is not, the Court should grant 3M leave to amend. Avery complains that 3M should not be granted leave to amend, but it is Avery that complained for the first time about the sufficiency of 3M's Complaint more than four years after Avery's receipt of it. (*See* Doc. 221 at 2, 7-8.) Moreover, through its second counterclaim, Avery itself seeks the Court's adjudication of contributory infringement and inducement of infringement. (Doc. 17 at 4, 6, 8.) Accordingly, because 3M's claims of indirect infringement come as no surprise to Avery, Avery's claims of prejudice are entirely baseless.

the liner portion of its EZ Film.").) For this reason, 3M has brought a motion in limine to exclude argument and evidence by Avery contrary to the claim construction rulings by this Court and the Federal Circuit. (*See* Doc. No. 229.)

Even if Avery's argument were true, which it is not, Avery would then be indirectly infringing 3M's '930 patent. It is the avoidance of this liability that is the apparent motivation behind Avery's present motion, as well as its related motion in limine to exclude evidence on its "used or spent release liner."

If Avery insists on arguing that it does not directly infringe because the attached liner does not have depressions, then Avery must also deal with the reality that, under this argument, it nonetheless indirectly infringes 3M's patent. The moment Avery's EZ Film release liner is peeled back, the array of depressions is readily apparent. Even Avery acknowledges that its release liner contains depressions after it is removed from the film. (*See* Doc. No. 238 at 3 (referring to the "small holes in the polyethylene where the polyurethane had been embedded" resulting from the separation of the film and the liner).)

Avery explicitly instructs its customers to remove the release liner in order to use its EZ Film. (Ex. A.) Avery's directive to "create" depressions by peeling off the film's release liner is an inducement of infringement. *See* 35 U.S.C. § 271(b) ("Whoever actively induces infringement of a patent shall be liable as an infringer."); *see also Moleculon Research Corp. v. CBS, Inc.*, 793 F.2d 1261, 1272 (Fed. Cir. 1986) (holding that "circumstantial evidence of extensive puzzle sales, dissemination of an instruction sheet teaching the method of restoring the preselected pattern with each puzzle, and the

availability of a solution booklet on how to solve the puzzle" was sufficient proof of inducing infringement by the manufacturer of the infringing puzzle). Avery also contributorily infringes 3M's '930 patent because its EZ Film can only be used by removing the liner from the film: the liner is a material component of EZ Film, and the product can only be used in an infringing manner. *See* 35 U.S.C. § 271(c) ("Whoever . . . sells within the United States . . . a component of a patented machine . . ., constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use, shall be liable as a contributory infringer.").

Thus, by trying to argue its way out of direct infringement, Avery essentially makes 3M's case for indirect infringement. Accordingly, in addition to being properly pled, 3M's claims of indirect infringement are also supported by the evidence.

## III. Conclusion

For the reasons set forth above, 3M respectfully requests that the Court deny Avery's untimely and unwarranted motion for judgment on the pleadings regarding 3M's contributory infringement and inducement of infringement claims.

Dated: November 21, 2005

FISH & RICHARDSON P.C., P.A.

By: s/Katherine A. Moerke

Jonathan E. Singer (#283459)
John C. Adkisson (#266358)
Katherine A. Moerke (#312277)
FISH & RICHARDSON P.C., P.A.
60 South Sixth Street, Suite 3300
Minneapolis, MN 55402
Tel: (612) 335-5070
Fax: (612) 288-9696

Juanita R. Brooks (Admitted Pro Hac Vice)
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130-2081
Tel: (858) 678-5070
Fax: (858) 678-5099

Kevin H. Rhodes
3M Innovative Property Company
3M Center
P.O. Box 33427
St. Paul, MN 55133

Attorneys for Plaintiffs
3M INNOVATIVE PROPERTIES COMPANY and MINNESOTA MINING AND MANUFACTURING COMPANY

60325651.doc