IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| 3M INNOVATIVE PROPERTIES COMPANY and MINNESOTA MINING AND MANUFACTURING COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>AVERY DENNISON CORPORATION,<br><br>Defendant. | Civil Action No. 01-1781 JRT/FLN |

**3M'S MEMORANDUM OF LAW IN RESPONSE TO AVERY'S MOTION IN LIMINE TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING 35 U.S.C. § 256**

Avery had ample opportunity during discovery to seek evidence of alleged improper inventorship under 35 U.S.C. § 102(f) and of alleged deceptive intent by any alleged omitted inventor that would prevent the correction of inventorship under 35 U.S.C. § 256. As to the former, the record in this case cannot meet Avery's burden of proof that another inventor should have been listed on the '930 patent. As to the latter, there is not a shred of evidence of deceptive intent on the part of any allegedly unnamed co-inventor in the record of this case. Avery has produced none because there is none.

Indeed, Avery's allegation of uncorrectable improper inventorship is dead on arrival. The co-inventor who Avery argues should have been named on the '930 patent, Dr. Frank Sher, was and still is a 3M employee who has not claimed to be an inventor of the '930 patent, much less that he was not listed as an inventor because he had some

intent to deceive anyone as to his inventorship. Dr. Sher cannot and will not provide Avery with the clear, convincing, and corroborated evidence needed to prove that he should have been a named inventor. Moreover, Dr. Sher had no reason to deceive anyone into thinking he was not an inventor, and he did not do so. Even though Avery deposed Dr. Sher, Avery's motion cites no testimony supporting this bizarre charge of deceptive intent by someone who does not claim to be an inventor.

Thus, Avery's *entire inventorship defense* is an exercise in futility and distraction. Even if Avery somehow were to prove by clear, convincing, and corroborated evidence that Dr. Sher should have been listed as an inventor, the mistake would easily be correctable via 35 U.S.C. § 256. For that reason, 3M asked the Court in its own motions in limine (*see* Doc. Nos. 231, 233) to exclude all inventorship-related testimony from the jury. The issue of inventorship is a waste of time, and Avery's motive obviously is to confuse the jury.

In its motion in limine on this topic, Avery ducks the issue of why it should be allowed to present an inventorship defense that is (1) unsupported by any record evidence, (2) potentially confusing to the jury, and (3) even if somehow proven, eminently correctable via 35 U.S.C. § 256. Avery concedes that there is no legitimate probative value to putting the issue of deceptive intent before the jury, but strangely, Avery never explains why that is not the end of the line for its inventorship defense. Because any alleged mistake in inventorship can be corrected, and would be corrected given the lack of any evidence of deceptive intent by Dr. Sher, the parties, the Court and the jury should be spared from spending needless time and effort on this issue.

Accordingly, 3M respectfully requests that this Court grant 3M's motions in limine regarding inventorship.

## I. Argument

### A. Avery Cannot Meet Its Burden of Proof on Incorrect Inventorship.

Because a patent is presumed valid, 35 U.S.C. § 282, it is presumed that the named inventors on a patent are the true and only inventors. *Hess v. Advanced Cardiovascular Sys., Inc.*, 106 F.3d 976, 980 (Fed. Cir. 1997). Accordingly, "[a] party seeking correction of inventorship must provide clear and convincing evidence of inventorship." *Linear Tech. Corp. v. Impala Linear Corp.*, 379 F.3d 1311, 1327 (Fed. Cir. 2004) (affirming summary judgment dismissing inventorship defense for lack of corroboration). To meet the clear and convincing evidentiary burden, the alleged co-inventor must corroborate his proof of contribution to the conception of the invention. *Id.*

Accordingly, one seeking to prove that he was an omitted co-inventor faces a very difficult task. "The law has long looked with disfavor upon invalidating patents on the basis of mere testimonial evidence absent other evidence that corroborates that testimony." *Finnigan Corp. v. United States Int'l Trade Comm'n*, 180 F.3d 1354, 1366 (Fed. Cir. 1999). Thus, "[t]he Supreme Court recognized over one hundred years ago that testimony concerning invalidating activities can be 'unsatisfactory' due to 'the forgetfulness of witnesses, their liability to mistakes, their proneness to recollect things as the party calling them would have them recollect them, aside from the temptation to actual perjury.'" *Id.* (quoting *The Barbed-Wire Patent*, 143 U.S. 275, 284 (1892)).

Here, Avery cannot possibly meet this heavy burden. Dr. Sher was not an inventor of the ’930 patent, and he never testified that he was. Nor has Avery presented any evidence suggesting that Dr. Sher invented the claimed range in the ’930 patent. In opposing 3M’s motion in limine on inventorship, Avery has resorted to mischaracterizing (but not attaching) the testimony of the inventor, Dr. Clyde Calhoun, who Avery claims testified that “he did no work to determine the optimal range claimed in the patent.” (*See* Doc. No. 261 at iv.) In fact, Dr. Calhoun simply testified repeatedly that he *did not remember* doing work to determine the optimal range claimed in the ’930 patent—testimony that is not surprising given that Avery’s counsel was asking for Dr. Calhoun’s recollection of events that were more than seven years old at the time of his deposition.

Equally egregiously, Avery claims that “the laboratory notebooks of both [Dr. Calhoun and Dr. Sher] verify that Dr. Sher identified the ridge heights claimed in the ’930 patent.” (*See* Doc. No. 261 at v.) Of course, Avery did not attach any laboratory notebook pages as exhibits to its opposition to 3M’s motion in limine. In fact, to date, Avery has *never* identified a single page from Dr. Calhoun’s laboratory notebooks that Avery claims supports Avery’s inventorship defense, despite the fact that Avery has been in possession of Dr. Calhoun’s laboratory notebooks for more than three years.

Avery’s misdirection cannot make up for the fact that there is simply no evidence supporting Avery’s inventorship defense. Avery’s plan to use a nonexistent inventorship defense to distract the jury from the real issue in the case, Avery’s infringement of the ’930 patent, should not be permitted.

**B. Avery's Inventorship Defense Is Futile in Light of 35 U.S.C. § 256.**

As explained more fully in 3M's brief in support of its motion in limine regarding inventorship (*see* Doc. No. 245), 35 U.S.C. § 256 allows for the correction of inventorship unless there was deceptive intent on the part of the omitted inventor. In its motion in limine, Avery concedes as much and admits that "there is no legitimate probative value to referencing the jury to 35 U.S.C. § 256." (Doc. No. 237 at 3.)

What Avery should have, but failed, to concede is that 35 U.S.C. § 256 spells the end of Avery's inventorship defense. As the Patent Act makes clear, "[t]he burden of establishing invalidity of a patent or any claim thereof shall rest on the party asserting such invalidity." 35 U.S.C. § 282. Because a charge, like Avery's, that a patent cannot be corrected under 35 U.S.C. § 256 is aimed at establishing invalidity of an issued patent, Section 282 mandates that Avery bears the burden of establishing the *entire defense*, including a showing of deceptive intent on the part of a nonjoined inventor. *See Lockformer Co. v. PPG Indus., Inc.*, 264 F. Supp. 2d 622, 629 (N.D. Ill. 2003) (citing 35 U.S.C. § 282) ("The party asserting incorrect inventorship bears the burden of proof.").

As the Federal Circuit has explained, "[t]o invalidate a patent based on incorrect inventorship it must be shown not only that the inventorship was incorrect, but that correction is unavailable under Section 256." *C.R. Bard, Inc. v. M3 Sys., Inc.*, 157 F.3d 1340, 1352 (Fed. Cir. 1998); *see also Pannu v. Iolab Corp.*, 155 F.3d 1344, 1351 n.4 (Fed. Cir. 1998) ("[Because] lack of deceptive intent, as a negative, may be hard for a patentee to prove when it claims relief under the statute, good faith is presumed in the absence of a persuasive showing of deceptive intent."). Accordingly, in *C.R. Bard*, the

Federal Circuit reversed the district court's judgment of invalidity based on incorrect inventorship because the defendant had failed to prove deceptive intent by clear and convincing evidence:

> Although M3 contends that deceptive intent can be inferred from the omission of Taylor as an inventor, precedent requires that one who claims a share of inventorship must establish that right by clear and convincing evidence. . . . Since such evidence was absent, the judgment of invalidity based on incorrect inventorship can not stand, and is reversed.

*Id*. at 1353.

Tellingly, Avery has *not* made any allegation that Dr. Sher somehow acted with "deceptive intent" in not being named as an inventor on the '930 patent. So putting aside for the moment the fact that Avery has made no record to support a finding that Dr. Sher should have been listed as an inventor, Avery's motion in limine concedes the point 3M made in its own motion on this topic—that even if Avery somehow could prove that Dr. Sher should have been named as an inventor on the '930 patent, *the Court could simply correct inventorship pursuant to 35 U.S.C. § 256*. *See Lockformer*, 264 F. Supp. 2d at 629.

Not only could 3M correct the '930 patent, but also a patent corrected pursuant to 35 U.S.C. § 256 is fully unenforceable. *See Viskase Corp. v. American Nat'l Can Co*., 261 F.3d 1316, 1328-29 (Fed. Cir. 2001) ("Absent fraud or deceptive intent, the correction of inventorship does not affect the validity or enforceability of the patent for the period before the correction."). Thus, Avery's allegation of incorrect inventorship cannot provide Avery with any defense in this case. This is precisely the reason that 3M has asked this Court to do away with the "inventorship" sideshow at trial.

### C. Avery's Suggestion that an "Evidentiary Hearing" Is Required Before Trial Is Nothing But A Delay Tactic.

By sending a letter brief to the Court right before this brief was due, Avery finally revealed its true intentions for litigating its inventorship defense in this case despite its apparent futility. In this letter, Avery claimed for the first time that (1) Avery will oppose a motion by 3M to correct inventorship pursuant to 35 U.S.C. § 256 after trial if Avery prevails on its inventorship defense pursuant to 102(f); and (2) Avery "will be entitled to a new trial based on invalidity defense that will exist for the first time a result of the addition of a new inventor." (*See* Ex. D at 3.) Both of these claims are false.

First, there is no question that 3M has the statutory right to seek correction of inventorship pursuant to 35 U.S.C. § 256 at any time in either the District Court or through a petition to the PTO. *See C.R. Bard*, 157 F.3d at 1353 (citing *Stark v. Advanced Magnetics, Inc*., 119 F.3d 1551, 1556 (Fed. Cir. 1997), for the proposition that an "error in inventorship may be corrected *at any time* if [there is] no deceptive intent" (emphasis added)); *Eli Lilly & Co. v. Aradigm Corp*., 376 F.3d 1352, 1358 (Fed. Cir. 2004) ("Section 256 creates a cause of action in the district courts for correction of non-joinder of an inventor on a patent provided the non-joinder error occurred without deceptive intent."); 37 C.F.R. § 1.324(b) (1997).

Obviously 3M has not and will not seek to correct inventorship in the absence of any finding of incorrect inventorship, especially given that 3M believes that Avery's claim of incorrect inventorship is frivolous. Accordingly, Avery's suggestion that "3M

should elect to use the reserved trial date for an evidentiary hearing on a noticed motion to correct inventorship" is nonsensical. (*See* Ex. D. at 3.)

Second, Avery has no support for its assertion that it would be entitled to raise new, unpled invalidity defenses entitling it to another trial if Dr. Sher were added as an inventor. *Pannu* does not support this assertion. *Pannu* simply said that the alleged infringer could "reassert" its previously pled best mode invalidity defense. *See Pannu*, 155 F.3d at 1351 n.5. Avery never pled inequitable conduct in this case, and Avery has not pursued a best mode invalidity defense. Thus, contrary to Avery's claims in its letter, Avery would not be entitled to raise either of these defenses simply because Dr. Sher was added as an inventor. Avery's contention that a "second trial" would be required if 3M does not request an evidentiary hearing on 35 U.S.C. § 256 before this trial is nothing but another delay tactic by Avery.

## II. Conclusion

For the reasons provided above, 3M respectfully requests that the Court grant 3M's previously-filed motions in limine regarding inventorship (Doc. Nos. 231, 233).

Dated: November 21, 2005

FISH & RICHARDSON P.C., P.A.

By: s/Katherine A. Moerke

Jonathan E. Singer (#283459)
John C. Adkisson (#266358)
Katherine A. Moerke (#312277)
FISH & RICHARDSON P.C., P.A.
60 South Sixth Street, Suite 3300
Minneapolis, MN 55402
Tel: (612) 335-5070
Fax: (612) 288-9696

Juanita R. Brooks (Admitted Pro Hac Vice)
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130-2081
Tel: (858) 678-5070
Fax: (858) 678-5099

Kevin H. Rhodes
3M Innovative Property Company
3M Center
P.O. Box 33427
St. Paul, MN 55133

Attorneys for Plaintiffs
3M INNOVATIVE PROPERTIES COMPANY AND
MINNESOTA MINING AND MANUFACTURING COMPANY

60325830.doc