IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

3M INNOVATIVE PROPERTIES COMPANY
and MINNESOTA MINING AND MANUFACTURING COMPANY,

Plaintiffs,

v.

AVERY DENNISON CORPORATION,

Defendant.

Civil Action No. 01-1781 JRT/FLN

**3M'S PROPOSED SPECIAL VERDICT FORM**

## I. INFRINGEMENT

### A. Direct Infringement

Do you find that 3M has proven by a *preponderance of the evidence* that AVERY has infringed any of the asserted claims of 3M's '930 patent? (A "YES" answer to this question is a finding for 3M. A "NO" answer is a finding for AVERY.)

| **'930 Patent** | **YES** | **NO** |
|---|---|---|
| claim 1 | | |
| claim 2 | | |
| claim 3 | | |
| claim 4 | | |
| claim 5 | | |

### B. Indirect Infringement

#### 1. Inducement to Infringe

Do you find that 3M has proven by a *preponderance of the evidence* that AVERY has induced infringement of any of the asserted claims of 3M's '930 patent? (A "YES" answer to this question is a finding for 3M. A "NO" answer is a finding for AVERY.)

| **'930 Patent** | **YES** | **NO** |
|---|---|---|
| claim 1 | | |
| claim 2 | | |
| claim 3 | | |
| claim 4 | | |
| claim 5 | | |

#### 2. Contributory Infringement

Do you find that 3M has proven by a *preponderance of the evidence* that AVERY has contributed to the infringement of any of the asserted claims of 3M's '930 patent? (A "YES" answer to this question is a finding for 3M. A "NO" answer is a finding for AVERY.)

| **'930 Patent** | **YES** | **NO** |
|---|---|---|
| claim 1 | | |
| claim 2 | | |
| claim 3 | | |
| claim 4 | | |
| claim 5 | | |

## II. VALIDITY

### A. Anticipation

Do you find that AVERY has proven by *clear and convincing evidence* that any of the asserted claims of the '930 patent are invalid due to anticipation? (A "YES" answer to this question is a finding for AVERY. A "NO" answer is a finding for 3M.)

| **'930 Patent** | **YES** | **NO** |
|---|---|---|
| claim 1 | | |
| claim 2 | | |
| claim 3 | | |
| claim 4 | | |
| claim 5 | | |

If you answered "yes" for any of the claims above, please write below which prior art reference, by itself, anticipates which claim(s). (You may identify more than one reference if each by itself anticipates the claim(s), but the identified references *may* ***not*** *be combined together* for anticipation.)

**B. Obviousness**

Do you find that AVERY has proven by *clear and convincing evidence* that any of the asserted claims of the ’930 patent are invalid due to obviousness? (A “YES” answer to this question is a finding for AVERY. A “NO” answer is a finding for 3M.)

| **’930 Patent** | **YES** | **NO** |
|---|---|---|
| claim 1 | | |
| claim 2 | | |
| claim 3 | | |
| claim 4 | | |
| claim 5 | | |

If you answered “yes” for any of the claims above, please write below which prior art reference(s), when taken alone or in combination, render which claim(s) obvious.

**C. Inventorship**

Do you find that AVERY has proven by *clear and convincing evidence* that any of the asserted claims of the ’930 patent are invalid because Dr. Frank Sher was an omitted inventor? (A “YES” answer to this question is a finding for AVERY. A “NO” answer is a finding for 3M.)

______ YES ______ NO

**CLAIMS AT ISSUE**

1. A carrier web, comprising:

at least one surface that has a multiple embossed pattern having a first embossed pattern and a second embossed pattern, wherein the first embossed pattern forms an array of depressions, wherein the depressions of the first embossed pattern are in the second embossed pattern, wherein the second embossed pattern comprises lands and ridges between the lands, and wherein the height of the ridges over the lands ranges from about 3 to about 45 µm.

2. The web of claim 1, wherein a depth of depressions caused in the surface by any embossing pattern can range from a minor fraction of an original thickness of web to almost the entire original thickness.

3. The web of claim 1, wherein the surface can be embossed with any pattern ranging from a minor fraction of an area of the surface to the entire area of the surface.

4. The web of claim 1, wherein a shape of embossings for any pattern can range from a constant radius of curvature to a polygonal shape of at least 2 surfaces.

5. The web of claim 1, wherein a width of embossings in any pattern can range from about 1 µm to about 10,000 µm.

Dated: November 28, 2005

FISH & RICHARDSON P.C., P.A.

By: s/Katherine A. Moerke

Jonathan E. Singer (#283459)
John C. Adkisson (#266358)
Katherine A. Moerke (#312277)
60 South Sixth Street, Suite 3300
Minneapolis, MN 55402
Tel: (612) 335-5070
Fax: (612) 288-9696

Juanita R. Brooks
(Admitted Pro Hac Vice)
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130-2081
Tel: (858) 678-5070
Fax: (858) 678-5099

Kevin H. Rhodes (#318115)
3M Innovative Property Company
3M Center
P.O. Box 33427
St. Paul, MN 55133

Attorneys for Plaintiffs
3M INNOVATIVE PROPERTIES
COMPANY and MINNESOTA MINING
AND MANUFACTURING COMPANY