IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

3M INNOVATIVE PROPERTIES COMPANY and MINNESOTA MINING AND MANUFACTURING COMPANY,

Plaintiffs,

v.

AVERY DENNISON CORPORATION,

Defendant.

Civil Action No. 01-1781 JRT/FLN

**3M'S PROPOSED JURY INSTRUCTIONS**

3M respectfully proposes the following jury instructions. The primary resource for most of the patent-law-specific jury instructions is *Model Jury Instructions: Patent Litigation* by the American Bar Association (ABA) Section of Litigation. This book was published in 2005, and it effectively replaces the Federal Circuit Bar Association's (FCBA) *Model Patent Jury Instructions*.[1] The full drafting committee of the FCBA instructions participated in the preparation of the ABA instructions, and the language is substantively identical for most of the instructions. Any variations seem directed at maximizing clarity for the jury.

For the handful of instructions that were not addressed or were not sufficiently explained in the ABA instructions, The American Institute of Intellectual Property Law Association's (AIPLA) *Guide to Model Patent Jury Instructions* was used as a supplement. It is cited in each instruction where it was used.

A jury instruction from one of The Honorable Judge Tunheim's patent infringement cases was similarly used for Instructions 14 and 23 to provide instructions regarding invalidity. *See* Jury Instruction 26, *Itron v. Benghiat*, 99-cv-00501-JRT-FLN (D. Minn. 2002). The language of this instruction was modified only to account for the ABA instructions' use of "highly probable" and "more probable than not" to refer to the "clear and convincing" and "preponderance" burdens of proof, respectively. Relevant ABA and AIPLA instructions are cited along with caselaw to support these instructions.

---

[1] *See* ABA Section of Litigation, *Model Jury Instructions: Patent Litigation* xiii (2005) ("The Model Jury Instructions for Patent Litigation were prepared through the combined efforts of the Committee and the Model Patent Jury Instruction Committee of the Federal Circuit Bar Association.").

Finally, none of the above resources provided an instruction to address allegations of incorrect inventorship on a patent. An instruction from Model Patent Jury Instructions for the Northern District of California was used as a template for the final instruction on inventorship. It was modified to match the format of the other instructions. No resource provided a preliminary instruction for inventorship, so it was drafted by simply using a direct quote from a Federal Circuit case that lays out the test for inventorship. Two introductory sentences were also added to describe Avery's contentions in a manner that matches the preliminary instructions for anticipation and obviousness.

## PRELIMINARY INSTRUCTIONS

## INSTRUCTION NO. 1.

## THE PARTIES AND THE NATURE OF THE CASE

Ladies and gentlemen: I will take a few moments now to give you some initial instructions about this case and about your duties as jurors. At the end of the trial I will give you further instructions. I may also give you instructions during the trial. Unless I specifically tell you otherwise, all such instructions - both those I give you now and those I give you later - are equally binding on you and must be followed.

This is a patent case. 3M is the owner of the patent, which is identified by the Patent Office by the number 5,897,930 (this may be called “the ’930 patent”).

The ’930 patent relates to the liners that form the backings of certain adhesive films.

3M, the plaintiff in this case, contends that Avery, the defendant in this case, is infringing the ’930 patent by making, using, and selling a product it calls “EZ Film.” Avery denies that it is infringing and contends that the ’930 patent is invalid for a number of reasons that I will tell you about shortly.

ABA Section of Litigation, *Model Jury Instructions: Patent Litigation* § 2.1 (2005); 8th Cir. Civil Jury Instr. 1.01 (2001); American Intellectual Property Law Association (AIPLA), *Guide to Model Patent Jury Instructions*, Preliminary Jury Instructions, www.aipla.org.

**INSTRUCTION NO. 2.**

**EVIDENCE; LIMITATIONS**

During the trial, you will hear and see evidence. "Evidence" includes the testimony of witnesses; documents and other things received as exhibits; any facts that have been stipulated - that is, formally agreed to by the parties; and any facts that have been judicially noticed - that is facts which I say you must accept as true.

Certain things are not evidence. I will list those things for you now:

1. Statements, arguments, questions and comments by lawyers are not evidence.

2. Exhibits that are identified by a party but not offered or received in evidence are not evidence.

3. Objections are not evidence. Lawyers have a right and sometimes an obligation to object when they believe something is improper. You should not be influenced by the objection. If I sustain an objection to a question or an exhibit, you must ignore the question or the exhibit and must not try to guess what the information might have been.

4. Testimony and exhibits that I strike from the record, or tell you to disregard, are not evidence and must not be considered.

5. Anything you see or hear about this case outside the courtroom is not evidence.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only.

That is, it can be used by you only for one particular purpose, and not for any other purpose. I will tell you when that occurs, and instruct you on the purposes for which the item can and cannot be used. You should also pay particularly close attention to such an instruction, because it may not be available to you in writing later in the jury room.

Finally, some of you may have heard the terms “direct evidence” and “circumstantial evidence.” You are instructed that you should not be concerned with those terms, since the law makes no distinction between the weight to be given to direct and circumstantial evidence.

8th Cir. Civil Jury Instr. 1.02 (2001).

## INSTRUCTION NO. 3.

## DUTY OF JURY; CAUTIONARY

From the evidence you will decide what the facts are. You are entitled to consider that evidence in the light of your own observations and experiences in the affairs of life. You will then apply those facts to the law which I give you in these and in my other instructions, and in that way reach your verdict. You are the sole judges of the facts; but you must follow the law as stated in my instructions, whether you agree with it or not.

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness says, or only part of it, or none of it.

In deciding what testimony to believe, consider the witnesses' intelligence, their opportunity to have seen or heard the things they testify about, their memories, any motives they may have for testifying a certain way, their manner while testifying, whether they said something different at an earlier time, the general reasonableness of their testimony and the extent to which their testimony is consistent with other evidence that you believe.

Do not allow sympathy or prejudice to influence you. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what I think your verdict should be.

8th Cir. Civil Jury Instr. 1.01 (2001).

**INSTRUCTION NO. 4.**

**BURDENS OF PROOF**

In any legal action, facts must be proven by a specified standard, known as the "burden of proof." In a patent case, one of two different burdens will be used, depending on the issue being decided.

3M has the burden to prove infringement by a preponderance of the evidence. That means that to prove infringement, 3M must show that it is more probable than not that Avery infringes the '930 patent. Throughout these instructions, you will hear this referred to as the "more probable than not" standard.

A higher burden of proof is required to prove invalidity. Avery has the burden to prove invalidity by clear and convincing evidence. Clear and convincing evidence of invalidity is evidence that produces in your mind an abiding conviction that it is highly probable that the '930 patent is invalid. Throughout these instructions, you will hear this referred to as the "highly probable" standard. In evaluating infringement or invalidity, each claim of the '930 patent is to be evaluated independently.

ABA Section of Litigation, *Model Jury Instructions: Patent Litigation* § 1 (2005); American Intellectual Property Law Association (AIPLA), *Guide to Model Patent Jury Instructions*, Preliminary Jury Instructions, www.aipla.org.

## INSTRUCTION NO. 5.

## BENCH CONFERENCES AND RECESSES

During the trial it may be necessary for me to speak with the lawyers out of your hearing, either by having a bench conference here while you are present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence which govern the trial, and to avoid confusion and error. We will, of course, do what we can to keep the number and length of these conferences to a minimum.

8th Cir. Civil Jury Instr. 1.03 (2001).

## INSTRUCTION NO. 6.

## NOTE-TAKING

At the end of the trial you must make your decision based on what you recall of the evidence.

You will not have a written transcript to consult. You must pay close attention to the testimony as it is given.

If you wish, however, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. And do not let note-taking distract you so that you do not hear other answers by the witness. The Clerk will provide each of you with a pad of paper and a pen or pencil. At each recess, leave them on your chairs.

When you leave at night, your notes will be secured and not read by anyone.

8th Cir. Civil Jury Instr. 1.04 (2001).

**INSTRUCTION NO. 7.**

**CONDUCT OF THE JURY**

Finally, to insure fairness, you as jurors must obey the following rules:

*First*, do not talk among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict.

*Second*, do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended and you have been discharged as jurors.

*Third*, when you are outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it until the trial has ended and your verdict has been accepted by me. If someone should try to talk to you about the case during the trial, please report it to me.

*Fourth*, during the trial you should not talk with or speak to any of the parties, lawyers or witnesses involved in this case - you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice. If a person from one side of the lawsuit sees you talking to a person from the other side - even if it is simply to pass the time of day - an unwarranted and unnecessary suspicion about your fairness might be aroused. If any lawyer, party or witness does not speak to you when you pass in the hall, ride the elevator or the like, remember it is because they are not supposed to talk or visit with you either.

*Fifth*, do not read any news stories or articles about the case, or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it.

*Sixth*, do not do any research (including research in the dictionary) or make any investigation about the case on your own.

*Seventh*, do not make up your mind during the trial about what the verdict should be. Keep an open mind until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence.

8th Cir. Civil Jury Instr. 1.05 (2001).

## INSTRUCTION NO. 8.

## THE SIGNIFICANCE OF PATENT CLAIMS

In this case, we will be concerned with claims 1 through 5 of the ’930 patent. 3M contends that claims 1 through 5 are infringed. Avery contends that claims 1 through 5 are not infringed, and that they are invalid.

The language of patent claims may not be clear to you, or the parties may dispute its meaning. I will instruct you now about the meaning of some of the claim language. You must use the meanings I give you when you decide the issues of infringement and invalidity.

1. “Embossed” means a topography on a web or on tooling having an effective three-dimensional pattern that generates a difference in surface planar dimension in the liner or the tooling.

2. “Multiple embossed” means two or more embossing patterns are superimposed on the web to create a complex pattern of differing depths of embossing.

3. “Array” means an orderly arrangement.

4. “Ridges” means an elongated crest or raised strip.

5. “Pattern” means any formation of embossings that can utilize any theory of geometry, including without limitation, Euclidian geometry and fractal geometry.

6. “Depressions” means lower, sunken, or depressed areas of the carrier web. “Depressions” may be either empty or filled according to any number of processes and uses.

7. “Carrier web” means material with at least one surface that carries, can carry, or has carried another material.

8. “Lands” means areas of the surface of the carrier web between the ridges.

ABA Section of Litigation, *Model Jury Instructions: Patent Litigation* § 2.4 (2005); (Mem. Op. & Order Construing Disputed Claims, Doc. No. 181 at 9, 12-13.)

**INSTRUCTION NO. 9.**

**ISSUES TO BE DECIDED**

I will now give you some information about the issues that will be presented to you at this trial and the law that you must follow in reaching your verdict. At the close of the trial, you will be given a verdict form and questions that you must answer in reaching your verdict. I will then give you more specific instructions to follow.

ABA Section of Litigation, *Model Jury Instructions: Patent Litigation* § 3 (2005).

**INSTRUCTION NO. 10.**

**3M'S CONTENTIONS**

I will first describe 3M's contentions to you. 3M contends that Avery infringes claims 1 through 5 of 3M's '930 patent by making, using, offering for sale, and selling its EZ Film. The amount of damages 3M should receive for any infringement by Avery is undisputed, because the parties have agreed on the amount of damages to be awarded 3M if Avery is found to infringe the '930 patent.

ABA Section of Litigation, *Model Jury Instructions: Patent Litigation* § 3.1 (2005).

**INSTRUCTION NO. 11.**

**DIRECT INFRINGEMENT**

As I told you, 3M contends that Avery infringes claims 1 through 5 of the ’930 patent by making, using, offering for sale, and selling its EZ Film. This is called direct infringement. 3M seeks to prove direct infringement in one of two ways. The first is called “literal” infringement. To prove literal infringement, 3M must prove that it is more probable than not that Avery’s product contains each and every limitation of one or more of the ’930 patent claims.

The second way to prove direct infringement is by the “doctrine of equivalents.” To prove infringement under the doctrine of equivalents, 3M must prove that it is more probable than not that, for each claim limitation not literally found in Avery’s product, the product contains an equivalent structure. In order to be equivalent, the differences between 3M’s claim limitation and Avery’s allegedly equivalent structure must be insubstantial. I will explain this in more detail in my final instructions.

ABA Section of Litigation, *Model Jury Instructions: Patent Litigation* § 3.1.1 (2005).

**INSTRUCTION NO. 12.**

**INDIRECT INFRINGEMENT**

3M also contends that Avery indirectly infringes claims 1 through 5 of the ’930 patent by contributing to or encouraging others, such as its customers who purchase the EZ Film product and use it according to Avery’s instructions, to directly infringe. There are two types of indirect infringement: contributory infringement and inducing infringement.

To prove contributory infringement of the ’930 patent claims, 3M must prove that it is more probable than not that Avery sold or supplied to another person a component or part that is a material part of the patented invention and is not suitable for other uses. 3M must also prove that the other person infringed the ’930 patent claims, and that Avery knew that the component or part was especially made for use in an infringing manner.

To prove that Avery induced someone else to infringe the ’930 patent claims, 3M must prove that it is more probable than not that Avery encouraged or instructed another person to use a product in a manner that infringes, and that Avery knew or should have known that the encouragement or instructions would likely result in the other person infringing the claims.

ABA Section of Litigation, *Model Jury Instructions: Patent Litigation* § 3.1.2 (2005).

**INSTRUCTION NO. 13.**

**AVERY'S CONTENTIONS**

I will now instruct you on Avery's contentions. Avery contends that its EZ Film does not infringe the '930 patent. Avery also contends that the '930 patent is invalid because it was anticipated by and obvious in light of the prior art, and also fails to name the correct inventors.

ABA Section of Litigation, *Model Jury Instructions: Patent Litigation* § 3.2 (2005).

**INSTRUCTION NO. 14.**

**INVALIDITY**

Only a valid patent may be infringed. Avery alleges that the ’930 patent is invalid. To prove this, Avery must show “clear and convincing evidence” that the ’930 patent is invalid.

Remember that clear and convincing evidence is evidence that produces an abiding conviction that the truth of a factual contention is highly probable. In shorthand, this is referred to as the “highly probable” standard. This involves a greater degree of persuasion than that necessary to meet the “more probable than not” standard. Proof to an absolute certainty, however, is not required.

The law presumes that the ’930 patent is valid and enforceable, and presumes further that the Patent Office acted correctly in issuing the patent. Avery can overcome the presumption of validity if you find that it has offered evidence of invalidity that satisfies the “highly probable” standard.

I will now explain to you each of Avery’s grounds for invalidity in detail. In making your determination as to invalidity, you should consider each claim separately.

ABA Section of Litigation, *Model Jury Instructions: Patent Litigation* § 3.2.1 (2005); American Intellectual Property Law Association (AIPLA), *Guide to Model Patent Jury Instructions*, Preliminary Jury Instructions, www.aipla.org; *Brooktree Corp. v. Advanced Micro Devices, Inc.*, 977 F.2d 1555, 1574 (Fed. Cir. 1992).

**INSTRUCTION NO. 15.**

**ANTICIPATION**

Avery contends that the invention recited in claims 1 through 5 of the ’930 patent is not new. An invention that is not new is said to be “anticipated” by the prior art. In order to prove that a claim is anticipated by the prior art, Avery must prove that it is highly probable that each and every limitation of the claim is present in a single item of prior art.

ABA Section of Litigation, *Model Jury Instructions: Patent Litigation* § 3.2.2 (2005).

**INSTRUCTION NO. 16.**

**OBVIOUSNESS**

Avery contends that the invention recited in claims 1 through 5 of the ’930 patent is invalid for obviousness. A patent claim will be invalid, even if it is not anticipated by the prior art, if the invention recited in the claim would have been obvious to a person of ordinary skill in the field of the invention at the time it was made. The ordinary skilled person is a person of average education and training in the field of the invention and is presumed to be aware of all of the relevant prior art. You will hear evidence about the skill and experience of such a person during the course of the trial.

In order to prove invalidity based on obviousness, Avery must prove that it is highly probable that the invention recited in the patent claims would have been obvious to a person of ordinary skill in the field of invention at the time the invention was made.

ABA Section of Litigation, *Model Jury Instructions: Patent Litigation* § 3.2.3 (2005).

**INSTRUCTION NO. 17.**

**INVENTORSHIP**

Avery contends that the ’930 patent does not name the correct inventors. A patent that does not name the correct inventors is invalid. In order to prove that the ’930 patent does not name the correct inventors, Avery must prove that it is highly probable that an individual unnamed on the patent made a contribution to the conception of the claimed invention that is not insignificant in quality, when that contribution is measured against the dimension of the full invention.

*Caterpillar Inc. v. Sturman Indus., Inc.*, 387 F.3d 1358, 1377 (Fed. Cir. 2004) ("‘[T]o be a joint inventor, an individual must make a contribution to the conception of the claimed invention that is not insignificant in quality, when that contribution is measured against the dimension of the full invention.’") (quoting *Fina Oil & Chem. Co. v. Ewen*, 123 F.3d 1466, 1473 (Fed. Cir. 1997)).

**INSTRUCTION NO. 18.**

**TRIAL PROCEDURE**

We are about to commence the opening statements in the case. Before we do that, I want to explain to you a little bit about the procedures that we will be following during the trial and the format of the trial. This trial, like all jury trials, comes in six stages or phases. We have already been through the first phase, which is to select you as jurors. We are now about to begin the second phase, the opening statements. The opening statements of the lawyers are statements about what each side expects the evidence to show. The opening statements are not evidence in the case.

The evidence comes in the next phase, the third phase, when the witnesses will take the witness stand and the documents will actually be offered and admitted into evidence. In the third phase, the plaintiff goes first in calling witnesses to the witness stand. These witnesses will be questioned by the plaintiff's counsel in what is called direct examination. After the direct examination of a witness is completed, the opposing side has an opportunity to cross-examine the witness. After the plaintiff has presented its witnesses, the defendant will call its witnesses, who will also be examined and cross-examined.

The evidence often is introduced somewhat piecemeal, so you as jurors need to keep an open mind as the evidence comes in. Wait until all the evidence comes in before you make any decision. In other words, keep an open mind throughout the entire trial.

After we conclude the third phase, after the evidence has been presented, then the lawyers again have an opportunity to talk with you in what's called closing argument,

which is the fourth phase. Again, what the lawyers say is not evidence. The lawyers' closing arguments to you are for the purpose of helping you in making your determination.

After that phase, we reach the fifth phase of the trial, which is when I read you the jury instructions. In that phase, I will instruct you on the law. I have already explained a little bit about the law to you. But later, in this fifth phase of the trial, I will explain the law in much more detail.

Finally, in the sixth phase of the trial it will be time for you to deliberate. You can then evaluate the evidence, discuss the evidence among yourselves and make a determination in the case. Remember that it will be your duty to find what the facts are from the evidence as presented at the trial. You, and you alone, are the judges of the facts. You have to apply those facts to the law and the patent claims as I instruct you at the close of the evidence.

You are the judges of the facts. I will explain to you the rules of law which apply to this case, and I will also explain to you the meaning and scope of the patent claims. You must follow that law and claim interpretation whether you agree with it or not. Nothing I say or do during the course of the trial is intended to indicate what your verdict should be.

American Intellectual Property Law Association (AIPLA), *Guide to Model Patent Jury Instructions*, Preliminary Jury Instructions, www.aipla.org.

## FINAL INSTRUCTIONS

## INSTRUCTION NO. 19.

## THE PARTIES AND THEIR CONTENTIONS

I will now review for you the parties in this action and the positions of the parties that you will have to consider in reaching your verdict.

ABA Section of Litigation, *Model Jury Instructions: Patent Litigation* § 4 (2005).

**INSTRUCTION NO. 20.**

**THE PARTIES AND THE NATURE OF THE CASE**

As you know, this is a patent case involving U.S. Patent No. 5,897,930, the ’930 patent. This patent relates to the liners that form the backings of certain adhesive films. Over the course of the trial, you have heard testimony describing this technology.

ABA Section of Litigation, *Model Jury Instructions: Patent Litigation* § 4.1 (2005).

**INSTRUCTION NO. 21.**

**3M'S CONTENTIONS**

3M, the plaintiff in this case, contends that Avery, the defendant in this case, is infringing the '930 patent by making, using, offering for sale and selling Avery's EZ Film product.

3M contends that it is entitled to damages caused by that infringement. If you find that Avery infringes the '930 patent, however, you do not need to determine the amount of damages 3M should receive. The parties have already agreed on the amount of damages to be awarded 3M if Avery is found to infringe the '930 patent.

ABA Section of Litigation, *Model Jury Instructions: Patent Litigation* § 4.2 (2005).

**INSTRUCTION NO. 22.**

**AVERY'S CONTENTIONS**

Avery denies that it is infringing and contends that the '930 patent is invalid for a number of reasons that I will tell you about shortly.

ABA Section of Litigation, *Model Jury Instructions: Patent Litigation* § 4.3 (2005).

**INSTRUCTION NO. 23.**

**SUMMARY OF PATENT ISSUES AND BURDENS OF PROOF**

To prove its claim of infringement, 3M must show that it is more probable than not that Avery's EZ Film infringes at least one asserted claim of the '930 patent.

Only a valid patent may be infringed. Avery alleges that the '930 patent is invalid. To prove this, Avery must show "clear and convincing evidence" that the '930 patent is invalid.

Remember that clear and convincing evidence is evidence that produces an abiding conviction that the truth of a factual contention is highly probable. In shorthand, this is referred to as the "highly probable" standard. This involves a greater degree of persuasion than that necessary to meet the "more probable than not" standard. Proof to an absolute certainty, however, is not required.

The law presumes that the '930 patent is valid and enforceable, and presumes further that the Patent Office acted correctly in issuing the patent. Avery can overcome the presumption of validity if you find that it has offered evidence of invalidity that satisfies the "highly probable" standard. I will explain to you each of Avery's grounds for invalidity in detail. In making your determination as to invalidity, you should consider each claim separately.

ABA Section of Litigation, *Model Jury Instructions: Patent Litigation* § 4.4 (2005); American Intellectual Property Law Association (AIPLA), *Guide to Model Patent Jury Instructions*, Preliminary Jury Instructions, www.aipla.org; *Brooktree Corp. v. Advanced Micro Devices, Inc.*, 977 F.2d 1555, 1574 (Fed. Cir. 1992).

**INSTRUCTION NO. 24.**

**THE PATENT SYSTEM**

At the beginning of the trial, you heard some general information about patents and the patent system, and a brief overview of the patent laws relevant to this case. I will now give you more detailed instructions about the patent laws that specifically relate to this case. If you would like to review my instructions at any time during your deliberations, they will be available to you in the jury room.

ABA Section of Litigation, *Model Jury Instructions: Patent Litigation* § 5 (2005).

## INSTRUCTION NO. 25.

## THE CLAIMS OF THE PATENT IN SUIT

As I told you at the beginning of the trial, the claims of a patent are the numbered sentences at the end of the patent. The claims describe the invention made by the inventor and describe what the patent owner owns and, therefore, controls what the patent owner may prevent others from doing. Claims may describe products, such as machines or chemical compounds, or processes for making or using a product.

Claims are usually divided into parts or steps, called “limitations.” For example, a claim that covers the invention of a table may recite the tabletop, four legs and the glue that secures the legs to the tabletop. The tabletop, legs and glue are each a separate limitation of the claim.

ABA Section of Litigation, *Model Jury Instructions: Patent Litigation* § 6 (2005).

**INSTRUCTION NO. 26.**

**CONSTRUCTION OF THE CLAIMS**

In deciding whether or not an accused product infringes a patent, the first step is to understand the meaning of the words used in the patent claims.

It is my job as Judge to determine what the patent claims mean and to instruct you about that meaning. You must accept the meanings I give you and use them when you decide whether or not the patent is infringed, and whether or not it is invalid.

At the start of the trial, I instructed you about the meaning of the words of the claims and the different types of claims that are at issue in this case. I will now review those instructions with you again.

It may be helpful to refer to the copy of the ’930 patent that you have been given as I discuss the claims at issue here. The claims are at the end of the patent, starting in column 9. I will be giving you a list of the claims at issue as part of the verdict form when I conclude my instructions.

ABA Section of Litigation, *Model Jury Instructions: Patent Litigation* § 6.1 (2005).

**INSTRUCTION NO. 27.**

**INDEPENDENT AND DEPENDENT CLAIMS**

Patent claims may exist in two forms, referred to as independent claims and dependent claims. An independent claim does not refer to any other claim of the patent. Thus it is not necessary to look at any other claim to determine what an independent claim covers. Claim 1 of the ’930 patent, for example, is an independent claim.

A dependent claim refers to at least one other claim in the patent. A dependent claim includes each of the limitations of the other claim or claims to which it refers, as well as the additional limitations recited in the dependent claim itself. Therefore, to determine what a dependent claim covers, it is necessary to look at both the dependent claim and the other claim or claims to which it refers.

For example, claim 2 is a dependent claim. It refers to claim 1. To determine what dependent claim 2 covers, the words of that claim and the words of claim 1 must be read together.

ABA Section of Litigation, *Model Jury Instructions: Patent Litigation* § 6.2 (2005).

## INSTRUCTION NO. 28.

## "COMPRISING" CLAIMS

The beginning portion, or preamble, of claim 1 of the '930 patent uses the word "comprising." "Comprising" means "including" or "containing." A claim that uses the word "comprising" or "comprises" is not limited to products having only the elements that are recited in the claim, but also covers products that add additional elements.

Let's take our example of the claim that covers a table. If the claim recites a table "comprising" a tabletop, legs and glue, the claim will cover any table that contains these structures, even if the table also contains other structures, such as a leaf or wheels on the legs.

ABA Section of Litigation, *Model Jury Instructions: Patent Litigation* § 6.5.1 (2005).

## INSTRUCTION NO. 29.

## LIMITATIONS OF THE CLAIMS AT ISSUE

I have now instructed you as to the types of claims at issue in this case. I will next define the meaning of the words used in the patent claims at issue. You must use the definitions I provide to you in your consideration of the infringement and invalidity issues.

1. "Embossed" means a topography on a web or on tooling having an effective three-dimensional pattern that generates a difference in surface planar dimension in the liner or the tooling.

2. "Multiple embossed" means two or more embossing patterns are superimposed on the web to create a complex pattern of differing depths of embossing.

3. "Array" means an orderly arrangement.

4. "Ridges" means an elongated crest or raised strip.

5. "Pattern" means any formation of embossings that can utilize any theory of geometry, including without limitation, Euclidian geometry and fractal geometry.

6. "Depressions" means lower, sunken, or depressed areas of the carrier web. "Depressions" may be either empty or filled according to any number of processes and uses.

7. "Carrier web" means material with at least one surface that carries, can carry, or has carried another material.

8. "Lands" means areas of the surface of the carrier web between the ridges.

ABA Section of Litigation, *Model Jury Instructions: Patent Litigation* § 6.6 (2005); (Mem. Op. & Order Construing Disputed Claims, Doc. No. 181 at 12-13.).

**INSTRUCTION NO. 30.**

**PATENT INFRINGEMENT, GENERALLY—DIRECT INFRINGEMENT**

A patent owner has the right to stop others from using the invention covered by its patent claims during the life of the patent. If any person makes, uses, sells or offers to sell what is covered by the patent claims without the patent owner's permission, that person is said to infringe the patent. This type of infringement is called "direct infringement." In addition to enforcing a patent against a direct infringer, a patent owner also has the right to enforce the patent against those who are known as "indirect infringers."

Only the claims of a patent can be infringed. You must compare patent claims 1 through 5, as I have defined them, to the accused product, and determine whether or not there is infringement. You should not compare Avery's product with any specific example set out in the patent, or with 3M's product or process. The only correct comparison is with the language of the claim itself, with the meaning I have given you.

You must consider each claim individually and must reach your decision as to each assertion of infringement based on my instructions about the meaning and scope of the claims, the legal requirements for infringement, and the evidence presented to you by the parties. I will first discuss direct infringement.

Whether or not Avery knew that what it was doing was an infringement does not matter. A person may be found to be a direct infringer of a patent even if he or she believed in good faith that what he or she was doing was not an infringement of any patent, and even if he or she did not even know of the patent.

In this case, 3M asserts that Avery's EZ Film directly infringes claims 1 through 5 of the '930 patent. It is your job to determine whether or not 3M has proved by the more probable than not standard that Avery has directly infringed any of claims 1 through 5 of the '930 patent.

ABA Section of Litigation, *Model Jury Instructions: Patent Litigation* § 7.1 (2005).

## INSTRUCTION NO. 31.

## INFRINGEMENT—EVERY CLAIM LIMITATION MUST BE PRESENT, EITHER LITERALLY OR UNDER THE DOCTRINE OF EQUIVALENTS

In order to infringe a patent claim, a product must include every limitation of the claim. If Avery's EZ Film omits even a single structure recited in a claim, then you must find that Avery has not infringed that claim. You must consider each of the patent claims separately.

A claim limitation may be present in an accused product in one of two ways: either literally or under what is known as the doctrine of equivalents. A claim limitation is literally present if it exists in the accused product just as it is described in the claim language, either as I have explained that language to you or, if I did not explain it, as you understand it.

A claim limitation is present in an accused product under the doctrine of equivalents if the differences between the claim limitation and a comparable element of the accused product are insubstantial. One way to determine this is to look at whether or not the accused product performs substantially the same function, in substantially the same way, to achieve substantially the same result as the claimed invention.

Another way to determine whether the differences are insubstantial is to consider whether or not people of ordinary skill in the field of the invention believe that the structure of the accused product and the structure recited in the patent claim limitation are interchangeable. A person of ordinary skill is a person with average education and training in the field. The belief of such a person must be based on what was known at the

time of the activities which constitute the alleged infringement, and not what was known at the time the patent application was filed or when the patent issued. Thus, the inventor need not have foreseen, and the patent need not describe, all potential equivalents to the invention covered by the claims. Also, slight changes in technique or improvements made possible by technology developed after the patent application is filed may still be considered equivalent for the purposes of the doctrine of equivalents.

ABA Section of Litigation, *Model Jury Instructions: Patent Litigation* § 7.3 (2005).

**INSTRUCTION NO. 32.**

**DETERMINATION OF INFRINGEMENT**

Taking each claim of the ’930 patent separately, if you find that 3M has proved that it is more probable than not that each and every limitation of the claim is present, either literally or under the doctrine of equivalents, in Avery’s accused product, then you must find that Avery’s product infringes that claim.

ABA Section of Litigation, *Model Jury Instructions: Patent Litigation* § 7.7 (2005).

**INSTRUCTION NO. 33.**

**INFRINGEMENT OF DEPENDENT CLAIMS**

My instructions on infringement so far have related to independent claims. As I told you, the ’930 patent also contains dependent claims. A dependent claim includes each of the limitations of the independent claim to which it refers, plus additional elements.

If you find that independent claim 1 of the ’930 patent has been infringed, you must separately determine whether dependent claims 2 through 5 have also been infringed. If you find that independent claim 1 is not infringed, then you must also find that the dependent claims are not infringed.

ABA Section of Litigation, *Model Jury Instructions: Patent Litigation* § 7.10 (2005).

**INSTRUCTION NO. 34.**

**INFRINGEMENT AND IMPROVEMENTS TO PATENTED INVENTION**

Avery has presented evidence that its product accused of infringement represents an improvement of the invention described in the ’930 patent claims. Proof of this fact does not necessarily mean that the accused product does not infringe 3M’s patent claims. The tests for infringement remain as I have instructed you. As long as you find that Avery’s accused product includes all of the limitations of at least one of the ’930 patent claims, either literally or under the doctrine of equivalents, then you must find that the ’930 patent claims are infringed by Avery’s accused product, despite Avery’s alleged improvements.

ABA Section of Litigation, *Model Jury Instructions: Patent Litigation* § 7.11 (2005).

**INSTRUCTION NO. 35.**

**INDIRECT INFRINGEMENT**

As I have told you, in addition to enforcing a patent against a direct infringer, a patent owner may also enforce the patent against indirect infringers. There are two types of indirect infringement: inducing infringement and contributory infringement. The act of encouraging or inducing others to infringe a patent is called "inducing infringement." The act of contributing to the infringement of others by, for example, supplying them with components used in the patented invention is called "contributory infringement."

There can be no indirect infringement unless someone is directly infringing the patent. Thus, in order to prove that Avery is inducing another person to infringe or contributing to the infringement of another, 3M must prove that it is more probable than not that the other person is directly infringing at least one claim of the patent.

In this case, 3M accuses Avery of inducing or contributing to the infringement of claims 1 through 5 of the '930 patent. 3M must prove that it is more probable than not that Avery has induced or contributed to the infringement of any of these claims.

ABA Section of Litigation, *Model Jury Instructions: Patent Litigation* § 7.12 (2005).

**INSTRUCTION NO. 36.**

**INDUCING PATENT INFRINGEMENT**

A person induces patent infringement if he or she purposefully causes, urges or encourages another to infringe a patent. Inducing infringement cannot occur unintentionally. This is different from direct infringement, which, as I've told you, can occur unintentionally. In order to prove inducement, the patent owner must prove that it is more probable than not that the accused inducer knew of the patent and encouraged or instructed another person to use a product in a manner that infringes the patent. The patent owner must also prove that it is more probable than not that the other person infringed the patent. A person can be an inducer even if he or she thought that what he or she was encouraging or instructing the other person to do was not an infringement.

3M asserts that Avery induced patent infringement. 3M must prove four things by the more probable than not standard:

*First*, Avery encouraged or instructed another person how to use a product in a manner that you, the jury, find infringes the '930 patent claims.

*Second*, Avery knew of the '930 patent.

*Third*, Avery knew or should have known that its encouragement or instructions would likely result in the other person doing that which you find to be an infringement of the '930 patent.

*Fourth*, the other person infringed the '930 patent.

If, and only if, you are persuaded of each of these four things may you find that Avery induced patent infringement.

ABA Section of Litigation, *Model Jury Instructions: Patent Litigation* § 7.12.1 (2005).

**INSTRUCTION NO. 37.**

**CONTRIBUTORY INFRINGEMENT**

Contributory infringement can occur when a supplier provides a part or a component to another for use in a patented product or machine, or in a patented process. In order for there to be contributory infringement, the person who received the component must infringe the patent. The component must also have certain characteristics. First, the component must be a material part of the invention. Second, the component must be especially made or adapted for use in a manner that infringes the patent, and the supplier must know that the component was especially made for that use. Third, the component must not have a substantial use that does not infringe the patent. A component that has a number of non-infringing uses is often referred to as a staple or commodity article. Providing such a staple or commodity article is not contributory infringement, even if the person to whom the article was supplied uses it in an infringing manner.

In this case, 3M asserts that Avery's selling or supplying EZ Film is contributing to the infringement of claims 1 through 5 of the '930 patent. In order to establish that Avery has contributorily infringed those claims, 3M must prove five things by the more probable than not standard:

*First*, Avery knew of the patent.

*Second*, the liner that forms the backing of Avery's EZ Film is a material component of the claimed invention and Avery sold or supplied that component.

*Third*, Avery knew that the intended use of the product would infringe the patent.

*Fourth*, the component is not a staple or commodity article.

*Fifth*, the component was actually used in a manner that you find infringes the patent.

ABA Section of Litigation, *Model Jury Instructions: Patent Litigation* § 7.12.2 (2005).

**INSTRUCTION NO. 38.**

**VALIDITY—IN GENERAL**

Only a valid patent may be infringed. For a patent to be valid, the invention claimed in the patent must be new, useful and nonobvious. A patent cannot take away from people their right to use what was known or what would have been obvious when the invention was made. The terms "new," "useful" and "nonobvious" have special meanings under the patent laws. I will explain these terms to you when we discuss Avery's grounds for asserting invalidity.

Avery has challenged the validity of the '930 patent claims on a number of grounds. Avery must prove that a patent claim is invalid by the highly probable standard.

I will now explain to you each of Avery's grounds for invalidity in detail. In making your determination as to invalidity, you should consider each claim separately.

ABA Section of Litigation, *Model Jury Instructions: Patent Litigation* § 9 (2005).

**INSTRUCTION NO. 39.**

**THE PRIOR ART**

Under the patent laws, a person is entitled to a patent only if the invention claimed in the patent is new and unobvious in light of what came before. That which came before is referred to as the "prior art."

Avery is relying on various items of prior art. Avery and 3M agree that the following items are prior art, and there is no dispute that these items came before the invention claimed in the '930 patent:

- United States Patent No. 5,405,675 (Sawka)
- United States Patent No. 4,025,159 (McGrath)
- United States Patent No. 3,989,775 (Jack)
- JP 2587198
- JP 59-78285
- United States Patent No. 4,713,273
- United States Patent No. 3,301,741
- United States Patent No. 5,141,790
- United States Patent No. 5,296,277
- United States Patent No. 5,362,516
- United States Patent No. 3,887,678
- United States Patent No. 5,229,186
- EP 0313766 B1

- GB 1543977
- United States Patent No. 3,611,919
- United States Patent No. 4,320,162
- United States Patent No. 5,382,464

ABA Section of Litigation, *Model Jury Instructions: Patent Litigation* § 9.3 (2005).

**INSTRUCTION NO. 40.**

**ANTICIPATION/LACK OF NOVELTY**

A person cannot obtain a patent on an invention if someone else has already made the same invention. In other words, the invention must be new. If an invention is not new, we say that it was “anticipated” by the prior art. An invention that is “anticipated” by the prior art is not entitled to patent protection. A party challenging the validity of a patent must prove anticipation by the highly probable standard.

In order for a patent claim to be anticipated by the prior art, each and every limitation of the claim must be present within a single item of prior art, whether that prior art is a publication, a prior patent, a prior invention, a prior public use or sale, or some other item of prior art. You may not find that the prior art anticipates a patent claim by combining two or more items of prior art.

A printed publication or patent will not be an anticipation unless it contains a description of the invention covered by the patent claims that is sufficiently detailed to teach a skilled person how to make and use the invention without undue experimentation. That means that a person skilled in the field of the invention reading the printed publication or patent would be able to make and use the invention using only an amount of experimentation that is appropriate for the complexity of the field of the invention and for the level of expertise and knowledge of persons skilled in that field.

In deciding whether or not a single item of prior art anticipates a patent claim, you should consider that which is expressly stated or present in the item of prior art, and also

that which is inherently present. Something is inherent in an item of prior art if it is always present in the prior art or always results from the practice of the prior art, and if a person skilled in the field of the invention would understand that to be the case.

In this case, Avery contends that claims 1 through 5 of the ’930 patent are invalid because they are anticipated by United States Patent No. 5,405,675 (Sawka); United States Patent No. 4,025,159 (McGrath); and/or United States Patent No. 3,989,775 (Jack). If you find that Avery has proved that it is highly probable that claims 1 through 5 are anticipated, then you must find that the claims are invalid.

ABA Section of Litigation, *Model Jury Instructions: Patent Litigation* § 9.6 (2005).

**INSTRUCTION NO. 41.**

**OBVIOUSNESS**

As I mentioned earlier, an inventor is not entitled to a patent if his or her invention would have been obvious to a person of ordinary skill in the field of the invention at the time the invention was made.

Unlike anticipation, obviousness may be shown by considering more than one item of prior art. The question is, would it have been obvious for a skilled person who knew of the prior art to make the claimed invention? If the answer to that question is yes, then the patent claims are invalid. Avery has the burden of proving by the highly probable standard that claims 1 through 5 of the ’930 patent are invalid for obviousness.

Obviousness is determined from the perspective of a person of ordinary skill in the field of the invention. The issue is not whether the claimed invention would have been obvious to you, to me as a judge, or to a genius in the field of the invention. Rather, the question is whether or not the invention would have been obvious to a person of ordinary skill in the field of the invention.

In deciding obviousness, you must avoid using hindsight; that is, you should not consider what is known today or what was learned from the teachings of the patent. You should not use the patent as a road map for selecting and combining items of prior art. You must put yourself in the place of a person of ordinary skill at the time the invention was made.

In determining whether or not these claims would have been obvious, you should make the following determinations:

*First*, what is the scope and content of the prior art?

*Second*, what differences, if any, are there between the invention of the claims of the patent and the prior art?

*Third*, what was the level of ordinary skill in the art at the time the invention was made?

*Fourth*, are there any objective indications of nonobviousness? Evidence that can serve as an objective indication of nonobviousness will be described to you in a moment.

Against this background, you must decide whether or not the invention covered by the '930 patent claims would have been obvious.

I will now describe in more detail the specific determinations you must make in deciding whether or not the claimed invention would have been obvious.

ABA Section of Litigation, *Model Jury Instructions: Patent Litigation* § 9.8 (2005).

**INSTRUCTION NO. 42.**

**THE SCOPE AND CONTENT OF THE PRIOR ART**

Determining the scope and content of the prior art means that you should determine what is disclosed in the prior art relied on by Avery. You must decide whether this prior art was reasonably relevant to the particular problem the inventor was attempting to solve in making the invention covered by the patent claims. Such relevant prior art includes prior art in the field of the invention, and also prior art from other fields that a person of ordinary skill would look to when attempting to solve the problem.

ABA Section of Litigation, *Model Jury Instructions: Patent Litigation* § 9.8.1 (2005).

## INSTRUCTION NO. 43.

## DIFFERENCES BETWEEN THE INVENTION OF THE CLAIMS AND THE PRIOR ART

In determining the differences between the invention covered by the patent claims and the prior art, you should not look at the individual differences in isolation. You must consider the claimed invention as a whole and determine whether or not it would have been obvious in light of all of the prior art.

In deciding whether to combine what is described in various items of prior art, you should keep in mind that there must be some motivation or suggestion for a skilled person to make the combination covered by the patent claims. You should also consider whether or not someone reading the prior art would be discouraged from following the path taken by the inventor.

ABA Section of Litigation, *Model Jury Instructions: Patent Litigation* § 9.8.2 (2005).

**INSTRUCTION NO. 44.**

**LEVEL OF ORDINARY SKILL**

Obviousness is determined from the perspective of a person of ordinary skill in the art. This person is presumed to know all of the prior art, not just what the inventor may have known. When faced with a problem, this ordinary skilled person is able to apply his or her experience and ability to the problem and also to look to any available prior art to help solve the problem.

Factors to consider in determining the level of ordinary skill in the art include the educational level and experience of people working in the field, the types of problems faced by workers in the art and the solutions found to those problems, and the sophistication of the technology in the field.

ABA Section of Litigation, *Model Jury Instructions: Patent Litigation* § 9.8.3 (2005).

**INSTRUCTION NO. 45.**

**OBJECTIVE INDICATIONS CONCERNING OBVIOUSNESS**

You also must consider what are referred to as objective indications of nonobviousness. Some of these indications of nonobviousness are:

1. Commercial success of products covered by the patent claims or made by a process covered by the patent claims.

2. A long-felt need for the invention.

3. Failed attempts by others to make the invention.

4. Copying of the invention by others in the field.

5. Unexpected results achieved by the invention.

6. Praise of the invention by the infringer or others in the field.

7. The taking of licenses under the patent by others.

8. Expressions of surprise by experts and those skilled in the art at the making of the invention.

9. The patentee proceeded contrary to the accepted wisdom of the prior art.

The presence of any of these objective indications may suggest that the invention was not obvious. These objective indications are only relevant to obviousness if there is a connection, or nexus, between them and the invention covered by the patent claims. For example, commercial success is relevant to obviousness only if the success of the product is related to a feature of the patent claims. If the commercial success is the result of something else, such as innovative marketing, and not to a patented feature, then you should not consider it to be an indication of nonobviousness.

ABA Section of Litigation, *Model Jury Instructions: Patent Litigation* § 9.8.4 (2005).

**INSTRUCTION NO. 46.**

**DETERMINATION OF OBVIOUSNESS**

Avery contends that the invention claimed in claims 1 through 5 of the ’930 patent would have been obvious to a person of ordinary skill in the field of the invention at the time the invention was made in light of the combination of two or more pieces of prior art. If you find that Avery has proved obviousness by the highly probable standard, then you must find that the claims are invalid for obviousness.

ABA Section of Litigation, *Model Jury Instructions: Patent Litigation* § 9.8.5 (2005).

**INSTRUCTION NO. 47.**

**INVENTORSHIP**

A patent is presumed to list only the correct inventors. A party challenging whether a patent names the correct inventors must prove by the highly probable standard that the patent does not list the correct inventors.

To be an inventor, one must make a significant contribution to the conception of one or more claims of the patent. Persons may be inventors even though they do not physically work together or make the same type or amount of contribution, or contribute to the subject matter of each claim of the patent. However, merely helping with experimentation by carrying out the inventor's instructions or explaining to the actual inventors well-known concepts or the current state of the art does not make someone an inventor.

Model Patent Jury Instructions for the N.D. of Cal. § 4.3c; *Advanced Cardiovascular Sys. v. Scimed Life Sys., Inc.*, 106 F.3d 976, 980 (Fed. Cir. 1997) ("'[T]he burden of showing misjoinder or nonjoinder of inventors is a heavy one and must be proved by clear and convincing evidence.' . . . 'The inventors as named in an issued patent are presumed to be correct.'") (quoting *Garrett Corp. v. United States*, 422 F.2d 874, 880 (Ct. Cl. 1970); *Amax Fly Ash Corp. v. United States*, 514 F.2d 1041, 1047 (Ct. Cl. 1975)).

Dated: November 28, 2005

FISH & RICHARDSON P.C., P.A.

By: s/Katherine A. Moerke

Jonathan E. Singer (#283459)
John C. Adkisson (#266358)
Katherine A. Moerke (#312277)
60 South Sixth Street, Suite 3300
Minneapolis, MN 55402
Tel: (612) 335-5070
Fax: (612) 288-9696

Juanita R. Brooks
(Admitted Pro Hac Vice)
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130-2081
Tel: (858) 678-5070
Fax: (858) 678-5099

Kevin H. Rhodes (#318115)
3M Innovative Property Company
3M Center
P.O. Box 33427
St. Paul, MN 55133

Attorneys for Plaintiffs
3M INNOVATIVE PROPERTIES
COMPANY and MINNESOTA MINING
AND MANUFACTURING COMPANY

60326635.doc