**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

| | |
|---|---|
| 3M INNOVATIVE PROPERTIES COMPANY and MINNESOTA MINING AND MANUFACTURING COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>AVERY DENNISON CORPORATION,<br><br>Defendant. | Civil No. 01-1781 (JRT/FLN)<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO PREVENT DEFENDANT FROM INTRODUCING EVIDENCE OR ARGUMENT REGARDING "INVENTORSHIP"** |

Juanita R. Brooks, **FISH & RICHARDSON - SAN DIEGO**, 12390 El Camino Real, San Diego, CA 92130; John C. Adkisson, Jonathan E. Singer, & Katherine A. Moerke, **FISH & RICHARDSON PC, PA – MN**, 60 South Sixth Street, Suite 3300, Minneapolis, MN 55402; and Kevin H. Rhodes, **3M COMPANY**, PO Box 33427, St. Paul, MN 55113-3427, for plaintiffs.

Roderick G. Dorman and Omer Salik, **HENNIGAN BENNETT & DORMAN**, 601 Figueroa Street South Suite 3300, Los Angeles, CA 90017; and David P. Pearson, **WINTHROP & WEINSTINE, PA**, 225 South Sixth Street, Suite 3500, Minneapolis, MN 55402-4629, for defendant.

Plaintiffs 3M Innovative Properties Company and Minnesota Mining and Manufacturing Company (collectively "3M") accuses defendant Avery Dennison Corporation of infringing U.S. Patent No. 5,897,930 ("the '930 patent") by making and selling its EZ Series Fleet Marketing Film. The Court resolved motions in limine during a November 28, 2005, hearing. A residual matter is resolved in this Order: 3M's request that the Court exclude all evidence and argument regarding inventorship of the '930 patent. For the reasons discussed below, the motion is denied.

3M moves to exclude all evidence and argument regarding inventorship of the ’930 patent. Avery has alleged that the ’930 patent is invalid under 35 U.S.C. § 102(f) because the ’930 applicants themselves did not invent the subject matter sought to be patented. Specifically, Avery alleges that 3M omitted Frank Sher as a co-inventor. 3M argues that even if Sher is a co-inventor, the patent is not invalid because 3M can correct inventorship. Pursuant to 35 U.S.C. § 256, inventorship can be corrected if there is no deceptive intent on the part of the omitted inventors. *See PerSeptive Biosystems, Inc., v. Pharmacia Biotech, Inc.*, 225 F.3d 1315, 1318 (Fed. Cir. 2000). 3M argues that Avery has not provided any evidence of deceit on the part of Sher, so there would be no obstacle to 3M correcting inventorship under section 256 by a petition to the Patent and Trademark Office or by motion to this Court. *See* 37 CFR § 1.324(a). 3M believes that Avery is pursing the inventorship defense to distract the jury from the infringement issue.

Avery responds that 3M’s ability to correct the patent under section 256 does not make the inventorship issue irrelevant. In support, Avery argues that the jury must determine whether there was incorrect inventorship before the Court assesses if inventorship can be corrected pursuant to section 256. *Pannu v. Iolab Corp.*, 155 F.3d 1344, 1350-1351 (Fed. Cir. 1998). 3M argues that Avery must have evidence of unavailability of correction under section 256 to go forward with its inventorship defense. *C.R. Bard, Inc. v. M3 Systems, Inc.*, 157 F.3d 1340, 1352-53 (Fed. Cir. 1998).

Having raised the inventorship defense, Avery has a right to present it to the jury, regardless of the fact that inventorship might be corrected. As a result, plaintiffs’ motion is denied.

## ORDER

Based on the foregoing, arguments of counsel, and all the records, files and proceedings herein, **IT IS HEREBY ORDERED** that plaintiffs' motion to prevent defendant from introducing evidence or argument regarding "inventorship" [Docket No. 231] is **DENIED**.

DATED: December 7, 2005
at Minneapolis, Minnesota.

s/ John R. Tunheim
JOHN R. TUNHEIM
United States District Judge