IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| 3M INNOVATIVE PROPERTIES COMPANY and MINNESOTA MINING AND MANUFACTURING COMPANY, | |
| Plaintiffs, | Civil Action No. 01-CV-1781 (DSD/FLN) |
| vs. | |
| AVERY DENNISON CORPORATION, | |
| Defendant. | |

**AVERY DENNISON CORPORATION'S FURTHER BENCH MEMORANDUM RE: ADMISSIBILITY OF AVERY'S EZ FILM PATENT AND PATENT APPLICATIONS AS REBUTTAL TO 3M'S COPYING AND COMMERCIAL SUCCESS CONTENTIONS IN OPPOSITION TO 3M'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF AVERY'S '049 METHOD PATENT**

## I. INTRODUCTION

Based on statements 3M's attorneys have made in connection with pretrial matters, and based upon 3M's proposed jury instructions, it is now clear that 3M intends to rebut Avery's defense that the '930 patent is invalid based on obviousness by relying on secondary evidence of non-obviousness, including alleged evidence of "copying" and commercial success. By basing its rebuttal case on such evidence, 3M has squarely put in issue Avery's "intent" in connection with its commercial activities, and Avery's own patent applications are highly relevant to that intent.

Avery's accused EZ Film design, using embedded, hardened, polyurethane inks, is different from 3M's patented design and is covered by Avery's U.S. Patent No. 6,630,049 (the '049 patent) and pending patent applications. Avery therefore can rebut 3M's contentions with the '049 patent and related patent applications. The '049 patent and related patent applications are evidence that Avery did not copy 3M's product but instead independently developed its own product. Avery's patent and patent applications are therefore relevant evidence which rebuts 3M's charges of copying and commercial success.

The jury should therefore hear about Avery's patent and patent applications when considering the obviousness issue. Any potential jury confusion relating to literal patent infringement by can be addressed through an appropriate cautionary jury instruction. *United States v. Mende*, 43 F.3d 1298, 1302 (9th Cir. 1995), *citing, United States v. Baker*, 10 F.3d 1374, 1388 (9th Cir. 1993) ("we must presume that juries will follow the district court's limiting instructions.")

## II. DISCUSSION

In considering the issue of invalidity for obviousness, the court must make an inquiry into the secondary considerations of non-obviousness. *Vandenberg v. Dairy Equipment Co.*, 740 F.2d 1560, 1567 (Fed. Cir. 1984).

One secondary consideration is copying. The copying of an invention may constitute evidence that the invention is not obvious. *Vandenberg*, 740 F.2d at 1567. Copying has been held to be an especially important factor where the copyist had itself attempted for a substantial length of time to design a similar device, but had failed. *Id.*

Another secondary consideration is commercial success. If the commercial embodiment of a claimed invention has achieved "commercial success," then such "commercial success" may be evidence that the claimed invention is not obvious. *Demaco Corp. v. F. Von Langsdorff Licensing Ltd.*, 851 F.3d 1387, 1391 (Fed. Cir. 1988).

3M contends that Avery's accused EZ Film product is a copy of 3M's patented design and contends that its patented design (as embodied in Avery's accused product) has enjoyed commercial success which demonstrates non-obviousness. The Court should permit Avery to introduce its U.S. Patent No. 6,630,049 at trial (along with several related patent applications) as rebuttal to 3M's charges.

### A. **Avery's Patent and Patent Applications are Relevant, Admissible Evidence Which Rebut 3M's Charge of Copying**

Avery's '049 and related patent applications[1] are relevant and admissible to rebut 3M's contentions of copying by Avery. Where, as here, Avery independently developed

[1] Avery has four currently-pending patent applications, which are related to the '049 patent. These applications have all been published and are publicly available. Each application contains product claims which cover Avery's EZ Film product. The four pending Avery applications are: (1) U.S. Published Application No. 2001/0031353, filed on December 21, 2000, published on October 18, 2001; (2) U.S. Published Application No. 2004/0213993, filed on May 25, 2004, published on October 28, 2004; (3) U.S. Published Application No. 2001/0052384, filed on December 21, 2000, published on December 20, 2001; and (4) U.S. Published Application No. 2005/0208252, filed on May 13, 2005, published on September 22, 2005. The fact that these patent applications have not yet issued as patents is irrelevant to the issue of Avery's *intent* with respect to copying. The patent applications (whether issued or not) demonstrate that Avery reasonably *believes* that its EZ Film product (which falls within the claims of the patent applications) is patentably novel and different from 3M's '930 patented product.

its own product design that it believed to be patentably novel, then this is evidence that Avery did not copy 3M's design, nor did it intend to copy 3M's design. It is also evidence that Avery attempted to design around the claims of the '930 patent, as the '930 patent was considered by the Patent Office when Avery prosecuted its '049 patent. *See, e.g., State Industries, Inc. v. A.O. Smith Corp.*, 751 F.2d 1226, 1235-36 (Fed. Cir. 1985) ("One of the benefits of a patent system is its so-called "negative incentive" to "design around" a competitor's products, even when they are patented, thus bringing a steady flow of innovations to the marketplace."); *Westavco Corp. v. International Paper Co.*, 991 F.2d 735, 745 (Fed. Cir. 1993) ("Westavco did not copy IPC's product, but instead attempted to design around IPC's product. . . . Although this attempt to design around IPC's product proved unsuccessful, as evidenced by the court's finding of infringement, Westavco should not be found to have willfully infringed based on its attempt."); ("[i]t [designing around] should not be discouraged by punitive damage awards except in cases where conduct is so obnoxious as clearly to call for them.").

Avery's accused EZ Film products differ significantly from 3M's patented design. Avery's EZ Film product has embedded, hardened, polyurethane ink dots which provide slidability and repositionability characteristics differently from the depressions filled with a glass bead/adhesive slurry as taught in 3M's '930 patent. Indeed, the U.S. Patent & Trademark Office found Avery's method for manufacturing this different product to be patentably distinct over the methods for manufacturing 3M's described in 3M's '930 patent. By asserting copying as a secondary consideration of non-obviousness, 3M has injected these patentable differences between Avery's EZ Film and 3M's '930 patent. These differences demonstrate that: (1) Avery believed that it was not copying 3M's design; (2) Avery believed that it had designed around 3M's claims; and (3) Avery believed its method was so different from 3M's and knew that it was entitled to its own

patent protection. Avery's intent with respect to its design around of 3M's method is also relevant to Avery's intent with respect to the EZ Film product, because the accused EZ Film product is made using this method. Thus, evidence that Avery has patented its own methods and is seeking patent protection on its EZ Film products is highly relevant and admissible as proof that Avery did not copy 3M's design.

### B. Avery's Patent and Patent Applications are Relevant, Admissible Evidence Which Rebut 3M's Charge of Commercial Success by Avery's EZ Film

3M cannot rely on Avery's accused EZ Film product as evidence of commercial success. This is because Avery's accused EZ Film product includes features – embedded, hardened, polyurethane ink dots – which are not disclosed or claimed in the '930 patent. These features are disclosed and claimed in Avery's '049 patent and in its pending related patent applications. The fact that Avery has obtained patent protection for methods related to the differences between its accused products and 3M's patent demonstrates that the commercial success of Avery's product cannot be attributed to 3M's design. *See*, *White v. Jeffrey Mining Machinery Co.*, 723 F.2d 1553, 1559 (Fed. Cir. 1983) ("That Jeffrey's miner enjoyed commercial success does not support an implication that the jury found that a nexus existed between such success and the claimed invention, because the Jeffrey machine included several features not disclosed or claimed in the White patent. Indeed, the designer of the Jeffrey 101MC, which is the alleged infringing device, obtained a patent on his device, the claims of which include limitations directed to features that are found in the 101MC but are neither disclosed nor claimed in the White patent.")

## III. CONCLUSION

Avery's patent and patent application are relevant, admissible evidence which supports Avery's contention that it did not copy 3M's design and supports Avery's

contention that the commercial success of its EZ Film product is not attributable to 3Ms' design, but rather is attributable to features that are unique to Avery's patent-protected design, which are not present in 3M's '930 patent design.

DATED: December 12, 2005

Respectfully submitted,

/S/ Lawrence M. Hadley

David P. Pearson
WINTHROP & WEINSTINE, P.A.
225 South Sixth Street, Suite 3500
Minneapolis, Minnesota 55402
(612) 604-6400 - Telephone
(612) 604-6892 - Facsimile

Of Counsel:

Roderick G. Dorman
Lawrence M. Hadley
HENNIGAN, BENNETT & DORMAN LLP
601 South Figueroa Street, Suite 3300
Los Angeles, California 90017
(213) 694-1200 - Telephone
(213) 694-1234 - Facsimile

Jay R. Campbell
RENNER OTTO BOISSELLE & SKLAR
1621 Euclid Avenue, 19th Floor
Cleveland, Ohio 44115
(216) 621-1113 - Telephone
(216) 621-1260 - Facsimile