IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| 3M INNOVATIVE PROPERTIES COMPANY and MINNESOTA MINING AND MANUFACTURING COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>AVERY DENNISON CORPORATION,<br><br>Defendant. | Civil Action No. 01-1781 JRT/FLN |

**3M'S MEMORANDUM OF LAW IN RESPONSE TO AVERY'S ADDITIONAL BRIEFING ON 3M'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF AVERY'S '049 METHOD PATENT**

As 3M has already demonstrated and discussed with the Court, Avery's '049 method patent should be excluded from evidence in this trial. This patent is not relevant to a single issue remaining in dispute and is also prejudicial and confusing to the jury. Avery's "further bench memorandum" is nothing but a last-ditch effort to use evidence of Avery's product patent to confuse the issues and create a sideshow at trial. Avery's brief presents no new reason to permit Avery to introduce the '049 method patent at trial, and 3M respectfully requests that the Court grant 3M's motion in limine to exclude the patent.

## I. Background

In accordance with the Court's order on pretrial procedures (Doc. No. 210), 3M filed a motion in limine to exclude evidence of Avery's '049 method patent on November 14, 2005. (*See* Doc. No. 232.) Avery opposed 3M's motion, arguing that Avery's method patent was highly relevant to its defense to willful infringement. (*See* Doc. No. 264.) Now that 3M has informed Avery that 3M is not asserting a claim of willful infringement at trial, Avery has proffered new theories of relevance for the '049 method patent in its additional eleventh-hour briefing.

Before Avery sets forth these new theories of relevance in its new brief, Avery begins by wrongly suggesting that it just learned that 3M intends to rebut Avery's obviousness defense with secondary considerations of nonobviousness, such as copying and commercial success. (*See* Doc. No. 308 at 2.) Avery's counsel echoed those statements at the close of trial earlier today, claiming that 3M had just disclosed its intention to rely on copying as a secondary consideration of nonobviousness.

Avery's counsel is wrong on the facts. In fact, Avery has known about 3M's intention to rely on copying and commercial success as secondary considerations of nonobviousness for almost *four years*. On February 4, 2002, in responding to Avery's discovery requests, 3M made its intention to rely on such evidence crystal clear:

> 3M contends that, within the commercial graphics industry prior to the invention of the '930 Patent, there was a long-felt need for a graphics product that would be both positionable, and that would permit entrapped air to be bled away. 3M contends that the invention of the '930 Patent allowed for such a graphics product, and that the Comply™ product is such a graphics product. 3M further contends that, owing at least in part to the satisfaction of this long-felt need, the invention claimed in the '930 Patent

> has been commercially successful. This commercial success is evidenced by factors including that the Comply™ product generated more than $16 million in sales in 2001, and the rapid sales growth of the Comply™ product since its introduction in late 1998. (See, e.g., Declaration of Charles A. Calisto in Support of 3M's Motion for Preliminary Injunction). 3M contends that this commercial success of the Comply™ product is attributable to the claimed invention of the '930 Patent, as evidenced by a comparison of the marketing and sales of the Comply™ product relative to the Controltac *Plus*™ products. The Comply™ product embodying the invention claimed in the '930 Patent has also been praised, and has received acclaim, within the commercial graphics industry for solving the long-felt need within that industry, which in turn led to reducing installation time and facilitated superior installation. (See, e.g., Declaration of Ward Schneider in Support of 3M's Motion For Preliminary Injunction). The inventiveness and non-obviousness of the claimed invention is further demonstrated by, 3M contends, Avery's copying of the invention after 3M's successful efforts in capturing the business of Ryder Truck Lines, Inc. (See Declaration of Ellen H. Karavolos at Par. 6).

(Ex. A at 5-6.)

3M also disclosed its intention to rely on secondary evidence of nonobviousness in May of 2002 in Dr. A. Brent Strong's rebuttal expert report:

> The realities of the marketplace, which Dr. McHugh also fails to consider, also confirm my conclusion that the claimed invention of the '930 patent was not obvious. Installers of graphic films, particularly large-scale graphics films, have to contend with issues of both repositionability and air bleed. With the invention of the '930 patent, 3M recognized that there was a need in the marketplace for a product that exhibited both good repositionability and good air bleed. That 3M was right in this regard is amply demonstrated by the fact that 3M's Comply™ products have been so well-received in the marketplace. If the invention were truly obvious, as Dr. McHugh concludes, then someone else would have "beat 3M to the punch" to reap these commercial rewards.

(Ex. B at 4-5.)

Nothing has changed in this respect since 2002. Just as 3M asserted secondary factors of nonobviousness in the beginning, 3M asserts them today. Therefore, Avery's

claim that it just learned of 3M's intention to present evidence of secondary considerations of nonobviousness at trial is simply false.

## I. Argument

At the pretrial hearing, the Court stated its preference that Avery's '049 method patent not be a part of this trial:

> It would be my preference to try to go through this process without having to introduce the fact of the '049 patent, while certainly allowing a full range of discussion concerning how Avery does its process, just for the reasons suggested, that there is a chance of the jury being confused about this, fairly substantial chance.

(Doc. No. 300 at 15-16.) Avery's last-minute additional briefing provides no reason to supersede the Court's express preference.

### A. Avery's Brief Presents No New Reason to Deny 3M's Motion in Limine to Exclude Evidence of Avery's '049 Method Patent.

Once again, Avery argues in its additional briefing that its '049 method patent is relevant to show that "Avery attempted to design around the claims of the '930 patent." (Doc. No. 308 at 4.) Avery already made this its leading argument in its brief opposing 3M's motion in limine to exclude evidence of this patent. (*See* Doc. No. 264 at 2 ("Avery's '049 and related patent applications are relevant and admissible to rebut 3M's charge that Avery willfully infringes the '930 patent. . . . Another critical factor is whether the defendant attempted to design around the claims of the asserted patent.").) As noted above, 3M has dropped its claim of willful infringement against Avery, so it is difficult to see how evidence of "designing around" remains relevant. As 3M has

demonstrated, Avery's '049 method *patent* is not evidence that Avery's accused EZ Film *product* was allegedly designed around 3M's '930 patent.

Avery also argues that the PTO "found Avery's method for manufacturing this different product to be patentably distinct over the methods for manufacturing 3M's described in 3M's '930 patent." (Doc. No. 308 at 4.) Not only is this argument another repeat of an argument Avery already made in opposition to 3M's motion (*see* Doc. No. 264 at 3), but also this argument shows the prejudice and confusion that will result if 3M's motion is denied. As 3M demonstrated again today in oral argument to the Court, the introduction of Avery's '049 method patent would require significant and unnecessary explanation to the jury about the difference between product patents and process patents, the difference between patents and patent applications, and further nuances of patent law. The jury should not be subjected to such a needless sideshow, which would run a real risk of injecting confusion into this case.

**B. Avery's '049 Method Patent Is Not Relevant to the Secondary Considerations of Commercial Success or Copying.**

Commercial success and copying are relevant to the issue of obviousness as Avery contends, but, contrary to Avery's contention, Avery's '049 method patent is not relevant to either of these secondary considerations of nonobviousness. Avery does not point to a single case holding or even suggesting in dicta that a defendant's process patent is relevant to secondary considerations of nonobviousness of an asserted product patent. That is because it is not.

Both the *State Industries* and *Westvaco* cases that Avery cites in its new brief are cases Avery previously cited in its original brief opposing 3M's motion in limine. (*See* Doc. No. 308 at 4 (citing *State Industries, Inc. v. A.O. Smith Corp*., 751 F.2d 1226, 1235-36 (Fed. Cir. 1985); *Westvaco Corp. v. Int'l Paper Co*., 991 F.2d 735, 745 (Fed. Cir. 1993)); *see also* Doc. No. 264 at 5 (also citing these cases).) These cases concern willfulness, not secondary considerations of nonobviousness, and simply show that attempts to design around a patent are relevant to a claim of willful infringement. But these cases say nothing in support of Avery's latest attempt to introduce evidence of its '049 method patent at trial. The issue of willfulness is out of this trial, and these cases are of no help to Avery.

Nor does the *White* case support Avery's argument. (*See* Doc. No. 308 at 5 (citing *White v. Jeffrey Mining Machinery Co*., 723 F.2d 1553, 1559 (Fed. Cir. 1983)).) *White* simply stands for the proposition that there must be a nexus between any commercial success and the patented invention in order to show that an invention is not obvious. *See id*. Avery is certainly free to argue that commercial success is not evidence of nonobviousness in this case because there is no nexus—i.e., that any commercial success of Avery's product is attributable to features that are not claimed in 3M's '930 patent. But this permissible argument about Avery's EZ Film *product* has nothing to do with Avery's '049 method *patent*. As the Court asked during the pretrial hearing, "Is it necessary to introduce evidence of the '049 patent in order to adequately explain this process that Avery has gone through?" (Doc. No. 300 at 15.) The answer is "no," and Avery's '049 method patent should be excluded at trial.

## III. Conclusion

For the reasons provided above as well as in its initial briefing and oral arguments on this issue, 3M respectfully requests that the Court exclude evidence of Avery's '049 method patent.

Dated: December 12, 2005

FISH & RICHARDSON P.C., P.A.

By: s/Katherine A. Moerke
Jonathan E. Singer (#283459)
John C. Adkisson (#266358)
Katherine A. Moerke (#312277)
FISH & RICHARDSON P.C., P.A.
60 South Sixth Street, Suite 3300
Minneapolis, MN 55402
Tel: (612) 335-5070
Fax: (612) 288-9696

Juanita R. Brooks
(Admitted Pro Hac Vice)
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130-2081
Tel: (858) 678-5070
Fax: (858) 678-5099

Kevin H. Rhodes (#318115)
3M Innovative Property Company
3M Center
P.O. Box 33427
St. Paul, MN 55133

Attorneys for Plaintiffs
3M INNOVATIVE PROPERTIES
COMPANY AND
MINNESOTA MINING AND
MANUFACTURING COMPANY

60329244.doc