IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

3M INNOVATIVE PROPERTIES COMPANY
and MINNESOTA MINING AND MANUFACTURING COMPANY,

Plaintiffs,

v.

AVERY DENNISON CORPORATION,

Defendant.

Civil Action No. 01-1781 JRT/FLN

**3M'S MEMORANDUM OF LAW REGARDING THE INTENT REQUIRED FOR INDUCING INFRINGEMENT**

"In order to succeed on a claim of inducement, the patentee must show, first that there has been direct infringement," and "second, that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement." *Minn. Mining & Mfg. Co. v. Chemque, Inc.*, 303 F.3d 1294, 1304-05 (Fed. Cir. 2002), *cited in MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1379 (Fed. Cir. 2005); *see also* 35 U.S.C. § 271(b) ("Whoever actively induces infringement of a patent shall be liable as an infringer.").

If a defendant had knowledge of the patent, however, a patentee does not have to prove specific intent to cause direct infringement. *MEMC Elec. Materials*, 420 F.3d at 1378 n.4. Instead, in cases where the defendant has knowledge of the patent, the Federal Circuit has held that specific intent to cause direct infringement can be presumed if a

patentee demonstrates only that the defendant had the *intent to induce the specific acts that constitute the infringement*:

> "[T]here is a lack of clarity concerning whether the required intent must be merely to induce the specific acts [of infringement] or additionally to cause an infringement." *MercExchange, L.L.C. v. eBay, Inc.*, 401 F.3d 1323, 1332 (Fed. Cir. 2005) (citing *Insituform Techs., Inc. v. CAT Contracting, Inc.*, 385 F.3d 1360, 1378 (Fed. Cir. 2004)); *see Manville Sales Corp. v. Paramount Sys., Inc.*, 917 F.2d 544, 553 (Fed. Cir. 1990) ("The plaintiff has the burden of showing that the alleged infringer's actions induced infringing acts and that he knew or should have known his actions would induce actual infringements."); *but see Hewlett-Packard Co. v. Bausch & Lomb, Inc.*, 909 F.2d 1464, 1469 (Fed. Cir. 1990) ("Proof of actual intent to cause the acts which constitute the infringement is a necessary prerequisite to finding active inducement."). We need not resolve that ambiguity in this case, however, because it is undisputed that SUMCO had knowledge of the '302 patent. Thus, assuming that MEMC is able to demonstrate that SUMCO had intent to induce the specific acts constituting infringement, intent additionally to cause an infringement can be presumed.

*MEMC Elec. Materials*, 420 F.3d at 1378 n.4.

Here, as in *MEMC*, it is undisputed that Avery had knowledge of the '930 patent. Therefore, 3M needed only to demonstrate that Avery had intent to induce the specific acts constituting infringement. These specific acts are the separation of the EZ Film release liner from the film. The testimony of Charles Calisto demonstrated that Avery distributes instructions directing customers of Avery's EZ Film to separate the film from the release liner and that Avery representatives showed potential customers how to remove the film from the liner at a trade show.

Moreover, direct evidence of the intent to induce the specific acts constituting infringement is not required. "While proof of intent is necessary, direct evidence is not required; rather, circumstantial evidence may suffice." *Water Techs. Corp v. Calco, Ltd.*,

850 F.2d 660, 668 (Fed. Cir. 1988); *see also Moleculon Research Corp. v. CBS, Inc*., 793 F.2d 1261, 1272 (Fed. Cir. 1986) (holding that "circumstantial evidence of extensive puzzle sales, dissemination of an instruction sheet teaching the method of restoring the preselected pattern with each puzzle, and the availability of a solution booklet on how to solve the puzzle" was sufficient proof of inducing infringement by the manufacturer of the infringing puzzle). Mr. Calisto's testimony and Avery's instructions are, at a minimum, circumstantial evidence of this intent.

Accordingly, JMOL on inducing infringement is not warranted.

Dated: December 19, 2005

FISH & RICHARDSON P.C., P.A.

By: s/Katherine A. Moerke
Jonathan E. Singer (#283459)
John C. Adkisson (#266358)
Katherine A. Moerke (#312277)
FISH & RICHARDSON P.C., P.A.
60 South Sixth Street, Suite 3300
Minneapolis, MN 55402
Tel: (612) 335-5070
Fax: (612) 288-9696

Juanita R. Brooks
(Admitted Pro Hac Vice)
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130-2081
Tel: (858) 678-5070
Fax: (858) 678-5099

Kevin H. Rhodes (#318115)
3M Innovative Property Company
3M Center
P.O. Box 33427
St. Paul, MN 55133

Attorneys for Plaintiffs
3M INNOVATIVE PROPERTIES
COMPANY AND
MINNESOTA MINING AND
MANUFACTURING COMPANY

60330343.doc