IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| 3M INNOVATIVE PROPERTIES COMPANY and MINNESOTA MINING AND MANUFACTURING COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>AVERY DENNISON CORPORATION,<br><br>Defendant. | Civil Action No. 01-1781 JRT/FLN |

**3M'S PROPOSED MODIFICATIONS TO THE COURT'S DRAFT JURY INSTRUCTIONS NOS. 19, 30, AND 31 AND PROPOSED CURATIVE INSTRUCTION ON AVERY'S METHOD PATENT**

3M proposes the following modifications to the Court's draft jury instructions. The proposed instruction language is indented on the left and right to allow the instruction language to be easily distinguished from citations and explanations. 3M has also included a proposed curative instruction on Avery's '049 method patent per the Court's direction.

**INSTRUCTION 19 – LIMITATIONS OF THE CLAIMS AT ISSUE**

The highlighted portions respond to Avery's attempt to turn decided issues of law into undecided issues of fact and to Avery's selective citation of part of a sentence from the Federal Circuit's claim construction ruling:

> You have been instructed as to the types of claims at issue in this case. The Court will next define the meaning of the words in the patent claims at issue. You must use the definitions the Court provides to you in your consideration of infringement and invalidity issues.
>
> "Embossed" means a topography on a web or on tooling having an effective three-dimensional pattern that generates a difference in surface planar dimension in the liner or the tooling.
>
> "Multiple embossed" means two or more embossing patterns are superimposed on the web to create a complex pattern of differing depths of embossing. The term "multiple embossed" is not limited to a sequential embossing process. [1]
>
> "Array" means an orderly arrangement.

---

[1] *3M Innovative Properties Corp. v. Avery Dennison Corp.*, 350 F.3d 1365, 1372 (Fed. Cir. 2003) ("The district court erred when it defined the term 'multiple embossed patterns' to include a limitation that the patterns be created sequentially."). (Doc. No. 181 at 8 (citing *3M Innovative Properties Corp.*, 350 F.3d at 1372) ("In considering 3M's appeal of this case, the Federal Circuit addressed the argument that because method claim 6 clearly indicated a sequential embossing process, 'multiple embossed patterns,' as used in claim 1, must be defined as involving a sequential embossing process. The Federal Circuit rejected this argument, stating that 'the limitation of serial embossing clearly present in method claim 6 cannot be read into claim 1.'").

"Ridges" means an elongated crest or raised strip.

"Pattern" means any formation of embossings that can utilize any theory of geometry, including without limitation, Euclidian geometry and fractal geometry.

"Depressions" means lower, sunken, or depressed areas of the carrier web. Depressions may be either empty or filled according to any number of processes and uses.

"Carrier web" means material with at least one surface that carries, can carry, or has carried another material.

"Lands" means areas of the surface of the carrier web between the ridges.

**INSTRUCTION 30 – PRIOR ART – PRIOR INVENTION**

Suggested modification is highlighted:

An invention made by another person before the inventor on the patent made the invention is prior art to the patent claim, unless that other person abandoned, suppressed or concealed his or her invention.

As a general rule, the first person to reduce an invention to practice is said to be the first inventor. An invention is reduced to practice either when a patent application is filed or when the invention is made and shown to work for its intended purpose. Thus, if another person reduces to practice an invention before the inventor on the patent, then the reduction to practice by the other person will be prior art to the patent claims.

Let's consider an example. Mr. Smith has a patent on a table. He reduced his table to practice on April 1. Ms. Jones invents the same table. She built her table on March 1, one month before Mr. Smith reduced his table to practice. Ms. Jones' invention of the table is prior art to Mr. Smith's patent claims because Ms. Jones reduced her table to practice one month before Mr. Smith's reduction to practice.

There is, however, an important exception to this general rule. Someone who was first to conceive of an invention but reduced it to practice after someone else will be the first inventor if he or she was the first to conceive of the invention and he or she exercise "reasonable diligence" in reducing the invention to practice from a time just before the

other person's conception. Conception of an invention occurs when the inventor has formed the idea of how to make and use every aspect of the patented invention, and all that is required is that it be made, without the need for any further inventive effort. Reasonable diligence means that the inventor worked continuously on reducing the invention to practice. Interruptions necessitated by the everyday problems and obligations of the inventor or those working with him or her do not prevent a finding of diligence.

Let's change our example slightly. Mr. Smith conceived of his table on February 1 and reduced it to practice on April 1. Ms. Jones conceived of the table on January 1, one month before Mr. Smith's conception, and built it on May 1, one month after Mr. Smith's reduction to practice. If Ms. Jones was reasonably diligent in building the table from the time just before Mr. Smith's February 1 conception up to the time that she built the table on May 1, she is the first inventor of the table and her invention is prior art to Mr. Smith's patent claims.

The final requirement for a prior invention to be prior art is that the prior inventor did not abandon, suppress or conceal his or her invention. Generally, an invention was not abandoned, suppressed or concealed if the invention was made public, sold or offered for sale, or otherwise used for a commercial purpose. The filing of a patent application that discloses the

invention is evidence that the invention was not abandoned, suppressed or concealed.

In this case, Avery contends that Dr. Frank Sher's work qualifies as a prior invention.

ABA Section of Litigation, Model Jury Instructions: Patent Litigation § 9.3.9.

**INSTRUCTION 31 – INVENTORSHIP**

Suggested addition is highlighted:

The patent laws require that the inventor on a patent be the true inventor of the invention covered by the patent claims. In some patents, there is more than one inventor. Inventors may apply for a patent jointly even though (1) they did not physically work together or at the same time, (2) each did not make the same type or amount of contribution, or (3) each did not make a contribution to the subject matter of every claim of the patent. A patent is invalid if it fails to name all of the joint inventors.

To be an inventor, a person must contribute in some significant manner to the claimed invention. The contribution must not be insignificant in quality, when that contribution is measured against the dimension of the full invention. Further, the person must do more than merely provide well-known principles or explain the state of the art. An inventor may use the services, ideas, and aid of others in the process of perfecting his invention without losing his right to a patent.

In this case, defendant contends that claims 1 to 5 of the ’930 patent are invalid because Dr. Frank Sher was a co-inventor of the ’930 patent and was not identified as a co-inventor. If you find that defendant has proved that it is **highly probable** that Dr. Frank Sher was a co-inventor of claims 1 to 5 of the ’930 patent, then you must find that the claims are invalid.

*Shatterproof Glass Corp. v. Libbey-Owens Ford Co.*, 758 F.2d 613, 624 (Fed. Cir. 1985) ("An inventor 'may use the services, ideas, and aid of others in the process of perfecting his invention without losing his right to a patent.'") (quoting *Hobbs v. U.S. Atomic Energy Comm.*, 451 F.2d 849, 864 (5th Cir. 1971)), cited in *Hess v. Advanced Cardiovascular Sys. v. Scimed Life Sys., Inc.*, 106 F.3d 976, 981 (Fed. Cir. 1997).

**PROPOSED CURATIVE INSTRUCTION REGARDING AVERY'S '049 METHOD PATENT**

The fact that Avery has obtained a patent on the method it uses for making its EZ Film product and has filed other patent applications related to its EZ Film Product has no bearing on the question of whether Avery's EZ Film product infringes 3M's '930 patent.

Dated: December 19, 2005

FISH & RICHARDSON P.C., P.A.

By: s/ Katherine A. Moerke

Jonathan E. Singer (#283459)
John C. Adkisson (#266358)
Katherine A. Moerke (#312277)
FISH & RICHARDSON P.C., P.A.
60 South Sixth Street, Suite 3300
Minneapolis, MN 55402
Tel: (612) 335-5070
Fax: (612) 288-9696

Juanita R. Brooks
(Admitted Pro Hac Vice)
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130-2081
Tel: (858) 678-5070
Fax: (858) 678-5099

Kevin H. Rhodes (#318115)
3M Innovative Property Company
3M Center
P.O. Box 33427
St. Paul, MN 55133

Attorneys for Plaintiffs
3M INNOVATIVE PROPERTIES COMPANY AND
MINNESOTA MINING AND MANUFACTURING COMPANY

60330536.doc