IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| 3M INNOVATIVE PROPERTIES COMPANY and MINNESOTA MINING AND MANUFACTURING COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>AVERY DENNISON CORPORATION,<br><br>Defendant. | Civil Action No. 01-1781 JRT/FLN |

**MEMORANDUM OF LAW IN SUPPORT OF 3M'S MOTION FOR A PERMANENT INJUNCTION**

On December 22, 2005, the jury in this case found that defendant Avery Dennison Corporation ("Avery") infringes five separate claims of 3M's Patent No. 5,897,930 ("the '930 Patent") literally, under the doctrine of equivalents, and by inducing others to infringe. In other words, the jury told Avery that it is infringing under every legal theory presented to them. The jury further rejected in total Avery's laundry lists of invalidity defenses. Based on that one-sided verdict, on December 23, 2005, this Court entered Judgment in favor of plaintiffs 3M Innovative Properties Company and Minnesota Mining and Manufacturing Company (collectively "3M").

As the owner of a patent adjudged to be infringed, 3M is entitled to exercise the right to exclude that the '930 Patent conveys—the right to enjoin Avery from further infringement. 3M filed this case on September 27, 2001, and 3M has been waiting for

more than four years—for more than 20 percent of the limited lifetime of the ’930 Patent—to exercise that right. 3M moved for (and was denied) a preliminary injunction at the outset of this case based on a claim construction that has now been overturned. The jury verdict in favor of 3M confirms that, for the past four years, Avery has been infringing multiple claims of 3M’s ’930 patent, both directly and indirectly. 3M is entitled to immediate injunctive relief to put a stop to that infringement.

Having proven its case in this Court, 3M now asks this Court to make Avery respect 3M’s patent rights and the jury’s verdict. 3M requests an immediate order from the Court permanently enjoining Avery from making, using, selling, offering for sale or importing the product found to infringe the ’930 Patent in this case, Avery’s EZ Series Fleet Marking Film (“EZ Film”).[1]

## I. BACKGROUND

3M brought this suit against Avery more than four years ago—on September 27, 2001. (*See* Doc. No. 1.) Less than a month after bringing suit, 3M moved the Court for a preliminary injunction. (*See* Doc. No. 19.) The Court denied 3M’s motion based in part on claim constructions that the Federal Circuit later reversed on appeal. (*See* Doc. Nos. 60, 147.)

Now, after an eight-day jury trial, 3M has proven infringement. The jury found that Avery’s EZ Series Fleet Marking Film literally infringes claims 1-5 of 3M’s ’930

[1] Because this is not a “dispositive” motion (in that Judgment has already been entered and 3M is entitled to an injunction as a “general rule,” as discussed more fully below), it is not subject to the briefing requirements set by Local Rule 7.1(b). 3M will be contacting the Court and opposing counsel immediately to discuss an appropriate briefing schedule.

Patent. (Doc. No. 335 at 1.) The jury also found that this product infringes under the doctrine of equivalents and that Avery induces infringement by its sale of this product. (*Id*. at 2.) The jury rejected Avery's panoply of invalidity defenses across the board. (*Id*. at 3-6.). Based on the jury verdict, the Court entered Judgment in favor of 3M on December 23, 2005. (Doc. No. 336.)

As the Court is aware, the issue of damages was not before the jury because the parties stipulated as to damages in this case. From 3M's perspective, this case has always been primarily about injunctive relief to protect against harm to its business from Avery's sale of its infringing EZ Film product. That is why 3M moved for a preliminary injunction and why 3M stipulated to damages. 3M has waited for more than four years to put a stop to Avery's infringement, and with Judgment entered in its favor, 3M should have to wait no longer.

## II. ARGUMENT

The Federal Circuit has made clear that absent "exceptional circumstances," a permanent injunction should issue in patent cases when the patentee prevails: "the general rule [is] that courts will issue permanent injunctions against patent infringement absent exceptional circumstances." *MercExchange, L.L.C. v. eBay, Inc*., 401 F.3d 1323, 1339 (Fed. Cir. 2005), *cert. granted*, *eBay Inc. v. MercExchange, L.L.C.*, 126 S. Ct. 733 (U.S. Nov. 28, 2005) (No. 05-130). This is the general rule because "[i]nfringement having been established, it is contrary to the laws of property, of which the patent law partakes, to deny the patentee's right to exclude others from use of his property."

*Richardson v. Suzuki Motor Co.*, 868 F.2d 1226, 1246-47 (Fed. Cir. 1989) (citing 35 U.S.C. § 261).

Thus, the sole question here is whether this case somehow presents one of the "exceptional circumstances" in which a permanent injunction should not issue as a matter of course upon judgment of patent infringement. Namely, this Court must decide whether this is one of the "rare instances" in which it would be within the Court's discretion to deny 3M's request for a permanent injunction in order to "protect the public interest." *MercExchange*, 401 F.3d at 1339 ("'[C]ourts have in rare instances exercised their discretion to deny injunctive relief in order to protect the public interest.'") (quoting *Rite-Hite Corp. v. Kelley, Inc*., 56 F.3d 1538, 1547 (Fed. Cir. 1995)).[2] This case is in no way, shape, or form one of those "rare instances." This is a case about commercial graphics used for advertising, and there is no "public interest," such as concerns regarding public health or safety, that would justify the exceptional circumstance of allowing Avery to continue its infringement unabated.

[2] The fact that a writ of *certiorari* has been granted in the *MercExchange* case has no bearing on this motion. That case is being briefed in the Supreme Court, and a decision will not issue for months. In the meantime, the controlling authority from the Federal Circuit clearly mandates issuance of a permanent injunction absent "exceptional circumstances" that are not present here. Moreover, the *MercExchange* case deals with issues that are not applicable in this case. In *MercExchange*, the patentee was seeking an injunction even though it was not practicing the claimed invention, had not moved for a preliminary injunction, and had publicly expressed its willingness to issue licenses to others. *MercExchange*, 401 F.3d at 1339. In contrast, as the Court is well aware, 3M and Avery are fierce competitors in the sales of graphic films covered by the '930 Patent, 3M moved for a preliminary injunction, and 3M has not licensed the '930 Patent. Thus, whatever the eventual outcome of the *MercExchange* case in the Supreme Court, it is likely to have little impact on this case.

Nor does the filing of routine post-trial motions present the "exceptional circumstances" needed to justify denial of a permanent injunction. While 3M fully expects Avery to ask this Court to delay entering an injunction pending rulings on Avery's post-trial motions, there is simply no requirement that 3M or the Court must wait for post-trial motions to be decided before issuing a permanent injunction. Making 3M wait for resolution of post-trial motions would be especially unwarranted here, when 3M has already lost more than 20 percent of the lifetime of the '930 Patent to Avery's infringement. Moreover, an additional delay in the issuance of an injunction would give Avery the opportunity to saturate the market with its infringing product, further diminishing 3M's already-impaired patent rights.

The one-sided nature of the jury verdict further underscores the appropriateness of putting a stop to Avery's infringement now. To succeed on its post-trial motions (and thereby avoid a permanent injunction), Avery would need to convince the Court either that: (1) each of the jury's findings that five separate claims are infringed under three different theories of infringement was not supported by substantial evidence; or (2) that the jury's finding that Avery did not meet its "highly probable" burden of proof on its invalidity defenses was not supported by substantial evidence. 3M prevailed on every issue of infringement and invalidity put before the jury, and there is simply nothing in the record to suggest that Avery will succeed in a wholesale undoing of the jury's findings. Nothing about Avery's expected motions presents any "extraordinary circumstance" that would justify making 3M wait even longer than the four years it has already waited for an injunction in this case.

Finally, the injunctive relief that 3M seeks complies with the specificity requirements set forth in Rule 65(d) of the Federal Rules of Civil Procedure. The Proposed Order submitted herewith provides "specific terms and a reasonably detailed description of the acts sought to be restrained" and "expressly limit[s] its prohibition to the manufacture, use, or sale of the specific device found to infringe, or devices no more than colorably different from the infringing device." *See Int'l Rectifier Corp. v. IXYS Corp.*, 383 F.3d 1312, 1316 (Fed. Cir. 2004).

## III. CONCLUSION

For the foregoing reasons, 3M respectfully requests that the Court grant its motion for an Order to permanently enjoin defendant Avery Dennison Corporation and its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, from infringing United States Patent No. 5,897,930 by making, using, selling, offering for sale or importing into the United States Avery's EZ Series Fleet Marking Film, or any other product no more than colorably different from that product.

Dated: December 29, 2005

FISH & RICHARDSON P.C., P.A.

By: s/Katherine A. Moerke

Jonathan E. Singer (#283459)
John C. Adkisson (#266358)
Katherine A. Moerke (#312277)
FISH & RICHARDSON P.C., P.A.
60 South Sixth Street, Suite 3300
Minneapolis, MN 55402
Tel: (612) 335-5070
Fax: (612) 288-9696

Juanita R. Brooks
(Admitted Pro Hac Vice)
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130-2081
Tel: (858) 678-5070
Fax: (858) 678-5099

Kevin H. Rhodes (#318115)
3M Innovative Property Company
3M Center
P.O. Box 33427
St. Paul, MN 55133

Attorneys for Plaintiffs
3M INNOVATIVE PROPERTIES
COMPANY and MINNESOTA MINING
AND MANUFACTURING COMPANY

60332110.doc