FISH & RICHARDSON P.C., P.A.

3300 Dain Rauscher Plaza
60 South Sixth Street
Minneapolis, Minnesota
55402

Telephone
612 335-5070

Facsimile
612 288-9696

Web Site
www.fr.com

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

AUSTIN
BOSTON
DALLAS
DELAWARE
NEW YORK
SAN DIEGO
SILICON VALLEY
TWIN CITIES
WASHINGTON, DC

**HAND DELIVERED AND ELECTRONICALLY FILED**

January 10, 2006

The Honorable John R. Tunheim
United States District Court
U.S. Courthouse, Suite 13E
300 South Fourth Street
Minneapolis, MN 55415

Re: *3M Innovative Properties Co. et al. v. Avery Dennison Corp.*
File No. 01-1781 JRT/FLN

Dear Judge Tunheim:

I write to set forth 3M's position on the briefing schedule for 3M's Motion for Permanent Injunction.

3M filed its Motion for Permanent Injunction with the Court nearly two weeks ago, on December 29, 2005. In its six-page brief, 3M explained that, absent exceptional circumstances not remotely applicable here, permanent injunctions are granted as a matter of course against adjudged infringers. Although the issuance of an injunction in this four-year-old case is of crucial importance to 3M, 3M nonetheless proposed to Avery that Avery could have two weeks to respond to 3M's motion, until January 13, 2006. 3M told Avery that 3M would file a reply brief, if any, by Wednesday, January 18th at the latest – so that the issue would be fully briefed and ready for immediate disposition by the Court.

Avery rejected 3M's proposal, and has instead insisted that the briefing schedule for 3M's Motion for Permanent Injunction be tied to the briefing schedule for Avery's yet-to-be-filed post-trial motions. Yet, Avery has been unwilling to expedite the post-trial motion briefing schedule – Avery's proposed briefing schedule is designed to ensure that neither the post-trial motions nor 3M's Motion for Permanent Injunction could be fully briefed until the first week in February. Under Avery's proposal, Avery would have a month – until January 27, 2006 – to respond to 3M's six-page request for a permanent injunction.

There is no reason to link the briefing schedule of 3M's Motion for a Permanent Injunction to Avery's post-trial motions. The Court is not required to wait for post-trial motions to be decided before issuing a permanent injunction, and Avery's expected filing of routine post-trial motions does not present the "exceptional

circumstances" needed to justify denial of a permanent injunction. Requiring 3M to wait for resolution of post-trial motions under Avery's proposed briefing schedule would be especially unwarranted here, when 3M has already lost more than 20 percent of the lifetime of the '930 Patent to Avery's infringement. Moreover, an additional delay in the issuance of an injunction would give Avery the opportunity to saturate the market with its infringing product, further diminishing 3M's already-impaired patent rights.

Accordingly, 3M respectfully requests the following briefing schedules apply with respect to 3M's Motion for a Permanent Injunction and to Avery's post-trial motions:

| | |
|---|---|
| January 13, 2006 | Avery's Opposition to Motion for Permanent Injunction |
| January 13, 2006 | Avery's Post-Trial Motions |
| January 18, 2006 | 3M's Reply in Support of Motion for Permanent Injunction |
| January 20, 2006 | 3M's Oppositions to Avery Post-Trial Motions |
| January 27, 2006 | Avery's Replies in Support of Post-Trial Motions |

Finally, to avoid further delay in final resolution of this case, 3M requests that the foregoing motions be decided without oral argument, pursuant to the Court's normal practice. 3M respectfully submits that there is nothing extraordinary about this case or its trial that would justify the added expenses and delay resulting from a hearing.

I thank the Court for its attention to these issues.

Sincerely,

s/ John C. Adkisson

John C. Adkisson

JCA/mla

cc: Roderick G. Dorman, Esq.
Lawrence M. Hadley, Esq.
David P. Pearson, Esq.

60333920.doc