IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| 3M INNOVATIVE PROPERTIES COMPANY and MINNESOTA MINING AND MANUFACTURING COMPANY,<br><br>Plaintiffs,<br><br>vs.<br><br>AVERY-DENNISON CORPORATION,<br><br>Defendant. | Civil Action No. 01-CV-1781 (JRT/FLN) |

**AVERY DENNISON CORPORATION'S NOTICE OF MOTION AND MOTION TO ALTER OR AMEND JUDGMENT, OR ALTERNATIVELY, FOR RELEIF FROM JUDGMENT, AND REQUEST FOR NEW BENCH TRIAL ON ISSUES OF ENFORCEABILITY**

**[REQUEST FOR BRIEFING SCHEDULE AND ORAL ARGUMENT]**

TO PLAINTIFFS 3M INNOVATIVE PROPERTIES COMPANY AND MINNESOTA MINING AND MANUFACTURING COMPANY AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that defendant Avery Dennison Corporation ("Avery") hereby moves the Court, pursuant to Rules 59(e) and 60(b)(6) of the Federal Rules of Civil Procedure, for an Order to alter or amend judgment by vacating or setting aside the judgment, or alternatively, for relief from judgment. Additionally, pursuant to Fed. R. Civ. P. 15(a), Avery moves for an Order to Amend its Answer and Counterclaims on its defense of unenforceability. Avery has attached its proposed Amended Answer and Counterclaims. Avery further requests that the Court grant a bench trial on the issues of inequitable conduct raised in its proposed Amended Answer and Counterclaims.

Avery makes this motion on the following grounds:

***1. Legal Standard For Rule 59, 60, and 15 Motions***

The power to "alter or amend" judgments by motion under Fed. R. Civ. P. 59(e) includes vacating or setting aside the judgment. Fed. R. Civ. P. 60(b)(6) allows a court to relieve a party from a final judgment for any reasons justifying relief from judgment.

Fed. R. Civ. P. 15(a) allows a party to amend pleadings. With leave of a court, a party may amend pleadings even after entry of final judgment. However, a court can only consider a Rule 15(a) motion to amend following entry of judgment if the court first alters, vacates, or sets aside the judgment under Rule 59(e) or 60(b).

***2. Basis for Setting Aside Judgment and Allowing Amended Pleading***

Applicants for patents must prosecute their applications in the Patent Office with candor, good faith, and honesty. Molins PLC v. Textron, Inc., 48 F.3d 1172, 1178 (Fed. Cir. 1995). Failure to meet this standard constitutes inequitable conduct and renders a patent unenforceable. Inequitable conduct includes affirmative misrepresentations of a material fact, failure to disclose material information, or submission of false material information, coupled with an intent to deceive. PerSeptive Biosystems v. Pharmacia Biotech, 225 F.3d 1315, 1318 (Fed. Cir. 2000).

Determination of inequitable conduct requires a two-step analysis. First the court must determine whether the withheld and/or misleading information meets a threshold level of materiality. Then the court must determine whether the evidence shows a threshold level of intent to deceive the Patent Office. Baxter Int'l, Inc. v. McGaw, Inc., 149 F.3d 1321, 1327 (Fed. Cir. 1998). Once these thresholds are established, the trial

court weighs the evidence and determines whether the patent is unenforceable for inequitable conduct. Id.

Direct proof of wrongful intent is rarely available and may be inferred from evidence of the surrounding circumstances. Thus, without evidence of intent to deceive, there can still be inequitable conduct based on an inference of intent. Lipman v. Dickinson, 174 F.3d 1363, 1370 (Fed. Cir. 1999).

In this case, the evidence adduced at trial easily satisfies both threshold requirements for a finding that John Hornickel (3M's attorney responsible for prosecuting the '930 patent application) and Clyde Calhoun (the inventor named on the '930 patent) committed inequitable conduct. Specifically, Mr. Hornickel and Dr. Calhoun committed failed to satisfy their duty of candor by not disclosing to the Patent Examiner the GB Patent Specification No. 1,511,060 (the "Unitika '060 patent") during the application for the '930 patent. Additionally, Mr. Hornickel and Dr. Calhoun committed inequitable conduct by falsely describing the Unitika '060 patent in another application, which they incorporated by reference into the application for the '930 patent.

First, during his examination at trial, Dr. Calhoun admitted the materiality requirement for the Unitika '060 patent. The application for the '930 patent described the invention as solving the problem of removing air bubbles, when applying large scale graphic films, without reapplying or perforating the film. According to the specification of the '930 patent, Dr. Calhoun solved this problem by embossing the liner for such films with a pattern of lands and ridges, which create air egress channels in the adhesive. Likewise, the Unitika '060 patent describes this very solution to the air bubble problem.

Moreover, in an Examiner's "Statement of Reasons for Allowance," the Examiner stated that he would allow the application for the '930 patent because "[t]he prior art does not suggest or teach a carrier web with ridges and lands that ranges from 3 to 45 µm." Yet the Unitika '060 patent expressly shows that embossing ridges at 40 and 45 microns results in channels that allowed for complete "degassing."

Second, considerable evidence gives rise to an inference of intent to deceive. Dr. Calhoun admitted at trial that he was familiar with the Unitika '060 patent when he applied for the '930 patent. It is also undisputed that neither Mr. Hornickel nor Dr. Calhoun submitted the Unitika '060 patent to the Examiner when applying for the '930 patent. During depositions in this case, neither Mr. Hornickel nor Dr. Calhoun could explain why they did not cite the Unitika patent during prosecution of the application for the '930 patent.

At trial, 3M suggested that it properly brought the Unitika patent to the Examiner's attention as part of the application for the Sher '397 patent by "incorporating by reference" the application for the Sher '397 patent into the application for the '930 patent. But Patent Office regulations governing a patent applicant's duty of candor in disclosing information material to patentability does not support 3M's contention. Under 37 C.F.R. §§ 1.56, 1.97, and 1.98, information material to a patent application must be provided to the Patent Office as part of an Information Disclosure Statement ("IDS"). Additionally, a physical copy of all foreign patent documents must be provided to the Examiner. The undisputed facts establish that 3M did not bring the Unitika patent to the

Examiner's attention in the prescribed manner as part of the application that issued as the '930 patent.

Finally, even if 3M could have satisfied its obligation to bring the Unitika '060 patent to the Examiner's attention through the "incorporation by reference" of the Sher application, the inference of deceptive intent only becomes stronger. In the application for the Sher '397 patent, Mr. Hornickel and Dr. Calhoun described the Unitika '060 patent, but never mention that the ridges taught in the '060 patent create air egress channels. Moreover, Mr. Hornickel and Dr. Calhoun stated in the Sher application that the ridges taught in the Unitika '060 patent needed to be "at least 45 [microns], and then only if the width of the recesses is at least 130 [microns]." But Dr. Calhoun, during his trial examination, conceded that the Unitika '060 patent disclosed complete air egress with ridges as small as 40 microns and recess width at 100 microns. Given the Examiner's stated belief that the prior art lacked any disclosures of ridges between 3 and 45 microns, which formed the basis for the Examiner's allowance of the '930 patent, these false statements are particularly indicative of an intent to deceive.

In April 30, 2002, Avery sought to amend its unenforceability defense based on inequitable conduct.[1] At the time, 3M had not yet made Dr. Calhoun available for deposition, but Avery was forced to seek the amendment because Magistrate Judge Noel

---

[1] Originally, Avery alleged unenforceability based on the failure to disclose the Sawka '675 patent. In its proposed amended pleading, Avery sought to revise its inequitable conduct claim to include all the references that 3M disclosed to the Patent Office as part of the application for the Sher '397 patent, but did not disclose as part of the application for the '930 patent. After Avery completed the deposition of Mr. Hornickel and Dr. Calhoun, it agreed to withdraw its unenforceability claim based on the non-disclosure of the Sawka '675 patent because it found no evidence that either Mr. Hornickel or Dr. Calhoun knew about the Sawka patent.

had set a May 1, 2002 deadline for amending pleadings. Magistrate Judge Noel denied Avery's motion to amend its unenforceability defense without providing any statement of the reasons for its refusal, which alone constitutes an abuse of discretion. Firestone v Firestone, 76 F.3d 1205, 1209 (D.C. Cir. 1996). Rather than pursue the unenforceability issue further, Avery believed (correctly at the time) that the case could be resolved by way of summary judgment on the infringement issue. Of course, after the Federal Circuit remanded the case, Avery no longer could raise an unenforceability defense at trial because its prior proposed amendment had been disallowed.

Based on the evidence at trial, Avery seeks to amend its answer and counterclaims more narrowly to assert that Mr. Hornickel and Dr. Calhoun committed inequitable conduct by failing to disclose to the Examiner during the application for the '930 patent the Unitika '060 patent in accordance with Patent Office regulations, and by falsely describing the '060 patent in the Sher '397 application. Because the evidence of inequitable conduct is compelling, this Court should grant Avery's Rule 56(e) or Rule 60(b)(6) motion to allow the amendment. Finally, this Court, after granting the amendment, should schedule a bench trial on the inequitable conduct issue.

**REQUEST FOR BRIEFING SCHEDULE AND ORAL ARGUMENT**

Avery asks that this Court set a briefing schedule for legal memoranda supporting and opposing this Motion. Avery proposes the following briefing schedule (which Avery proposes with the other post-trial motions it is filing today):

| | |
|---|---|
| Avery's opening memorandum of law: | February 10, 2006 |
| 3M's opposition memorandum of law: | March 3, 2006 |
| Avery's reply memorandum of law: | March 17, 2006 |

Additionally, Avery respectfully asks that the Court schedule oral argument on Avery's post trial motions. Avery asks that argument on its post-trial motions be set for April 3, 2006 or the next convenient date for the Court and the parties.

Finally, 3M has applied to the Court for a permanent injunction. The parties will complete briefing on that motion according to a schedule to be determined. However, Avery believes that issues regarding 3M's entitlement to an injunction, the scope of an injunction, any stay of an injunction, and permissible design-around activities should be determined only after this Court rules on Avery's post trial motions.

DATED: January 10, 2006

Respectfully submitted,

By /S/ Lawrence M. Hadley

David P. Pearson
Matthew D. Spohn
WINTHROP & WEINSTINE, P.A.
225 South Sixth Street, Suite 3500
Minneapolis, Minnesota 55402
(612) 347-0700 - Telephone
(612) 347-0600 - Facsimile

Of Counsel:

Roderick G. Dorman
Lawrence M. Hadley
HENNIGAN, BENNET & DORMAN LLP
601 South Figueroa Street, Suite 3300
Los Angeles, California 90017
(216) 694-1200 - Telephone
(216) 621-1234 - Facsimile

## CERTIFICATE OF SERVICE

On January 10, 2006, I served a copy of the within document described as **AVERY DENNISON CORPORATION'S NOTICE OF MOTION AND MOTION TO ALTER OR AMEND JUDGMENT, OR ALTERNATIVELY, FOR RELEIF FROM JUDGMENT, AND REQUEST FOR NEW BENCH TRIAL ON ISSUES OF ENFORCEABILITY [REQUEST FOR BRIEFING SCHEDULE AND ORAL ARGUMENT]** by transmitting via United States District Court for the District of Minnesota Electronic Case Filing Program the document listed above by uploading the electronic files for each of the above listed document on this date, addressed as set forth below.

Jonathan E. Singer
John C. Adkisson
Katherine A. Moerke
Fish & Richardson, P.C., P.A.
60 South Sixth Street, Suite 3300
Minneapolis, Minnesota 55402

Juanita R. Books
Fish & Richardson, P.C.
12390 El Camino Real
San Diego, California 92130-2081

/S/ Lawrence M. Hadley
Lawrence M. Hadley