IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| 3M INNOVATIVE PROPERTIES COMPANY and MINNESOTA MINING AND MANUFACTURING COMPANY,<br><br>Plaintiffs,<br><br>vs.<br><br>AVERY-DENNISON CORPORATION,<br><br>Defendant. | Civil Action No. 01-CV-1781 (JRT/FLN) |

**AVERY DENNISON CORPORATION'S OPPOSITION TO 3M'S REQUEST FOR IMMEDIATE ENTRY OF A PERMANENT INJUNCTION**

## I. INTRODUCTION

Avery Dennison Corporation opposes 3M's motion for immediate entry of a permanent injunction on the following grounds.

***First***, 3M's request for an injunction should not be decided until the Court decides Avery's post-trial motions. Avery filed its post-trial motions on January 10, 2006, and this Court has set a briefing schedule on the merits. If this Court were to enjoin Avery from selling its EZ Film pending a ruling on post-trial motions, then grant one or more motion, Avery would be severely prejudiced because it may not be able to restart operations or reacquire its customers. 3M, on the other hand, will not be prejudiced by any delay because the parties have agreed to a punitive 20% royalty rate on the sale of all EZ Film found to infringe.

***Second***, if the Court denies Avery's post-trial motions, 3M's requested injunction is overly broad. Any injunction should be limited to claims 1-5 of the '930 patent.

Additionally, Avery should not be barred from using the trade name "EZ Series Fleet Marking Film" so long as that film colorably differs in structure from the film the jury said infringes the product claims of the '930 patent.

***Third***, if the Court denies Avery's post-trial motions, the Court should exercise its discretion and stay enforcement pending appeal. When punitive measures are imposed for continuing sales of infringing products, Federal Circuit has upheld the grant of stays pending appeal. Here, the 20% royalty that Avery agreed to pay on all infringing sales amounts to a stiff penalty, which will more than compensate 3M for any harm pending an appeal.

***Fourth***, if the Court denies Avery's post-trial motions and does not stay enforcement, the Court should allow Avery to sell any existing inventory at the agreed upon 20% royalty rate.

## II. ARGUMENT

### A. No Injunction Should Issue Until After the Court Decides Avery's Post-Trial Motions

Under the Court's briefing schedule, a decision on the merits of Avery's post-trial motions is likely within the next two or three months. Avery's briefs in support of its three post-trial motions will be filed on February 10, 3M will file its oppositions on March 3, and Avery will file its replies on March 17. Additionally, Avery will seek a hearing on its motions for no later than early April 2006.

A balance of hardships weighs heavily in favor of awaiting a ruling on post-trial motions. On the one hand, if the Court were to issue the requested injunction, Avery

would be forced to cease all manufacturing and redeploy its sales personnel. If the Court then grants one or more post-trial motions, it is unlikely that Avery could re-start its sales without significant harm. On the other hand, 3M will be compensated at a punitive 20% royalty rate – a rate that has been in place from the outset of this case – for any sales Avery makes while the Court considers post-trial motions if the motions are denied.

Despite 3M's dismissive view of Avery's post-trial motions, they raise compelling issues that warrant full consideration. This Court barred Avery from bringing new summary judgment motions. Yet, the infringement issues presented to the jury raised no factual issues. The parties did not dispute the structure of Avery's accused EZ Film liner, and the Court provided the legal claim constructions. As applied to the undisputed facts regarding the structure of Avery's EZ Film liner, the Court's constructions compel a finding of non-infringement as a matter of law. Simply put, Avery's liner, both as sold and after use, lacks a first "embossed pattern" of depressions. Similarly, the undisputed facts showed that the prior art contained exactly what the Patent Examiner found missing in allowing the '930 patent to issue – embossed ridges between 3 and 45 microns over the lands. Finally, the undisputed evidence showed that 3M knew of this highly relevant prior art and failed to disclose it to the Patent Examiner in the requisite manner. Under Federal Circuit law, 3M's failure to disclose the most relevant prior art in an Information Disclosure Statement is *prima facie* inequitable conduct. Until the Court decides these issues, no injunction should issue.

3M suggests that Avery will "flood" the market with its EZ Film product if the Court delays entering an injunction for even a short period. But 3M provides no evidence

supporting its speculation. This case has been pending for over four years. During that time, Avery has not "flooded" the market with its EZ Film. Indeed, 3M still maintains a dominant position in the market. Moreover, 3M and Avery make most sales to film printers, who buy under longer-term contracts, rather than to end users directly. 3M provides no evidence that any major contracts will be awarded during the next three months. Thus, this Court should simply preserve the status quo until post-trial motions are decided.

**B. 3M's Proposed Injunction is Overly Broad**

3M proposes language that would apply to all claims of the '930 patent, but the jury's verdict only applied to claims 1-5. Indeed, Avery's EZ Film product has already been found not to infringe claims 6-12. Any injunction that ultimately issues, if that occurs, should be limited to the claims Avery has been found to infringe.

Additionally, 3M's proposed injunction would effectively prevent Avery from using the trade name "EZ Series Fleet Marking Film." Avery should be allowed to sell a product called "EZ Series Fleet Marking Film" so long as that film colorably differs in structure from the film the jury said infringes the product claims of the '930 patent.

Finally, 3M's proposed injunction language would bar Avery from selling any product "no more than colorably different" from its EZ Film product. While the "no more than colorably different" language correctly states the case law standard, more specificity is required in describing the structure of the product found by the jury to have been infringed.

Thus, Avery proposes that any injunction that is ultimately entered, if that occurs, be stated as follows: "Avery Dennison Corporation and its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with any of them who receive actual notice of this Order are permanently enjoined from infringing claims 1-5 of United States Patent No. 5,897,930 by making, using, selling, offering for sale in the United States or importing into the United States Avery's EZ Series Fleet Marking Film product having flexographically printed polyurethane ink drops embedded in an orderly arrangement and embossed to provide lands and ridges wherein the height of the lands over the ridges is between 3 and 45 microns, or other products no more than colorably different than such a product."

### C. If The Court Enters An Injunction Following Consideration of Post-Trial Motions, The Court Should Stay Enforcement Pending Appeal

Unlike many cases, in this case, the parties stipulated, prior to trial, to an enhanced, indeed what could be considered a "punitive" royalty rate of 20%. Although 3M now claims that it stipulated to damages because ". . . this case has always been primarily about injunctive relief . . ." (3M Memo at 3), Avery would not have stipulated to a punitive 20% rate without the comfort that it would have the ability to exhaust any necessary appeals while preserving the status quo. Accordingly, if the Court grants a permanent injunction, that injunction should be stayed pending appeal and during that time, 3M should be compensated at the stipulated and agreed upon royalty rate.

Rule 62 of the Federal Rules of Civil Procedure grants the Court discretion to stay any injunction during the pendency of an appeal. Rule 8(a) of the Federal Rules of

Appellate Procedure has a parallel provision providing for a stay. Neither statute nor case law excludes patent infringement cases, even where there has been a jury finding of infringement after trial. Standard Havens Prod., Inc. v. Gencor Indus., Inc., 897 F.2d 511 (Fed. Cir. 1990), aff'd in part and vacated in part, 953 F.2d 1360 (Fed. Cir. 1991). Thus, even when an injunction may be warranted after a finding of infringement and after weighing the equities, that does not preclude a stay of the injunction pending appeal. Id. at 515.

In another case involving an exceptionally high royalty rate pending appeal, the Federal Circuit has refused to overturn a District Court's stay of an injunction pending appeal where the District Court's only rationale for the stay was the fact that it had imposed "substantial penalties on defendants for their willful infringement." In re Hays Microcomputer Products, Inc. Patent Litig., 766 F.Supp. 818, 823 (N.D. Cal. 1991), aff'd 982 F.2d 1527 (Fed. Cir. 1992).. The Federal Circuit stated that although the District Court's rationale seemed "somewhat illogical" (the District Court had awarded an enhanced royalty for infringing acts prior to trial but refused to do so for infringing sales pending appeal), there was no abuse of discretion. Id.

The facts of this case are even more compelling than Hays because, not only will an enhanced royalty rate be paid during any stay pending appeal, but the royalty will be paid at a rate that 3M itself negotiated and agreed to accept[1] and this case does not involve any asserted claim of willful infringement.

---

[1] Although 3M tries to minimize Avery's likelihood of success on appeal, the fact that the construction of various claims have been ruled upon at one level and overturned at another, in of

### D. If Avery Is Enjoined From Selling Its Existing EZ Film Pending Appeal, Avery Should Be Allowed To Sell Existing Inventory

As stated above, the parties agreed and stipulated to an enhanced 20% royalty rate for allegedly infringing sales. Avery has some existing inventory, which it believed it could safely manufacture subject to the 20% royalty rate if infringement were found. Although Avery remained confident in its position, especially after successfully opposing 3M's Motion for a Preliminary Injunction and initially prevailing on its own Motion for Summary Judgment, Avery recognized that juries are never predictable.

There is precedent in this district, even where a permanent injunction has been granted and a stay pending appeal, denied, for the Court to allow sale of existing inventory. Maxwell v. J. Baker, Inc., 879 F.Supp. 1012, 1015 (D. Minn. 1995), rev'd on other grounds, 86 F.3d 1098 (Fed. Cir. 1996). Should the Court grant the permanent injunction and deny Avery's request for a stay pending appeal, the Court should allow Avery to sell through its existing inventory. Avery will be able to provide a verified statement regarding the volume of that existing inventory.

---

and itself, suggests that ". . . a stay is warranted while the Federal Circuit reviews the many vigorously contested issues in the case." Advanced Medical Optics Inc. v. Alcon Laboratories Inc., 2005 U.S. Dist. LEXIS 33378 at *38 (Dist. Del., Dec. 16, 2005).

DATED: January 20, 2006

Respectfully submitted,

By /S/ Lawrence M. Hadley

David P. Pearson
Matthew D. Spohn
WINTHROP & WEINSTINE, P.A.
225 South Sixth Street, Suite 3500
Minneapolis, Minnesota 55402
(612) 347-0700 - Telephone
(612) 347-0600 - Facsimile

Of Counsel:

Roderick G. Dorman
Lawrence M. Hadley
HENNIGAN, BENNET & DORMAN LLP
601 South Figueroa Street, Suite 3300
Los Angeles, California 90017
(216) 694-1200 - Telephone
(216) 621-1234 - Facsimile

2609846v1