# EXHIBIT A

**John Adkisson**

**From:** Larry Hadley [HadleyL@hbdlawyers.com]

**Sent:** Friday, May 21, 2004 12:35 PM

**To:** John Adkisson

**Subject:** RE: forgot the attachement. here is is

John:
Your proposed stipulation is unacceptable because it implies that we did not prevail on claims 6-11. Also, our agreement regarding inequitable conduct is based limited to the failure to disclose the Sawka patent -- that is the claim we agreed to drop. But our affirmative defense and counterclaim is broader. In fact, in a supplemental interrogatory response we explained that 3M intentionally failed to list the correct inventors.
I suggest this:
1. 3M provides a covenant no to sue on 6-12. If Avery still thinks it needs an order from the court, we can seek by a motion in limine.
2. For inequitable conduct, our letter agreement should suffice. If you would like, I can confirm in writing that Avery will not contend at trial that 3M engaged in inequitable conduct by failing to disclose the Sawka reference.
Let me know if this is o.k.

-----Original Message-----
**From:** John Adkisson [mailto:Adkisson@fr.com]
**Sent:** Thursday, May 20, 2004 4:57 PM
**To:** Larry Hadley
**Subject:** RE: forgot the attachement. here is is

Larry:

A few thoughts. First, there is no reason to reference either the District Court or the Federal Circuit's opinions, and we will not agree to any language that does so. We are prepared to provide you with a covenant not to sue Avery on Claims 6 through 12 on the Avery manufacturing process as it existed the last time we were provided discovery on it.

Second, there is no basis for the second sentence you have inserted in Paragraph 2. Fed. R. Civ. P. 15(b) says what it says, and there is no reason to repeat it in a stipulation. Given our agreement, however, we will oppose any attempt by Avery (through Rule 15(b) or otherwise) to insert inequitable conduct back into this case.

Let me know your position re above so we can continue to make progress on this. Thanks.

JCA

-----Original Message-----
**From:** Larry Hadley [mailto:HadleyL@hbdlawyers.com]
**Sent:** Wednesday, May 19, 2004 4:47 PM
**To:** John Adkisson
**Subject:** forgot the attachement. here is is

---

**HENNIGAN, BENNETT & DORMAN LLP**
**601 South Figueroa Street**
**Suite 3300**
**Los Angeles, California 90017**
**P (213) 694-1200**

F (213) 694-1234

----------------

This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited. If you have received this e-mail in error, please immediately notify me by telephone and permanently delete the original and any copy of this message, its attachments, and any printout thereof. Thank you.

--------------------------------------------------------

--------------------------------------------------------

**HENNIGAN, BENNETT & DORMAN LLP**
**601 South Figueroa Street**
**Suite 3300**
**Los Angeles, California 90017**
**P (213) 694-1200**
**F (213) 694-1234**

----------------

This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited. If you have received this e-mail in error, please immediately notify me by telephone and permanently delete the original and any copy of this message, its attachments, and any printout thereof. Thank you.

--------------------------------------------------------