# EXHIBIT F

HENNIGAN, BENNETT & DORMAN LLP
LAWYERS
601 SOUTH FIGUEROA STREET
SUITE 3300
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 694-1200
FACSIMILE (213) 694-1234

DIRECT PHONE (213) 694-1135
HADLEYL@HBDLAWYERS.COM

January 12, 2006

*VIA FACSIMILE*

Jonathan E. Singer, Esq.
Fish & Richardson P.C., P.A.
3300 Dain Rauscher Plaza
60 South Sixth Street
Minneapolis, Minnesota 55402

**Re:** ***3M Innovative Properties, et al. v. Avery Dennison Corp.***

Dear Jonathan:

I write in response to your January 11 letter to Rod Dorman regarding Avery's post-trial motion on enforceability.

Your letter incorrectly assumes that Avery's motion challenges Magistrate Judge Noel's denial of Avery's earlier motion to amend its Answer and Counterclaims, which Avery filed in April 2002. Avery's motion does not challenge that ruling. Rather, Avery's post-trial motion asks that the Court set aside the judgment and allow a different Rule 15 motion to amend.

Moreover, Avery's proposed Amended Answer and Counterclaims differs in significant aspects – both in scope and in substance – from the amendment it sought in 2002. Indeed, Avery could not have sought the amendment in 2002 that it seeks now. When Avery sought its 2002 Amended Answer and Counterclaims, 3M had not made Dr. Calhoun available for deposition. During Dr. Calhoun's deposition, Avery learned facts that supported an unenforceability defense on grounds different from its prior allegations. Avery learned even other bases supporting an unenforceability defense during Dr. Calhoun's trial examination.

Your letter cites no authority supporting the notion that a party cannot move to amend pleadings, after a judgment, on grounds that differ from a previously denied

motion amend. Certainly the Griffini case says no such thing. If you have such authority, please let me know.

Additionally, your understanding that Avery agreed inequitable conduct would not be part of this case is incorrect. After Magistrate Judge Noel denied Avery's earlier motion to amend, Avery agreed that it would not assert at trial inequitable conduct based on 3M's failure to disclose the Sawka reference. Avery abided by that agreement and did not assert inequitable conduct at trial based on 3M's failure to disclose the Sawka reference. At no time, however, did Avery ever represent that it would not assert inequitable conduct on any ground for the remainder of this case. If you think Avery made such a representation, please provide us with the statement.

Finally, whether Avery listed the Unitika patent on a list of prior art before trial is irrelevant to its current motion. The Court allowed the Unitika patent into evidence, and Dr. Calhoun's trial testimony provides ample grounds supporting Avery's new motion to amend its inequitable conduct defense.

For these reasons, Avery will not withdraw its motion.

Sincerely,

Lawrence M. Hadley

LMH:ls

cc:
David P. Pearson, Esq.

524280

HBD
LAWYERS

# Facsimile Cover Sheet

**Hennigan Bennett & Dorman LLP**

**601 South Figueroa Street, Suite 3300**
**Los Angeles, California 90017**
**Tel: (213) 694-1200 Fax: (213) 694-1234**

| | | | |
|---|---|---|---|
| Date: | January 12, 2006 | File Name: | 4666 |
| **From:** | Lawrence M. Hadley | **Direct Line:** | (213) 694-1135 |

| To: | Company | Fax number |
|---|---|---|
| Jonathan E. Singer | Fish & Richardson P.C. | (612) 288-9696 |
| David P. Pearson | Winthrop & Weinstein, P.A. | (612) 604-6892 |

**Number of pages, including cover:** 3

☐ **For Your Information** ☐ **Reply ASAP** ☐ **For Your Review**

**Supplemental Message:**

ORIGINAL WILL:

☐ BE SENT BY *MAIL*
☐ BE SENT BY *MESSENGER*
☐ BE SENT BY FEDEX/OVERNIGHT COURIER
☒ NOT BE SENT

The information contained in this transmission is privileged and confidential. It is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us at the above address via the U.S. Postal Service. Thank you.

If there are any questions or problems with the transmission of this facsimile, please call (213)-694-1200.