**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

| | |
|---|---|
| 3M INNOVATIVE PROPERTIES COMPANY and MINNESOTA MINING AND MANUFACTURING COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>AVERY-DENNISON CORPORATION,<br><br>Defendant. | Civil No. 01-1781 (JRT/FLN)<br><br>**ORDER** |

Katherine A. Moerke, **FISH & RICHARDSON P.C.**, 3300 Dain Rauscher Plaza, 60 South Sixth Street, Minneapolis, MN 55402; Juanita R. Brooks, **FISH & RICHARDSON P.C.**, 12390 El Camino Real, San Diego, CA 92130; and Kevin H. Rhodes, **3M INNOVATIVE PROPERTY COMPANY**, 3M Center, Post Office Box 33427, St. Paul, MN 55133, for plaintiffs.

Lawrence M. Hadley and Roderick G. Dorman, **HENNIGAN, BENNETT & DORMAN LLP**, 601 South Figueroa Street, Suite 3300, Los Angeles, CA 90017; and David P. Pearson, **WINTHROP & WEINSTINE, P.A.**, 225 South Sixth Street, Suite 3500, Minneapolis, MN 55402; for defendant.

This matter is before the Court on a motion by 3M Innovative Properties Company and Minnesota Mining and Manufacturing Company (collectively "3M") for a permanent injunction. On December 22, 2005, the jury in this case found that defendant Avery Dennison Corporation infringes claims 1 through 5 of 3M's U.S. Patent No. 5,897,930 ("the '930 patent") by making and selling its EZ Series Fleet Marketing Film. Specifically, the jury found that Avery infringed the '930 patent literally, under the

14

doctrine of equivalents, and by inducing others to infringe. The jury rejected all of Avery's invalidity defenses. Based on this verdict, the Court entered Judgment in favor of plaintiffs on December 23, 2005. As explained below, the Court grants 3M's motion for a permanent injunction.

It is the general rule that "courts will issue permanent injunctions against patent infringement absent exceptional circumstances." *MercExchange L.L.C. v. eBay Inc.*, 401 F.3d 1323, 1339 (Fed. Cir. 2005). Avery urges the Court to deny the permanent injunction because it has several post-trial motions pending before the Court. An important public need for an invention may justify denial of an injunction, *id*. at 1338, but the routine filing of post-trial motions cannot.

Avery further asserts that it would be severely prejudiced by an injunction because it may not be able to restart operations or reacquire its customers. Avery believes it should be permitted to continue making and selling its infringing products because it is willing to financially compensate 3M for this continuing infringement. Avery's arguments rest on its proposition that 3M will not be harmed if it receives sufficient monetary compensation, but this argument contradicts established law. "In a patent infringement case, where the infringing device will continue to infringe and thus damage Plaintiffs in the future, monetary damages are generally considered to be inadequate." *Schneider (Europe) AG v. Scimed Life Sys., Inc.*, 852 F. Supp. 813, 861 (D. Minn. 1994). To prevent further harm to 3M, the Court must enter the injunction. Furthermore, the Court cannot allow Avery to sell its existing inventory of EZ Series Fleet Marketing

Film. Now that the jury has found that this product infringes 3M's '930 patent, Avery must negotiate any the sale of this inventory with 3M.

Although Avery does not make a formal motion, Avery asks this Court to stay enforcement of the injunction pending appeal. The Court must consider four factors in exercising its discretion whether to stay the injunction: (1) whether Avery has made a "strong showing" that it will likely succeed on the merits; (2) whether Avery will be irreparably injured absent a stay; (3) whether a stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Standard Havens Prod., Inc. v. Gencore Indus., Inc.*, 897 F.2d 511, 512 (Fed. Cir.1990). Upon considering the four factors and balancing the equities of this case, the Court determines that no stay should issue.

**ORDER**

Based on the foregoing, all the records and files herein, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' Motion for Permanent Injunction [Docket No. 337] is **GRANTED**. A permanent injunction is hereby entered against defendant Avery as follows:

Effective on the date of this Order, and until further order of this Court, absent explicit written permission from plaintiffs, defendant is hereby enjoined from infringing claims 1 through 5 of the United States Patent No. 5,897,930 by making, using, selling, offering for sale or importing into the United States

Avery's EZ Series Fleet Marketing Film, or any other product no more than colorably different from that product.

DATED: March 17, 2006
at Minneapolis, Minnesota.

s/ John R. Tunheim
JOHN R. TUNHEIM
United States District Judge