HENNIGAN, BENNETT & DORMAN LLP
LAWYERS
865 SOUTH FIGUEROA STREET
SUITE 2900
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 694-1200
FACSIMILE (213) 694-1234
DIRECT PHONE (213) 694-1006
DORMANR@HBDLAWYERS.COM

March 22, 2006

Honorable John R. Tunheim
United States District Court
13E U.S. Courthouse, 300 South Fourth Street
Minneapolis, MN 55415

***BY ELECTRONIC DELIVERY***

**Re:** ***3M Innovative Prop. Company v. Avery Dennison Corporation,*** **No. 01-1781 JRT/FLN**

Dear Judge Tunheim:

By agreement, counsel for Avery and 3M are each submitting two-page letters to you requesting that you expeditiously resolve a dispute between us. The sole issue to be determined by the Court is whether independent companies, unrelated to Avery, which have previously purchased Avery's EZ product before the date of the injunction (March 17) are enjoined from selling that product (3M's position) or are free to sell the product (Avery's position).[1]

Avery immediately implemented the terms of the injunction when it issued. 3M, on the other hand, has directed its sales persons to confront independent companies that distribute Avery's products (as well as other's products) and threaten them with legal action. 3M sales reps have informed Laird Plastics in Warren, Michigan, Charrette in Woburn, Massachusetts and Grimco in Fenton, Missouri that "you will have liability if you sell the product on your shelves."

For six reasons the injunction does not extend to independent distributors who previously purchased the Avery product before the entry of the injunction:

1. The Court's order enjoins Avery. These unrelated, independent companies that distribute products including Avery's products are not Avery.

2. These unrelated, independent companies are not among the persons or entities listed in Rule 65(d) FRCP, to which an injunction applies. These companies are independently owned and controlled and have no affiliation with Avery. Accordingly, in

[1] Avery well recognizes that any inventory it has of the subject product at the time of the injunction cannot be sold or distributed without 3M's consent.

relation to Avery, they are not "officers, agents, servants, employees and attorneys" nor are they "persons in active concert or participation with" Avery.

3. By damage stipulation, Avery is contractually obligated to pay 3M a 20% royalty on product it sold before the injunction in the event the judgment is upheld, so the inventory on distributors' shelves is the subject of a stipulated royalty payment.

4. The royalty payment obligation for product Avery sold before the March 17 injunction and which is still on distributors' shelves is 3M's full and complete remedy for those particular goods. A royalty payment by a seller creates an implied patent license to the benefit of a purchaser. Odetics, Inc. v. Storage Tech Corp., 15 F.Supp. 2d 785, 788 (E.D. Va. 1998). The same legal consequence should follow a binding obligation to pay a royalty. 3M cannot reasonably have it both ways—it cannot simultaneously prevent a purchaser of Avery product from selling goods that 3M and Avery have agreed will be the subject of a royalty if 3M ultimately prevails in this litigation and enjoy the benefit of that royalty.

5. To interfere with distributors' businesses, 3M may not unilaterally reform its 20% royalty payment damages stipulation with Avery. 3M may argue that it will forego the 20% royalty on goods sold by Avery that have not yet been resold by independent distributors on the date of the injunction. That was not the stipulated agreement.

6. To unilaterally reform its stipulated damages argument to exclude goods sold by Avery but not yet resold by distributors from the 20% royalty obligation would condemn the parties and the Court to an accounting and discovery nightmare. By agreement, damages are to be computed by reference to Avery's sales of the subject products—a straightforward computation. If sales of Avery product still on the shelves of distributors on March 17 were excluded, every distributor would need to be subpoenaed to determine their inventory levels in order to compute damages.

Respectfully, Avery requests this Court to simply declare that the injunction does not extend to Avery products purchased by independent distributors prior to the March 17 permanent injunction order. Thank you for your assistance in resolving this dispute.

Very truly yours,

Roderick G. Dorman

RGD:ls

cc: David Pearson, Esq.
John Adkisson, Esq.