**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

3M INNOVATIVE PROPERTIES COMPANY and MINNESOTA MINING AND MANUFACTURING COMPANY,

Plaintiffs,

v.

AVERY DENNISON CORPORATION,

Defendant.

Civil No. 01-1781 (JRT/FLN)

**ORDER**

---

John C. Adkisson, **FISH & RICHARDSON P.C.**, 3300 Dain Rauscher Plaza, 60 South Sixth Street, Minneapolis, MN 55402; Juanita R. Brooks, **FISH & RICHARDSON P.C.**, 12390 El Camino Real, San Diego, CA 92130; and Kevin H. Rhodes, **3M INNOVATIVE PROPERTY COMPANY**, 3M Center, Post Office Box 33427, St. Paul, MN 55133, for plaintiffs.

Lawrence M. Hadley and Roderick G. Dorman, **HENNIGAN, BENNETT & DORMAN LLP**, 601 South Figueroa Street, Suite 3300, Los Angeles, CA 90017; and David P. Pearson, **WINTHROP & WEINSTINE, P.A.**, 225 South Sixth Street, Suite 3500, Minneapolis, MN 55402; for defendant.

On March 17, 2006, this Court granted a motion by plaintiff 3M Innovative Properties Company and Minnesota Mining and Manufacturing Company (collectively "3M") for a permanent injunction. The injunction enjoins defendant Avery Dennison "from infringing claims 1 through 5 of the United States Patent No. 5,897,930 by making, using, selling, offering for sale or importing into the United States Avery's EZ Series

Fleet Marketing Film, or any other product no more than colorably different from that product."

By letters dated March 22 and March 23, 2006, the parties have asked the Court to clarify the scope of the injunction. Specifically, the parties ask whether companies that purchased Avery's EZ Series Fleet Marketing Film before the date of the injunction may continue to sell that product.

An injunction may enjoin parties as well as "persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise." Fed. R. Civ. P. 65(d). The Court finds that Avery's distributors are aiding and abetting Avery in its efforts to avoid the impact of the injunction. Therefore, the Court modifies the permanent injunction to make clear that it extends to Avery products purchased by independent distributors prior to the March 17, 2006 permanent injunction order.

## ORDER

Based on the foregoing, all the records and files herein, **IT IS HEREBY ORDERED** that:

1. The permanent injunction entered against defendant Avery on March 17, 2006 [Docket No. 368] is **MODIFIED** as followed:

> Until further order of this Court, absent explicit written permission from plaintiffs, defendant Avery and all persons in active concert with Avery, including without limit its distributors, who receive actual notice of this

Order by personal service or otherwise, are hereby enjoined from infringing claims 1 through 5 of the United States Patent No. 5,897,930 by making, using, selling, offering for sale or importing into the United States Avery's EZ Series Fleet Marketing Film, or any other product no more than colorably different from that product.

2. Within seven days of the date of this Order, defendant shall contact its customers, sales distributors, and sales agents, requesting that they immediately cease the sale and advertising of all products subject to this Order.

DATED: April 25, 2006
at Minneapolis, Minnesota.

s/ John R. Tunheim
JOHN R. TUNHEIM
United States District Judge