**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

| | |
|---|---|
| 3M INNOVATIVE PROPERTIES COMPANY and MINNESOTA MINING AND MANUFACTURING COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>AVERY DENNISON CORPORATION,<br><br>Defendant. | Civil No. 01-1781 (JRT/FLN)<br><br>**ORDER** |

John C. Adkisson, **FISH & RICHARDSON PC, PA**, 60 South Sixth Street, Suite 3300, Minneapolis, MN 55402, for plaintiffs.

Lawrence M. Hadley, **HENNIGAN BENNETT & DORMAN**, 601 Figueroa Street South, Suite 3300, Los Angeles, CA 90017, for defendant.

On December 22, 2005, the jury in this case found that defendant Avery Dennison Corporation infringes claims 1 through 5 of 3M's U.S. Patent No. 5,897,930 ("the '930 patent") by making and selling its EZ Series Fleet Marketing Film. Specifically, the jury found that Avery infringed the '930 patent literally, under the doctrine of equivalents, and by inducing others to infringe. The jury rejected all of Avery's invalidity defenses. Based on this verdict, the Court entered Judgment in favor of plaintiffs on December 23, 2005. On March 17, 2006, the Court granted 3M's motion for a permanent injunction. The injunction enjoins Avery from by making, using, selling, offering for sale or importing into the United States Avery's EZ Series Fleet Marketing Film, or any other

14

product no more than colorably different from that product. On April 25, 2006, the Court modified the permanent injunction to cover distributors of Avery's EZ Film.

Avery has now requested leave to file a motion to reconsider portions of the March 17, 2006 Order. First, Avery argues that the Order relied on authority that has since been overruled by the United States Supreme Court. Second, Avery argues that reconsideration is warranted because the Patent and Trade Office ("PTO") has since granted reexamination of the '930 patent.

A motion to reconsider under Local Rule 7.1(g) is the "functional equivalent" of a motion to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure. *DuBose v. Kelly*, 187 F.3d 999, 1002 (8th Cir. 1999). Requests to file such motions are granted "only upon a showing of compelling circumstances." D. Minn. LR 7.1(g). Courts generally find that an intervening change in controlling law justifies reconsideration. *See Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

The Court agrees with Avery that the March 17, 2006 Order primarily relied on the general rule that courts will issue permanent injunctions against patent infringers absent exceptional circumstances. *See MercExchange L.L.C. v. eBay Inc.*, 401 F.3d 1323, 1339 (Fed. Cir. 2005). The Court further agrees that the United Supreme Court has since held that according to well-established principles of equity, courts should apply the traditional four-factor test to determine whether injunctive relief should be granted in patent cases. *See eBay Inc. v. MercExchange, L.L.C.*, 126 S. Ct. 1837, 1839 (2006). Based on this intervening change in controlling law, the Court concludes that Avery may seek reconsideration of the Order on this ground. The Court construes Avery's letter

dated May 18, 2006 as a motion for reconsideration of the March 17, 2006 Order, and grants the motion.

As for Avery's second ground for reconsideration, the Court concludes that the PTO's grant of reexamination of patent '930 does not warrant reconsideration of the March 17, 2006 Order. The PTO has not invalidated the claims at issue here. *Cf. Standard Havens Prods., Inc. v. Gencor Indus., Inc.*, 27 U.S.P.Q.2d 1959 (Fed. Cir. 1993) (remanding to the district court with instructions to stay the imposition of the permanent injunction because the PTO had made a final decision to invalidate certain of the claims at issue). Grant of reexamination by the PTO is not an uncommon occurrence, and it does nothing to raise questions about the validity of the jury verdict or permanent injunction issued in this case.

**ORDER**

Based on the foregoing, all the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that defendant Avery's request for leave to file a motion to reconsider portions of the March 17, 2006 Order is construed as a motion to reconsider, and that motion is **GRANTED**.

DATED: September 25, 2006
at Minneapolis, Minnesota.

s/ John R. Tunheim
JOHN R. TUNHEIM
United States District Judge