**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

3M INNOVATIVE PROPERTIES COMPANY and MINNESOTA MINING AND MANUFACTURING COMPANY,

Plaintiffs,

v.

AVERY DENNISON CORPORATION,

Defendant.

Civil No. 01-1781 (JRT/FLN)

**ORDER**

Katherine A. Moerke, Jonathan E. Singer, and John C. Adkisson, **FISH & RICHARDSON PC, PA – MN**, 60 South Sixth Street, Suite 3300, Minneapolis, MN 55402; Juanita R. Brooks, **FISH & RICHARDSON - SAN DIEGO**, 12390 El Camino Real, San Diego, CA 92130; Kevin H. Rhodes, **3M COMPANY**, P.O. Box 33427, St. Paul, MN 55113-3427; for plaintiffs.

Lawrence M. Hadley & Roderick G. Dorman, **HENNIGAN BENNETT & DORMAN**, 601 Figueroa Street South, Suite 3300, Los Angeles, CA 90017; David P. Pearson, **WINTHROP & WEINSTINE, PA**, 225 South Sixth Street, Suite 3500, Minneapolis, MN 55402-4629; for defendant.

This matter is before the Court on a motion by 3M Innovative Properties Company and Minnesota Mining and Manufacturing Company (collectively "3M") for a permanent injunction. On December 22, 2005, the jury in this case found that defendant Avery Dennison Corporation infringes claims 1 through 5 of 3M's U.S. Patent No. 5,897,930 ("the '930 patent") by making and selling its EZ Series Fleet Marketing Film. Specifically, the jury found that Avery infringed the '930 patent literally, under the

doctrine of equivalents, and by inducing others to infringe. The jury rejected all of Avery's invalidity defenses. Based on this verdict, the Court entered judgment in favor of plaintiffs on December 23, 2005.

On March 17, 2006, the Court granted 3M's motion for a permanent injunction. The injunction enjoins Avery from by making, using, selling, offering for sale or importing into the United States Avery's EZ Series Fleet Marketing Film, or any other product no more than colorably different from that product. On April 25, 2006, the Court modified the permanent injunction to cover distributors of Avery's EZ Film. On May 18, 2006, Avery requested leave to file a motion to reconsider portions of the March 17, 2006 Order. Concurrent with the issuance of this Order, the Court grants the motion to reconsider. As explained below, the Court vacates the orders dated March 17, 2006 and April 25, 2006, and again grants 3M's motion for a permanent injunction.

According to well-established principles of equity, a plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief. *eBay Inc. v. MercExchange, L.L.C.*, 126 S. Ct. 1837, 1839 (2006). A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction. *Id*. These familiar principles apply with equal force to patent disputes. *Id*.

Avery asserts that a damage award to 3M would fully compensate 3M, but the Court cannot agree. 3M has spent nearly five years litigating to protect its interest in this

patent and has consistently refused to execute a licensing agreement with Avery. Having lost at trial, Avery wants to force 3M to grant a license that 3M refused to grant before trial. The Court will not disturb 3M's determination that its business interests will not be served by the licensing of this product. *See Schneider (Europe) AG v. Scimed Life Sys., Inc.*, 852 F. Supp. 813, 861 (D. Minn. 1994) ("In a patent infringement case, where the infringing device will continue to infringe and thus damage Plaintiffs in the future, monetary damages are generally considered to be inadequate."). As such, the Court finds that 3M has suffered an irreparable injury and that monetary damages are inadequate to compensate for that injury.

The Court also finds that the balance of hardships faced by 3M and Avery warrant issuance of a permanent injunction. Avery asserts that it would be severely prejudiced by an injunction because it may not be able to restart operations or reacquire its customers, but 3M has suffered great harm and will continue to suffer if an injunction is not entered. Specifically, 3M has been barred from exercising its right to exclude conveyed by the '930 patent for more than 20 percent of the limited lifetime of this patent. The balance of harms favors entry of an injunction. *See Windsurfing Int'l v. AMF, Inc.*, 782 F.2d 995, 1003 (Fed. Cir. 1986) ("One who elects to build a business on a product found to infringe cannot be heard to complain if an injunction against continuing infringement destroys the business so elected.")

Finally, the Court concludes that the public interest would not be disserved by a permanent injunction. This is a case about commercial graphics used for advertising, so concerns about public health or safety that could warrant denial of injunctive relief are

not present. *See Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538, 1547 (Fed. Cir. 1995) (summarizing cases where courts exercised their discretion to deny injunctive relief in order to protect the public interest).

After applying the four-factor test, the Court concludes that it must enter the injunction to prevent further irreparable harm to 3M. Furthermore, the Court cannot allow Avery to sell its existing inventory of EZ Series Fleet Marketing Film. Now that the jury has found that this product infringes 3M's '930 patent, Avery must negotiate the sale of this inventory with 3M.

An injunction may enjoin parties as well as "persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise." Fed. R. Civ. P. 65(d). The Court finds that Avery's distributors are aiding and abetting Avery in its efforts to avoid the impact of the injunction. Therefore, the permanent injunction also extends to Avery products purchased by independent distributors.

Although Avery does not make a formal motion, Avery asks this Court to stay enforcement of the injunction pending appeal. The Court must consider four factors in exercising its discretion whether to stay the injunction: (1) whether Avery has made a "strong showing" that it will likely succeed on the merits; (2) whether Avery will be irreparably injured absent a stay; (3) whether a stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Standard Havens Prod., Inc. v. Gencore Indus., Inc.*, 897 F.2d 511, 512 (Fed.Cir.1990). Upon

considering the four factors and balancing the equities of this case, the Court determines that no stay should issue.

**ORDER**

Based on the foregoing, all the records and files herein, **IT IS HEREBY ORDERED** that:

1. The Court's Memorandum Opinion and Order dated March 17, 2006 [Docket No. 368] and the Court's Memorandum Opinion and Order dated April 25, 2006 [Docket No. 373] are **VACATED**.

2. Plaintiffs' Motion for Permanent Injunction [Docket No. 337] is **GRANTED**. A permanent injunction is hereby entered against defendant Avery as follows:

> Until further order of this Court, absent explicit written permission from plaintiffs, defendant Avery and all persons in active concert with Avery, including without limit its distributors, who receive actual notice of this Order by personal service or otherwise, are hereby enjoined from infringing claims 1 through 5 of the United States Patent No. 5,897,930 by making, using, selling, offering for sale or importing into the United States Avery's EZ Series Fleet Marketing Film, or any other product no more than colorably different from that product.

DATED: September 25, 2006
at Minneapolis, Minnesota.

s/ John R. Tunheim
JOHN R. TUNHEIM
United States District Judge