Exhibit C

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

3M INNOVATIVE PROPERTIES COMPANY & MINNESOTA MINING AND MANUFACTURING COMPANY,

Plaintiffs,

v.

AVERY-DENNISON CORPORATION,

Defendant.

Civil No. 01-1781 (JRT/FLN)

**ORDER**

---

Jonathan E. Singer, John C. Adkisson, and Katherine A. Moerke, **FISH & RICHARDSON P.C.**, P.A., 3300 Dain Rauscher Plaza, 60 South Sixth Street, Minneapolis, MN 55402; Juanita R. Brooks, **FISH & RICHARDSON P.C.**, 12390 El Camino Real, San Diego, CA 92130; and Kevin H. Rhodes, **3M INNOVATIVE PROPERTY COMPANY**, 3M Center, Post Office Box 33427, St. Paul, MN 55133, for plaintiffs.

David P. Pearson, **WINTHROP & WEINSTINE, P.A.**, 225 South Sixth Street, Suite 3500, Minneapolis, MN 55402; Roderick G. Dorman and Lawrence M. Hadley, **HENNIGAN, BENNETT & DORMAN LLP**, 601 South Figueroa Street, Suite 3300, Los Angeles, CA 90017; and Jay R. Campbell, **RENNER OTTO BOISSELLE & SKLAR**, 1621 Euclid Avenue, 19th Floor, Cleveland, OH 44115, for defendant.

Plaintiff 3M Innovative Properties Company ("3M") and defendant Avery-Dennison Corporation ("Avery") both produce, develop and market adhesive-based products for the commercial graphics industry. 3M filed suit against Avery alleging that one of Avery's products infringes a patent held by 3M. In a memorandum opinion and order dated June 20, 2005, the Court construed the remaining disputed patent terms. Avery now requests permission to file a motion for reconsideration of a portion of the

Case 0:01-cv-01781-JRT-FLN Document 183 Filed 07/08/2005 Page 2 of 2

Order and for permission to file a motion for summary judgment. Based on a careful review of the record, the parties' submissions, and the parties' arguments, the Court finds that material issues of fact remain in the case and that Avery does not present compelling issues and therefore denies both motions. *See* Fed. R. Civ. P. 56(c) (summary judgment is appropriate only where there is no genuine issue as to any material fact); D. Minn. LR 7.1(g) (a motion to reconsider is permitted only upon a showing of compelling circumstances).

This case is now ready for trial. An official trial notice will be forthcoming. For planning purposes, however, pursuant to the discussions held during the July 6, 2005 hearing before the Court, this case will be set for trial beginning Monday, December 12, 2005. A hearing to consider motions in limine and any other pretrial matters will be scheduled on Monday, November 28, 2005. Any such motions should be filed by Monday, November 14, 2005, with a response due from the opposing party by November 21, 2005. Additionally, all other pretrial submissions, including the other documents detailed in Local Rule 39.1, should be filed no later than Monday, November 28, 2005.

**ORDER**

Based on the foregoing, all the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that defendant's requests to file a motion for reconsideration and a motion for summary judgment are **DENIED**.

DATED: July 8, 2005
at Minneapolis, Minnesota.

s/ John R. Tunheim
JOHN R. TUNHEIM
United States District Judge

Exhibit D

**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

3M INNOVATIVE PROPERTIES COMPANY and MINNESOTA MINING AND MANUFACTURING COMPANY,

Plaintiffs,

v.

AVERY-DENNISON CORPORATION,

Defendant.

Civil No. 01-1781 (JRT/FLN)

**ORDER AFFIRMING AUGUST 24, 2005 ORDER OF MAGISTRATE JUDGE**

---

Jonathan E. Singer, John C. Adkisson, and Katherine A. Moerke, **FISH & RICHARDSON P.C.**, 3300 Dain Rauscher Plaza, 60 South Sixth Street, Minneapolis, MN 55402; Juanita R. Brooks, **FISH & RICHARDSON P.C.**, 12390 El Camino Real, San Diego, CA 92130; Frank P. Porcelli, Gregory A. Madera, Kurt L. Glitzenstein, and Timur Engin, **FISH & RICHARDSON P.C.**, 225 Franklin Street, Suite 3100, Boston, MA 02110; and Kevin H. Rhodes, **3M INNOVATIVE PROPERTY COMPANY**, 3M Center, Post Office Box 33427, St. Paul, MN 55133, for plaintiffs.

David P. Pearson and Tiffany A. Blofield, **WINTHROP & WEINSTINE, P.A.**, 225 South Sixth Street, Suite 3500, Minneapolis, MN 55402; Roderick G. Dorman, Lawrence M. Hadley, and Armand F. Ayazi, **HENNIGAN, BENNETT & DORMAN LLP**, 601 South Figueroa Street, Suite 3300, Los Angeles, CA 90017; and Jay R. Campbell, **RENNER OTTO BOISSELLE & SKLAR**, 1621 Euclid Avenue, 19th Floor, Cleveland, OH 44115, for defendant.

This matter is before the Court on defendant's objections to the August 24, 2005 Order of Magistrate Judge Franklin L. Noel, granting in part plaintiffs' motion to strike portions of defendant's supplemental expert report. An order of a magistrate judge on nondispositive pretrial matters may be reversed only if it is clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a). For the following reasons, the Court overrules defendant's objections.

To address defendant's objections, it is necessary to summarize some of the long procedural history of this patent infringement case. After the District Court granted summary judgment in defendant's favor, the Federal Circuit reversed, and in so doing, changed the meanings of certain claim terms. *3M Innovative Prop. Co. v. Avery Dennison Corp.*, 350 F.3d 1365 (Fed. Cir. 2003). Defendant sought permission to supplement its expert reports based on the changed meanings, which this Court granted, reversing the Magistrate Judge's earlier denial. (Tr. of Aug. 30, 2004 Hearing at 54.) As part of its motion, defendant submitted a supplemental expert report based on the Federal Circuit's new claim constructions. Defendant represented to the Court that it did not seek to reopen discovery or conduct new tests and experiments. The Court ruled that it "will permit revision of the expert report to reflect the federal circuit's and this Court's claim construction. The Court intends just simply to allow the supplementation in the manner in which it has been proposed and not to start this whole process anew." *Id.* At that time, the Court had not yet construed certain disputed terms. During the hearing, defendant sought clarification of this order, querying whether, if the Court adopted a claim construction different from the parties', it would be allowed to supplement its expert report further. The Court responded, "If the Court adopts a construction that was not anticipated, the Court will permit that." *Id.* at 55.

After the Court issued its Memorandum Opinion and Order Construing Certain Disputed Claims, dated June 20, 2005, defendant submitted a new supplemental expert report, containing material that was not a part of its previous supplemental report. Specifically, the new report included two previously-undisclosed prior art references and

previously-undisclosed testing of 3M products. Plaintiffs moved to strike the new material. During the hearing before the Magistrate Judge, defendant admitted that both the new prior art references and the undisclosed testing were relevant to the Federal Circuit's claim construction, not this Court's.

This Court clearly stated, however, that it intended to allow changes to defendant's supplemental report only if it adopted a construction that was not anticipated. Defendant admits that did not happen, but argues that its earlier supplemental report was only an exemplar and was not intended to be the final report. Defendant points out that its new material does not consist of any new contentions, but merely new support for its existing arguments. Defendant cites *3M Innovative Prop. Co. v. Barton Nelson, Inc.*, 2004 WL 1774528 (D. Minn. Aug. 8, 2004) for the proposition that it is permissible to submit new facts when those facts are simply additional support for a previously asserted contention. Nothing in that case, however, requires the Court to allow the new material. Defendant argues that it is reversible error not to allow a supplemental report when the construction of a term has changed. *Johns Hopkins Univ. v. Cellpro, Inc.*, 152 F.3d 1342, 1349-50 (Fed. Cir. 1998). Unlike in *Johns Hopkins*, here there is no reason why defendant could not have included this material in its previous supplemental report. Defendant already admitted that the new material is not responsive to anything in the Court's June 20, 2005 Order.

The Court therefore finds nothing suggesting that the Magistrate Judge's Order is clearly erroneous or contrary to law.

## ORDER

Based on the foregoing, all the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that the Magistrate Judge's Order of August 24, 2005 [Docket No. 201] is **AFFIRMED.**

DATED: October 21, 2005
at Minneapolis, Minnesota.

s/ John R. Tunheim
JOHN R. TUNHEIM
United States District Judge

Exhibit E

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

## CIVIL MOTION HEARING

| | | |
|---|---|---|
| 3M INNOVATIES PROPERTIES COMPANY AND MINNESOTA MINING AND MANUFACTURING COMPANY, | ) | **COURT MINUTES**<br>BEFORE: John R. Tunheim<br>U.S. District Judge |
| Plaintiff, | ) | Case No: 01-1781 (JRT/FLN)<br>Date: November 28, 2005 |
| v. | ) | Court Reporter: Kristine Mousseau |
| AVERY DENNISON CORPORATION, | ) | Time Commenced: 11:40 a.m.<br>Time Concluded: 1:05 p.m.<br>Time in Court: 1 hour and 25 minutes |
| Defendant. | ) | |

Hearing on: Motions in limine hearing
Pretrial Conference

APPEARANCES:

Plaintiff: John C. Adkinson, Jonathan E. Singer, Juanita Brooks, Katherine Moerke (Fish & Richardson)
Kevin H. Rhodes (3M Innovative Properties Company)

Defendant: David P. Pearson (Wintrop & Weinstine)
Roderick G. Dorman and Omer Salik (Hennigan, Bennett & Dorman)

PROCEEDINGS:

Arguments heard. Rulings on motions in limine. Pretrial issues and scheduling discussed. Jury trial to begin on Monday, December 12, 2005 at 1:30 p.m.

IT IS ORDERED:

Written order forthcoming.

s/Sarah E. Bagwell
Calendar Clerk

# Exhibit F

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

## CIVIL MOTION HEARING

3M INNOVATIES PROPERTIES COMPANY AND MINNESOTA MINING AND MANUFACTURING COMPANY,

Plaintiff,

v.

AVERY DENNISON CORPORATION,

Defendant.

**AMENDED COURT MINUTES**
BEFORE: John R. Tunheim
U.S. District Judge

| | |
|---|---|
| Case No: | 01-1781 (JRT/FLN) |
| Date: | November 28, 2005 |
| Court Reporter: | Kristine Mousseau |
| Time Commenced: | 11:40 a.m. |
| Time Concluded: | 1:05 p.m. |
| Time in Court: | 1 hour and 25 minutes |

Hearing on: Motions in limine hearing
Pretrial Conference

## APPEARANCES:

Plaintiff: John C. Adkinson, Jonathan E. Singer, Juanita Brooks, Katherine Moerke (Fish & Richardson)
Kevin H. Rhodes (3M Innovative Properties Company)

Defendant: David P. Pearson (Wintrop & Weinstine)
Roderick G. Dorman and Omer Salik (Hennigan, Bennett & Dorman)

## PROCEEDINGS:

Arguments heard. Rulings made on the following motions in limines:

Motion for Judgment on the Pleadings Re Plaintiff's Claims for Contributory Infringement and Inducement by Avery-Dennison Corporation [Docket No. 220]. DENIED.

Motion in Limine *to Exclude Any Testimony and Argument by Avery Contrary to Claim Constructions by the Federal Circuit and This Court* by 3M Innovative Properties Company, Minnesota Mining and Manufacturing Company [Docket No. 229]. DENIED.

Motion in Limine *to Exclude All Evidence and Argument on the References and Testing Struck from Avery's Supplemental Expert Report* by 3M Innovative Properties Company, Minnesota Mining and Manufacturing Company [Docket No. 230]. WITHDRAWN by 3M.

Motion in Limine *to Exclude All Evidence and Argument Regarding Other Litigation and Patent Enforcement Involving 3M* by 3M Innovative Properties Company, Minnesota Mining and Manufacturing Company [Docket No. 233]. GRANTED but modified as to the prosecution of the '397 patent.

Motion in Limine *(1) to Exclude Evidence and Argument Re 35 U.S.C. 256, and Motion in Limine (2) to Exclude Argument that a Used or Spent Release Liner Infringes the Patent-in-Suit* by Avery-Dennison Corporation [Docket No. 234]. DENIED.

Motion in Limine *to Exclude All Evidence and Argument on Prior Art References that Avery Disclosed After the Court's Deadline or Merely Identified in Discovery* by 3M Innovative Properties Company, Minnesota Mining and Manufacturing Company [Docket No. 235]. WITHDRAWN by 3M.

Motion in Limine *to Exclude any Undisclosed or Untimely Disclosed Evidence and Argument Regarding Avery's Willfulness Defense* by 3M Innovative Properties Company, Minnesota Mining and Manufacturing Company [Docket No. 236]. WITHDRAWN by 3M.

Pretrial issues and scheduling discussed. Jury trial to begin on Monday, December 12, 2005 at **1:30 p.m.**

IT IS ORDERED:

Written order forthcoming on the following motions:

Motion in Limine *to Exclude All Evidence and Argument Regarding Inventorship* by 3M Innovative Properties Company, Minnesota Mining and Manufacturing Company [Docket No. 231]

Motion in Limine *to Exclude Evidence of Avery's '049 Method Patent* by 3M Innovative Properties Company, Minnesota Mining and Manufacturing Company, 3M Innovative Properties Company [Docket No. 232]

s/Sarah E. Bagwell
Calendar Clerk