Exhibit G-1

UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

3M INNOVATIVE PROPERTIES COMPANY and MINNESOTA MINING AND MANUFACTURING COMPANY,

Plaintiffs,

v.

AVERY DENNISON CORPORATION,

Defendant.

Civil No. 01-1781 (JRT/FLN)

THE COURT'S INSTRUCTIONS TO THE JURY

Now that you have heard the evidence and the argument, the Court will give you instructions on the law and on your duties as jurors.

INSTRUCTION 1.

Written copies of the instructions the Court is about to give you will be available to you in the jury room. The Court emphasizes, however, that this does not mean they are more important than the Court's earlier instructions. Please remember that *all* instructions, whenever given and whether in writing or not, must be followed.

The lawyers have quite properly referred to some of the governing rules of law in their arguments. If, however, any difference appears to you between the law as stated by the lawyers and the law as stated by the Court in these instructions, you must follow the Court's instructions.

From the evidence you will decide what the facts are. You are entitled to consider the evidence in light of your own observations and experiences in the affairs of life. You will then apply those facts to the law that the Court gives you in these and in other instructions, and in that way reach your verdict. You are the sole judges of the facts; but you must follow the law as stated in the Court's instructions whether you agree with it or not.

---

(Counsel: Please note that citations will not be on the final copies provided to the jurors.)

Model Civil Jury Instructions for the Eighth Circuit, § 3.01 (2005) *(m)*;
3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 103.01 (5th Ed.) *(m)*.

INSTRUCTION 2.

At no time during the course of this trial has the Court intended to give any opinion or suggestion as to what your verdict should be – not in these instructions, nor in any of the Court's rulings, actions, or remarks.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be governed by sympathy, prejudice or public opinion. All parties expect that you will carefully and impartially consider all of the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

---

Model Civil Jury Instructions for the Eighth Circuit, § 3.02 (2005) (*m*);
3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 103.01 (5th Ed.) (*m*).

INSTRUCTION 3.

3M Innovative Properties Company and Minnesota Mining and Manufacturing Company are the plaintiffs in this case. In these instructions, the companies will be referred to as "the plaintiffs" or "3M."

Avery Dennison Corporation is the defendant in this case. The company will be referred to as "the defendant" or "Avery."

INSTRUCTION 4.

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. A corporation is entitled to the same fair trial as a private individual. All persons, including corporations, partnerships, unincorporated associations, and other organizations, stand equal before the law, and are to be treated as equals.

---

3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 103.12 (5th Ed.).

INSTRUCTION 5.

The evidence in this case consists of the testimony of witnesses, documents and other things received as exhibits, and any facts that have been stipulated – that is, formally agreed to by the parties.

Please remember also what is not evidence.

1. Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

2. Objections are not evidence. Lawyers have a right to object when they believe something is improper. You should not be influenced by the objection. If the Court sustained an objection to a question, you must ignore the question and not guess what the answer might have been or consider any answer inadvertently given before the Court could sustain the objection.

3. Anything you saw or heard about this case outside the courtroom is not evidence.

Please remember also that you should not be concerned with the terms "direct evidence" and "circumstantial evidence." The law makes no distinction between direct and circumstantial evidence. You should give all evidence the weight and value you believe it is entitled to receive.

---

Model Civil Jury Instructions for the Eighth Circuit, § 1.02 (2005) *(m)*.

INSTRUCTION 6.

You are to consider only the evidence in the case. But in your consideration of the evidence you are not limited to the statements of the witnesses. In other words, you are not limited solely to what you see and hear as the witnesses testify. You are permitted to draw from facts that you find have been proved, such reasonable inferences as seem justified in the light of your experience.

Inferences are deductions or conclusions that reason and common sense lead you to draw from facts that have been established by the evidence in the case.

3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 104.20 (5th Ed.) *(m)*.

INSTRUCTION 7.

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, you may believe only part of what a witness said, or you may believe none of what a witness said.

In deciding what testimony to believe, you may consider the witness's intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness's memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things. You need to consider therefore whether a contradiction is an innocent misrecollection or lapse of memory or whether it is an intentional falsehood. That may depend on whether the contradiction has to do with an important fact or only with a small detail.

---

Model Civil Jury Instructions for the Eighth Circuit, § 3.03 (2005) (*m*).

INSTRUCTION 8.

The testimony of a witness may be discredited or, as we sometimes say, impeached by contradictory evidence, or by evidence that at some other time the witness has said or done something, or has failed to say or do something which is inconsistent with the witness's present testimony.

If you believe any witness has been impeached and thus discredited, it is your exclusive right to give the testimony of that witness such weight, if any, as you may think it deserves.

If a witness is shown knowingly to have testified falsely concerning any material matter, you have a right to distrust such witness's testimony in other particulars and you may reject all the testimony of that witness or you may give it such weight as you may think it deserves.

An act or omission is "knowingly" done, if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 105.04 (5th Ed.) *(m)*.

INSTRUCTION 9.

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. An exception to this rule exists as to those witnesses that we call "expert witnesses." Witnesses who, by education and experience, have become expert in some art, science, or profession may state their opinions as to relevant and material matter, in which they profess to be expert, and may also state their reasons for the opinion.

You should consider each expert opinion received in evidence in this case, and give it such weight as you may think it deserves. If you decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you conclude that the reasons given in support of the opinion are not sound, or if you feel that it is outweighed by other evidence, then you may disregard the opinion entirely.

---

3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 104.40 (5th Ed.) *(m).*

INSTRUCTION 10.

## THE PARTIES AND THEIR CONTENTIONS

This is a patent case involving the '930 patent, which relates to embossed webs useful as liners for adhesive-based products and for other purposes. The Court will now review for you the parties in this action and the position of the parties that you will have to consider in reaching your verdict.

3M Innovative Properties Company and Minnesota Mining and Manufacturing Company, the plaintiffs in this case, contend that Avery-Dennison Corporation, the defendant in this case, is infringing the '930 patent by its making, selling and offering for sale Avery's EZ Film products.

Avery denies that it is infringing and contends that the '930 patent is invalid for a number of reasons.

---

ABA Section of Litigation, Model Jury Instructions: Patent Litigation §§ 4, 4.1 – 4.3.

INSTRUCTION 11.

## SUMMARY OF PATENT ISSUES

There are three major issues in this case:

1) Whether Avery directly infringes any of claims 1-5 of the '930 patent (literally or under the doctrine of equivalents);

2) Whether Avery indirectly infringes any of claims 1-5 of the '930 patent by inducing infringement;

3) Whether any of claims 1-5 of the '930 patent are invalid (by incorrect inventorship, prior invention, anticipation, or obviousness).

For the purpose of this case, you are not to consider the issues of infringement of claims 6-12 of the '930 patent or the issue of damages.

Direct Infringement ........................................ Instructions 19-23
    Literal ........................................ Instruction 20
    Under the Doctrine of Equivalents ........................................ Instruction 20

Indirect Infringement ........................................ Instructions 24-25
    Inducing Infringement ........................................ Instruction 25

Validity ........................................ Instructions 26-37
    Inventorship ........................................ Instruction 29
    Prior Invention ........................................ Instruction 30
    Anticipation ........................................ Instruction 31
    Obviousness ........................................ Instructions 32-37

---

ABA Section of Litigation, Model Jury Instructions: Patent Litigation § 4.4.

INSTRUCTION 12.

**BURDENS OF PROOF**

As the Court has explained, in any legal action, facts must be proven by a required standard of evidence, known as the "burden of proof." In a patent case such as this, there are two different burdens of proof that are used.

The first burden of proof standard is called "preponderance of the evidence." It requires that, in order for a party to prevail, you must be persuaded that what the party seeks to prove is **more probably true than not true**. This standard applies to 3M's claims of direct and indirect infringement.

The second burden of proof standard is called "clear and convincing evidence." It is a higher one. It requires that you must be persuaded that it is **highly probable** that what the party seeks to prove is true. This standard applies to Avery's defenses of inventorship, prior invention, anticipation, and obviousness.

You may have heard of a burden of proof that is used in criminal cases called "beyond a reasonable doubt." That requirement is the highest burden of proof. It does not apply to a patent case such as this one, and you should, therefore, put it out of your mind.

A fact is determined by considering all of the evidence and deciding which evidence is more believable. If, on any issue in the case, the evidence is equally balanced, you cannot find that issue has been proved. The greater number of witnesses or exhibits a party has presented does not necessarily determine the preponderance of the evidence.

For each issue, the Court will review for you the burden of proof to apply, either the more probable than not standard or the highly probable standard, to each issue in this case.

---

ABA Section of Litigation, Model Jury Instructions: Patent Litigation §§ 1, 4.4.

INSTRUCTION 13.

**THE PATENT SYSTEM**

At the beginning of the trial, you were shown a video presentation providing general information about patents and the patent system. The Court will now give you more detailed instructions about the patent laws that specifically relate to this case.

---

ABA Section of Litigation, Model Jury Instructions: Patent Litigation § 5.

INSTRUCTION 14.

## THE CLAIMS OF THE PATENT IN SUIT

As you learned from the video presentation at the beginning of the trial, the claims of a patent are the numbered sentences at the end of the patent. The claims describe the invention made by the inventor and describe what the patent owner owns and what the patent owner may prevent others from doing. Claims may describe products, such as machines or chemical compounds, or processes for making or using a product.

Claims are comprised of words and phrases, called "limitations". For example, a claim that covers the invention of a table may recite the tabletop, four legs and the glue that secures the legs to the tabletop. The tabletop, legs and glue are each a separate limitation of the claim.

The claims at issue here (Claims 1-5) are copied below.

What is claimed is:

1. A carrier web, comprising: at least one surface that has a multiple embossed pattern having a first embossed pattern and a second embossed pattern, wherein the first embossed pattern forms an array of depressions, wherein the depressions of the first embossed pattern are in the second embossed pattern, wherein the second embossed pattern comprises lands and ridges between the lands, and wherein the height of the ridges over the lands ranges from about 3 to about 45 μm.

2. The web of claim 1, wherein a depth of depressions caused in the surface by any embossing pattern can range from a minor fraction of an original thickness of web to almost the entire original thickness.

3. The web of claim 1, wherein the surface can be embossed with any pattern ranging from a minor fraction of an area of the surface to the entire area of the surface.

4. The web of claim 1, wherein a shape of embossings for any pattern can range from a constant radius of curvature to a polygonal shape of at least 2 surfaces.

5. The web of claim 1, wherein a width of embossings in any pattern can range from about 1 μm to about 10,000 μm.

---

ABA Section of Litigation, Model Jury Instructions: Patent Litigation § 6.

INSTRUCTION 15.

**CONSTRUCTION OF THE CLAIMS**

In deciding whether or not an accused product infringes a patent, the first step is to understand the meaning of the words in the patent claims.

It is the Court's job to determine what the patent claims mean and to instruct you about that meaning. You must accept the meanings the Court gives you and use them when you decide whether or not the patent is infringed, and whether or not it is invalid.

Before you are instructed about the meaning of the words of the claims (see Instruction 18), the Court will explain to you the different types of claims that are at issue in this case.

It may be helpful to refer to the copy of the '930 patent that you have been given during the discussion of the claims at issue here. The claims are at the end of the patent, starting in column 9.

---

ABA Section of Litigation, Model Jury Instructions: Patent Litigation § 6.1.

INSTRUCTION 16.

## INDEPENDENT AND DEPENDENT CLAIMS

Patent claims may exist in two forms, referred to as independent claims and dependent claims. An independent claim does not refer to any other claim of the patent. Thus it is not necessary to look at any other claim to determine what an independent claim covers. Claim 1 of the '930 patent, for example, is an independent claim.

A dependent claim refers to at least one other claim in the patent. A dependent claim includes each of the limitations of the other claim or claims to which it refers, as well as the additional limitations recited in the dependent claim itself. Therefore, to determine what a dependent claim covers, it is necessary to look at both the dependent claim and the other claim or claims to which it refers.

Claims 2 to 5 are dependent claims. They each refer to claim 1. To determine what dependent claims 2 to 5 cover, the words of those claims and the words of claim 1 must be read together.

---

ABA Section of Litigation, Model Jury Instructions: Patent Litigation § 6.2.

INSTRUCTION 17.

**COMPRISING CLAIMS**

The beginning portion, or preamble, of claim 1 of the '930 patent uses the word "comprising." "Comprising" means "including" or "containing." A claim that uses the word "comprising" or "comprises" is not limited to products having only the elements that are recited in the claim, but also covers products that add additional elements.
Let's take our example of the claim that covers a table. If the claim recites a table "comprising" a tabletop, legs and glue, the claim will cover any table that contains these structures, even if the table also contains other structures, such as a leaf or wheels on the legs.

Claims 2 to 5 of the '930 patent also use the "comprising" language because they are dependent on claim 1.

---

ABA Section of Litigation, Model Jury Instructions: Patent Litigation § 6.5.1.

INSTRUCTION 18.

## LIMITATIONS OF THE CLAIMS AT ISSUE

You have been instructed as to the types of claims at issue in this case. The Court will next define the meaning of the words in the patent claims at issue. You must use the definitions the Court provides to you in your consideration of infringement and invalidity issues.

"**Embossed**" means a topography on a web or on tooling having an effective three-dimensional pattern that generates a difference in surface planar dimension in the liner or the tooling. For purposes of this definition "tooling" means a device that can be used to impress a pattern into a web.

"**Multiple embossed**" means two or more embossing patterns are superimposed on the web to create a complex pattern of differing depths of embossing. The term "multiple embossed" is not limited to a sequential embossing process.

"**Array**" means an orderly arrangement.

"**Ridges**" means an elongated crest or raised strip.

"**Pattern**" means any formation of embossings that can utilize any theory of geometry, including without limitation, Euclidian geometry and fractal geometry.

"**Depressions**" means lower, sunken, or depressed areas of the carrier web. Depressions may be either empty or filled according to any number of processes or uses.

"**Carrier web**" means material with at least one surface that carries, can carry, or has carried another material.

"**Lands**" means areas of the surface of the carrier web between the ridges.

---

ABA Section of Litigation, Model Jury Instructions: Patent Litigation § 6.6.

INSTRUCTION 19.

## PATENT INFRINGEMENT, GENERALLY – DIRECT INFRINGEMENT

A patent owner has the right to stop others from using the invention covered by its patent claims during the life of the patent. If any person makes, uses, sells or offers to sell what is covered by the patent claims without the patent owner's permission, that person is said to infringe the patent. This type of infringement is called "direct infringement." In addition to enforcing a patent against a direct infringer, a patent owner also has the right to enforce the patent against those who are known as "indirect infringers."

In reaching your decision on infringement, keep in mind that only the claims of a patent can be infringed. You must compare patent claims 1 to 5, as the Court has defined them, to the accused product, and determine whether or not there is infringement. You should not compare Avery's EZ Film product with any specific examples set out in the '930 patent, or with 3M's product. The only correct comparison is with the language of the claim itself, with the meaning the Court has given you.

You must consider each claim individually and must reach your decision as to each assertion of infringement based on the Court's instructions about the meaning and scope of the claims, the legal requirements for infringement, and the evidence presented to you by the parties. The Court will first discuss direct infringement.

Whether or not Avery knew that what it was doing was an infringement does not matter. A person may be found to be a direct infringer of a patent even if he or she believed in good faith what he or she was doing was not an infringement of any patent, and even if he or she did not even know of the patent.

In this case, 3M asserts that Avery's EZ Film product directly infringes claims 1 to 5 of the '930 patent. It is your job to determine whether or not 3M has proved by the more probable than not standard that Avery has directly infringed any of claims 1 to 5 of the '930 patent.

ABA Section of Litigation, Model Jury Instructions: Patent Litigation § 7.1.

INSTRUCTION 20.

**INFRINGEMENT – EVERY CLAIM LIMITATION MUST BE PRESENT, EITHER LITERALLY OR UNDER THE DOCTRINE OF EQUIVALENTS**

In order to infringe a patent claim, a product must include every limitation of the claim. If Avery's product omits even a single structure recited in a claim, then you must find that Avery has not infringed that claim. You must consider each of the '930 patent claims separately.

A claim limitation may be present in an accused product in one of two ways, either literally or under what is known as the doctrine of equivalents. A claim limitation is literally present if it exists in the accused product just as it is described in the claim language, either as the Court has explained that language or, if it was not explained, as you understand it.

A claim limitation is present in an accused product under the doctrine of equivalents if the difference between the claim limitation and a comparable element of the accused product are insubstantial. In deciding whether there is infringement under the doctrine of equivalents, each element or limitation contained in a patent claim is important. Therefore, the question is whether the Avery's EZ Film product contains an equivalent for each element of the claim. The question is not whether the Avery's product overall is equivalent to the 3M's invention as a whole.

One way to apply the doctrine of equivalents is to look at whether or not the claim element or limitation and a comparable element of the accused product performs substantially the same function, in substantially the same way, to achieve substantially the same result. Another way is to consider whether or not people of ordinary skill in the field of the invention believe that the claim limitation and a comparable element of the accused product are interchangeable. However, the doctrine of equivalents cannot be used to find infringement when the accused product is missing a claim element or limitation entirely.

A person of ordinary skill is a person with average education and training in the field. The belief of such a person must be based on what was known at the time of the activities which constitute the alleged infringement, and not what was known at the time the patent application was filed or when the patent was issued. Thus, the inventor need not have foreseen, and the patent need not describe, all potential equivalents to the invention covered by the claims. Also, slight changes in technique or improvements made possible by technology developed after the patent application is filed may still be considered equivalent for the purpose of the doctrine of equivalents.

ABA Section of Litigation, Model Jury Instructions: Patent Litigation § 7.3.