# Exhibit G-2

INSTRUCTION 21.

## DETERMINATION OF INFRINGEMENT

Taking each claim of the '930 patent separately, if you find that 3M proved that it is more probable than not that each and every limitation of the claim is present, either literally or under the doctrine of equivalents, in Avery's accused EZ Film product, then you must find that Avery's EZ Film product infringes that claim.

ABA Section of Litigation, Model Jury Instructions: Patent Litigation § 7.7.

INSTRUCTION 22.

## INFRINGEMENT OF DEPENDENT CLAIMS

Instructions on infringement so far have related to independent claims. The '930 patent also contains dependent claims. A dependent claim includes each of the limitations of the independent claim to which it refers, plus additional elements.

If you find that independent claim 1 of the '930 patent has been infringed, you must separately determine whether dependent claims 2 to 5 have also been infringed. If you find that the independent claim 1 is not infringed, then you must also find that the dependent claims 2 to 5 are not infringed.

ABA Section of Litigation, Model Jury Instructions: Patent Litigation § 7.10.

INSTRUCTION 23.

**INFRINGEMENT AND IMPROVEMENTS TO PATENTED INVENTION**

Avery has presented evidence that its EZ Film represents an improvement of the invention described in the '930 patent claims. Proof of this fact does not necessarily mean that the accused product does not infringe 3M's patent claims. The tests for infringement remain as the Court has instructed. As long as you find that Avery's accused product includes all of the limitations of at least one of the '930 patent claims, either literally or under the doctrine of equivalents, then you must find that the '930 patent claims are infringed by Avery's accused product, despite Avery's alleged improvements.

---

ABA Section of Litigation, Model Jury Instructions: Patent Litigation § 7.11.

INSTRUCTION 24.

**INDIRECT INFRINGEMENT**

As you have been told, in addition to enforcing a patent against a direct infringer, a patent owner may also enforce the patent against indirect infringers. The act of encouraging or inducing others to infringe a patent is called "inducing infringement."

There can be no indirect infringement unless someone is directly infringing the patent. Thus, in order to prove that Avery is inducing another person to infringe, 3M must prove that it is more probable than not that the other person is directly infringing at least one claim of the patent.

In this case, 3M accuses Avery of inducing infringement of claims 1 through 5 of the '930 patent. 3M must prove that it is more probable than not that Avery has induced infringement of any of these claims.

---

ABA Section of Litigation, Model Jury Instructions: Patent Litigation § 7.12.

INSTRUCTION 25.

## INDUCING PATENT INFRINGEMENT

A person induces patent infringement if he or she purposefully causes, urges or encourages another to infringe a patent. Inducing infringement cannot occur unintentionally. This is different from direct infringement, which, as you have been told, can occur unintentionally. In order to prove inducement, the patent owner must prove that it is more probable than not that the accused inducer knew of the patent and encouraged or instructed another person to use a product in a manner that infringes the patent. The patent owner must also prove that it is more probable than not that the other person infringed the patent. A person can be an inducer even if he or she thought that what he or she was encouraging or instructing the other person to do was not an infringement.

3M asserts that Avery induced patent infringement. 3M must prove four things by the more probable than not standard:

*First*, Avery encouraged or instructed another person how to use a product in a manner that you, the jury, find infringes the '930 patent claims.

*Second*, Avery knew of the '930 patent.

*Third*, Avery knew or should have known that its encouragement or instructions would likely result in the other person doing that which you find to be an infringement of the '930 patent.

*Fourth*, the other person infringed the '930 patent.

Case 0:01-cv-01781-JRT-FLN Document 331 Filed 12/21/2005 Page 31 of 49

If, and only if, you are persuaded of each of these four things may you find that Avery induced patent infringement.

ABA Section of Litigation, Model Jury Instructions: Patent Litigation § 7.12.1.

Case 0:01-cv-01781-JRT-FLN Document 331 Filed 12/21/2005 Page 32 of 49

INSTRUCTION 26.

**VALIDITY – IN GENERAL**

Only a valid patent may be infringed. For a patent to be valid, the invention claimed in the patent must be new, useful and non-obvious. A patent cannot take away from people their right to use what was known or what would have been obvious when the invention was made. The terms "new," "useful" and "non-obvious" have special meanings under the patent laws. The Court will explain these terms to you in the discussion of Avery's grounds for asserting invalidity.

Avery has challenged the validity of the '930 patent claims on a number of grounds. Avery must prove that a patent claim is invalid by the highly probable standard.

The Court will now explain to you each of Avery's grounds for invalidity in detail. In making your determination as to invalidity, you should consider each claim separately.

---

ABA Section of Litigation, Model Jury Instructions: Patent Litigation § 9.

INSTRUCTION 27.

## THE PRIOR ART

Under the patent laws, a person is entitled to a patent only if the invention claimed in the patent is new and unobvious in light of what came before. That which came before is referred to as the "prior art".

Avery is relying on various items of prior art. Avery and 3M agree that the following items are prior art, and there is no dispute that these items came before the invention claimed in the '930 patent:

United States Patent No. 5,405,675 - (the Sawka '675 patent)

United States Patent No. 5,141,790 – (the Calhoun '790 patent)

United States Patent No. 3,887,678 – (the Lewicki '678 patent)

European Patent Office Publication No. 0 313766 (the Cabe patent)

Patent Abstracts of Japan Publication No. 59078285A – October 8, 1982 (the Mitsui patent)

Utility Model Application No. 2587198 - Translated from Japanese

United States Patent No. 5,296,277 (the Wilson '277 patent)

GB Patent Specification No. 1,511,060 (the Unitika '060 patent)

G.P. HEI-7-138541

---

ABA Section of Litigation, Model Jury Instructions: Patent Litigation § 9.3.

INSTRUCTION 28.

**PRIOR ART – DATE OF INVENTION**

Many of the different categories of prior art refer to the date at which the inventor made the invention. This is called "date of invention".

The Court will now tell you how to determine that date.

There are two parts to the making of an invention. The inventor has the idea of the invention. This is referred to as "conception" of the invention. A conception of an invention is complete when the inventor has formed the definite and permanent idea of how to make and use every aspect of the claimed invention, and all that is required is that it be made without the need for any further inventive effort. The actual making of the invention is referred to as "reduction to practice." An invention is said to be "reduced to practice" when it is made and shown to work for its intended purpose.

Under the patent laws, the date of invention is generally the date that the patent application was filed. This is also referred to as a "constructive reduction to practice." In this case, that date is December 31, 1996. Ordinarily, art dated before the application filing date is prior art to the patent claims.

There are, however, two circumstances under which art dated before the application filing date is not prior art. The first occurs when the inventor on the patent reduced the invention to practice before the date of the art. Art dated after the reduction to practice is not prior art to the patent claims.

The second circumstance under which art dated before the application filing date is not prior art occurs when the inventor conceived of the invention before the date of the

Case 0:01-cv-01781-JRT-FLN Document 331 Filed 12/21/2005 Page 35 of 49

prior art and exercised reasonable diligence from just before the date of the art up to the date of the inventor's reduction to practice. In that case, art dated after the conception date is not prior art to the patent claims.

Remember, reduction to practice occurs either as of the filing of the patent application or when the invention was actually made and was shown to work for its intended purpose. Reasonable diligence means that the inventor worked continuously on reducing the invention to practice. Interruption necessitated by the everyday problems and obligations on the inventor or others working with him or her do not prevent a finding of diligence.

The Court will now describe the specific requirements for the prior art category relied on by Avery in this case that are in dispute.

---

ABA Section of Litigation, Model Jury Instructions: Patent Litigation § 9.3.1.

INSTRUCTION 29.

**INVENTORSHIP**

The patent laws require that the inventor on a patent be the true inventor of the invention covered by the patent claims. In some patents, there is more than one inventor. Inventors may apply for a patent jointly even though (1) they did not physically work together or at the same time, (2) each did not make the same type or amount of contribution, or (3) each did not make a contribution to the subject matter of every claim of the patent. A patent is invalid if it fails to name all of the joint inventors.

To be an inventor, a person must contribute in some significant manner to the claimed invention. The contribution must not be insignificant in quality, when that contribution is measured against the dimension of the full invention. Further, the person must do more than merely provide well-known principles or explain the state of the art. Following conception of the claimed invention, an inventor may use the services, ideas, and aid of others in the process of perfecting his invention without losing his right to a patent.

In this case, defendant contends that claims 1 to 5 of the '930 patent are invalid because Frank Sher was a co-inventor of the '930 patent and was not identified as a co-inventor. If you find that defendant has proved that it is highly probable that Frank Sher was a co-inventor of claim 1 of the '930 patent, then you must find that the claims are invalid.

---

*Pannu v. Iolab Corporation*, 155 F.3d 1344 (Fed. Cir. 1998); *Ethicon, Inc. v. United States Surgical Corp.*, 135 F.3d 1456, 1460 (Fed. Cir. 1998); ABA Section of Litigation, Model Jury Instructions: Patent Litigation § 9.4.

INSTRUCTION 30.

## PRIOR ART – PRIOR INVENTION

An invention made by another person before the inventor on the patent made the invention is prior art to the patent claim, unless that other person abandoned, suppressed or concealed his or her invention.

As a general rule, the first person to reduce an invention to practice is said to be the first inventor. An invention is reduced to practice either when a patent application is filed or when the invention is made and shown to work for its intended purpose. Thus, if another person reduces to practice an invention before the inventor on the patent, then the reduction to practice by the other person will be prior art to the patent claims.

Let's consider an example. Mr. Smith has a patent on a table. He reduced his table to practice on April 1. Ms. Jones invents the same table. She built her table on March 1, one month before Mr. Smith reduced his table to practice. Ms. Jones' invention of the table is prior art to Mr. Smith's patent claims because Ms. Jones reduced her table to practice one month before Mr. Smith's reduction to practice.

There is, however, an important exception to this general rule. Someone who was first to conceive of an invention but reduced it to practice after someone else will be the first inventor if he or she was the first to conceive of the invention and he or she exercise "reasonable diligence" in reducing the invention to practice from a time just before the other person's conception. Conception of an invention occurs when the inventor has formed the idea of how to make and use every aspect of the patented invention, and all that is required is that it be made, without the need for any further inventive effort.

Reasonable diligence means that the inventor worked continuously on reducing the invention to practice. Interruptions necessitated by the everyday problems and obligations of the inventor or those working with him or her do not prevent a finding of diligence.

Let's change our example slightly. Mr. Smith conceived of his table on February 1 and reduced it to practice on April 1. Ms. Jones conceived of the table on January 1, one month before Mr. Smith's conception, and built it on May 1, one month after Mr. Smith's reduction to practice. If Ms. Jones was reasonably diligent in building the table from the time just before Mr. Smith's February 1 conception up to the time that she built the table on May 1, she is the first inventor of the table and her invention is prior art to Mr. Smith's patent claims.

The final requirement for a prior invention to be prior art is that the prior inventor did not abandon, suppress or conceal his or her invention. Generally, an invention was not abandoned, suppressed or concealed if the invention was made public, sold or offered for sale, or otherwise used for a commercial purpose. The filing of a patent application that discloses the invention is evidence that the invention was not abandoned, suppressed or concealed.

In this case, Avery contends that the laboratory notebooks of Frank Sher evidence his prior invention to the '930 patent claims.

---

ABA Section of Litigation, Model Jury Instructions: Patent Litigation § 9.3.9.

INSTRUCTION 31.

## ANTICIPATION/LACK OF NOVELTY

A person cannot obtain a patent on an invention if someone else has already made the same invention. In other words, the invention must be new. If an invention is not new, we say that it was "anticipated" by the prior art. An invention that is "anticipated" by the prior art is not entitled to patent protection. A party challenging the validity of a patent must prove anticipation by the highly probable standard.

In order for a patent claim to be anticipated by the prior art, each and every limitation of the claim must be present within a single item of prior art, whether that prior art is a publication, a prior patent, a prior invention, a prior public use or sale, or some other item of prior art. You may not find that the prior art anticipates a patent claim by combining two or more items of prior art.

A printed publication or patent will not be an anticipation unless it contains a description of the invention covered by the patent claims that is sufficiently detailed to teach a skilled person how to make and use the invention without undue experimentation. That means that a person skilled in the field of the invention reading the printed publication or patent would be able to make and use the invention using only an amount of experimentation that is appropriate for the complexity of the field of the invention and for the level of expertise and knowledge of persons skilled in that field.

In deciding whether or not a single item of prior art anticipates a patent claim, you should consider that which is expressly stated or presented in the item of prior art, and also that which is inherently present. Something is inherent in an item of prior art if it is

always present in the prior art or always results from the practice of the prior art, and if a skilled person would understand that to be the case.

In this case, Avery contends that claims 1 to 5 of the '930 patent are invalid because they are anticipated by United States Patent No. 5,405,675 (the Sawka '675 patent)

If you find that Avery has proved that it is highly probable that claims 1 to 5 are anticipated, then you must find that the claims are invalid.

ABA Section of Litigation, Model Jury Instructions: Patent Litigation § 9.6.

INSTRUCTION 32.

**OBVIOUSNESS**

As mentioned earlier, an inventor is not entitled to a patent if his or her invention would have been obvious to a person of ordinary skill in the field of the invention at the time he the invention was made.

Unlike anticipation, obviousness may be shown by considering more than one item of prior art. The question is, would it have been obvious for a skilled person who knew of the prior art to make the claimed invention? If the answer to that question is yes, then the patent claims are invalid. Avery has the burden of proving by the highly probable standard that claims 1 to 5 of the '930 patent are invalid for obviousness.

Obviousness is determined from the perspective of a person of ordinary skill in the field of the invention. The issue is not whether the claimed invention would have been obvious to you, to me as a judge, or to a genius in the field of the invention. Rather, the question is whether or not the invention would have been obvious to a person of ordinary skill in the field of the invention.

In deciding obviousness, you must avoid using hindsight; that is, you should not consider what is known today or what was learned from the teachings of the patent. You should not use the patent as a road map for selecting and combining items of prior art. You must put yourself in the place of a person of ordinary skill in the inventor's field at the time the invention was made.

You must also keep in mind that the test for obviousness is not whether or not it would have been obvious to try to make the invention, but rather whether or not the invention would have been obvious to a person of ordinary skill in the inventor's field at the time the invention was made.

In determining whether or not these claims would have been obvious, you should make the following determinations:

*First*, what is the scope of and content of the prior art?

*Second*, what differences, if any, are there between the invention of the claims of the patent and the prior art?

*Third*, what was the level of ordinary skill in the art at the time the invention was made?

*Fourth*, are there any objective indications of non-obviousness?

Against this background, you must decide whether or not the invention covered by the '930 patent claims would have been obvious.

The Court will now describe in more detail the specific determinations you must make in deciding whether or not the claimed invention would have been obvious.

---

ABA Section of Litigation, Model Jury Instructions: Patent Litigation § 9.7.

Case 0:01-cv-01781-JRT-FLN Document 331 Filed 12/21/2005 Page 43 of 49

INSTRUCTION 33.

## THE SCOPE AND CONTENT OF THE PRIOR ART

Determining the scope and content of the prior art means that you should determine what is disclosed in the prior art relied on by Avery. You must decide whether this prior art was reasonably relevant to the particular problem the inventor faced in making the invention covered by the patent claims. Such relevant prior art includes prior art in the field of the invention, and also prior art from other fields that a person of ordinary skill would look to when attempting to solve the problem.

---

ABA Section of Litigation, Model Jury Instructions: Patent Litigation § 9.8.1.

Case 0:01-cv-01781-JRT-FLN Document 331 Filed 12/21/2005 Page 44 of 49

INSTRUCTION 34.

## DIFFERENCES BETWEEN THE INVENTION OF THE CLAIMS AND THE PRIOR ART

In determining the differences between the invention covered by the patent claims and the prior art, you should not look at the individual differences in isolation. You must consider the claimed invention as a whole and determine whether or not it would have been obvious in light of all of the prior art.

In deciding whether to combine what is described in various items of prior art, you should keep in mind that there must be some motivation or suggestions for a skilled person to make the combination covered by the patent claims. You should also consider whether or not the prior art "teaches away" from the invention covered by the patent claims. The question to be answered is: Would someone reading the prior art be discouraged from following the path taken by the inventor?

---

ABA Section of Litigation, Model Jury Instructions: Patent Litigation § 9.8.2; Federal Circuit Bar Association Model Patent Jury Instructions.

INSTRUCTION 35.

**LEVEL OF ORDINARY SKILL**

Obviousness is determined from the perspective of a person of ordinary skill in the art. This person is presumed to know all of the prior art, not just what the inventor may have known. When faced with a problem, this ordinary skilled person is able to apply his or her experience and ability to the problem and also to look to any available prior art to help solve the problem.

Factors to consider in determining the level of ordinary skill in the art include the educational level and experience of people working in the field, the types of problems faced by workers in the art and the solutions found to those problems, and the sophistication of the technology in the field.

---

ABA Section of Litigation, Model Jury Instructions: Patent Litigation § 9.8.3.

INSTRUCTION 36.

## OBJECTIVE INDICATIONS CONCERNING OBVIOUSNESS

You should also consider what are referred to as objective indications of non-obviousness. Some of these indications of non-obviousness are:

1. Commercial success of products covered by the patent claims.
2. A long-felt need for the invention.
3. Failed attempts by other to make the invention.
4. Copying of the invention by others in the field.
5. Unexpected results achieved by the invention.
6. Praise of the invention by the infringer or others in the field.
7. The taking of licenses under the patent by others.
8. Expressions of surprise by experts and those skilled in the art at the making of the invention.
9. The patentee proceeded contrary to the accepted wisdom of the prior art.

The presence of any of these objective indications may suggest that the invention was not obvious. These objective indications are only relevant to obviousness if there is a connection, or nexus, between them and the invention covered by the patent claims. For example, commercial success is relevant to obviousness only if the success of the product is related to a feature of the patent claims. If the commercial success is the result of something else, such as innovative marketing, and not to a patented feature, then you should not consider it to be an indication of non-obviousness.

---

ABA Section of Litigation, Model Jury Instructions: Patent Litigation § 9.8.4.

INSTRUCTION 37.

## DETERMINATION OF OBVIOUSNESS

Avery contends that the invention claimed in claims 1 to 5 of the '930 patent would have been obvious to a person of ordinary skill in the field of the invention at the time the invention was made in light of United States Patent No. 3,887,678 – (the Lewicki '678 patent) and United States Patent No. 5,141,790 – (the Calhoun '790 patent) in combination with either:

1) GB Patent Specification No. 1,511,060 – (the Unitika '060 patent)

or

2) Patent Abstracts of Japan Publication No. 59078285A – (the Mitsui patent)

If you find that Avery has proved obviousness by the highly probable standard, then you must find that the claims are invalid for obviousness.

ABA Section of Litigation, Model Jury Instructions: Patent Litigation § 9.8.5.

INSTRUCTION 38.

In conducting your deliberations and returning your verdict, there are certain rules you must follow.

*First*, when you go to the jury room, you must select one of your members as your foreperson. That person will preside over your deliberations.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can do so without infringing on individual judgment, because a verdict must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not change your opinion simply because other jurors think it is right, or simply in order to reach a verdict. Remember at all times that you are not partisans. You are judges – judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

*Third*, if you need to communicate with the Court during your deliberations, you may send a note to me through the marshal, signed by one or more jurors. The Court will respond as soon as possible in writing. Remember that you should not tell anyone during your deliberations – including me – how the jury stands, numerically or otherwise.

*Fourth*, your verdict must be based solely on the evidence and on the law that the Court has given to you in these instructions. Nothing The Court have said or done is intended to suggest what your verdict should be – that is entirely for you to decide.

*Finally*, the verdict form is simply the written notice of the decision that you reach in this case. You will take this form to the jury room and when each of you has agreed on the verdict, your foreperson will fill in the form, sign and date it, and advise the marshal that you are ready to return to the courtroom.