Exhibit H

Case 0:01-cv-01781-JRT-FLN Document 335 Filed 12/21/2005 Page 1 of 6

# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

3M INNOVATIVE PROPERTIES COMPANY, and MINNESOTA MINING AND MANUFACTURING COMPANY,

Plaintiffs,

v.

AVERY DENNISON CORPORATION,

Defendant.

Civil No. 01-1781 (JRT/FLN)

**SPECIAL VERDICT FORM**

We, the Jury in this case, make these answers to the following questions:

## DIRECT INFRINGEMENT

**Literal Infringement**

1. Did 3M prove that it is more probable than not that Avery's EZ Series Fleet Marking Film literally infringes any of the following claims of the '930 patent?

Claim 1 of the '930 patent: **YES** ✓ **NO**____

If you answer "No" on Claim 1, you need not answer claims 2 - 5.

Claim 2 of the '930 patent: **YES** ✓ **NO**____

Claim 3 of the '930 patent: **YES** ✓ **NO**____

Claim 4 of the '930 patent: **YES** ✓ **NO**____

Claim 5 of the '930 patent: **YES** ✓ **NO**____

SCANNED
DEC 22 2005
U.S. DISTRICT COURT MPLS

FILED 12-21-2005
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD.____
DEPUTY CLERK____

**Infringement Under the Doctrine of Equivalents**

**2.** Did 3M prove that it is more probable than not that Avery's EZ Series Fleet Marking Film infringes, under the doctrine of equivalents, any of the following claims of the '930 patent?

Claim 1 of the '930 patent: **YES** ✓ **NO**____

If you answer "No" on Claim 1, you need not answer claims 2 - 5.

Claim 2 of the '930 patent: **YES** ✓ **NO**____

Claim 3 of the '930 patent: **YES** ✓ **NO**____

Claim 4 of the '930 patent: **YES** ✓ **NO**____

Claim 5 of the '930 patent: **YES** ✓ **NO**____

**INDIRECT INFRINGEMENT**

**Inducing Infringement**

**3.** Did 3M prove that it is more probable than not that Avery has induced infringement of any of the following claims of the '930 patent?

Claim 1 of the '930 patent: **YES** ✓ **NO**____

If you answer "No" on Claim 1, you need not answer claims 2 - 5.

Claim 2 of the '930 patent: **YES** ✓ **NO**____

Claim 3 of the '930 patent: **YES** ✓ **NO**____

Claim 4 of the '930 patent: **YES** ✓ **NO**____

Claim 5 of the '930 patent: **YES** ✓ **NO**____

# VALIDITY

**Inventorship**

**4.** Did Avery prove that it is highly probable that claim 1 of the '930 patent is invalid because Frank Sher was a co-inventor of the '930 patent?

**YES** ____ **NO** ✓

**Prior Invention**

**5.** Did Avery prove that it is highly probable that claim 1 of the '930 patent is invalid because it was invented by Frank Sher at a time before the invention by the named inventors of the '930 patent?

**YES** ____ **NO** ✓

**Anticipation**

6. Did Avery prove that it is highly probable that any of the following claims of the '930 patent are invalid because they are anticipated by U.S. Patent 5,405,675 (the Sawka '675 patent)?

Claim 1 of the '930 patent: **YES** ____ **NO** ✓

If you answer "No" on Claim 1, you need not answer claims 2 - 5.

Claim 2 of the '930 patent: **YES** ____ **NO** ____

Claim 3 of the '930 patent: **YES** ____ **NO** ____

Claim 4 of the '930 patent: **YES** ____ **NO** ____

Claim 5 of the '930 patent: **YES** ____ **NO** ____

**Obviousness**

7. Did Avery prove that it is highly probable that any of the following claims of the '930 patent are invalid because they would have been obvious at the time the invention was made in light of United States Patent No. 3,887,678 – (the Lewicki '678 patent) and United States Patent No. 5,141,790 – (the Calhoun '790 patent) in combination with Japan Publication No. 59078285A (the Mitsui patent)?

Claim 1 of the '930 patent: **YES** ____ **NO** ✓

If you answer "No" on Claim 1, you need not answer claims 2 - 5.

Claim 2 of the '930 patent: **YES** ____ **NO** ____

Claim 3 of the '930 patent: **YES** ____ **NO** ____

Claim 4 of the '930 patent: **YES** ____ **NO** ____

Claim 5 of the '930 patent: **YES** ____ **NO** ____

**8.** Did Avery prove that it is highly probable that any of the following claims of the '930 patent are invalid because they would have been obvious at the time the invention was made in light of United States Patent No. 3,887,678 – (the Lewicki '678 patent) and United States Patent No. 5,141,790 – (the Calhoun '790 patent) in combination with GB Patent Specification No. 1,511,060 – (the Unitika '060 patent)?

Claim 1 of the '930 patent: **YES** ____ **NO** ✓

If you answer "No" on Claim 1, you need not answer claims 2 - 5.

Claim 2 of the '930 patent: **YES** ____ **NO** ____

Claim 3 of the '930 patent: **YES** ____ **NO** ____

Claim 4 of the '930 patent: **YES** ____ **NO** ____

Claim 5 of the '930 patent: **YES** ____ **NO** ____

**YOU HAVE COMPLETED YOUR DELIBERATIONS. PLEASE HAVE YOUR FOREPERSON SIGN AND DATE THIS FORM BELOW.**

Batrice G Murphy
FOREPERSON'S SIGNATURE

December 21, 2005
DATE

Exhibit I

**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

3M INNOVATIVE PROPERTIES COMPANY and MINNESOTA MINING AND MANUFACTURING COMPANY,

Plaintiffs,

v.

AVERY DENNISON CORPORATION,

Defendant.

Civil No. 01-1781 (JRT/FLN)

**ORDER**

---

John C. Adkisson, **FISH & RICHARDSON P.C.**, 3300 Dain Rauscher Plaza, 60 South Sixth Street, Minneapolis, MN 55402; Juanita R. Brooks, **FISH & RICHARDSON P.C.**, 12390 El Camino Real, San Diego, CA 92130; and Kevin H. Rhodes, **3M INNOVATIVE PROPERTY COMPANY**, 3M Center, Post Office Box 33427, St. Paul, MN 55133, for plaintiffs.

Lawrence M. Hadley and Roderick G. Dorman, **HENNIGAN, BENNETT & DORMAN LLP**, 601 South Figueroa Street, Suite 3300, Los Angeles, CA 90017; and David P. Pearson, **WINTHROP & WEINSTINE, P.A.**, 225 South Sixth Street, Suite 3500, Minneapolis, MN 55402; for defendant.

On March 17, 2006, this Court granted a motion by plaintiff 3M Innovative Properties Company and Minnesota Mining and Manufacturing Company (collectively "3M") for a permanent injunction. The injunction enjoins defendant Avery Dennison "from infringing claims 1 through 5 of the United States Patent No. 5,897,930 by making, using, selling, offering for sale or importing into the United States Avery's EZ Series

Fleet Marketing Film, or any other product no more than colorably different from that product."

By letters dated March 22 and March 23, 2006, the parties have asked the Court to clarify the scope of the injunction. Specifically, the parties ask whether companies that purchased Avery's EZ Series Fleet Marketing Film before the date of the injunction may continue to sell that product.

An injunction may enjoin parties as well as "persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise." Fed. R. Civ. P. 65(d). The Court finds that Avery's distributors are aiding and abetting Avery in its efforts to avoid the impact of the injunction. Therefore, the Court modifies the permanent injunction to make clear that it extends to Avery products purchased by independent distributors prior to the March 17, 2006 permanent injunction order.

**ORDER**

Based on the foregoing, all the records and files herein, **IT IS HEREBY ORDERED** that:

1. The permanent injunction entered against defendant Avery on March 17, 2006 [Docket No. 368] is **MODIFIED** as followed:

Until further order of this Court, absent explicit written permission from plaintiffs, defendant Avery and all persons in active concert with Avery, including without limit its distributors, who receive actual notice of this

Order by personal service or otherwise, are hereby enjoined from infringing claims 1 through 5 of the United States Patent No. 5,897,930 by making, using, selling, offering for sale or importing into the United States Avery's EZ Series Fleet Marketing Film, or any other product no more than colorably different from that product.

2. Within seven days of the date of this Order, defendant shall contact its customers, sales distributors, and sales agents, requesting that they immediately cease the sale and advertising of all products subject to this Order.

DATED: April 25, 2006
at Minneapolis, Minnesota.

s/ John R. Tunheim
JOHN R. TUNHEIM
United States District Judge