Rechtbank 's-Gravenhage
Zitting 10 november 2006
Rolnummer 2005/3435

# PRODUCTIE 28

SOLV.

UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

4/12/06

THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS

RABINDER N. NARULA

KNOBBE MARTENS OLSON & BEAR LLP

2040 MAIN STREET, 14TH FLOOR

IRVINE, CA 92614

## *EX PARTE* REEXAMINATION COMMUNICATION TRANSMITTAL FORM

REEXAMINATION CONTROL NO 90/007978

PATENT NO. 5,897,930

ART UNI 3992

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above identified ex parte reexamination proceeding (37 CFR 1.550(f)).

Where this copy is supplied after the reply by requester, 37 CFR 1.535, or the time for filing a replly has passed, no submission on behalf of the ex parte reexamination requester will be acknowledged or considered (37 CFR 1.550(g)).

| *Order Granting / Denying R qu st For Ex Parte R examination* | Control N . 90/007,978 | Pat nt Under Re xaminati n 5897930 | |
|---|---|---|---|
| | Examin r Stephen J. Stein | Art Unit 3991 | |

*--The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

The request for *ex parte* reexamination filed 20 March 2006 has been considered and a determination has been made. An identification of the claims, the references relied upon, and the rationale supporting the determination are attached.

Attachments: a)☐ PTO-892, b)☒ PTO-1449, c)☐ Other: ____

1. ☒ The request for *ex parte* reexamination is GRANTED.

RESPONSE TIMES ARE SET AS FOLLOWS:

For Patent Owner's Statement (Optional): TWO MONTHS from the mailing date of this communication (37 CFR 1.530 (b)). **EXTENSIONS OF TIME ARE GOVERNED BY 37 CFR 1.550(c).**

For Requester's Reply (optional): TWO MONTHS from the **date of service** of any timely filed Patent Owner's Statement (37 CFR 1.535). **NO EXTENSION OF THIS TIME PERIOD IS PERMITTED.** If Patent Owner does not file a timely statement under 37 CFR 1.530(b), then no reply by requester is permitted.

2. ☐ The request for *ex parte* reexamination is DENIED.

This decision is not appealable (35 U.S.C. 303(c)). Requester may seek review by petition to the Commissioner under 37 CFR 1.181 within ONE MONTH from the mailing date of this communication (37 CFR 1.515(c)). **EXTENSION OF TIME TO FILE SUCH A PETITION UNDER 37 CFR 1.181 ARE AVAILABLE ONLY BY PETITION TO SUSPEND OR WAIVE THE REGULATIONS UNDER 37 CFR 1.183.**

In due course, a refund under 37 CFR 1.26 ( c ) will be made to requester:

a) ☐ by Treasury check or,

b) ☐ by credit to Deposit Account No. ____, or

c) ☐ by credit to a credit card account, unless otherwise notified (35 U.S.C. 303(c)).

cc:Requester ( if third party requester )

UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

DO NOT USE IN PALM PRINTER

(THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS)

Avery Dennison Corporation

150 North Orange Grove Boulevard

Pasadena, California 91103-3596

# *EX PARTE* REEXAMINATION COMMUNICATION TRANSMITTAL FORM

REEXAMINATION CONTROL NO. 90/008,215.

PATENT NO. 5897930.

ART UNIT 3991.

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above identified *ex parte* reexamination proceeding (37 CFR 1.550(f)).

Where this copy is supplied after the reply by requester, 37 CFR 1.535, or the time for filing a reply has passed, no submission on behalf of the *ex parte* reexamination requester will be acknowledged or considered (37 CFR 1.550(g)).

| *Order Granting / Denying Request For Ex Parte Reexamination* | Control No. 90/008,215 | Patent Under Reexamination 5897930 | |
|---|---|---|---|
| | Examiner Stephen J. Stein | Art Unit 3991 | |

*--The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

The request for *ex parte* reexamination filed 14 September 2006 has been considered and a determination has been made. An identification of the claims, the references relied upon, and the rationale supporting the determination are attached.

Attachments: a)☐ PTO-892, b)☒ PTO/SB/08, c)☐ Other: ____

1. ☒ The request for *ex parte* reexamination is GRANTED.

RESPONSE TIMES ARE SET AS FOLLOWS:

For Patent Owner's Statement (Optional): TWO MONTHS from the mailing date of this communication (37 CFR 1.530 (b)). **EXTENSIONS OF TIME ARE GOVERNED BY 37 CFR 1.550(c).**

For Requester's Reply (optional): TWO MONTHS from the **date of service** of any timely filed Patent Owner's Statement (37 CFR 1.535). **NO EXTENSION OF THIS TIME PERIOD IS PERMITTED.** If Patent Owner does not file a timely statement under 37 CFR 1.530(b), then no reply by requester is permitted.

2. ☐ The request for *ex parte* reexamination is DENIED.

This decision is not appealable (35 U.S.C. 303(c)). Requester may seek review by petition to the Commissioner under 37 CFR 1.181 within ONE MONTH from the mailing date of this communication (37 CFR 1.515(c)). **EXTENSION OF TIME TO FILE SUCH A PETITION UNDER 37 CFR 1.181 ARE AVAILABLE ONLY BY PETITION TO SUSPEND OR WAIVE THE REGULATIONS UNDER 37 CFR 1.183.**

In due course, a refund under 37 CFR 1.26 ( c ) will be made to requester:

a) ☐ by Treasury check or,

b) ☐ by credit to Deposit Account No. _____, or

c) ☐ by credit to a credit card account, unless otherwise notified (35 U.S.C. 303(c)).

Stephen J Stein
Primary Examiner
Art Unit: 3991

cc:Requester ( if third party requester )

## *Reexamination*

### *Decision on Reexamination Request*

1. A substantial new question of patentability affecting claims 1-5 of US 5,897,930 ("'930 patent") is raised by the request for reexamination, which was filed on September 14, 2006, by the Third Party Requester.

Since requester did not request reexamination of claims 6-12 and did not assert the existence of a substantial new question of patentability (SNQ) for such claims (see 35 U.S.C. § 311(b)(2); see also 37 CFR 1.915b and 1.923), such claims will not be reexamined. This matter was squarely addressed in *Sony Computer Entertainment America Inc., et al. v. Jon W. Dudas*, Civil Action No. 1:05CV1447 (E.D.Va. May 22, 2006), Slip Copy, 2006 WL 1472462. The District Court upheld the Office's discretion to not reexamine claims in an *inter partes* reexamination proceeding other than those claims for which reexamination had specifically been requested. The Court stated:

> "To be sure, a party may seek, and the PTO may grant, ... review of each and every claim of a patent. Moreover, while the PTO in its discretion may review claims for which ... review was not requested, nothing in the statute compels it to do so. To ensure that the PTO considers a claim for ... review, § 311(b)(2) requires that the party seeking reexamination demonstrate why the PTO should reexamine each and every claim for which it seeks review. Here, it is undisputed that Sony did not seek review of every claim under the '213 and '333 patents. Accordingly, Sony cannot now claim that the PTO wrongly failed to reexamine claims for which Sony never requested review, and its argument that AIPA compels a contrary result is unpersuasive."

### *Extension of Time*

2. Extensions of time under 37 CFR 1.136(a) will not be permitted in these proceedings because the provisions of 37 CFR 1.136 apply only to "an applicant" and not to parties in a

reexamination proceeding. Additionally, 35 U.S.C. 305 requires that ex parte reexamination proceedings "will be conducted with special dispatch" (37 CFR 1.550(a)). Extensions of time in ex parte reexamination proceedings are provided for in 37 CFR 1.550(c).

*Substantial New Question of Patentability*

3. The presence or absence of "a substantial new question of patentability" determines whether or not reexamination is ordered.

For a "substantial new question of patentability" to be present, it is only necessary that:

A) the prior art patents and/or printed publications raise a substantial new question of patentability for at least one claim, such that a reasonable examiner would consider the teaching to be important in deciding whether or not the claim was patentable. A SNQ may be based on newly cited art or even solely on old art where the old art is being presented/viewed in a new light, or in a different way, as compared with its use in earlier concluded examination(s), in view of a material new argument or interpretation presented in the request. (MPEP 2242).

B) the same question of patentability as to the claim has not been decided by the Office in a previous examination or pending reexamination of the patent or in a final holding of invalidity by the Federal Courts, after appeals, or time for such have expired.

*Discussion of the Documents Cited in the Request*

**U.S. Patent No 4,986,496 ("Marentic"), issued January 22, 1991**

4. The request indicates that claims 1-5 are unpatentable over newly raised prior art, U.S. Patent No 4,986,496 (Marentic).

As pointed out on pages 8-11 and Appendix A of the request, Marentic discloses a sheet material 10 that comprises carrier 16 and a layer 18 bearing a patterned first surface 12, wherein an adhesive can be provided on the surface of the carrier 16 and graphic designs may be placed on the patterned surface (See page 8 and Appendix A of the request). The request still further indicates that Figure 5 of Marentic shows two separate topographies on the base, one formed by peaks of different heights ranging from 20 to 400 microns and one formed by an array of depressions located between the ridges (multiple embossed pattern) (See page 8 and Appendix A of the request). The request still further indicates that Figure 1 of Marentic shows that the patterned surface covers the entire area of the surface and that figure 5 shows that the depressions have a triangular shape (See Appendix A of the request). The request finally indicates that Marentic discloses that the peak-to-peak spacing is between 20 – 400 microns (See Appendix A of the request). There is a substantial likelihood that a reasonable examiner would consider these teachings important in deciding whether or not the claims are patentable. The teachings of Marentic were not considered during the prosecution of the application which became the '930 patent. Accordingly, Marentic raises a substantial new question of patentability as to claims 1-5, which has not been decided in a previous examination of the '930 patent.

**International Publication WO 95/11655 ("Boyer"), published May 4, 1995**

5. The request indicates that claims 1-5 are unpatentable over newly raised prior art, International Publication No WO 95/11655 (Boyer).

As pointed out on pages 11-14 and Appendix B of the request, Boyer discloses a pressure sensitive adhesive tape comprising a backing coated with a pressure sensitive adhesive layer

(carrier web), wherein the adhesive layer comprises two separate topographies formed by depressions forming 10 micron deep concave/caldera shapes and ridges (See page 12 and Appendix B of the request). The request further indicates that Figure 5 of Boyer discloses that the depressions are located between the ridges and lands (See page 12 and Appendix B of the request). The request still further indicates that Figures 2 and 5 of Boyer disclose that the depressions have a depth that is within 1 to 99% of thickness of the material and that the embossed pattern may cover the entire area of the surface (See page 14 and Appendix B of the request). The request finally discloses that Boyer discloses that the depressions have a triangular shape and that the width-to-depth ratio for calderas may be from 1 to 100 with a minimum average depth of 10 microns (See page 14 and Appendix B). There is a substantial likelihood that a reasonable examiner would consider these teachings important in deciding whether or not the claims are patentable. The teachings of Boyer were not considered during the prosecution of the application which became the '930 patent. Accordingly, Boyer raises a substantial new question of patentability as to claims 1-5, which has not been decided in a previous examination of the '930 patent.

**U.S. Patent No 5,141,790 ("'790 patent"), issued August 25, 1992 in combination with U.S. Patent No 2,667,436 ("Goepfert"), issued January 26, 1954**

6. The request indicates that claims 1-5 are unpatentable over previously cited prior art U.S. Patent No 5,141,790 ('790 patent) in combination with newly cited U.S. Patent No 2,667,436 (Goepfert).

As pointed out on pages 15-19 and Appendix C of the request, the '790 patent discloses a carrier web with a first embossed pattern comprising an array of depressions and a second embossed pattern in the first embossed pattern comprising ridges and lands (See pages 15-16 and

Appendix C of the request). The request further indicates that figure 1 of the '790 patent discloses that the pattern of dimples making up the depressions of the first embosses pattern fall within a range of a minor fraction of the original thickness to the almost the entire thickness and also fall within a range of from a minor fraction of the area of the surface to the total surface area of the web (See page 18 and Appendix C of the request). The request still further points out that figure 1 of the '790 patent discloses that the depressions making up the first embossed pattern have a hemispherical shape which falls with the claimed range of a constant radius of curvature to a polygonal shape of at least two surfaces (See page 18 and Appendix C of the request). The request still further points out that the '790 patent discloses that the depressions making up the first embossed pattern may have a diameter from about 10 to 70 microns (See page 19 and Appendix C of the request).

The request further points out on pages 15-19 and Appendix C of the request, that Goepfert discloses a pressure sensitive adhesive coated sheet (carrier web) comprising lands and ridges in the form of inverted channels (ridges) and corresponding rhombs (lands) that are formed between the inverted channels wherein the height of the ridges is within 3 to 45 microns (See page 19 and Appendix C of the request).

There is a substantial likelihood that a reasonable examiner would consider these teachings important in deciding whether or not the claims are patentable. While the '790 patent was cited during the prosecution of the '930 patent, the teachings of the '790 patent in combination with Goepfert were not considered during the prosecution of the application which became the '930 patent. Accordingly, the '790 patent in combination with Goepfert raises a

substantial new question of patentability as to claims 1-5, which has not been decided in a previous examination of the '930 patent.

*Conclusion*

7. A substantial new question of patentability was found to claims 1-5 of US 5,897,930.

*Duty to Disclose*

8. The patent owner is reminded of the continuing responsibility under 37 CFR 1.565(a) to apprise the Office of any litigation activity, or other prior or concurrent proceeding, involving Patent No 5,897,930 throughout the course of this reexamination proceeding. The third party requester is also reminded of the ability to similarly appraise the Office of any such activity or proceeding throughout the course of this reexamination proceeding. See MPEP §§ 2207, 2282 and 2286.

*Future Correspondence*

9. Any inquiry concerning this communication or earlier communications from the examiner should be directed to Stephen Stein whose telephone number is 571-272-1544. The examiner can normally be reached on Monday through Friday from 8:30 a.m. to 5:00 p.m. If the attempts to reach the examiner are unsuccessful, the examiner's supervisor, Deborah Jones can be reached by dialing 571-272-1535. The official fax number for the organization where this application is assigned is 571-273-9900.

Information regarding the status of an application may be obtained from the Patent Application Information Retrieval (PAIR) system. Status information for published applications may be obtained from either Private PAIR or Public PAIR. Status information for unpublished

applications is available through Private PAIR only. For more information about the PAIR system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free).

All correspondence relating to this *ex parte* reexamination proceeding should be directed as follows:

By **U.S. Postal Service Mail** to:

Mail Stop *Ex Parte* Reexam
ATTN: Central Reexamination Unit
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

By FAX to: (571) 273-9900
Central Reexamination Unit

By hand to: Customer Service Window
Randolph Building
401 Dulany St.
Alexandria, VA 22314

October 11, 2006

Stephen J. Stein
Primary Examiner
Art Unit 3991

Conferee ____________

Conferee ____________