**EXHIBIT 2**

glgriswold@mmm.com on 04/25/2002 12:55:07 PM

To: arthur_moore@averydennison.com
cc:

Subject: 3M v. Avery

CONFIDENTIAL
Attorneys' Eyes Only Under Protective Order
Subject to Federal Rule of Evidence 408

Dear Arthur,

Thank you for your prompt response to 3M's proposed stipulation regarding damages in the 3M v. Avery case. Because we share your desire that the parties seek to avoid the effort and expense of discovery and trial of monetary damages issues, we have attempted to address your concerns with our proposed stipulation and we propose a compromise with respect to the few remaining issues for which we have not yet reached agreement. In addition, as you requested, we authorized our outside counsel to reach an agreement deferring the exchange of opening expert reports on certain issues until May 6th.

As set forth below in the revised proposed stipulation, we have deleted the advisory jury verdict on the amount of increased damages, as you requested. We have also modified what Judge Doty would tell the jury about its role in the case, along the lines you requested.

We still have an unresolved issue on the amount of a stipulated royalty, however. I agree with you that a 10% royalty might be fair if damages in this case were limited to a reasonable royalty award. But if we have to litigate the issue of damages, we will be seeking lost profits. Our proposed rate of 30% may be greater than a reasonable royalty, but it is less than a lost profits recovery, and we think that it represents a fair compromise between the parties' respective damages theories. Nonetheless, in the interests of compromise, we are prepared to reduce the stipulated royalty to 25%.

3M's revised proposed stipulation, subject to Judge Doty's approval in full, is as follows:

· In the event that 3M prevails at trial on liability issues, 3M shall be entitled to damages in the amount of 25% of Avery's total sales of EZ Liner products (subject to an appropriate accounting). These damages are for this case only, and shall not be used by either party for any other purpose or case.

· The foregoing stipulation on the amount of damages does not preclude the parties from any discovery or trial on (1) the issue of willful infringement, or (2) the issues of Avery's sales and marketing to address Avery's contention that the patent-in-suit is invalid for reasons of obviousness (e.g., commercial success).

· At the outset of trial, the jury shall be informed as follows by Judge Doty: "Your role is to determine whether any valid and enforceable claim of the '930 patent has been infringed by Avery. Your role with respect to damages is to determine, in the event that you find such infringement, whether that infringement was willful, which, under the patent laws, I may consider in determining whether to award increased damages."

Arthur, please let me know as soon as possible whether you will agree with the foregoing stipulation.

Gary

Gary L. Griswold
President and Chief Intellectual Property Counsel
3M Innovative Properties Company
Office of Intellectual Property Counsel
Tel: 651-733-8904
Fax: 651-733-9155

## CERTIFICATE OF SERVICE

On January 16, 2007, I served a copy of the within document described as **DECLARATION OF LAWRENCE HADLEY** by transmitting via United States District Court for the District of Minnesota Electronic Case Filing Program the document listed above by uploading the electronic files for each of the above listed document on this date, addressed as set forth below.

Jonathan E. Singer
John C. Adkisson
Fish & Richardson, P.C.
60 South Sixth Street, Suite 3300
Minneapolis, Minnesota 55402

Juanita R. Books
Fish & Richardson, P.C.
12390 El Camino Real
San Diego, California 92130-2081

/S/ Lawrence M. Hadley
Lawrence M. Hadley