UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| 3M INNOVATIVE PROPERTIES COMPANY<br><br>and<br><br>MINNESOTA MINING AND MANUFACTURING COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>AVERY DENNISON CORPORATION,<br><br>Defendant. | Civil No. 01-CV-1781 DSD/FLN |

**3M'S FIRST SET OF INTERROGATORIES [Nos. 1-15]**

Plaintiffs 3M Innovative Properties Company and Minnesota Mining and Manufacturing Company (collectively "3M") request that Defendant Avery Dennison Corporation ("Avery") answer the following interrogatories separately, fully, and under oath, pursuant to Rule 33 of the Federal Rules of Civil Procedure, within thirty (30) days of service.

**DEFINITIONS**

1. "Plaintiff" or "3M" means 3M Innovative Properties Company and Minnesota Mining and Manufacturing Company, including without limitation all of its corporate locations, and all predecessors, subsidiaries, parents, and affiliates, and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, entities acting in joint-venture or partnership relationship with 3M and others acting on behalf of 3M.

2. "Defendant," "Avery," "you" or "your" means Avery Dennison Corporation, including without limitation all of its corporate locations, and all predecessors, subsidiaries, parents, and affiliates and all past or present directors, officers, agents, representatives,

employees, consultants, attorneys, entities acting in joint-venture or partnership relationships with Avery and others acting on behalf of Avery.

3. "Document" incorporates the full meaning of Federal Rule of Civil Procedure 34, and includes all tangible things, all originals (or, if originals are not available, identical copies thereof), all non-identical copies of a document, all drafts of final documents, all other written, printed, or recorded matter of any kind, and all other data compilations from which information can be obtained and translated if necessary, that are or have been in your actual or constructive possession or control, regardless of the medium on which they are produced, reproduced, or stored (including without limitation computer programs and files containing any requested information), and any recording or writing, as these terms are defined in Rule 1001, Federal Rules of Evidence, as well as any electronic documents including electronic mail, whether deleted or not. Any document bearing marks, including without limitation, initials, stamped initials, comments, or notations not a part of the original text or photographic reproduction thereof, is a separate document.

4. "Person" means any individual or firm, association, organization, joint venture, trust, partnership, corporation, or other collective organization or entity.

5. "Entity" means any person.

6. "The '930 Patent" refers to U.S. Patent No. 5,897,930.

7. "Avery EZ Film product(s)" means all of Avery's EZ (or Easy) Fleet Marking Film products, e.g., EZ 1002 Fleet Marking Film, and all products made (whether in whole or in part), used, offered for sale or sold by or on behalf of Avery in the United States or imported by or on behalf of Avery into the United States that are the same as or not colorably different from Avery's EZ (or Easy) Fleet Marking Film.

8. "Foreign counterpart(s) to the '930 Patent" means all patent applications, and patents issued thereon, filed with any non-United States Patent Office that claim priority from or otherwise reference the '930 Patent, including, without limitation, 3M's Patent Cooperation Treaty Patent Application WO 29/29231.

9. "Prior art" means any type of art described in 35 U.S.C. § 102.

10. "Infringe" and "infringement" refer to direct infringement, contributory infringement, inducement, literal infringement, and/or infringement by the doctrine of equivalents.

11. "The Complaint" refers to the Complaint, filed by 3M on September 27, 2001.

12. "The Answer" refers to Defendant/Counterclaimant's Answer, Affirmative Defenses and Counterclaims, filed by Avery on November 7, 2001.

## INSTRUCTIONS

1. Whenever in these interrogatories there is a request to "identify" a communication: (1) state the date and place of such communications; (2) identify each person who was present at, involved in, connected with or who participated in such communication; (3) identify the type of communication (e.g., letter, telegram, conference, meeting, telephone conversation); (4) state the substance of such communication; and (5) identify each document reflecting or comprising such communication.

2. Whenever in these interrogatories there is a request to "identify" or to "set forth the identity" of an individual, the answering party shall state with respect to such individual: (1) his name; (2) his present business or home address; (3) his business or home telephone number; (4) his present or last known employer and his present or last known position; and (5) all positions he has held with the answering party (including the dates each such period of

employment commenced and terminated, and a brief description of the responsibility of such position).

3. Whenever in these interrogatories there is a request to "identify" a document, the answering party shall set forth: (1) the individuals who prepared the document; (2) the individuals who drafted the document; (3) the individuals who received or approved the document; (4) the addressees and all other persons receiving a copy of the document; (5) its date; (6) its present location; (7) its present custodian; (8) the type of document (e.g., letter, memorandum, tape recording or other form of document); and (9) a description of it with the specificity required on a subpoena. Further, whenever in these interrogatories there is a request to "identify" a document, the answering party may produce the document to 3M in lieu of identifying the document as required by this instruction if: (1) the information required by this instruction may be obtained from a reading of the document; (2) the answering party clearly indicates the interrogatory to which the document is responsive at the time the document is produced to 3M; and (3) the answering party clearly indicates in its answer to any interrogatory as to which it otherwise would have set forth a narrative identifying any document in accordance with this instruction that the document or documents will be produced to3M.

4. Whenever in these interrogatories there is a request to "identify" a conversation, discussion or meeting, the answering party shall: (1) identify all individuals who participated or were present; (2) set forth the date of the conversation or meeting; (3) set forth the location at which it occurred, or in the case of a telephone conversation, the location of each party; (4) describe the substance of what was discussed; and (5) describe all actions taken as a result of the conversation or meeting.

5. For any information withheld based on any ground, including privilege, provide a written statement setting forth: (1) the identity of all person(s) from and to whom the information has been communicated; (b) a brief description of the subject matter of the information; and (c) the legal ground upon which you rely in withholding the information.

**INTERROGATORIES**

**INTERROGATORY NO. 1:**

Identify by product name and product or model number all Avery EZ Film products made (whether in whole or in part), used, sold or offered by sale by or on behalf of Avery within the United States or imported into the United States by or on behalf of Avery.

**INTERROGATORY NO. 2:**

Identify by manufacturer (and seller, if manufactured by an entity other than the seller), product name, and product or model number or designation all graphic film or decal products known to Avery that offer the feature of reduced wrinkling during the application process, and state whether and the period during which such products have been commercially available.

**INTERROGATORY NO. 3:**

Identify by manufacturer (and seller, if manufactured by an entity other than the seller), product name, and product or model number or designation all graphic film or decal products known to Avery that offer the feature of reduced air entrapment during the application process, and state whether and the period during which such products have been commercially available.

**INTERROGATORY NO. 4:**

State all bases (in the form of a claim chart) for Avery's contention that Avery has not infringed any claim the '930 Patent, including by identifying for each claim allegedly not infringed all claim element(s) allegedly missing from, or not present in equivalent form in,

Avery's EZ Film products, and by identifying all bases for contending that each such claim element is allegedly missing, including any passages in the specification or events in the prosecution history of the '930 Patent that Avery contends supports its contention of non-infringement.

**INTERROGATORY NO. 5:**

State all bases (in the form of a claim chart) for Avery's contention that the '930 Patent is invalid under 35 U.S.C. §§ 101, 102, 103, or 112, including by identifying for each claim of the '930 Patent the specific reference(s) that allegedly anticipates the claim or renders it obvious, the specific subsection(s) of § 102 pursuant to which each such reference is contended to be prior art to the '930 Patent, where each element of the claim is found in each of such reference(s), the specific combination or combinations of such references that allegedly render the claim obvious, all suggestions or motivations to make such combination or combinations, the level of skill in the applicable art, the specific subsection(s) of § 112 that form the basis for Avery's contention of invalidity under that section of the Patent Act and the basis for that contention, the basis for Avery's contention of invalidity under § 101, and each person with factual information supporting Avery allegations of invalidity under 35 U.S.C. §§ 101, 102, 103, or 112 and the nature and extent of the information known to each person material to this defense.

**INTERROGATORY NO. 6:**

State all bases for Avery's contention that 3M is limited or barred by the equitable doctrines of laches and unclean hands from asserting the claims alleged in the Complaint, including by identifying the alleged period of "delay," the alleged reasons the delay was unreasonable or inexcusable, the alleged material prejudice upon which Avery bases this

defense, and each person with factual information supporting Avery's contention and the nature and extent of the information known to each person material to this defense.

**INTERROGATORY NO. 7:**

State all facts supporting Avery's contention that the '930 Patent is unenforceable against Avery as a result of inequitable conduct and/or fraud, including by identifying all individuals who Avery contends committed inequitable conduct or fraud during the prosecution of the application that resulted in the '930 Patent, the statements, acts, or omissions that Avery contends constitute inequitable conduct or fraud, the basis for Avery's contention that those statements, acts, or omissions (including the non-citation of United States Patent No. 5,405,675) were material to the patentability of the '930 Patent, and all facts supporting Avery's contention that the individual(s) listed above intended to deceive the United States Patent and Trademark Office during the prosecution of the '930 Patent.

**INTERROGATORY NO. 8:**

State when and describe the circumstances by which Avery decided to engage in the design and commercialization of its EZ Film Product, and identify the person(s) at Avery who were responsible for making the decision to design and to commercialize Avery's EZ Film Product.

**INTERROGATORY NO. 9:**

State when and how Avery first became aware of the '930 Patent, and also when and how Avery first became aware of all foreign counterparts to the '930 Patent.

**INTERROGATORY NO. 10:**

Identify, on a month-by-month and customer-by-customer basis, all sales (in units and dollars), selling prices, gross profits, and net profits for each Avery EZ Film product.

**INTERROGATORY NO. 11:**

Identify all persons (whether employed by Avery or not) who were or have been involved in the research, design, development, decision to market and marketing of Avery EZ Film products, and the nature and scope of each person's involvement.

**INTERROGATORY NO. 12:**

Identify all entities who have purchased Avery EZ Film products, been provided with samples of Avery EZ Film products, or to whom promotions or offers to sell for Avery EZ Film products have been directed.

**INTERROGATORY NO. 13:**

State whether Avery intends to rely on advice of counsel as a defense to 3M's charge of willful infringement, and identify all such advice, including by identifying the date(s), author(s), recipient(s), and detailed nature and substance of any written advice, and by stating the detailed nature and substance of any oral advice and the date(s) on which such oral advice was rendered, who rendered it, and whom it was rendered to.

**INTERROGATORY NO. 14:**

If Avery contends that it has not willfully infringed the '930 Patent, state all bases for that contention.

**INTERROGATORY NO. 15:**

Identify all parts or components that make up each Avery EZ Film product, and for each part or component, identify the manufacturer, the location of manufacture, the manufacturing process, and the manufacturing cost (including labor cost and material cost).

Dated: December 31, 2001

FISH & RICHARDSON P.C., P.A.

By: [signature]

R.J. Zayed (#309849)
John C. Adkisson (#266358)
FISH & RICHARDSON P.C., P.A.
3300 Dain Rauscher Plaza
60 South Sixth Street
Minneapolis, MN 55402
Tel: (612) 335-5070
Fax: (612) 288-9696

OF COUNSEL:
Frank P. Porcelli
Kurt L. Glitzenstein
Timur S. Engin
FISH & RICHARDSON P.C., P.A.
225 Franklin Street
Boston, Massachusetts 02110-2804

Carolyn V. Peters
3M Innovative Property Company
3M Center
P.O. Box 33427
St. Paul, MN 55133

Attorneys for Plaintiffs
3M INNOVATIVE PROPERTIES COMPANY
AND
MINNESOTA MINING AND
MANUFACTURING COMPANY

**CERTIFICATE OF SERVICE**

I certify that on December 31, 2001 the true and correct copy of the foregoing 3M'S FIRST SET OF INTERROGATORIES [NOS. 1-15] was served as follows:

Roderick G. Dorman
Hennigan, Bennett & Dorman
601 S. Figueroa Street
Suite 3300
Los Angeles, CA 90017

Attorneys for Defendant
Avery-Dennison Corporation

(VIA FEDERAL EXPRESS)

David P. Pearson
Winthrop & Weinstine
3000 Dain Rauscher Plaza
60 South Sixth Street
Minneapolis, MN 55402

Attorneys for Defendant
Avery-Dennison Corporation

(VIA MESSENGER)

Jay R. Campbell
Renner, Otto, Boisselle & Sklar, PLL
1621 Euclid Avenue
Cleveland, OH 44114

Attorneys for Defendant
Avery-Dennison Corporation

(VIA FEDERAL EXPRESS)

Margaret L. Anderson

60066191.doc