IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| 3M INNOVATIVE PROPERTIES COMPANY and MINNESOTA MINING AND MANUFACTURING COMPANY, | : | |
| Plaintiffs, | : | Civil Action No. 01-CV-1781 (JRT/FLN) |
| vs. | : | |
| AVERY-DENNISON CORPORATION, | : | |
| Defendant. | : | |

**AVERY'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STAY ENFORCEMENT OF JUDGMENT FED. R. CIV. P. 62(d)**

**[Expedited Consideration Requested]**

Defendant Avery Dennison Corporation ("Avery") seeks an Order under Fed. R. Civ. P. 62(d) to stay execution of the Judgment against Avery in the amount of $4,228,521 [DOC # 417] pending exhaustion of appeals in this action.

***Avery is Entitled to a Stay Upon Posting a Bond***

Rule 62(d) provides that enforcement of a money judgment may be stayed as a matter of right pending appeal, provided (at the court's discretion) a supersedeas bond is filed with the court:

> When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay . . . . The bond may be given at or after the time of filing the notice of appeal or of procuring the order allowing the appeal, as the case may be. The stay is effective when the supersedeas bond is approved by the court.

Fed. R. Civ. P. 62(d); Federal Prescription Serv. v. American Pharmaceutical Ass'n., 636 F.2d 755, 760-761 (D.C. Cir. 1980); 12-62 Moore's Federal Practice - Civil § 62.03 (2007).

The right to a stay of enforcement proceedings pending appeal under Rule 62(d) applies in patent cases just like any other case. See Hockerson-Halberstadt, Inc. v. Nike, Inc., 192 F. Supp. 2d 627, 635 (D. La. 2002) (rejecting a departure from Rule 62(d) in a patent case); Beloit Corp. v. J.M. Voith GmbH, 1993 U.S. Dist. LEXIS 20204, 29 U.S.P.Q.2d 1159 (D. Wis. 1993). Here, Avery filed a timely notice of appeal. [DOC # 384.] Concurrently with this motion, Avery is filing a supersedeas bond in the amount of $4,643,521.30 (which will cover the judgment, likely costs, and likely post-judgment interest). Thus, the Court should immediately Order any and all enforcements proceedings stayed.

***Enforcement Should be Stayed Without a Bond***

While Avery is entitled to a stay of execution on the money judgment by its posting of supersedeas bond, this Court should exercise its discretion to stay execution pending appeal without requiring a bond. Although Avery has already secured a supersedeas bond and filed it with the Court, the Court still should relieve Avery of the bond obligation. Avery will pay a yearly premium for the bond. If the appeal cannot be resolved in less than a year, Avery will save a significant premium expense without a bond requirement.

It is well-settled that a court has the inherent authority to stay execution of a money judgment pending appeal without requiring a bond. Arban v. West Publ'g Corp., 345 F.3d 390, 409 (6th Cir. 2003) (although Fed. R. Civ. P. 62(d) provides that party who

files a qualifying bond will be entitled to stay, "the Rule in no way implies that filing of bond is only way to obtain stay"); Dillon v. Chicago, 866 F.2d 902, 905 (7th Cir. 1989) (Court's decision to waive the bond requirement upheld where the appealing party proved that payment upon loss of appeal would be made within thirty days from a guaranteed source); 12-62 Moore's Federal Practice - Civil § 62.03 (2007).

Courts have found the requirement of a bond pending appeal "inappropriate . . . where the defendant's ability to pay the judgment is so plain that the cost of the bond would be a waste of money." Olympia Equip. Leasing Co. v. Western Union Tel. Co., 786 F.2d 794, 796 (7th Cir. 1986). Accordingly, when the defendant has the plain ability to satisfy a judgment, courts have readily waived the bond requirement. Arban, 345 F.3d at 409 ("In light of the vast disparity between the amount of the judgment in this case and the annual revenue of the group of which West is a part, the district court's decision to grant a stay without a bond was not an abuse of discretion.").

In this case, the facts fall squarely under circumstances in which courts have exercised their discretion to waive the bond requirement. Avery is highly solvent and will easily satisfy the judgment if upheld on appeal. The judgment is less than $4.3 million. Even with costs and post-judgment interest, the final award likely will be no more than $4.7 million. In comparison, Avery is a publicly-held company with a market capitalization of over $6.6 billion. Its domestic and foreign sales over the past 12 months exceeded $5.5 billion. Avery also has over $4 billion in assets, and $1.6 billion in total equity. (Avery Annual Report (Hadley Dec., Ex. 1).) 3M cannot reasonably dispute that Avery has the resources to easily satisfy the judgment, and will continue to have sufficient resources pending the outcome of the appeal. For this reason alone, the Court

should exercise its discretion and waive the bond requirement.

Moreover, if the judgment is upheld on appeal, it would make no business sense for Avery to do anything other than voluntarily pay the full amount owed immediately. Under Avery's Proposed Order, if Avery does not pay the full amount of the judgment (plus costs and interest) within 20 days after the exhaustion of all appeals, 3M can undertake enforcement proceedings. Enforcement proceedings would undoubtedly interfere with Avery's business, its bank accounts, and its credit. These incidental consequences would cause exponentially more harm to Avery than the ultimate loss of a $4-5 million judgment (which 3M would surely collect in any enforcement proceeding anyway). For this reason alone, Avery will undoubtedly pay the judgment if ultimately upheld before 3M can commence enforcement proceedings. Requiring Avery to pay for a bond now will be a punitive waste of money.

***If a Bond is Required, the Amount Should be Set at $4,643,521.30***

Rule 62 does not state the amount of a supersedeas bond needed to stay the enforcement of a money judgment. Nor does the Minnesota District Court have a local rule governing supersedeas bonds. Most federal district courts, in absence of a local rule, set the bond at the full amount of the judgment plus costs and a reasonable amount for expected interest during the appeal. Some courts estimate that the judgment plus 10 percent suffices for this purpose. See Local Rules, D. Mass., LR 62.2. The Minnesota District Court has found that "the amount of the bond should include the principal amount of the judgment, plus costs, and the amount normally should comprise the full supersedeas bond." SEC v. O'Hagan, 901 F. Supp. 1476, 1480 (D. Minn. 1995) (internal citations omitted), rev'd on other grounds, United States v. O'Hagan, 92 F.3d 612 (8th

Cir. 1996).

Using a post-judgment interest rate of 4.34% (the amount 3M sought under 28 U.S.C. § 1961 in its motion for judgment) and an estimated two years for appeal, along with $40,000 for costs, the total bond required should not exceed $4,643,521.30. Avery has filed a bond with the Court in this amount concurrently with this motion. Thus, if the Court requires a bond to secure a stay of enforcement (which it should not), the above amount should be required.

DATED: May 4, 2007

Respectfully submitted,

/S/ Lawrence M. Hadley

David P. Pearson
WINTHROP & WEINSTINE, P.A.
225 South Sixth Street, Suite 3500
Minneapolis, Minnesota 55402
(612) 604-6400 - Telephone
(612) 604-6800 - Facsimile

Of Counsel:

Roderick G. Dorman
Lawrence M. Hadley
HENNIGAN, BENNETT & DORMAN LLP
865 South Figueroa Street, Suite 2900
Los Angeles, California 90017
(213) 694-1200 - Telephone
(213) 694-1234 - Facsimile