UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

3M INNOVATIVE PROPERTIES COMPANY and MINNESOTA MINING AND MANUFACTURING COMPANY,

Plaintiffs,

v.

AVERY DENNISON CORPORATION,

Defendant.

Civil Action No. 01-1781 JRT/FLN

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO AVERY'S MOTION TO STAY ENFORCEMENT OF JUDGMENT FED. R. CIV. P. 62(d)**

Avery's request for a bond waiver should be denied. Avery filed a bond with this Court on May 4, 2007 to obtain a stay of execution under Federal Rule of Civil Procedure 62(d). But in the very same motion, Avery requested absolution from its bond obligation. 3M does not dispute the amount of the bond, or that the bond entitles Avery to a stay of execution under Rule 62(d), but Avery's right to this stay is grounded in Avery's posting of the bond. Avery should not be allowed to reap the benefits of a stay while avoiding the obligation of the bond.

3M believes that the bond Avery filed with the Court (Doc. No. 423), is necessary and sufficient for this Court's stay of execution under Rule 62(d). Indeed, Avery's filing of this bond is in line with Avery's earlier promise to the Court that Avery would post a bond after the Court entered a money judgment: "Avery intends to bond the money judgment once it is entered, pending its already-filed appeal." (Doc. No. 410 at 11.)

Avery roots its argument for a bond waiver in the claim that it could save money if the Court waives the bond requirement, because Avery could avoid paying an unspecified amount of "yearly premium" on the bond. (Doc. No. 421 at 2.) Avery maintains that it should be allowed to circumvent the requirement of a bond, because Avery is a large company with sufficient money to pay any judgment against it. (Doc. No. 421 at 3.) Although both of these facts are undisputed, neither of these are reasons to grant Avery's request for a bond waiver.

This Court has explicitly held that obtaining a stay of execution under Rule 62(d) generally requires a bond: "The general rule is for the district court to set a supersedeas bond in the full amount of the judgment plus interests, costs, and damages for delay." *New Access Comms. LLC v. Qwest Corp.*, 378 F. Supp. 2d 1135, 1138 (D. Minn. 2005) (Tunheim, J.); *see also Adzick v. Unum Life Ins. Co. of Am.*, No. Civ. 99-808, 2003 WL 21011345, at *1 (D. Minn. April 16, 2003) (Tunheim, J.). Avery has not provided sufficient reason to depart from this rule.

Moreover, while courts have limited discretion to waive the bond requirement, *id.*, the complete waiver that Avery is requesting goes against the established precedent of this Court, which has stated that even when a court waives the bond requirement under Rule 62(d), typically some alternative type of security is required. *S.E.C. v. O'Hagan*, 901 F. Supp. 1476, 1480 (D. Minn. 1995) ("'[W]hen granting a stay without a supersedeas bond courts generally require the appellant to post partial bond or alternative security.'") A discretionary waiver of the bond requirement is an extraordinary allowance, and "the court's discretion to issue a stay without a supersedeas bond is

limited [and] it must be exercised sparingly…" *Id.* (quoting *Wunschel & Small, Inc. v. United States*, 554 F. Supp. 444, 445 (Cl. Ct. 1983) (internal brackets and ellipses in original)). Avery's request for a complete waiver of the bond requirement goes against the weight of this Court's precedent.

Finally, waiver of the bond requirement would deny 3M the security to which it is entitled. Although Avery alleges that it "will undoubtedly pay the judgment . . . before 3M can commence enforcement proceedings," this promise provides 3M with no assurance. (Doc. No. 421 at 4.) 3M should not bear the uncertainty and potential expense that would be imposed by a bond waiver. A bond provides 3M with the guarantee to which it is entitled, and Avery's request for a bond waiver should be denied.[1]

[1] 3M takes no issue with the amount of the bond that Avery has posted, which is $4,643,521.30.

Dated: May 9, 2007

FISH & RICHARDSON P.C.

By: s/ Sara Cotton

Jonathan E. Singer (#283459)
John C. Adkisson (#266358)
Sara Cotton (#386426)
FISH & RICHARDSON P.C.
60 South Sixth Street, Suite 3300
Minneapolis, MN 55402
Tel: (612) 335-5070
Fax: (612) 288-9696

Juanita R. Brooks (Admitted Pro Hac Vice)
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130-2081
Tel: (858) 678-5070
Fax: (858) 678-5099

Kevin H. Rhodes (#318115)
3M Innovative Property Company
3M Center
P.O. Box 33427
St. Paul, MN 55133

Attorneys for Plaintiffs
3M INNOVATIVE PROPERTIES COMPANY AND
MINNESOTA MINING AND MANUFACTURING COMPANY

60427207.doc