**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

| | |
|---|---|
| 3M INNOVATIVE PROPERTIES COMPANY and MINNESOTA MINING AND MANUFACTURING COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>AVERY-DENNISON CORPORATION,<br><br>Defendant. | Civil No. 01-1781 (JRT/FLN)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART THE MOTION TO STAY ENFORCEMENT OF JUDGMENT** |

Jonathan E. Singer, John C. Adkisson, and Sara Cotton, **FISH & RICHARDSON PC, PA – MN**, 60 South Sixth Street, Suite 3300, Minneapolis, MN 55402; Juanita R. Brooks, **FISH & RICHARSON – SAN DIEGO**, 12390 El Camino Real, San Diego, CA 92130; and Kevin H. Rhodes, **3M COMPANY**, P.O. Box 33427, St. Paul, MN 55133-3427, for plaintiffs.

Lawrence M. Hadley and Roderick G. Dorman, **HENNIGAN BENNETT & DORMAN**, 601 Figueroa Street South, Suite 3300, Los Angeles, CA 90017; and David P. Pearson, **WINTHROP & WEINSTINE, P.A.**, 225 South Sixth Street, Suite 3500, Minneapolis, MN 55402-4629, for defendant.

This matter is before the Court on a motion by Avery-Dennison Corporation ("Avery") to stay enforcement of the judgment entered against it in this case. For the reasons explained below, the Court grants the motion in part and denies it in part.

On September 27, 2001, 3M Innovative Properties Company and Minnesota Mining and Manufacturing Company (collectively "3M") brought this lawsuit against Avery claiming that it infringed on claims in 3M's U.S. Patent No. 5,897,930 by making

16

and selling EZ Series Fleet Marketing Film. The jury determined that Avery had infringed the patent literally, under the doctrine of equivalents, and by inducing others to infringe. The Court awarded damages to 3M pursuant to the parties' damages agreement in the amount of $4,228,521.00. An order was issued in favor of 3M for that amount on April 24, 2007.

Avery filed its notice of appeal on May 1, 2007, and posted a supersedeas bond in the amount of $4,643,521.30 to stay enforcement of the judgment pending its appeal. That amount takes into consideration post judgment interest at a rate previously requested by 3M and as much as $40,000 in additional costs. Along with the bond Avery filed a motion requesting that the Court stay enforcement of the judgment without requiring a bond because of its ability to pay the judgment if it were to lose its appeal and because of the costs attendant to secure a bond in that amount. In the alternative Avery asks the Court to find that the amount of the bond is sufficient to stay enforcement of the judgment. 3M objects to the request to eliminate the bond requirement but agrees that the amount posted is sufficient. Avery submitted a reply memorandum withdrawing its request that it be excused of the requirement of posting a bond because it incurred a non-refundable fee of $34,000 when it posted the bond, which secures the bond for one year. It still seeks an order staying enforcement of the judgment.

Rule 62(d) of the Federal Rules of Civil Procedure provides that an appellant may obtain a stay of judgment by posting a supersedeas bond with the district court. The stay becomes effective when the Court approves of the amount of the bond. The "general rule" is for the Court to require a bond in the "full amount of the judgment plus interests,

costs, and damages for delay" prior to issuing the stay. *Metz v. United States*, 130 F.R.D. 458, 459 (D. Kan. 1990). The Court maintains the discretion, however, to waive the bond requirement and stay enforcement of the judgment without a bond. *See, e.g.*, *Dillon v. Chicago*, 866 F.2d 902, 904-905 (7th Cir. 1989).

Given that the amount of the bond takes into consideration post judgment interest as well as costs and that 3M does not object to the sufficiency of the amount, the Court finds that the bond Avery posted in the amount of $4,643,521.30 is sufficient to stay enforcement of the judgment pending final resolution of its appeal.

**ORDER**

Based on the foregoing, all the records and files herein, **IT IS HEREBY ORDERED** that the motion of Avery-Dennison Corporation for stay of judgment [Docket No. 420] is **GRANTED IN PART** and **DENIED IN PART**, as follows:

1. Defendant's motion to stay execution of the judgment is **GRANTED**.

2. All proceedings to enforce or execute upon the judgment of this Court in favor of 3M in the amount of $4,228,521.00 are hereby **STAYED** until further order of this Court.

3. Defendant's motion seeking to relieve Avery of the responsibility of posting a bond to stay enforcement of the judgment is **DENIED WITHOUT PREJUDICE**.

DATED: July 10, 2007
at Minneapolis, Minnesota.

s/ John R. Tunheim
JOHN R. TUNHEIM
United States District Judge